UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FEDERAL COURT

| | |
|---|---|
| STEPHANIE HOFER<br>and<br>DOUGLAS HOFER,<br><br>    Plaintiffs<br><br>v.<br><br>OLD NAVY, EXPEDIA, INC., and<br>TURTLE BEACH TOWERS,<br><br>    Defendants. | **COMPLAINT**<br><br>05-40170 FDS |

## INTRODUCTION

This is a civil action arising from the negligence of the Defendants. Plaintiff, Stephanie Hofer ("Stephanie"), was injured on Defendant Turtle Beach Tower's ("the Resort") premises on March 18, 2004. As a result of the Resort's negligence in failing to maintain and/or keep its premises in a reasonably safe condition, negligence in failing to warn of a dangerous condition on the premises, and negligence in failing to maintain a safe premises, Stephanie sustained injuries when she slipped and fell into a turtle pond containing razor sharp coral and slate.

At the time of the incident, Stephanie was wearing newly purchased footwear from Defendant Old Navy. The sandals, which had never before been worn, broke causing Stephanie to lose balance.

As a result of Stephanie's multiple injuries, Plaintiff, Douglas Hofer ("Douglas") has suffered the loss of companionship of his wife, Stephanie.

RECEIPT # 404606
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. S Jones
DATE 9-27-05

1

Dockets.Justia.com

## PARTIES

1. Plaintiff, Stephanie Hofer, is an individual residing in Leominster, Worcester County, MA.

2. Plaintiff, Douglas Hofer, is an individual residing in Leominster, Worcester County, MA and is married to Stephanie Hofer.

3. Defendant, Turtle Beach Towers, is a lodging establishment located in Jamaica.

4. Defendant, Expedia, Inc., is a corporation with headquarters in Washington and conducts business throughout the United States; it is a wholly owned subsidiary of IAC/InterActive Corp.

5. Defendant, Old Navy, is a corporation that conducts business throughout the United States; it is wholly owned by The Gap Stores, Inc., which is organized under the laws of California.

## JURISDICTION

6. Federal Court has jurisdiction pursuant to the long arm statute.

## FACTUAL ALLEGATIONS

7. On March 15, 2004, Stephanie and a friend reserved a travel vacation to Jamaica through Expedia.com ("Expedia"). Expedia is an agent for Turtle Beach Towers in that it advertises the Resort in its airfare/lodging vacation packages over the Internet.

8. The Resort does not have its own Internet website and all access to its information on the Internet is via hypertext links, such as the one provided through Expedia.

9. Upon arrival in Jamaica on March 18, 2004, Stephanie and her companion took a shuttle to the Resort and obtained their room assignment. Stephanie later went to

the Resort's Lobby to obtain tourist information to plan an agenda for the next day.

10. Stephanie had never previously stayed at the Resort before.

11. The only way to access the Resort's lobby was by a series of steps. The stairway was very dimly lit and did not contain guardrails.

12. Located on each side of this stairway were turtle ponds, which contained several inches of water, turtles, coral, and slate.

13. While walking down the stairway, on her return from the lobby, Stephanie's footwear, newly purchased Old Navy sandals, became unhinged from the front. The unhinging of the sandal caused Stephanie to lose her balance while maneuvering down the stairway. Since there were no rails on the stairway for Stephanie to use to balance herself, Stephanie fell approximately four feet into one of the turtle ponds.

14. Stephanie's left leg landed directly onto the coral and slate protruding from the turtle pond and was consequently gouged open down to the bone. The resulting injuries included severe lacerations to her left shin, ankle, and foot, severing of a major artery in her left leg, tearing of muscles and tendons in her left leg, and permanent damage to the nerves in her left leg and foot.

15. Stephanie was treated initially in Jamaica before being air lifted to Massachusetts General Hospital where she remained as an in-patient for fifteen (15) days.

16. Since the incident, Stephanie has undergone three surgeries.

17. Today, more than one year after the accident, Stephanie takes twenty-seven medications daily and continues to treat regularly with surgeons, infectious

disease associates, her attending physician, neurology, psychology, pain management, and physical therapists.

18. Despite her surgeries and aggressive treatment regiment, Stephanie's left leg functions only ten percent of its capacity and requires constant bandaging. Stephanie also bears large permanent scars from the incident and has irreparable nerve damage in her left leg.

19. In the future, Stephanie will require reconstructive and plastic surgery in her left leg.

20. Stephanie, who worked as a dental hygienist and a part-time manicurist earning an annual salary of $28,000, has not been able to return to work for the past seventeen months as a result of her injuries.

21. Stephanie's condition and medications have made it impossible for her to work.

22. In addition, Stephanie can no longer enjoy the normal daily activities that she once did which included, but are not limited to, exercising, walking the dog, and going to the movies.

23. Furthermore, Stephanie and her husband, Plaintiff, Douglas' plans to expand their family by having children have been rendered impossible as a result of Stephanie's injuries. Stephanie's doctors have advised her against becoming pregnant while she continues her medications; Stephanie will have to continue taking medications and undergoing spinal treatments long term.

24. Due to her injuries, Stephanie has also been diagnosed with multiple mental illnesses including Post Traumatic Stress Disorder, anxiety, severe depression, insomnia, and restless leg syndrome as a result of her multiple injuries.

25. Stephanie's medications, inability to exercise and function in daily activities, inability to expand her family, inability to work, and the resulting depression, have also caused Stephanie to gain weight: Stephanie has gained seventy-five (75) pounds in one year.

### COUNT I-NEGLIGENT MAINTENANCE
### TURTLE BEACH TOWERS

26. Plaintiff restates and re-alleges the contents of paragraphs 1-25 as if set forth fully herein.

27. The Resort owed a duty to Stephanie as an invitee to observe due care in keeping its premises in a reasonably safe condition.

28. The Resort breached its duty to Stephanie by failing to install handrails on both sides of the stairway from which Stephanie fell, thereby not using due care in keeping the stairway in a reasonably safe condition.

29. The lack of handrails was a proximate cause in Stephanie's injuries because she could not catch herself as she fell from the stairway.

30. Stephanie's numerous injuries were a proximate cause of the Resort's breach of duty to her.

### COUNT II-NEGLIGENT FAILURE TO WARN
### TURTLE BEACH TOWERS

31. Plaintiff restates and re-alleges the contents of paragraphs 1-30 as if set forth fully herein.

32. The Resort owed a duty to Stephanie as an invitee to warn her of any dangers known to it.

33. The Resort knew or should have known that the lack of handrails on the stairway caused a dangerous condition.

34. The Resort knew or should have known that the coral and slate contained in the turtle ponds also caused a dangerous condition particularly with the lack of handrails on the stairway.

35. The Resort breached its duty to Stephanie by failing to warn her of the dangerous conditions of the stairway and of the coral and slate contained in the coral ponds.

36. Stephanie suffered numerous injuries as a proximate result of the Resort's failure to warn her.

### COUNT III-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### TURTLE BEACH TOWERS

37. Plaintiff restates and re-alleges the contents of paragraphs 1-36 as if set forth fully herein.

38. The Resort was negligent in failing to install guardrails on each side of the stairway, failing to provide adequate lighting for the stairway, and maintaining sharp coral and slate on both sides of the stairway.

39. As a result of the Resort's negligence, Stephanie suffered multiple injuries.

40. Stephanie has also suffered from depression, anxiety and insomnia as a result of the Resort's negligence.

41. A reasonable person would have suffered emotional distress under similar circumstances.

### COUNT IV-LOSS OF CONSORTIUM
### TURTLE BEACH TOWERS

42. Plaintiff restates and re-alleges the contents of paragraphs 1-41 as if set forth fully herein.

43. Turtle Beach Towers has committed a tortuous act that caused Douglas' wife, Stephanie, personal injury.

44. As a result of her multiple injuries, Douglas has suffered the loss of consortium of his wife.

### COUNT V-NEGLIGENT FAILURE TO WARN
### EXPEDIA

45. Plaintiff restates and re-alleges the contents of paragraphs 1-44 as if set forth fully herein.

46. In conducting much of the Resort's Internet advertising and booking of reservations, Expedia is an agent for the Resort.

47. As an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort.

48. Expedia knew or should have known of the conditions at the Resort.

49. Expedia breached its duty to Stephanie in failing to warn her of the stairway's dangerous condition.

50. Stephanie's numerous injuries were a direct result of Expedia's failure to warn her of the stairway's dangerous condition.

### COUNT VI-PRODUCTS LIABILITY
### OLD NAVY

51. Plaintiff restates and re-alleges the contents of paragraphs 1-50 as if set forth fully herein.

52. The sandal manufactured by Old Navy was defective by manufacture and/or by design.

53. The sandal was defective when it left Old Navy's control.

54. Stephanie purchased the sandal in the ordinary course of business.

55. Stephanie's multiple injuries were proximately caused by the defective sandal.

## COUNT VII-BREACH OF WARRANTY OF MERCHANTABILITY
## OLD NAVY

56. Plaintiff restates and re-alleges the contents of paragraphs 1-55 as if set forth fully herein.

57. Old Navy owed Stephanie an implied warranty of merchantability when she purchased the sandal.

58. Risks due to the sandal's defectiveness were reasonably foreseeable to Old Navy at the time of sale and/or discoverable by reasonable testing prior to marketing the sandal.

59. Old Navy breached its warranty to Stephanie by selling her defective footwear.

60. Stephanie's numerous injuries were proximately caused by Old Navy's breach of warranty of merchantability.

Respectfully submitted,
Plaintiff,
By her attorney,

India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile

05-40170 FDS

JS 44 (Rev. 3/99)   CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Hofer, Stephanie A. and
Hofer, Douglas

**DEFENDANTS**
Old Navy, Expedia, Inc., and
Turtle Beach
Towers

(b) County of Residence of First Listed Plaintiff: **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **San Francisco, CA**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Russo + Minchoff
Attorney India L. Minchoff
123 Boston St.
Boston, MA 02125  (617)740-7340

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for (For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 365 Personal Injury— Product Liability | [ ] 630 Liquor Laws | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [x] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act [ ] 893 Environmental Matters [ ] 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / Habeas Corpus: [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights [ ] 555 Prison Condition | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Personal injury resulting from the negligence of Defendants.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23     Two million dollars
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 9.23.05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

05-40170 FDS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Hofer v. Old Navy

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740,
             790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      * Also complete AO 120 or AO 121
                                                                             for patent, trademark or copyright cases

    _X_ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). N/A

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?   YES ☐   NO ☐

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).   YES ☐   NO ☒
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☒   NO ☐
   (a) IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? Worcester

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION; YES ☐ NO ☐         OR WESTERN DIVISION;  YES ☐   NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐     MEDIATION ☐     SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐                   OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Attorney India L. Minchoff
ADDRESS  123 Boston St. Boston, MA 02125
TELEPHONE NO. (617) 740-7340

(Category Form.wpd - 3/28/2000)