UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and <br> DOUGLAS HOFER, <br><br> Plaintiffs, <br><br> v. <br><br> OLD NAVY, EXPEDIA, INC., and <br> TURTLE BEACH TOWERS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) 05-40170-FDS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LETTER ROGATORY FOR SERVICE OF PROCESS ON FOREIGN DEFENDANT

**SAYLOR, J.**

Plaintiffs Stephanie and Douglas Hofer have moved for the issuance of a letter rogatory to the appropriate judicial authority in Jamaica "requesting that service of process be issued upon Turtle Beach Towers, Ocho Rios, St. Ann, Jamaica" with respect to their complaint naming Turtle Beach Towers as a defendant. The motion will be denied without prejudice.

To decide such a motion, the Court must first ascertain whether Jamaica has entered into any international agreement with the United States, and if not, which of the several other methods under Fed. R. Civ. P. 4(f)(2) would be appropriate for the service of the complaint under the circumstances. Fed. R. Civ. P. 4(f) and (h); *Elisan Entertainment, Inc. v. Suazo*, 206 F.R.D. 335, 336 & n.2 (D.P.R. 2002); *see Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54 (D. Mass. 2002) ("[W]hen service is to be effected outside a judicial district of the United States, the methods of service appropriate under an applicable treaty shall be employed if available and if the

treaty so requires."). Plaintiffs have not established whether any international agreement applies, and, if not, why a letter rogatory in the form proposed, requesting that the Jamaican authority direct the manner of service, is a method that will bring about effective service that is reasonably calculated to give notice to the Jamaican defendant. *See* Fed. R. Civ. P. 4(f) and (h); 4B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1134 (3d ed. 2002) ("The handling of letters rogatory under Rule 4(f)(2)(B) is governed by the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters and [28 U.S.C. § 1781]," which is operative even with regard to countries that are not signatories.).

The motion is accordingly DENIED. The denial is without prejudice to the filing of an amended motion that addresses the issues outlined above. *See* Fed. R. Civ. P. 4(f) and (h).[1]

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 12, 2005

---

[1] The Court notes that the authority cited in the proposed letter rogatory, Mass. Gen. Laws ch. 223A § 10(b), which concerns the authority of a court to order the taking of evidence abroad, appears to be inapposite to the issue of service of process under federal law.