UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE HOFER And DOUGLAS HOFER<br><br>Plaintiffs,<br><br>v.<br><br>OLD NAVY, EXPEDIA, Inc., and TURTLE BEACH TOWERS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  DOCKET NO: 05-40170 FDS |

**ANSWER TO COMPLAINT AND JURY DEMAND**

**NOW COMES** the Defendant, THE GAP, INC., improperly identified as "Old Navy" and for response to Plaintiffs' Complaint, provides the following answers pursuant to the Federal Rules of Civil Procedure:

**INTRODUCTION**

This Defendant denies the allegations in Plaintiffs' introduction relating to this Defendant.

**PARTIES**

1. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

3. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Answering Paragraph 5, The Gap, Inc., improperly identified as Old Navy, states that the proper corporate defendant is The Gap, Inc., which is a Delaware corporation that maintains its principal place of business in San Francisco, California. Further answering Paragraph 5, The Gap, Inc. states that Old Navy is a wholly owned subsidiary of The Gap, Inc. and that Old Navy is a foreign corporation with its principal place of business in San Francisco, California. With respect to the remaining allegations not specifically admitted, this Defendant denies the allegations for the reason the same are untrue.

## JURISDICTION

6. Answering Paragraph 6, this Defendant states that the jurisdiction of this Court against Defendant Gap is based upon 28 U.S.C. § 1332(1)(3). This Defendant acknowledges the jurisdiction of this Court over this matter.

## FACTUAL ALLEGATIONS

7. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

8. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

9. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

10. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

12.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

13.     Answering Paragraph 13, this Defendant has no knowledge of the circumstances of the incident as alleged in Paragraph 13 of Plaintiffs' Complaint.  This Defendant, however, denies that its product was defective in the ways alleged by Plaintiffs' counsel in Plaintiffs' Complaint for the reason that said allegations are untrue.  With respect to the remaining allegations not specifically admitted, this Defendant denies the allegations relating to this Defendant.  As to the balance of the allegations that pertain to other Defendants, this Defendant offers no answer for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14.     Answering Paragraph 14, this Defendant has no knowledge of the circumstances of the incident as alleged in Paragraph 14 of Plaintiffs' Complaint.  This Defendant, however, denies that its product was defective in the ways alleged by Plaintiffs' counsel in Plaintiffs' Complaint for the reason that said allegations are untrue.  With respect to the remaining allegations not specifically admitted, this Defendant denies the allegations relating to this Defendant.  As to the balance of the allegations that pertain to other Defendants, this Defendant offers no answer for the reason that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

16.     The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     The Defendant lacks knowledge or information sufficient to form a belief as to

the truth of the allegations.

17. [*sic*] 18.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

19.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

20.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

21.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

22.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

23.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

24.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

25.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### COUNT I
### NEGLIGENT MAINTENANCE
### TURTLE BEACH TOWERS

26.  Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 25 of Plaintiffs' Complaint as though set forth herein at length.

27.  Offers no answer in that the allegations do not relate to this Defendant.

28.  Offers no answer in that the allegations do not relate to this Defendant.

29.  Offers no answer in that the allegations do not relate to this Defendant.

4

30. Offers no answer in that the allegations do not relate to this Defendant.

## COUNT II
## NEGLIGENT FAILURE TO WARN
## TURTLE BEACH TOWERS

31. Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 30 of Plaintiffs' Complaint as though set forth herein at length.

32. Offers no answer in that the allegations do not relate to this Defendant.

33. Offers no answer in that the allegations do not relate to this Defendant.

34. Offers no answer in that the allegations do not relate to this Defendant.

35. Offers no answer in that the allegations do not relate to this Defendant.

36. Offers no answer in that the allegations do not relate to this Defendant.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## TURTLE BEACH TOWERS

37. Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 36 of Plaintiffs' Complaint as though set forth herein at length.

38. Offers no answer in that the allegations do not relate to this Defendant.

39. Offers no answer in that the allegations do not relate to this Defendant.

40. Offers no answer in that the allegations do not relate to this Defendant.

41. Offers no answer in that the allegations do not relate to this Defendant.

## COUNT IV
## LOSS OF CONSORTIUM
## TURTLE BEACH TOWERS

42. Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 41 of Plaintiffs' Complaint as though set forth herein at length.

43. Offers no answer in that the allegations do not relate to this Defendant.

44. Denied as to the allegations relating to this Defendant for the reason that the same

are untrue. As to the balance of the allegations, Defendant offers no answer in that the allegations relate to another Defendant only.

## COUNT V
## NEGLIGENT FAILURE TO WARN
## EXPEDIA

45. Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 44 of Plaintiffs' Complaint as though set forth herein at length.

46. Offers no answer in that the allegations do not relate to this Defendant.

47. Offers no answer in that the allegations do not relate to this Defendant.

48. Offers no answer in that the allegations do not relate to this Defendant.

49. Offers no answer in that the allegations do not relate to this Defendant.

50. Offers no answer in that the allegations do not relate to this Defendant.

## COUNT VI
## PRODUCTS LIABILITY
## OLD NAVY

51. Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 50 of Plaintiffs' Complaint as though set forth herein at length.

52. Answering Paragraph 52, this Defendant denies that its brand identified as "Old Navy" is a manufacturer and states that Old Navy is not engaged in the business of manufacturing any items, including items identified as sandals as set forth in this action. With respect to the remaining allegations not specifically admitted, this Defendant denies the allegations for the reason the same are untrue.

53. Denied in its entirety for the reason that the allegations are untrue.

54. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

55. Denied in its entirety for the reason that the allegations are untrue.

## COUNT VII
## BREACH OF WARRANTY OF MERCHANTABILITY
## OLD NAVY

56.  Defendant herein repeats answers to each and every allegation contained in Paragraphs 1 through 55 of Plaintiffs' Complaint as though set forth herein at length.

57.  Answering Paragraph 57, this Defendant has no knowledge or information with which to form an opinion or belief that Stephanie Hofer purchased a pair of Old Navy sandals from Old Navy. This Defendant states, however, that for purchasers of its products, Gap acknowledges that certain duties are owed to purchasers of its products. However, The Gap, Inc. denies that the allegations contained in Paragraph 57 of Plaintiffs' Complaint are proper statements of the law, and further, Defendant denies breaching any such duties owed to the Plaintiffs.

58.  Denied in the manner and form alleged for the reason that the allegations constitute conclusions of law and leaves the Plaintiffs to their proofs.

59.  Denied in its entirety for the reason that the allegations are untrue.

60.  Denied in its entirety for the reason that the allegations are untrue.

**WHEREFORE,** Defendant, The Gap, Inc., herein prays that this Honorable Court enter its judgment of no cause for action in favor of this Defendant and allow it all reasonable Court costs and attorney fees incurred in defense of Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

1.  That the product in question met recognized and prevailing governmental and non-governmental standards which were in existence at the time with the specific product that was sold or delivered to the Plaintiffs or the initial purchaser.

## SECOND AFFIRMATIVE DEFENSE

2.  That further, at the time the product left the control of the seller, the product was

7

reasonably safe and that no practical or feasible alternative product practice was available that would have prevented the alleged harm.

### THIRD AFFIRMATIVE DEFENSE

3. Further, the seller is not liable for the harm caused by an inherent characteristic of the product which could not be eliminated without substantially compromising the product's usefulness or desirability and such characteristics is recognizable by an ordinary person.

### FOURTH AFFIRMATIVE DEFENSE

4. That further information such as notices and warnings were provided which gave notice to the material risk of the potential injury connected with the foreseeable use of the product. The incident described in the Complaint was caused either totally or partially by the Plaintiffs' own negligence as discovery will establish.

### FIFTH AFFIRMATIVE DEFENSE

5. That the incident described in the Complaint and any alleged damages sustained by the Plaintiffs were proximately caused either totally or partially by the negligence and/or willful acts of the Plaintiffs as further discovery will establish.

### SIXTH AFFIRMATIVE DEFENSE

6. This Defendant states that they were guided by and strictly observed all of their legal duties and obligations imposed by operation of law and otherwise and all of the actions of their agents or employees were careful, prudent, lawful, and in accordance with the state of the art as the same existed in relation to any product, component parts or services rendered by them to the Plaintiffs.

### SEVENTH AFFIRMATIVE DEFENSE

7. That the injuries and damages to the Plaintiffs, as alleged, were caused in whole

or in part as a result of the misuse and abuse of this Defendant's product, as further discovery will establish.

### EIGHTH AFFIRMATIVE DEFENSE

8. That the injuries and losses allegedly sustained by Plaintiffs were sustained only after Plaintiffs knowingly and voluntarily assumed any alleged risk inherent in the use of the product in question, as further discovery will establish.

### NINTH AFFIRMATIVE DEFENSE

9. That the claim of the Plaintiffs for breach of express or implied warranties is hereby barred for the reason that Plaintiff failed to rely in any way upon any alleged warranties.

### TENTH AFFIRMATIVE DEFENSE

10. That any award made to Plaintiffs must be reduced in part or total for Plaintiffs' failure to mitigate their damages and furthermore said award, if any, must be reduced in total or in part as a result of the Plaintiffs' own negligence in or negligent mitigation of damages.

### ELEVENTH AFFIRMATIVE DEFENSE

11. This Defendant alleges that the Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against them and should be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

12. This Defendant alleges that the Plaintiffs' injuries and damages, if any, are the direct and proximate result of changes, alterations or modifications which were made to the garment in questions after it left the care, custody and control of this Defendant. This Defendant alleges that these changes, alterations and/or modification act as a complete defense and bar to the allegations asserted by the Plaintiffs in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. This Defendant alleges that the breach of warranty claims asserted by the

Plaintiffs in the Complaint are barred due to the Plaintiffs' failure to provide this Defendant with notice of the alleged breaches of warranty within a reasonable time after the Plaintiffs' knew, or a reasonable person should have known, of the alleged breaches of warranty.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     This Defendant alleges that the Plaintiffs have waived and are estopped and barred from alleging the matters set forth in their Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     This Defendant alleges that the negligence of the Plaintiffs was greater than the alleged negligence of this Defendant, that such negligence of the Plaintiffs contributed to their alleged injuries, and that, therefore, the Plaintiffs are barred from recovery under Mass. Gen. L. ch. 231, §85.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     This Defendant alleges that the Plaintiffs were guilty of comparative negligence and that the damages, if any, recovered by the Plaintiffs from this Defendant should be reduced in proportion to the said negligence of the Plaintiffs in accordance with Mass. Gen. L. ch. 231, §85.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     This Defendant alleges that if the Plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct this Defendant was not and is not legally responsible.

### RESERVATIONS

18.     That this Defendant herein hereby reserves the right to amend, modify, alter or add to the foregoing Answers at the conclusion of discovery and, further, to move for summary judgment or Affirmative Defenses, said reservations being made for the reason that the

Plaintiffs' Complaint presently fails to state a cause of action in that it lacks the necessary specificity and is otherwise inadequate and insufficient.

19.  That this Defendant herein hereby reserves the right to file a cross-claim against other party defendants as discovery so warrants.

**WHEREFORE**, Defendant, The Gap, Inc., improperly identified as "Old Navy" herein prays that this Honorable Court enter its judgment of no cause for action in favor of this Defendant and allow it all reasonable Court costs and attorney fees incurred in defense of Plaintiffs' Complaint.

### JURY CLAIM

The Defendant, The Gap, Inc., improperly identified as "Old Navy", demands a trial by jury on all issues.

> Respectfully submitted,
> The Defendant,
> THE GAP, INC., improperly named as "Old Navy"
> By its attorneys,
>
> */s/ Sean J. Milano*
> Sean J. Milano, BBO# 551996
> MORRISON MAHONEY LLP
> 250 Summer Street
> Boston, MA  02210-1181
> 617-439-7500
>
> AND
>
> SCOTT D. FERINGA (P28977)
> SULLIVAN, WARD, ASHER & PATTON, P.C.
> 1000 Maccabees Center
> 25800 Northwestern Highway
> Southfield, MI  48075-1000
> (248) 746-0700

Dated:  January 5, 2006