UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| v. ) | Docket No. 05-40170 FDS |
| ) | |
| OLD NAVY, EXPEDIA, INC. and ) | |
| TURTLE BEACH TOWERS, ) | |
| ) | |
| Defendants. ) | |

## JOINT RULE 16.1 STATEMENT

Pursuant to Fed. R. Civ. P. 16(b), Local Rule 16.1(B) and (D) and this Court's January 5, 2006 Notice of Scheduling Conference, Plaintiffs Stephanie Hofer and Douglas Hofer ("Plaintiffs") and Defendants Old Navy ("Gap") and Expedia, Inc. ("Expedia") have conferred and hereby file this Joint Statement:[1]

**I.    Agenda for February 3, 2006 Scheduling Conference**

    A.    Presentation of the parties' respective positions as to the claims made and defenses raised

    B.    Presentation of the parties' respective positions as to submitting the present matter to a magistrate judge

    C.    Discussion concerning scheduling

    D.    Discussion concerning settlement negotiations

II.   **Concise Summary of the Parties' Respective Positions**

    A.   Plaintiffs' position statement(s):

        The Plaintiffs assert the following claims against the respective Defendants.

        <u>Turtle Beach Towers</u>: Turtle Beach Towers ("TBT") was the owner and operator of the resort where the Plaintiff suffered her injuries. The claim against the TBT as an owner/operator is that it failed to maintain reasonably safe premises for its invited guests. There were no safeguards in place which would have acted to prevent the Plaintiff from falling in to a man made pond which contained razor sharp coral as part of its aquascaped environment. TBT owned and maintained the pond.

        <u>Old Navy:</u> At the time of the Plaintiff's accident she was wearing a new pair of scandals that she had purchased prior to her vacation from Old Navy. On her inaugural walk with the sandals, the thong piece of the sandal broke, causing Plaintiff to lose her footing, stumble, and fall into the turtle pond. The claim against Old Navy is essentially a product liability claim as the seller of a defective product, which was being used in a foreseeable manner and for its intended purpose.

        <u>Expedia, Inc.:</u> The Plaintiff booked this vacation through Expedia.com, an online travel agency. The Plaintiff claims that Expedia owes a duty to prospective consumers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service. In addition, Expedia is an agent of the resort as it makes reservations on its behalf.

    B.   Gap's position statement:

        It is the position of GAP that there is no evidence that its products were involved in this incident or that its products were a proximate cause of the injury and damages allegedly sustained by Plaintiff. Plaintiff's counsel has informed counsel for GAP that the product that she claims is a GAP product is not in her control and that its location is unknown. In addition to the Answer and Affirmative defenses already filed in this matter, GAP asserts a spoliation of evidence defense.

    C.   Expedia's position statement:

        Defendant Expedia, Inc. is the corporate entity which owns the website Expedia.com. Expedia.com is a website the advertises the products and services of over 56,000 hotels, airlines, rental car agencies, action and services, and other

---

[1] Turtle Beach Towers has not yet appeared in this action. Thus, Turtle Beach Towers does not join in this filing.

travel related entities. Expedia, Inc. does not act as an agent for any of those hotels, airlines, rental car agencies, or other travel related entities. On-line consumers can peruse Expedia.com, view the advertisements offered, and use Expedia.com to facilitate the bookings at the aforementioned hotels, airlines, rental car agencies, and/or other travel related entities. Approximately 25 million consumers worldwide visit Expedia.com on a monthly basis. Those consumers who elect to employ Expedia.com bookings are subject to, must agree to, and must affirmatively click through Expedia, Inc,'s *Web Site Terms, Conditions, and Notices*.

In advertising Turtle Beach Towers on its website, Expedia does not act, nor was Expedia acting in the particular instance at bar, as an agent of Turtle Beach Towers. Thus, Expedia is not liable to the Plaintiffs for any damages allegedly caused them while Plaintiff Stephanie Hofer was present at Turtle Beach Towers.

In addition, Expedia had no reason to know of, or duty to know of, the alleged conditions of the Turtle Beach Towers' premises. Thus, Expedia owed no duty to warn Plaintiff Stephanie Hofer as said alleged condition(s), and the Plaintiffs are not entitled to recover against Expedia. See McElheny v. Trans Nat. Travel, Inc. 165 F.Supp. 2d 190, 197 (D.R.I. 2001) (under Massachusetts law, "[t]our operators do not have a duty to avoid or warn of hazards of which they have no knowledge or that are not in their control." Indeed, "Courts have generally declined to impose liability on travel agents and tour operators for injuries sustained by clients aboard vessels, buses and other modes or transportation or at hotels or other destinations").

Finally, there is a question as to who actually booked the travel package at issue for Plaintiff Stephanie Hofer. If Plaintiff Stephanie Hofer booked the travel package hereself, her usage of Expedia.com was subject to Expedia, Inc,'s *Web Site Terms, Conditions, and Notices*, and she must have agreed to the terms, conditions, and notices thereof by actively clicking through on same for her booking to be made. Expedia, Inc,'s *Web Site Terms, Conditions, and Notices* contains an express liability disclaimer that prohibits any recovery by the Plaintiffs. See I.LAN Ssystems Inc. v. NetScout Service Level Corp., 183 F. Supp. 2d 328 (D. Mass. 2002) (finding "clickwrap" agreements appropriate way to form contract, and upholding limitation of liability provision therein). If Plaintiff Stephanie Hofer did not use Expedia.com to book the subject travel package, she, and, as a result, Plaintiff Douglas Hofer, have no standing as to Expedia, Inc.

III.   **Proposed Pretrial Schedule**

A.   Exchange of Fed. R. Civ. P. 26(a) disclosures:   February 15, 2006

The parties are in agreement as to this date.

3

    B.    Discovery:

        (i.)    Interrogatories, Requests to Admit,
Request for Production served by:    June 1, 2006

        The parties are in agreement as to this date.

        (ii.)    Depositions conducted by:    August 31, 2006

        The parties are in agreement as to this date.

    C.    Expert Discovery:

        (i.)    Expert Reports

            (a.)    Plaintiffs' expert report by:    October 2, 2006

            (b.)    Defendants' expert reports by:    November 15, 2006

        The parties are in agreement as to these dates.

        (ii.)    Expert Depositions conducted by:    January 31, 2007

        The parties are in agreement as to this date.

    D.    Mediation Deadline:    February 28, 2007

    The parties are in agreement as to this date.

    E.    Dispositive motions filed by:    March 30, 2007

    The parties are in agreement as to this date.

    F.    Joint pre-trial memorandum filed:    June 1, 2007

    The parties are in agreement as to this date.

    G.    Case disposed:    September 1, 2007

    The parties are in agreement as to this date.

**IV.**    **Settlement**

The Plaintiffs have not yet submitted their Local Rule 16.1(C) settlement proposal to the Defendants. The parties remain unable to reach agreement as to the Plaintiffs' claims.

V.      **Local Rule 16.1(D)(3) Certifications**

Local Rule 16.1(D)(3) certifications are being filed separately by the parties.

Respectfully submitted,

| | |
|---|---|
| Plaintiffs,<br>STEPHANIE HOFER and<br>DOUGLAS HOFER,<br>By their attorney, | Defendant,<br>EXPEDIA, INC.<br><br>By its attorneys, |
| /s/ India Minchoff [by permission: TTR]<br>India Minchoff, BBO#652456<br>LAW OFFICES OF RUSSO & MINCHOFF<br>123 Boston Street, 1st Floor<br>Boston, Massachusetts 02125<br>(617) 740-7340 | /s/ Thomas T. Reith<br>Lawrence G. Green, BBO #209060<br>Thomas T. Reith, BBO #648671<br>BURNS & LEVINSON LLP<br>One Beacon Street, 30th Floor<br>Boston, Massachusetts 02108<br>(617) 854-4000 |
| | Defendant,<br>THE GAP, INC.,<br>improperly named as "Old Navy",<br>By its attorneys, |
| | /s/ Sean J. Milano<br>Sean J. Milano, BBO #55996<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02110-1181<br>617-439-7500<br><br>AND<br><br>Scott D. Feringa (P28977)<br>SULLIVAN, WARD, ASHER & PATTON, P.C.<br>1000 Maccabees Center<br>25800 northwestern Highway<br>Southfield, MI 48075-1000 |
| Dated: January 27, 2006 | (248) 746-0700 |