UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

    Plaintiffs,

vs.

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

    Defendants.
_____/

FEDERAL COURT

Case No. 05-40170 FDS

### GAP, INC.'S INITIAL DISCLOSURE PURSUANT TO RULE 26(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**Scope of Gap, Inc.'s Disclosure and General Objections**

Gap, Inc. (hereinafter "Gap") hereby makes the following disclosure in compliance with *Fed. R. Civ. P. 26(a)(1)* of the Federal Rules of Civil Procedure. These disclosures are based upon unverified representations by Plaintiffs' counsel, as identified in Plaintiffs' unverified Complaint, that Stephanie Hofer was "wearing footwear purchased from Old Navy" (see introduction to Complaint filed in the United States District Court for the District of Massachusetts dated 9/27/05). Further, in a telephone conversation dated January 12, 2006 that took place at approximately 5:30 p.m. EST between counsel for Plaintiffs, India Minchoff, and counsel for Defendant Gap, Scott Feringa, Ms. Minchoff advised that the alleged Gap footwear, identified as an Old Navy sandal, was not in Ms. Minchoff or Ms. Hofer's possession, that there exists no photographs of the sandals, nor does Ms. Hofer have documents that would verify purchase of the sandal from Old Navy, a wholly-owned subsidiary of Gap, Inc. In correspondence dated January 13, 2006 forwarded to Ms. Minchoff, counsel for Defendant Gap asserted a spoliation defense and advised Ms. Minchoff, counsel for Plaintiffs, of the difficulties in identifying initial disclosure data based on the total lack of information concerning

SULLIVAN, WARD, ASHER & PATTON, P.C.

the alleged date of purchase of the sandal, the location of the purchase, documents confirming the purchase or the production of the alleged defective sandal itself. These disclosures are based only upon information now reasonably available, and Gap's investigation into the subject matter is continuing. As such, Gap reserves the right to modify, supplement and/or augment its disclosures, as warranted in this litigation.

Further, Gap makes the following disclosure subject to, and without waiving, its right to protect (a) all communications protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges, and (b) all confidential, proprietary and trade secret information until a suitable protective order is entered protecting the confidentiality of such information. Subject to and without waiving the foregoing objections, Gap makes the following disclosure statement pursuant to Federal Rule of Civil Procedure 26(a)(1) and this Court's Scheduling Order filed on February 3, 2006:

**A.    Federal Rule of Civil Procedure 26(a)(1)(A). The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of information.**

Based on information in this action, the following persons are identified in response to this subsection:

1.  Stephanie Hofer
    Leominster, Worcester County, Massachusetts

2.  Douglas Hofer
    Leominster, Worcester County, Massachusetts

3.  Unidentified "friend" of Stephanie Hofer identified in paragraph 7 of the factual allegations of the Complaint (name and address of this individual are unknown and as yet, unidentified)

4.  Nadine Manfreid
    Director of Adult Accessories, Shoes and Supply
    Gap, Inc.
    Two Folsom Street
    San Francisco, CA  94105

5.  Tana Gotelli
    Head of Womens Merchandising
    Gap, Inc.
    Two Folsom Street
    San Francisco, CA 94105

6.  Maria Ayala (Merchant for Womens Shoes)
    Former Gap, Inc., Employee (no longer with company)
    Present address unknown

7.  Lisa Wing
    Gap, Inc., Production
    2 Folsom Street
    San Francisco CA 94105

8.  Janet Hasegawa
    Non-Apparel Production Director
    Gap Inc.
    Two Folsom Street
    San Francisco, CA 94105

9.  Patricia Reese
    Senior Technical Manager
    Dept. of Product Integrity
    Gap, Inc.
    Two Folsom Street
    San Francisco, CA 94105

10. Julie Thompson
    Director of Product Integrity
    Gap, Inc.
    Two Folsom Street
    San Francisco, CA 94105

11. Shannon Schafer
    Present Design Director for Womens Footwear
    Gap, Inc.
    Two Folsom Street
    San Francisco, CA 94105

Gap, Inc. will supplement the initial disclosures pursuant to the Federal Rules as information becomes available. It should be noted that Gap, Inc. does not and did not manufacture footwear, as has been disclosed to all parties and the Court. If and when the alleged footwear is identified by Plaintiffs' counsel or Plaintiff, Gap will supplement the Initial

Disclosure to include the name of the manufacturer which is impossible to identify at this point in time.

B.   Federal Rule of Civil Procedure 26(a)(1)(B). A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody and control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

In response to this subsection, Gap has received the following records in this litigation:

1. Footwear Casual-#GP9210 US (thongs, sandals, moccasins, slippers, baby booties and boat shoes) (2 Pages) (**Exhibit 1**);

2. Old Navy/MCCBG credit card information for transaction dates 10/2003 through 3/2004 based upon information provided from Ms. India Minchoff to Scott Feringa via e-mail dated Tuesday, 1/17/06 at 12:15 p.m., authorizing access to transaction reports. (Please note that the transaction reports have been redacted such that the credit card number of Ms. Stephanie Hofer has been redacted and blocked out. (**Exhibit 2**);

C.   Federal Rule of Civil Procedure 26(a)(1)(C). A computation of any category of damages claimed by the disclosing party.

Not applicable.

D.   Federal Rule of Civil Procedure 26(a)(1)(D). For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy judgment.

Please see attached Declaration Sheet between Gap, Inc. and AIG (**Exhibit 3**). (It should be noted that the document has been redacted and blocked out to remove the premium payment to Gap, Inc. from AIG for the reason that said information is clearly proprietary and confidential.)

Respectfully submitted,

SULLIVAN, WARD,
 ASHER & PATTON, P.C.

By: _____
SCOTT D. FERINGA (P28977)
Attorney for Gap, Inc.
(248) 746-0700

Dated: 2/14/06
W0451569

4