UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| v. ) | Docket No. 05-40170 FDS |
| ) | |
| THE GAP, INC., EXPEDIA, INC. and ) | |
| TURTLE BEACH TOWERS, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT EXPEDIA, INC.'S**
**MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM THE PLAINTIFFS**

Pursuant to Rules 26, 33, 34, 36 and 37 of the Federal Rules of Civil Procedure and Local Rules 26.1, 26.2, 33.1, 34.1, 36.1 and 37.1, Defendant Expedia, Inc. ("Expedia") hereby moves this Court to compel the Plaintiffs, Stephanie Hofer and Douglas Hofer (jointly the "Plaintiffs"), to supplement their: 1) responses to *Expedia, Inc.'s First Request for Admissions* numbers 7, 9, 11 and 12; 2) answers to *Expedia Inc.'s First Set of Interrogatories* numbers 5, 6, 7, 8, 20 and 21; and 3) responses to *Expedia, Inc.'s First Request for the Production of Documents* numbers 7, 8, 9, 10 and 11.[1] Further, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Expedia requests an award of its fees and costs in having to bring the present motion. In support of the present motion, Expedia states as follows.

## I. Introduction

The Plaintiffs' suit against Expedia, which allegedly arises from Plaintiff Stephanie

---

[1] *Expedia, Inc.'s First Request for Admissions* shall hereinafter be referred to as "*Requests to Admit.*" *Expedia Inc.'s First Set of Interrogatories* shall hereinafter be referred to as "*Interrogatories.*" *Expedia, Inc.'s First Request for the Production of Documents* shall hereinafter be referred to as "*Document Requests.*"

-2-

Hofer's booking of a vacation via Expedia.com, is devoid of any basis in fact or applicable law.[2] The Plaintiffs seek to hold Expedia liable for injuries Plaintiff Stephanie Hofer sustained at a hotel ("the Resort") booked through Expedia.com, alleging that Expedia was the agent of the Resort and, alternatively, that Expedia had a duty to warn of the allegedly dangerous conditions at the Resort. In fact, Expedia was never the agent of the Resort and Expedia had no knowledge of any dangerous conditions at the Resort. Expedia's answer is based upon these defenses together with the additional defense that the contractual language under which Plaintiff Stephanie Hofer's Trip was booked contains a clear and unambiguous disclaimer of liability.

To solidify its rightful defenses and to further discredit Plaintiffs' unsupportable positions, and in anticipation of establishing a conclusive record in support of a motion for summary judgment, Expedia served upon the Plaintiffs *Requests to Admit*, *Interrogatories* and *Document Requests*. Each set of discovery requests is relevant to the Plaintiffs' claims, probative as to the issues at bar, inoffensive to the attorney/client and work product protections and, if responded to directly, accurately and pursuant to the controlling rules of civil procedure, dispositive of the Plaintiffs' various claims.

Instead of responding directly, accurately and pursuant to the controlling rules of civil procedure, the Plaintiffs offered unfounded objections, non-responsive answers, answers that merely re-averred *Complaint* and *Joint Rule 16.1 Statement* ("*Joint Statement*") allegations, answers that varied from the Plaintiffs' previously pleaded positions and responses that otherwise failed to satisfy the Plaintiffs' obligations under the aforementioned rules. The Plaintiffs must not be allowed to frustrate the discovery process, and need be compelled to supplement their discovery responses.

---

[2] Expedia shall hereinafter refer to the vacation as the "Trip."

## II. Relevant Procedural Background

Through discovery Expedia intended to ferret out the Plaintiffs' bases for their otherwise factually and legally untenable positions. Thus, on March 8, 2006, Expedia served its *Requests to Admit* (see a true and accurate copy of said *Requests to Admit* appended hereto as Exhibit A), *Interrogatories* (see a true and accurate copy of said *Interrogatories* appended hereto as Exhibit B) and *Document Requests* (see a true and accurate copy of said *Document Requests* appended hereto as Exhibit C).

On or about April 13, 2006, the Plaintiffs served their responses to the *Requests to Admit* (see a true and accurate copy of said responses to the *Requests to Admit* appended hereto as Exhibit D), answers to the *Interrogatories* (see a true and accurate copy of said answers to the *Interrogatories* appended hereto as Exhibit E) and responses to the *Document Requests* (see a true and accurate copy of said responses to the *Document Requests* appended hereto as Exhibit F).[3] Due to glaring deficiencies and inaccuracies in the Plaintiffs' discovery responses, Expedia initiated a Local Rule 37.1 conference via letter on May 4, 2006. See Exhibit G, which is a true and accurate copy of Expedia's counsel's May 4, 2006 Local Rule 37.1 letter to the Plaintiffs' counsel.[4]

On May 15, 2006, Expedia's counsel and the Plaintiffs' counsel conducted their Local Rule 37.1 conference telephonically. During that conference the Plaintiffs' counsel: 1) refused to supplement any of the Plaintiffs' answers to the *Requests to Admit*; 2) refused to supplement six of the nine answers to *Interrogatories* identified by Expedia as procedurally and substantively deficient and/or factually inaccurate; and 3) refused to supplement eight of the nine responses to

---

[3] Due to their bulk, Expedia does not attach here the two tabs of document production that accompanied the Plaintiffs' initial document responses.
[4] On May 11, 2006, the Plaintiffs served their *First Supplemental Document Responses*, with documents, to Expedia's *Document Responses*. Those responses are not presently at issue.

-3-

the *Document Requests* identified by Expedia as procedurally deficient.  See Exhibit H, which is a true and accurate copy of Expedia's counsel's May 22, 2006 letter to the Plaintiffs' counsel confirming the Plaintiffs' refusal to supplement.

On or about June 9, 2006, the Plaintiffs served their first supplemental answers to Expedia's *Requests to Admit*.  See Exhibit I, which is a true and accurate copy of the *Plaintiff Stephanie Hofer's First Supplemental Answers to Defendant, Expedia, Inc.'s First Request for Admissions*.[5]  Therein, and despite refusing to do so earlier (see Exhibit H), the Plaintiffs supplemented their answer to *Requests to Admit* number 3.  (Notably, where the Plaintiffs had been unable to admit or deny that Carrie had used Expedia.com to book the Trip in their initial response, the Plaintiffs admitted that "Carrie reserved the Trip for herself and Stephanie via Expedia.com" in their supplemental response.  See Exhibit I; see also discussion infra at §III(A)(i), p. 7 (addressing import of this supplemented response)).  Although *Requests to Admit* number 3 is closely linked factually to the other *Requests to Admit*, the Plaintiffs still refused to supplement their responses to *Request to Admit* numbers 7, 9, 11 and 12.  See Exhibit A, Exhibit D, Exhibit H and Exhibit I.

Also on or about June 9, 2006, the Plaintiffs served their first supplemental answers to Expedia's *Interrogatories*.  See Exhibit J, which is a true and accurate copy of the *Plaintiff Stephanie Hofer's First Supplemental Answers to Defendant, Expedia, Inc.'s First Set of Interrogatories*.[6]  Therein, as agreed (see Exhibit H), the Plaintiffs supplemented their answers to *Interrogatories* numbers 2(c), 9 and 22.  (Notably, in supplemented answer number 2(c) the

---

[5] For reasons unknown to Expedia, the Plaintiffs entitled their initial responses and supplemental responses to the *Requests to Admit* as having come from Plaintiff Stephanie Hofer alone, even though the *Requests to Admit* are directed to both Plaintiffs.
[6] For reasons unknown to Expedia, the Plaintiffs entitled their initial answers to the *Interrogatories* as having come from both of them, but entitled their supplemental answers having come from Plaintiff Stephanie Hofer alone, even though the *Interrogatories* are directed to both Plaintiffs.

Plaintiffs state that Plaintiff Stephanie Hofer "provided Carrie with my permission to book me on the Trip." See Exhibit J; see also discussion infra at §III(A)(i.), p. 8 (addressing import of this supplemented answer)). The Plaintiffs, however, still refused to supplement their answers to *Interrogatories* numbers 5, 6, 7, 8, 20 and 21. See Exhibit B, Exhibit E, Exhibit H and Exhibit J.

Further on or about June 9, 2006, the Plaintiffs served their second supplemental responses to Expedia's *Document Requests*. See Exhibit K, which is a true and accurate copy of the *Plaintiffs' Second Supplemental Response to Defendant, Expedia, Inc.'s First Request for the Production of Documents*. Therein, the Plaintiffs supplemented their responses to *Document Requests* numbers 1, 3, 5 and 12. See Exhibit K. The Plaintiffs still refused to supplement their responses to Document Requests numbers 7, 8, 9, 10 and 11. See Exhibit C, Exhibit F, Exhibit H and Exhibit K.

### III.   Discussion

**A.   The Plaintiffs have failed and refuse to satisfy their discovery obligations**

**(i.)   The Plaintiff's responses to certain *Requests to Admit* are substantively and procedurally deficient, as well as inconsistent with positions previously taken by the Plaintiffs, and must be supplemented**

Expedia takes issue with the following of Plaintiffs' responses to the *Requests to Admit* for the identified bolded reasons:

REQUEST TO ADMIT NO. 7:

The Agreement is displayed on Expedia.com.

Response:

Stephanie is without sufficient knowledge to answer.

REQUEST TO ADMIT NO. 9:

Carrie read the "Liability Disclaimer" section of the Agreement before reserving the Trip.

Response:

Stephanie is without sufficient knowledge to answer as she cannot answer for someone else.

REQUEST TO ADMIT NO. 11:

Carrie clicked "I Agree" after reading the Agreement on Expedia.com, but before reserving the Trip.

Response:

Stephanie is without sufficient knowledge to answer.

**Deficiencies of responses numbers 7, 9 and 11:**

**As seen in the remainder of their responses to the *Requests to Admit* and their answers to *Interrogatories*, the Plaintiffs, more specifically Plaintiff Stephanie Hofer, try to disavow their involvement in and knowledge of the Trip booking process, while claiming that they cannot speak for Carrie.  See Exhibit D, e.g., responses numbers 4 (Stephanie wasn't present when the Trip was reserved via Expedia.com), 8 (Stephanie did not read the "Liability Disclaimer" before reserving the Trip) and 10 (Stephanie did not click "I agree" after reading the Agreement on Expedia.com, but before reserving the Trip); see also Exhibit E, e.g., answers numbers 3 (no communications between Stephanie and Expedia), 13 (Stephanie was not present when Carrie booked the Trip), 16 (Stephanie has no knowledge that the Agreement [containing the Liability Disclaimer] was on the Expedia web page) and 17 Stephanie did not book the Trip and therefore did not read any liability disclaimers).  Meanwhile, the Plaintiffs admit that "Carrie reserved the Trip for herself and Stephanie via Expedia.com."  See Exhibit I, Plaintiff's supplemental response to *Requests to Admit* number 3.[7]  By their own supplemented admission, the Plaintiffs admit that Carrie was their agent -- someone to inquire of when responding to discovery.**

**When the Plaintiffs filed their *Complaint*, they, because of their alleged lack of involvement in the Trip booking process, must have relied upon Carrie and the information she provided them purportedly concerning Expedia.com.  The Plaintiffs cannot have it both ways -- that is, disavow themselves of knowledge of and/or involvement in the booking process while relying on Carrie for *Complaint* purposes, but refuse to rely upon Carrie in response to discovery.**

**Indeed, as a matter of civil procedure, the Plaintiffs cannot state that they are "unable to admit or deny" or that they "lack sufficient knowledge" unless they have made reasonable inquiry of Carrie and determined that the information available or readily obtainable would still not allow them to admit or deny the request.  See Fed.R.Civ.P. 36.  Clearly, the Plaintiffs did not make any inquiry as to these**

---

[7] The Plaintiffs only admitted this fact after faced with the present motion to compel as to their initial response which stated, in pertinent part, that "….Plaintiff is unable to admit or deny whether Carrie utilized Expedia.com."  See Exhibit D.

particular *Requests to Admit*.  For, had the Plaintiffs asked Carrie about her knowledge concerning the requested information, as required by the applicable rules of civil procedure, they would be able to admit or deny these particular *Requests to Admit*.  <u>See</u> Wright, Miller and Marcus, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d §2261 and authorities cited therein (addressing, among other things, the majority view that the party responding to requests for admissions has an obligation to admit or deny even where it lacks personal knowledge, if the means of information are reasonably within its power, <u>even if it comes from third-parties)</u> (emphasis added); <u>Uniden Am. Corp. v. Ericsson Inc.</u>, 181 F.R.D. 302, 303-305 (M.D.N.C. 1998) (discussing Fed.R.Civ.P. Rule 36 and the 1970 Advisory Committee Notes thereto, finding "…that a party must make inquiry of a third party where there is some identity of interest manifested, such as by both being parties to the litigation, a present or prior relationship of mutual concerns, or their active cooperation in the litigation, and when there is no manifest or potential conflict between the party and the third-party," and compelling supplement to admission response); <u>see</u> also <u>T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc</u>., 174 F.R.D. 38, 43-44 (S.D.N.Y. 1997) (internal citations omitted)  ("Reasonable inquiry includes investigation of [party's]…agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish necessary and appropriate response….").

Moreover, the Plaintiffs cannot say that they are "unable to admit or deny" or that they "lack sufficient knowledge" as a matter of fact.  Obviously, in the time between their initial responses and June 9, 2006, when they supplemented their initial responses, the Plaintiffs inquired as to whether or not Carrie utilized Expedia.com (see <u>Exhibit I</u>), and must have -- and were required to have -- inquired of Carrie as to the topics addressed via *Requests to Admit* numbers 7, 9 and 11.

REQUEST TO ADMIT NO. 12:

Any actions of Carrie in connection with the booking of the Trip via Expedia.com were with the permission and authority of Stephanie.

<u>Response</u>:

Plaintiff objects to this admission in that the term "any" is overly broad.  Plaintiff cannot possibly state whether "any" action taken by Carrie was with her permission and authority without knowing the identification or description of the alleged action.

**Deficiencies of response number 12**:

*Requests to Admit* number 12 clearly and unambiguously asks the Plaintiffs to admit or deny that "<u>Any actions</u> of Carrie <u>in connection with the booking of the Trip</u> via Expedia.com were with the permission and authority of Stephanie."  (Emphasis added).  Instead of denying or admitting the request, the Plaintiffs improperly object to the term "any" as being overbroad.  The Plaintiffs further object saying that "Plaintiff cannot possibly state whether 'any' actions taken by Carrie was with her permission and authority without knowing the identification and description of the alleged action."  The Plaintiffs objections are nonsensical and dilatory.

**First, the term "any" is not overbroad when read in conjunction with the phrase "in connection with the booking of the Trip." A simple read of the entire request discredits the overbroad objection.**

**Second, the record demonstrates that: (1) Carrie booked/reserved the Trip (see Exhibit D, response to *Requests to Admit* number 3; see also Exhibit E answer to *Interrogatory* No. 2(b); Exhibit I, supplemental response to *Requests to Admit* number 3); (2) that Plaintiff Stephanie Hofer knew Carrie booked/reserved the Trip via Expedia.com (see *Complaint*, ¶7; Exhibit G, Tab 1); and (3) that Plaintiff Stephanie Hofer gave Carrie permission to book the Trip for her (see Exhibit J, supplemental answer to *Interrogatories* number 2(c)).**

**In light of the record established from the Plaintiffs' own discovery responses and *Complaint*, the Plaintiffs cannot avoid admitting or denying *Requests to Admit* number 12 by arguing they can't answer "without knowing the identification and description of the alleged action." The action is not merely alleged, the Plaintiffs themselves identified it -- the action is the booking of the Trip. See *Complaint*, ¶7; see also Exhibit A, specific and plain language of *Requests to Admit* number 12).**

For the foregoing reasons, the Plaintiffs must be compelled to supplement their responses to *Requests to Admit* number 7, 9, 11 and 12.

### (ii.) The Plaintiffs' answers to certain *Interrogatories* are substantively and procedurally deficient and must be supplemented

Expedia takes issue with the following of Plaintiffs' answers to *Interrogatories* for the identified bolded reasons:

INTERROGATORY NO. 5:

State the basis of the Plaintiffs' averment found at Paragraph 46 of the Complaint that "[i]n conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort."

Answer:

Expedia conducts much of the resorts (sic) internet advertising and booking of reservations thereby making them an agent of the Resort.

INTERROGATORY NO. 6:

State the basis of the Plaintiffs' averment found at Paragraph 47 of the Complaint that "[a]s an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort."

-8-

Answer:

Discovery is ongoing and the plaintiffs will supplement this answer in a seasonable manner. Plaintiffs will state that Expedia as agent or facilitator of travel owes a duty to not only reap the financial rewards of acting as a booking agent but also to warn of dangerous conditions which may exist at any of the facilities it advertises. There is an expectancy on the part of the consumer that facilities or resorts listed by Expedia on its website are reputable and safe. Expedia, in accepting financial benefits of it's (sic) advertising, cannot simply disclaim any responsibility for the conditions of the resorts it advertises.

INTERROGATORY NO. 7:

State the basis of the Plaintiffs' averment found at Paragraph 48 of the Complaint that "Expedia knew or should have known of the conditions at the Resort."

Answer:

Discovery is ongoing and the Plaintiffs will supplement this answer in a seasonable manner. Expedia should have inspected the facility or acted on information gathered from available sources that the resort was not reasonably safe for intended foreseeable users of its website.

INTERROGATORY NO. 8:

State the basis of Plaintiffs' averment found in §II(A.) of the parties' Joint Rule 16.1 Statement that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service."

Answer:

Expedia is a for profit corporation that derives income from its travel website. Expedia acts as an agent to the various vendors, be it hotels, cruise lines, etc. Expedia has a duty not to jeopardize the safety of its customers by advertising a facility, which is inherently unsafe.

**Deficiencies of answers numbers 5, 6, 7 and 8:**

*Interrogatories* **numbers 5, 6, 7 and 8 clearly and unambiguously ask the Plaintiffs to state the basis[8] -- *i.e.* their factual basis -- for various positions the Plaintiffs have taken in this suit related to the alleged (and otherwise non-existent) agency relationship with the Resort[9] and alleged (and otherwise non-existent) duties owed**

---

[8] See L.R. 26.5(C)(8) defining "State the basis."
[9] The facts are: Expedia is the corporate entity which owns the website Expedia.com. Expedia.com is a website the advertises the products and services of over 56,000 hotels, airlines, rental car agencies, action and services, and other travel related entities. Expedia does not act as an agent for any of those hotels, airlines, rental car agencies, or other travel related entities. In advertising the Resort on its website, Expedia does not act, nor was Expedia acting in the particular instance at bar, as an agent of the Resort. Even if there was such an agency relationship, which there was not, Expedia is unaware of any case where a principal's alleged knowledge of a dangerous condition at the

**by Expedia to the Plaintiffs[10]. Rather than offering factual bases for their positions, the Plaintiffs re-aver the *Complaint* and *Joint Statement* allegations and/or merely offer conclusory statements without quantifying or qualifying their impact on the case or how they support the identified *Complaint* averment. See e.g. answers 5 (merely stating that Expedia "conducts much of the resorts (sic) advertising" without independent facts evidencing Expedia conducts same), 6 (making off-handed comment about "reap[ing] financial rewards" without independent facts evidencing what financial rewards, from whom they are reaped, etc.), 7 (referring to "intended foreseeable users" but not explaining factually which litigants are such "users") and 8 (failing to explain factually what income Expedia derives and how it derives same, how Expedia is an agent to each and every one of the over 56,000 vendors it advertises and how the Resort was "inherently unsafe").**

**It is evident from the form and pseudo-substance of the answers to numbers 5, 6, 7 and 8 that the Plaintiffs have no bases for the identified *Complaint* averments. The Plaintiffs must supplement their answers to numbers 5, 6, 7 and 8 by offering <u>factual</u> support for their *Complaint*. To the extent the Plaintiffs are unable to supplement their answers, the Plaintiffs must dismiss their suit because there will be no basis for any recovery at law.**

INTERROGATORY NO. 20:

If your answer to Request for Admission No. 11 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 11.

Answer:

I cannot answer as to what Carrie did. I was not present and did not see her click "I agree". Plaintiff, Douglas Hofer states that this interrogatory is not directed at him therefore no answer is being provided.

**Deficiencies of answer number 20:**

*Interrogatories* **number 20 corresponds to the Plaintiffs' answer to** *Request to Admit* **number 11. Because the Plaintiffs are obligated to supplement their answer to** *Request to Admit* **number 11 (<u>see</u> discussion above), they are obligated to supplement their answer to** *Interrogatory* **number 20 as well.**

---

principal's facility can be imputed to the principal's agent, where the agent has no other reason to know of such condition that would render Expedia liable here.

[10] See McElheny v. Trans Nat'l. Travel, Inc. 165 F.Supp. 2d 190, 204 (D.R.I. 2001) (under Massachusetts law, "[t]our operators do not have a duty to avoid or warn of hazards of which they have no knowledge or that are not in their control." Indeed, "Courts have generally declined to impose liability on travel agents and tour operators for injuries sustained by clients aboard vessels, buses and other modes or transportation or at hotels or other destinations.") Id. at 197.

INTERROGATORY NO. 21:

If your answer to Request for Admission No. 12 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 12.

Answer:

The referred is overly broad. Plaintiff cannot state that "any" action taken by Carrie was with Plaintiff's permission without knowing each action taken by Carrie. Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

**Deficiencies of answer number 21:**

***Interrogatory* number 21 corresponds to the Plaintiffs' answer to *Request to Admit* number 12. Because the Plaintiffs are obligated to supplement their answer to *Request to Admit* number 12 (see discussion above), they are obligated to supplement their answer to *Interrogatory* number 21 as well.**

For the foregoing reasons, the Plaintiffs must be compelled to supplement their Answers to *Interrogatories* numbers 5, 6, 7, 8, 20 and 21.

**(iii.) The Plaintiff's responses to certain *Documents Requests* are substantively and procedurally deficient, and must be supplemented**

Several of the Plaintiffs' responses to the *Document Requests* fail to identify which documents the Plaintiffs produced in response to categories of documents requested. Instead, in response to certain *Document Requests,* the Plaintiffs make blanket references to tabbed documents accompanying their responses. The documents produced under the tabs, however, are not labeled, segregated or otherwise organized and some of the documents appear to have no relation to the present suit at all (e.g., medical record records concerning a knife cut to Plaintiff Stephanie Hofer's right index finger -- the Plaintiffs allege Plaintiff Stephanie Hofer injured her leg (see Exhibit G, Tab 2 thereto)). The Plaintiffs' references to unorganized document productions do not satisfy the applicable rules of civil procedure.

Federal Rule of Civil Procedure Rule 34 only allows the Plaintiffs two methods for producing requested documents: 1) by producing them "as they are kept in the usual course of

business;" or by "[labeling] them to correspond with the categories in the request." See Fed.R.Civ.P. Rule 34(b). The Plaintiffs elected to not to produce the documents as kept in the usual course of business. Therefore, the Plaintiffs were obligated to label the produced documents as corresponding to a particular request. They did not.

Thus, Expedia takes issue with the following of Plaintiffs' responses to *Document Requests* for said violation of the rules of civil procedure, as well as the below identified bolded reasons:

> 7.   Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia is an agent of [the Resort]," as averred in Paragraph 2 of the Complaint.
>
> Response:
>
> Plaintiffs object to Request No. 7 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, to the extent Plaintiffs have responsive documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.
>
> 8.   Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "[i]n conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort," as averred in Paragraph 46 of the Complaint.
>
> Response:
>
> Plaintiff objects to Request No. 8 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.
>
> **Deficiencies of responses numbers 7 and 8:**
>
> **To date, the Plaintiffs have maintained without any factual or documentary support that Expedia is an agent for the Resort. *Document Requests* number 7 and 8 squarely request documents that purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. A review of Exhibit B to the *Document Requests* does not yield any documents responsive to**

**either *Document Requests* numbers 7 or 8.[11] In fact, it is unclear from the responses' language -- i.e., "to the extent Plaintiffs have" -- if there are any responsive documents even attached at Exhibit B.**

**Therefore, and consistent with the governing rule of civil procedure, to the extent any responsive documents are included at Exhibit B, the Plaintiffs must segregate and label those documents at Exhibit B which correspond to *Document Requests* numbers 7 and 8, and supplement the responses themselves to indicate the segregation and labeling. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must supplement their responses and state as much.**

9. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "as an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort," as averred in Paragraph 47 of the Complaint.

Response:

Plaintiffs object to Request No. 9 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

**Deficiencies of response number 9:**

**To date, the Plaintiffs have maintained without any factual or documentary support that Expedia owed Plaintiff Stephanie Hofer a duty to warn her of the alleged dangerous condition at the Resort. Document Request No. 9 squarely requests documents that purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. A review of Exhibit B to the *Document Requests* does not yield any documents responsive to *Document Requests* number 9. In fact, it is unclear from the responses' language -- i.e., "to the extent Plaintiffs have" -- if there are any responsive documents even attached at Exhibit B.**

**Therefore, and consistent with the governing rule of civil procedure, to the extent any responsive documents are included at Exhibit B, the Plaintiffs must segregate and label those documents at Exhibit B which correspond to *Document Requests* number 9, and supplement the response itself to indicate the segregation and labeling. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must supplement their response and state as much.**

---

[11] Again, Expedia does not attach the Plaintiffs' document production here as it is too voluminous. However, to the extent the Court wishes to view the production, Expedia will produce it upon request.

10. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia knew or should have known of the conditions at the Resort," as averred in Paragraph 48 of the Complaint.

   Response:

   Plaintiff objects to Request No. 10 to the extent that it seeks disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

   **Deficiencies of response number 10:**

   **To date, the Plaintiffs have maintained without any factual or documentary support that "Expedia knew or should have known of the conditions at the Resort." Document Request No. 10 squarely requests documents that purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. A review of Exhibit B to the *Document Requests* does not yield any documents responsive to *Document Requests* number 10. In fact, it is unclear from the responses' language -- i.e., "to the extent Plaintiffs have" -- if there are any responsive documents even attached at Exhibit B.**

   **Therefore, and consistent with the governing rule of civil procedure, to the extent any responsive documents are included at Exhibit B, the Plaintiffs must segregate and label those documents at Exhibit B which correspond to *Document Requests* number 10, and supplement the response itself to indicate the segregation and labeling. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must supplement their response and state as much.**

11. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service," as averred in §II(A.) of the parties' Joint Rule 16.1 Statement.

   Response:

   Plaintiffs object to Request No. 11 to the extent that it seeks disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

> **Deficiencies of response number 11:**
>
> **To date, the Plaintiffs have maintained without any factual or documentary support that "Expedia owes a duty to prospective customers of its services to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its services." A review of Exhibit B to the *Document Requests* does not yield any documents responsive to *Document Requests* number 11. In fact, it is unclear from the responses' language -- i.e., "to the extent Plaintiffs have" -- if there are any responsive documents even attached at Exhibit B.**
>
> **Therefore, and consistent with the governing rule of civil procedure, to the extent any responsive documents are included at Exhibit B, the Plaintiffs must segregate and label those documents at Exhibit B which correspond to *Document Requests* number 11, and supplement the response itself to indicate the segregation and labeling. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must supplement their response and state as much.**

For the foregoing reasons, the Plaintiffs must be compelled to supplement their responses to *Document Requests* numbers 7, 8, 9, 10 and 11.

**B.    The Plaintiffs' refusal to properly respond to discovery, in the first instance, and to supplement when confronted with their obligation to do so, in the second instance, warrants the award of attorneys' fees and costs**

In light of the Plaintiffs' willingness to treat the Plaintiffs' discovery obligations as little more than sport, Expedia requests that this Court award Expedia its attorneys' fees and costs incurred in having to bring the present motion, pursuant to Federal Rule of Civil Procedure 37(a)(4). Via Expedia's counsel's May, 4, 2006 letter and the May 15, 2006 Local Rule 37.1 conference, Expedia provided ample factual and legal authority to the Plaintiffs requiring the Plaintiffs to supplement their discovery responses. Instead of agreeing to supplement their discovery, the Plaintiffs forced Expedia to file the present motion to recover those documents and that information the Plaintiffs should have readily provided. Therefore, Expedia requests that this Court assess the Plaintiffs the amount of legal fees expended by Expedia in connection with the preparation of the present motion. See Chambers v. NASCO, 501 U.S. 32, 45 n. 8 (U.S. 1991) (Courts may assess fees incurred as a result of a party's Rule 37 violation).

WHEREFORE, Expedia respectfully requests that this Court:

1. Compel the Plaintiffs to supplement their responses to *Requests to Admit* numbers 7, 9, 11 and 12;

2. Compel the Plaintiffs to supplement their answers to *Interrogatories* numbers 5, 6, 7, 8, 20 and 21;

3. Compel the Plaintiffs to supplement their responses to *Document Requests* numbers 7, 8, 9, 10 and 11;

4. Award Expedia its fees and costs in having to bring the present motion; and

5. Award such other relief as this Court deems just and warranted.

EXPEDIA, INC.,
By its attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106

Dated: June 15, 2006                                    (617) 854-4000

**FED.R.CIV.P. RULE 37 AND LOCAL RULE 37.1 CERTIFICATE**

I, Thomas T. Reith, hereby certify that the provisions of Fed.R.Civ.P. Rule 37 and L.R. 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issues in question without this Court's intervention and that it is necessary for Defendant Expedia, Inc. to file the above motion.  In this regard, I conducted a discovery conference with opposing counsel, as more fully set forth above at page 3, and that the conversation concerning the discovery issues in question was approximately three quarters of one hour.  Further discussions were unnecessary since the issues at bar are simple -- Expedia, Inc. is entitled to the discovery it seeks and the Plaintiff wrongfully refuses to supplement the above-identified discovery requests.

/s/ Thomas T. Reith

**CERTIFICATE OF SERVICE**

I, Thomas T. Reith, hereby certify that on this 15th day of June 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

31983-2 MottoCompelFINAL.doc