# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER,<br><br>Plaintiffs,<br><br>v.<br><br>THE GAP, INC., EXPEDIA, INC. and<br>TURTLE BEACH TOWERS,<br><br>Defendants. | Civil Action<br>Docket No. 05-40170 FDS |

**DEFENDANT EXPEDIA, INC.'S
FIRST SET OF REQUESTS FOR ADMISSIONS
PROPOUNDED UPON THE PLAINTIFFS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and Local Rule 36.1, Defendant Expedia, Inc. hereby serves its first set of requests for admissions.

**Definitions**

The following definitions apply to the below requests for admissions:

1. The term "Stephanie" shall refer to Plaintiff Stephanie Hofer.

2. The term "Douglas" shall refer to Plaintiff Douglas Hofer.

3. The terms "the Plaintiffs" or "you" or "your" shall refer to Stephanie and Douglas jointly.

4. The term "Expedia" shall refer to:

    a. Defendant Expedia, Inc.;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

5.  The term "Gap" shall refer to:

    a.  Defendant The Gap, Inc.;

    b.  any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c.  the present and former directors, officers, agents, employees, and attorneys of the foregoing.

6.  The term "Resort" shall refer to:

    a.  Defendant Turtle Beach Resort;

    b.  any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c.  the present and former directors, officers, agents, employees, and attorneys of the foregoing.

7.  The term "Carrie" shall refer to Carrie LeBlanc, identified in Plaintiffs' Rule 26 Disclosure, also known as Carrie LaBelle.

8.  The term "Agreement" shall refer to Expedia's *Web Site Terms, Conditions, and Notices*," a true and accurate copy of which was produced to the Plaintiffs and Gap in connection with Expedia's automatic disclosures at 1EXP5-8.

9.  The term "Expedia.com" shall refer to the internet website Expedia.com.

10. The term "Complaint" shall refer to the Complaint filed by the Plaintiff's in the above-captioned action on or about September 27, 2005.

11. The terminology "the Trip" shall refer to the vacation travel package to Jamaica identified in Paragraph 7 of the Complaint.

### Instructions

1.  Whenever appropriate, the singular form of a word shall be interpreted to include the plural or vice versa; verb tenses shall be interpreted to include past, present, and future tenses; and the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these Requests for Admissions any information that might otherwise be considered outside their purview.

2.  With respect to any Request for Admission to which an objection is made, or which is not otherwise answered in full, state the specific grounds for such objection and respond to such Request for Admission to the extent to which there is no objection. Where a complete answer to a particular Request for

Admission, or a subpart thereof, is not possible, the Request for Admission should be answered to the extent possible and an explanation provided as to the reasons why only a partial answer is given.

3. If you object to any Request for Admission, or any subpart of any Request for Admission, on the ground that the Request for Admission requests the disclosure of any matter allegedly protected from discovery because of privileged status, state the date of the communication or work product, identify each person who was present at or who participated in such communication or the preparation of such work product, state the nature of the communication (i.e., conversation, correspondence, etc.) or work product (i.e., memorandum), state the general subject matter of the communication or work product, the nature of the privilege or immunity claimed, and the basis of your claim of privilege or immunity.

4. As to each Request for Admission answered, identify the persons who supplied the responsive information, the documents and communications upon which you relied or consulted in the preparation of the response and those persons who have knowledge of the facts or information requested.

5. Except where otherwise indicated, each one of the Requests For Admission shall be deemed to be addressed to the Plaintiffs, and the answers shall reflect the knowledge of the Plaintiffs, all other persons acting for them or on their behalf, and, unless privileged, their attorneys.

6. Each one of the Requests For Admission call not only for the Plaintiffs' knowledge, information, documents and things in the Plaintiff's possession, but also for knowledge, information, documents and things that are reasonably available to Plaintiff by reasonable inquiry and due diligence, including inquiry of their agents, representatives, and those who are acting or who have acted on Plaintiffs' behalf.

7. If you object to part of a Request for Admission, the remainder must be answered.

8. Any denials must meet the substance of the Request for Admission; if you deny same in part, you must indicate which part of same you are denying, and which you are admitting.

9. Unless otherwise specified in a Request for Admission, the time period covered by same shall be from January 1, 2004 to the date of your response hereunder (the "Relevant Time").

10. If you fail to comply with the provisions of Rule 36 of the Federal Rules of Civil Procedure or Local Rule 36.1 with respect to any Request for Admission, the matter of which an admission is requested will be deemed admitted.

11. Pursuant to Federal Rule of Civil Procedure 26(e)(2), you are requested to seasonably supplement your responses to these discovery requests if you learn

that a response is in some material respect incomplete or incorrect and if the additional or corrective material has not otherwise been made known to Expedia during the discovery process or in writing.

### Requests for Admissions

REQUEST TO ADMIT NO. 1:

Stephanie reserved the Trip herself via Expedia.com.

REQUEST TO ADMIT NO. 2:

Carrie is the "friend" referred to in Paragraph 7 of the Complaint.

REQUEST TO ADMIT NO. 3:

Carrie reserved the Trip for herself and Stephanie via Expedia.com.

REQUEST TO ADMIT NO. 4:

Stephanie was present when the Trip was reserved via Expedia.com.

REQUEST TO ADMIT NO. 5:

Stephanie was aware as of the time the Trip was reserved of websites other than Expedia.com through which substantially similar travel packages could be reserved.

REQUEST TO ADMIT NO. 6:

Stephanie browsed other travel related websites before reserving the Trip via Expedia.com.

REQUEST TO ADMIT NO. 7:

The Agreement is displayed on Expedia.com.

REQUEST TO ADMIT NO. 8:

Stephanie read the "Liability Disclaimer" section of the Agreement before reserving the Trip.

REQUEST TO ADMIT NO. 9:

Carrie read the "Liability Disclaimer" section of the Agreement before reserving the Trip.

REQUEST TO ADMIT NO. 10:

Stephanie clicked "I Agree" after reading the Agreement on Expedia.com, but before reserving the Trip.

REQUEST TO ADMIT NO. 11:

Carrie clicked "I Agree" after reading the Agreement on Expedia.com, but before reserving the Trip.

REQUEST TO ADMIT NO. 12:

Any actions of Carrie in connection with the booking of the Trip via Expedia.com were with the permission and authority of Stephanie.

               EXPEDIA, INC.,
               By its attorneys,

               Lawrence G. Green, BBO #209060
               Thomas T. Reith, BBO #648671
               Burns & Levinson LLP
               One Beacon Street, 30th Floor
               Boston, MA  02108-3106
Dated:  March 8, 2006         (617) 854-4000

31983-2-RequestAdmit.doc

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (and) on 3/8/6

Gray's counsel    Pitett's counsel

-5-