# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> THE GAP, INC., EXPEDIA, INC. and ) <br> TURTLE BEACH TOWERS, ) <br> ) <br> Defendants. ) | Civil Action <br> Docket No. 05-40170 FDS |

**DEFENDANT EXPEDIA, INC.'S
FIRST SET OF INTERROGATORIES
PROPOUNDED UPON THE PLAINTIFFS**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Local Rule 33.1, Defendant Expedia, Inc. hereby requests that Plaintiffs Stephanie Hofer and Douglas Hofer serve their answers to the below Interrogatories within thirty (30) days of the date of service of this document.

**Definitions**

The following definitions apply to the below interrogatories:

1. The terms "document" and "documents" are used herein in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean any and all tangible things and documents, whether handwritten, typed, printed, or otherwise produced, including but not limited to, blueprints, drawings, letters, cables, wires, memoranda, inter-office communications, e-mail, reports, notes, recordings, photographs, contracts, agreements, other official documents and legal instruments, notebooks, vouchers, ledgers, bills, books, financial records, checks, receipts, files, drafts, claims, manuals, investigations and studies, and any machine-readable records whether punched, carded, taped, or coded electronically, electromagnetically or otherwise, including copies or reproductions of any of the foregoing items upon which written notations have been made which do not appear on the originals.

2. "Communication" is used in the broadest sense contemplated by the Federal Rules of Civil Procedure and includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, opinions, or thoughts) regardless of form, sender, or recipient.

3. The term "concerning" means referring to, describing, evidencing, or constituting.

4. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5. The term "person" means any natural person, partnership, corporation trust, or other form of legal entity.

6. The term "Stephanie" shall refer to Plaintiff Stephanie Hofer.

7. The term "Douglas" shall refer to Plaintiff Douglas Hofer.

8. The terms "the Plaintiffs" or "you" or "your" shall refer to Stephanie and Douglas collectively.

9. The term "Carrie" shall refer to Carrie LeBlanc, identified in Plaintiffs' Rule 26 Disclosure, also known as Carrie LaBelle.

10. The term "Expedia" shall refer to:

    a. Defendant Expedia, Inc.;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

11. The term "Gap" shall refer to:

    a. Defendant The Gap, Inc.;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

12. The term "Resort" shall refer to:

    a. Defendant Turtle Beach Resort;

b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

13. The terminology "the Defendants" shall collectively refer to Expedia, Gap, and the Resort.

14. The term "Agreement" shall refer to Expedia's *Web Site Terms, Conditions, and Notices*," a true and accurate copy of which was produced to the Plaintiffs and Gap in connection with Expedia's automatic disclosures at 1EXP5-8.

15. The term "Expedia.com" shall refer to the internet website Expedia.com.

16. The term "Complaint" shall refer to the Complaint filed by the Plaintiffs in the above-captioned action on or about September 27, 2005.

17. The terminology "the Trip" shall refer to the vacation travel package to Jamaica identified in Paragraph 7 of the Complaint.

18. The terminology "Request for Admission" shall refer to a specifically identified request for admission that, along with a number of others, comprise Expedia, Inc.'s First Requests for Admissions to the Plaintiffs, which were served in conjunction herewith.

## Instructions

1. Whenever a date, amount, or other computation or figure is requested, the exact date, amount or other computation or figure should be given or the best estimate thereof; and the answer shall state whether that date, amount or other computation or figure is an estimate or approximation.

2. The term "identify" with respect to documents, means to give, to the extent known, the:

    a. type of document;

    b. general subject matter of the document;

    c. date of the document; and

    d. author(s), addressee(s), and recipient(s) of the document.

3. The term "identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, the present or last known place of employment. Once a person has been identified in accordance with this instruction, only the name of that person

need be listed in response to subsequent discovery requesting the identification of that person.

4. When an interrogatory calls upon you to "state the basis" or "state the bases" of or for a particular claim, assertion, allegation, or contention, or to "describe in detail" any facts or circumstances surrounding a claim, assertion, allegation, or contention, you shall:

   a. identify each and every fact which forms any part of the basis for the claim, assertion, allegation, or contention referred to by the interrogatory;

   b. identify each and every document which forms any part of the source of your information concerning the alleged facts or legal conclusions referred to by the interrogatory;

   c. identify each and every communication which forms any part of the source of your information concerning the alleged facts or legal conclusions referred to by the interrogatory;

   d. identify separately the acts or failures to act on the part of any person (identifying the acts or failures to act by stating their nature, time, and place, and identifying the persons involved) which form any part of your information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

   e. identify, separately, any other fact which forms the basis of your information regarding the alleged facts or conclusions referred to in the interrogatory.

5. In accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure, please seasonably supplement your answers to these interrogatories if you learn that in some material respect the information disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Expedia during the discovery process or in writing.

6. If you claim that any pertinent information, document, or thing responsive to any interrogatory herein is privileged, please provide in your response to these interrogatories, the following information with respect to such information, document, or thing:

   a. the nature of the privilege claimed;

   b. the identity of the client and/or attorney claiming privilege;

   c. the general nature of the document;

   d. the date of the information, document, or thing;

e. the location of the information, document, or thing;

f. the author of the information, document, or thing; and

g. to the extent not privileged, the substance of the information, document or thing.

## Relevant Time Period

Unless otherwise indicated, the relevant time period to which these interrogatories refer is January 1, 2004 to the present.

## Interrogatories

INTERROGATORY NO. 1:

State the name, address, and title of each person answering these interrogatories and/or participating or assisting in preparing the answers.

INTERROGATORY NO. 2:

Describe in detail the circumstances under which the Trip was reserved, including but not limited to (a) the websites considered for booking the Trip, (b) the role, if any, played by Carrie in booking the Trip, (c) the authority given by Stephanie to Carrie to book the Trip, and (d) the review of the Agreement and the Liability Disclaimer contained therein by Carrie and Stephanie in the course of booking the Trip.

INTERROGATORY NO. 3:

Identify any and all communications by and/or between the Stephanie and Expedia.

INTERROGATORY NO. 4:

Identify any and all communications between Carrie and Expedia.

INTERROGATORY NO. 5:

State the basis of the Plaintiffs' averment found at Paragraph 46 of the Complaint that "[i]n conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort."

INTERROGATORY NO. 6:

State the basis of the Plaintiffs' averment found at Paragraph 47 of the Complaint that "[a]s an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort."

INTERROGATORY NO. 7:

State the basis of the Plaintiffs' averment found at Paragraph 48 of the Complaint that "Expedia knew or should have known of the conditions at the Resort."

INTERROGATORY NO. 8:

State the basis of Plaintiffs' averment found in §II(A.) of the parties' Joint Rule 16.1 Statement that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service."

INTERROGATORY NO. 9:

Describe in detail the events of March 18, 2004 from the time of Stephanie's arrival in Jamaica through the fall referred to in Paragraph 13 of the Complaint, stating the chronology of Stephanie's actions, the timing of those actions, the identities of any and all persons with whom Stephanie interacted and the manner of the interaction, what Stephanie ate and drank and at what times, and the identity of any and all persons who observed Stephanie's actions during this timeframe.

INTERROGATORY NO. 10:

If your answer to Request for Admission No. 1 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 1.

INTERROGATORY NO. 11:

If your answer to Request for Admission No. 2 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 2.

INTERROGATORY NO. 12:

If your answer to Request for Admission No. 3 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 3.

INTERROGATORY NO. 13:

If your answer to Request for Admission No. 4 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 4.

INTERROGATORY NO. 14:

If your answer to Request for Admission No. 5 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of

your refusal to make an unqualified admission in response to Request for Admission No. 5.

INTERROGATORY NO. 15:

If your answer to Request for Admission No. 6 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 6.

INTERROGATORY NO. 16:

If your answer to Request for Admission No. 7 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 7.

INTERROGATORY NO. 17:

If your answer to Request for Admission No. 8 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 8.

INTERROGATORY NO. 18:

If your answer to Request for Admission No. 9 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 9.

INTERROGATORY NO. 19:

If your answer to Request for Admission No. 10 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 10.

INTERROGATORY NO. 20:

If your answer to Request for Admission No. 11 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 11.

INTERROGATORY NO. 21:

If your answer to Request for Admission No. 12 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 12.

INTERROGATORY NO. 22:

Describe in detail any and all damages sustained by the Plaintiffs as a result of Expedia's alleged conduct that is the subject matter of the Complaint, itemizing each type of damage and identifying with particularity the manner by which you calculated the damages.

INTERROGATORY NO. 23:

Identify each person whom the Plaintiffs expect to call as a witness at trial, and set forth for each the subject matter upon which each witness is expected to testify.

INTERROGATORY NO. 24:

Identify each person whom the Plaintiffs expect to call as an expert witness at trial, and set forth for each the subject matter upon which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion.

EXPEDIA, INC.,
By its attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
One Beacon Street, 30th Floor
Boston, MA  02108-3106
(617) 854-4000

Dated:  March 8, 2006

31983-2-DefsIntsPlaintiff.doc

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (and) on 3/8/6

Pltffs' counsel

Gap's counsel

-10-