# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>THE GAP, INC., EXPEDIA, INC. and )<br>TURTLE BEACH TOWERS, )<br>)<br>Defendants. ) | Civil Action<br>Docket No. 05-40170 FDS |

**DEFENDANT EXPEDIA, INC.'S FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS
PROPOUNDED UPON THE PLAINTIFFS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Local Rule 34.1, Defendant Expedia, Inc. hereby requests that Plaintiffs Stephanie Hofer and Douglas Hofer produce for inspection and copying at the offices of Burns & Levinson LLP, One Beacon Street, Boston, Massachusetts, the documents and things described below within thirty (30) days of service of this request.

**Definitions**

The following definitions apply to the below interrogatories:

1. The terms "document" and "documents" are used herein in the broadest sense permissible under the Federal Rules of Civil Procedure, and shall mean any and all tangible things and documents, whether handwritten, typed, printed, or otherwise produced, including but not limited to, blueprints, drawings, letters, cables, wires, memoranda, inter-office communications, e-mail, reports, notes, recordings, photographs, contracts, agreements, other official documents and legal instruments, notebooks, vouchers, ledgers, bills, books, financial records, checks, receipts, files, drafts, claims, manuals, investigations and studies, and any machine-readable records whether punched, carded, taped, or coded electronically, electromagnetically or otherwise, including copies or

reproductions of any of the foregoing items upon which written notations have been made which do not appear on the originals.

2. "Communication" is used in the broadest sense contemplated by the Federal Rules of Civil Procedure and includes every manner of transmitting or receiving information (in the form of facts, ideas, inquiries, opinions, or thoughts) regardless of form, sender, or recipient.

3. The term "concerning" means referring to, describing, evidencing, or constituting.

4. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

5. The term "person" means any natural person, partnership, corporation trust, or other form of legal entity.

6. The term "Stephanie" shall refer to Plaintiff Stephanie Hofer.

7. The term "Douglas" shall refer to Plaintiff Douglas Hofer.

8. The terms "the Plaintiffs" or "you" or "your" shall refer to Stephanie and Douglas collectively.

9. The term "Expedia" shall refer to:

   a. Defendant Expedia, Inc.;

   b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

   c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

10. The term "Gap" shall refer to:

    a. Defendant The Gap, Inc.;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

11. The term "Resort" shall refer to:

    a. Defendant Turtle Beach Resort;

    b. any and all parents, subsidiaries, divisions, departments, affiliates and merged and acquired predecessors and successors of the foregoing; and

    c. the present and former directors, officers, agents, employees, and attorneys of the foregoing.

12. The terminology "the Defendants" shall collectively refer to Expedia, Gap and the Resort.

13. The term "Agreement" shall refer to Expedia's *Web Site Terms, Conditions, and Notices*," a true and accurate copy of which was produced to the Plaintiffs and Gap in connection with Expedia's automatic disclosures at 1EXP5-8.

14. The term "Expedia.com" shall refer to the internet website Expedia.com.

15. The term "Complaint" shall refer to the Complaint filed by the Plaintiffs in the above-captioned action on or about September 27, 2005.

16. The terminology "the Trip" shall refer to the vacation travel package to Jamaica identified in Paragraph 7 of the Complaint.

### Instructions

1. In accordance with Rule 26(e)(2) of the Federal Rules of Civil Procedure, please seasonably supplement your responses to these requests for the production of documents if you learn that in some material respect the information disclosed is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Expedia during the discovery process or in writing.

2. If any documents requested have been destroyed, lost, mislaid, or was formerly in your possession but are otherwise missing, please so state, specifying for each document or thing:
    a. the type of document;
    b. a description of the nature and contents of the document;
    c. the identity of the author;
    d. the circumstances under which it ceased to exist or cannot be located;
    e. the identity of all person(s) having knowledge of the circumstances under which it ceased to exist; and
    f. the identity of all person(s) who had knowledge of the contents.

3

        No requested document should be destroyed or deleted pursuant to any document retention program maintained by the Plaintiffs.

3.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source. All documents should be produced which are not subject to an objection and are known by, possessed or controlled by, or available to you or any of its attorneys, consultants, representatives, employees, officers, directors, partners, or other agents.

4.     If you claim that any pertinent document responsive to any request herein is privileged, please provide, in your response to this request for documents, the following information with respect to each such document:
   a. the nature of the privilege claimed;
   b. the identity of the client and/or attorney claiming privilege;
   c. the general nature of the document;
   d. the date of the document;
   e. the location of the document;
   f. the author of the document; and
   g. to the extent not privileged, the substance of the document.

### Relevant Time Period

Unless otherwise indicated, the relevant time period to which these interrogatories refer is January 1, 2004 to the present.

### Document Requests

1.     All documents concerning any and all communications between the Plaintiffs and the following persons concerning or otherwise supporting the averments contained in the Complaint:

   a.     Expedia;

   b.     The Resort;

   c.     Gap;

d.  Lauren M. Pompei;

e.  Carrie LeBlanc;

f.  Carrie LaBelle;

g.  Henry McKenzie;

h.  Doctor David Lhowe;

i.  Kimon Zachary, M.D.;

j.  Doctor Daniella Hord, M.D.;

k.  Doctor Ingrid Basset, M.D.;

l.  Doctor Robert Fraser, M.D.;

m.  Doctor Milan Stojanovic, M.D.;

n.  Doctor Ron Kulich, M.D.;

o.  Doctor Sarah Reiff-Hekking, M.D.;

p.  Doctor Elaine Borgon, M.D.;

q.  Doctor Jen LeBlanc, M.D.;

r.  Doctor Bill Chapman, M.D.;

s.  Dr. Benton Barnes; and/or

  t.  Any attorney you spoke with prior to retaining your present counsel.

2. Any and all documents concerning or otherwise regarding the averments contained in the Complaint.

3. Any and all documents concerning the reservation and purchase of the Trip via Expedia.com, including, but not limited to:

  a.  Electronic screen printouts issued from or printed off of Expedia.com;

  b.  Confirmations of reservation and purchase from Expedia.com;

  c.  Credit card receipts concerning the reservation and purchase;

  d.  Itineraries; and/or

  e.  The Resort brochures and/or related documents.

4. Any and all documents concerning the Plaintiffs' online browsing for vacation packages, prior to making the Trip reservation via Expedia.com.

5. Any and all documents concerning the Trip itself, including, but not limited to:

  a.  Videotapes or DVDs;

  b.  Photographs;

  c.  Personal diaries;

  d.  Voice recordings; and/or

6

    e.    Notes.

6.    Any and all documents concerning complaints made by the Plaintiffs about the incident that allegedly occurred at the Resort on March 18, 2004, including, but not limited to:

    a.    Police reports;

    b.    Reports to the Resort's security and/or staff;

    c.    Communications with and/or to the Resort;

    d.    Communications with and/or to Expedia;

    e.    Communications with and/or to Gap;

    f.    Communications with and/or to any hospital or medical care provider; and/or

    g.    Communications with and/or to any attorney before retaining your present counsel.

7.    Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia is an agent of [the Resort]," as averred in Paragraph 2 of the Complaint.

8.    Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "[i]n conducting much

of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort," as averred in Paragraph 46 of the Complaint.

9. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "as an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort," as averred in Paragraph 47 of the Complaint.

10. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia knew or should have known of the conditions at the Resort," as averred in Paragraph 48 of the Complaint.

11. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service," as averred in §II(A.) of the parties' Joint Rule 16.1 Statement.

12. Any and all documents concerning or otherwise regarding the Plaintiffs' alleged damages, including, but not limited to:

   a. Stephanie's medical records, bills, and related medical service documentation and medication information;

   b. Stephanie's loss of income;

8

    c.    Douglas' consortium claim;

    d.    Color photographs of Stephanie before the alleged incident and after the incident;

    e.    The purchase of the subject sandals; and/or

    f.    All documents the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish the so-called "Damage Calculation" set forth at §(C.) of the Plaintiffs' Rule 26 Disclosure.

13. The subject sandals.

14. Any and all documents that the Plaintiffs rely on or will rely on in support of Count I to the Complaint.

15. Any and all documents that the Plaintiffs rely on or will rely on in support of Count II to the Complaint.

16. Any and all documents that the Plaintiffs rely on or will rely on in support of Count III to the Complaint.

17. Any and all documents that the Plaintiffs rely on or will rely on in support of Count IV to the Complaint.

18. Any and all documents that the Plaintiffs rely on or will rely on in support of Count V to the Complaint.

19. Any and all documents that the Plaintiffs rely on or will rely on in support of Count VI to the Complaint.

20. Any and all documents that the Plaintiffs rely on or will rely on in support of Count VII to the Complaint.

21. To the extent not already requested, any and all documents identified by you or relied upon in your answers to Expedia's requests for admissions.

22. To the extent not already requested, any and all documents identified by you or relied upon in your answers to Expedia's first set of interrogatories.

23. To the extent not already requested, any and all documents intended to be used at trial by the Plaintiffs.

24. Any and all documents supplied to your expert witness, if any.

EXPEDIA, INC.,
By its attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
One Beacon Street, 30th Floor
Boston, MA 02108-3106
(617) 854-4000

Dated: March 8, 2006

31983-2-DefsRPDPlaintiff.doc

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 3/8/6

10