# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-40170 FDS

| | |
|---|---|
| Stephanie Hofer and Douglas Hofer, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>The Gap Inc., Expedia, Inc., and )<br>Turtle Beach Towers, )<br>    Defendants. ) | |

## PLAITNIFFS, DOUGLAS HOFER AND STEPHANIE HOFER'S, ANSWERS TO DEFENDANT, EXPEDIA, INC.'S, FIRST SET OF INTERROGATORIES

Plaintiffs, Douglas Hofer and Stephanie Hofer, hereby submit her answers to Defendant, Expedia Inc.'s, first set of interrogatories.

## GENERAL OBJECTIONS

1.  Plaintiffs object to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege cognizable by law.

2.  Plaintiffs object to the Interrogatories to the extent that they purport to request information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

3.  Plaintiffs object to the Interrogatories to the extent that they call for extensive and unreasonable investigatory work on her part and to the extent that they are unduly burdensome.

4.  Plaintiffs object to the Interrogatories to the extent that they require her to form legal conclusions or arrive at ultimate factual determinations.

5.  Plaintiffs object to the Interrogatories to the extent that they vague or ambiguous because of undefined or ill-defined terms or incorrect factual assumptions, and to the extent that they purport to impose obligations on her beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure.

6.  The presence or absence of any general or specific objections does not mean that the Plaintiff does not object on any other ground or that any unasserted objections are waived.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the name, address, and title of each person answering these interrogatories and/or participating or assisting in preparing the answers.

### ANSWER
Stephanie Hofer, Douglas Hofer, 193 Hill Street, Leominster, MA.

Douglas Hofer, 193 Hill Street, Leominster, MA.

### INTERROGATORY NO.2:

Describe in detail the circumstances under which the Trip was reserved, including but not limited to (a) the websites considered for booking the Trip, (b) the role, if any, played by Carrie in booking the Trip, (c) the authority given by Stephanie to Carrie to book the Trip, and (d) the review of the Agreement and the Liability Disclaimer contained therein by Carrie and Stephanie in the course of booking the Trip.

**ANSWER**
Plaintiffs state that they cannot answer for Carrie. To the extent that this interrogatory requests information relating to Stephanie Hofer, Stephanie Hofer states the following:

(a) Plaintiff is unaware of what websites were considered for booking the trip other than Expedia

(b) Carrie booked the Trip

(c) The Plaintiff did not review the disclaimer

(d) Plaintiff was not provided with the "Agreement and the Liability Disclaimer"

Plaintiff, Douglas Hofer, states that he has no direct knowledge relating to the circumstances regarding the reservation of the Trip.

**INTERROGATORY NO. 3:**

Identify any and all communications by and/or between the Stephanie and Expedia.

**ANSWER**
None.

**INTERROGATORY NO. 4:**

Identify any and all communications between Carrie and Expedia.

**ANSWER**
Plaintiffs cannot answer for Carrie.

**INTERROGATORY NO. 5:**

State the basis of the Plaintiffs' averment found at Paragraph 46 of the Complaint that "[in] conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort."

**ANSWER**
Expedia conducts much of the resorts internet advertising and booking of reservations thereby making them an agent of the Resort.

**INTERROGATORY NO. 6:**

State the basis of the Plaintiffs' averment found at Paragraph 47 of the Complaint that "[a]s an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort."

**ANSWER**
Discovery is ongoing and the Plaintiffs will supplement this answer in a seasonable manner. Plaintiffs will state that Expedia as agent or a facilitator of travel owes a duty to not only reap the financial rewards of acting as a booking agent but also to warn of dangerous conditions which may exist at any of the facilities it advertises. There is an expectancy on the part of the consumer that facilities or resorts listed by Expedia on its website are reputable and safe. Expedia, in accepting the financial benefits of it's advertising, cannot simply disclaim any responsibility for the conditions of the resorts it advertises.

**INTERROGATORY NO. 7:**

State the basis of the Plaintiffs' averment found at Paragraph 48 of the Complaint that "Expedia knew or should have known of the conditions at the Resort."

**ANSWER**
Discovery is ongoing and the Plaintiffs will supplement this answer in a seasonable manner. Expedia should have inspected the facility or acted on information gathered from other available sources that the resort was not reasonably safe for intended foreseeable users of its website.

**INTERROGATORY NO. 8:**

State the basis of Plaintiffs' averment found in §II(A.) of the parties' Joint Rule 16.1 Statement that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service."

**ANSWER**

Expedia is a for profit corporation that derives income from its travel website. Expedia acts as an agent to the various vendors, be it hotels, cruise lines, etc. Expedia has a duty not to jeopardize the safety of its customers by advertising a facility, which is inherently unsafe.

**INTERROGATORY NO. 9:**

Describe in detail the events of March 18, 2004 from the time of Stephanie's arrival in Jamaica through the fall referred to in Paragraph 13 of the Complaint, stating the chronology of Stephanie's actions, the timing of those actions, the identities of any and all persons with whom Stephanie interacted and the manner of the interaction, what Stephanie ate and drank and at what times, and the identity of any and all persons who observed Stephanie's actions during this timeframe.

**ANSWER**

I arrived in Jamaica at approximately 5:00 pm. From the airport I took a bus to the Resort. The approximate travel time was slightly over one hour. I remained in the Resort room for approximately two and one half hours before I proceeded to Jimmy Buffet's Margaritaville for dinner at approximately 8:30 pm. I remained at Jimmy Buffets Margaritaville until approximately 10:30 pm. I ate steak and ordered one margarita, which I did not finish. I recall speaking with other vacationers at dinner but do not recall any persons names. I also recall calling my mother from my cell phone while at dinner and being pleasantly surprised that I had cell service in Jamaica. After dinner I went back to my room for approximately 15-20 minutes. I subsequently went to the front desk/lobby area to obtain tourist information and flyers to assist in planning the next day's activities.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 10:

If your answer to Request for Admission No. 1 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 1.

### ANSWER
Plaintiff, Stephanie Hofer, did not book the trip.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 11:

If your answer to Request for Admission No. 2 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 2.

### ANSWER
No answer is required.

### INTERROGATORY NO. 12:

If your answer to Request for Admission No. 3 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 3.

### ANSWER
I am aware that the trip was booked through Expedia. I have no personal knowledge that Carrie typed the web address of expedia.com to access the expedia web site.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 13:

If your answer to Request for Admission No. 4 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 4.

### ANSWER
I was not present when Carrie booked the trip.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 14:

If your answer to Request for Admission No. 5 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of our refusal to make an unqualified admission in response to Request for Admission No. 5.

### ANSWER
I do not believe that I was aware at the time of other websites available for the booking of travel vacations of this kind.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 15:

If your answer to Request for Admission No. 6 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 6.

**ANSWER**
Since I did not personally book the trip I did not browse "other travel websites regarding the Trip before booking the Trip."

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 16:

If your answer to Request for Admission No. 7 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 7.

**ANSWER**
I have no personal knowledge that the "Agreement" referred to was contained on the Expedia web page.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

### INTERROGATORY NO. 17:

If your answer to Request for Admission No. 8 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 8.

**ANSWER**
I did not reserve the Trip and therefore did not read any liability disclaimers.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

**INTERROGATORY NO. 18:**

If your answer to Request for Admission No. 9 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 9.

**ANSWER**
I have no knowledge of what Carrie read.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

**INTERROGATORY NO. 19:**

If your answer to Request for Admission No. 10 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 10.

**ANSWER**
I did not reserve the Trip therefore I did not click anything.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

**INTERROGATORY NO. 20:**

If your answer to Request for Admission No. 11 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 11.

**ANSWER**
I cannot answer as to what Carrie did. I was not present and did not see her click "I agree".

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer

is being provided.

**INTERROGATORY NO.21:**

If your answer to Request for Admission No. 12 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 12.

**ANSWER**
The referred to admission is overly broad. Plaintiff cannot state that "any" action taken by

Carrie was with Plaintiff's permission without knowing each action taken by Carrie.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer

is being provided.

**INTERROGATORY NO. 22:**

Describe in detail any and all damages sustained by the Plaintiffs as a result of Expedia's alleged conduct that is the subject matter of the Complaint, itemizing each type of damage and identifying with particularity the manner by which you calculated the damages.

**ANSWER**
Medical expenses actually incurred and reasonably foreseeable future expenses, diminished

earnings, based on earning capacity, loss of consortium and pain and suffering to be determined

by a jury.

**INTERROGATORY NO. 23:**

Identify each person whom the Plaintiffs expect to call as a witness at trial, and set forth for each the subject matter upon which each witness is expected to testify.

**ANSWER**
**Objection**
Plaintiff objects to Interrogatory No. 23 to the extent that it seeks information subject to the

attorney-client privilege or work product doctrine.

Subject to and without waiving said objections, Plaintiff states that discovery is ongoing and she has not yet determined what witnesses she will call at the time of trial. At this time, Plaintiff can state that both Plaintiffs will testify as to Stephanie Hofer's injuries and the allegations contained in the Complaint. In addition, Plaintiff's mother and Carrie are expected to testify.

Plaintiff reserves the right to supplement this answer.

### INTERROGATORY NO. 24:

Identify each person whom the Plaintiffs expect to call as an expert witness at trial, and set forth for each the subject matter upon which each expert is expected to testify, the substance of the facts and opinions to which each such expert is expected to testify, and a summary of the grounds for each opinion.

### ANSWER
**Objection**

Plaintiffs object to Interrogatory No. 24 to the extent that it seeks information subject to the attorney-client privilege or work product doctrine.

Subject to and without waiving said objections, Plaintiffs state that they have not yet designated an expert(s) and will seasonably supplement this answer. Plaintiffs can state at this time that they intend to call many of Stephanie's treating doctors as listed in the Rule 26 Disclosure.

Plaintiffs reserve the right to supplement these answers.

Signed under the pains and penalties of perjury this 13th day of April, 2006.

_____
Stephanie Hofer

_____
Douglas Hofer


Objections by:

_____
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile