# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-40170 FDS

Stephanie Hofer and Douglas Hofer, )
    Plaintiffs, )
)
v. )
)
The Gap Inc., Expedia, Inc., and )
Turtle Beach Towers, )
    Defendants. )

**PLAINTIFFS' RESPONSE TO DEFENDANT, EXPEDIA, INC.'S,
FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Plaintiffs hereby submit their response to Defendant, Expedia, Inc.'s, First Request for Production of Documents.

**GENERAL OBJECTIONS**

1. Plaintiffs object to each of the document requests to the extent that they seek documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege cognizable by law.

2. Plaintiffs object to each of the document requests to the extent that they purport to request information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evince.

3. Plaintiffs object to ach of the document requests to the extent that they are overly broad or unduly burdensome.

4. Plaintiffs object to each of the document requests to the extent that they are vague or ambiguous because of undefined or ill-defined terms or incorrect factual assumptions, and to the extent they purport to impose obligations on her beyond those imposed by Rules 26 and 34 of the

) Federal Rules of Civil Procedure.

5.  The presence or absence of any general or specific objection does not mean that the Plaintiff does not object on any other ground or that any unasserted objections are waived.

**DOCUMENT RESPONSES**

1.  All documents concerning any and all communications between the Plaintiffs and the following persons concerning or otherwise supporting the averments contained in the Complaint:

a.  Expedia;

b.  The Resort;

c.  Gap;

d.  Lauren M. Pompei;

e.  Carrie LeBlanc;

f.  Carrie LaBelle;

g.  Henry McKenzie;

h.  Doctor David Lhowe;

i.  Kimon Zachary, M.D.;

j.  Doctor Daniella Lord, M.D.;

k.  Doctor Ingrid Basset, M.D.;

l.  Doctor Robert Fraser, M.D.;

m.  Doctor Milan Stojanovic, M.D.;

n.  Doctor Ron Kulich, M.D.;

o.  Doctor Sarah Reiff-Hekking, M.D.;

p.  Doctor Elaine Borgon, M.D.;

q.  Doctor Jen LeBlanc, M.D.;

r.  Doctor Bill Chapman, M.D.;

s.  Dr. Benton Barnes; and/or

t.  Any attorney you spoke with prior to retaining your present counsel.

**RESPONSE**

Plaintiffs object to Request No. 1 to the extent that it seek documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving said objections, Plaintiffs produce all non-objectionable responsive documents in their custody, control or possession as Exhibit A. Plaintiffs reserve their right to supplement this response as they receive additional responsive documents.

2.  Any and all documents concerning or otherwise regarding the averments contained in the Complaint.

**RESPONSE**

Plaintiffs object to Request No. 2 to the extent that it seek documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. Without waiving and subject to said objections, Plaintiffs produce all remaining non-objectionable responsive documents in their custody, control or possession as Exhibit B. Plaintiffs reserve their right to supplement this response as they receive additional responsive documents.

3.  Any and all documents concerning the reservation and purchase of the Trip via Expedia.com, including, but not limited to:

a.  Electronic screen printouts issued from or printed off of Expedia.com;

b.  Confirmations of reservation and purchase from Expedia.com;

c.  Credit card receipts concerning the reservation and purchase;

d.  Itineraries; and/or

e.  The Resort brochures and/or related documents.

**RESPONSE**
To the extent Plaintiff has responsive documents in her custody, control or possession they have been attached as Exhibit B.

4. Any and all documents concerning the Plaintiffs' online browsing for vacation packages, prior to making the Trip reservation via Expedia.com.

**RESPONSE**
Plaintiffs object to Request No. 4 to the extent that it contains incorrect factual assumptions. Subject to and without waiving said objections, Plaintiffs state that they have no response non-objectionable documents in their custody, control or possession.

5. Any and all documents concerning the Trip itself, including, but not limited to:

a. Videotapes or DVDs;

b. Photographs;

c. Personal diaries;

d. Voice recordings; and/or

e. Notes.

**RESPONSE**
To the extent Plaintiffs have responsive documents in their custody, control or possession they have been attached as Exhibit B.

6. Any and all documents concerning complaints made by the Plaintiffs about the incident that allegedly occurred at the Resort on March 18, 2004, including, but not limited to:

a. Police reports;

b. Reports to the Resort's security and/or staff;

c. Communications with and/or to the Resort;

d. Communications with and/or to Expedia;

e. Communications with and/or to Gap;

f.  Communications with and/or to any hospital or medical care provider; and/or

g.  Communications with and/or to any attorney before retaining your present counsel.

**RESPONSE**
Plaintiffs object to Request No. 2 to the extent that it seek documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. Without waiving and subject to said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B.

7.  Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia is an agent of [the Resort]," as averred in Paragraph 2 of the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 7 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, to the extent Plaintiffs have responsive documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

8.  Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "[i]n conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort," as averred in Paragraph 46 of the Complaint.

**RESPONSE**
Plaintiff objects to Request No. 8 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

9. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "as an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort," as averred in Paragraph 47 of the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 9 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

10. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia knew or should have known of the conditions at the Resort," as averred in Paragraph 48 of the Complaint.

**RESPONSE**
Plaintiff objects to Request No. 10 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

11. Any and all documents that the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service," as averred in §II(A.) of the parties' Joint Rule 16.1 Statement.

**RESPONSE**
Plaintiffs object to Request No. 11 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents

in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

12. Any and all documents concerning or otherwise regarding the Plaintiffs' alleged damages, including, but not limited to:

a. Stephanie's medical records, bills, and related medical service documentation and medication information;

b. Stephanie's loss of income;

c. Douglas' consortium claim;

d. Color photographs of Stephanie before the alleged incident and after the incident;

e. The purchase of the subject sandals; and/or

f. All documents the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish the so-called "Damage Calculation" set forth at §(C.) of the Plaintiffs' Rule 26 Disclosure.

**RESPONSE**
Plaintiffs object to Request No. 12 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

13. The subject sandals.

**RESPONSE**
Plaintiffs do not have the subject sandals in their control, custody or possession. Exemplars are located at Plaintiffs' counsel's office, the Law Offices of Russo & Minchoff, and will be made available for inspection during normal business hours.

14. Any and all documents that the Plaintiffs rely on or will rely on in support of Count I to the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 14 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

15. Any and all documents that the Plaintiffs rely on or will rely on in support of Count II to the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 15 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

16. Any and all documents that the Plaintiffs rely on or will rely on in support of Count III to the Complaint.

**RESPONSE**
Plaintiff objects to Request No. 16 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

17. Any and all documents that the Plaintiffs rely on or will rely on in support of Count IV to the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 17 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

18. Any and all documents that the Plaintiffs rely on or will rely on in support of Count V to the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 18 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

19. Any and all documents that the Plaintiffs rely on or will rely on in support of Count VI to the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 19 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

20. Any and all documents that the Plaintiffs rely on or will rely on in support of Count VII to the Complaint.

**RESPONSE**
Plaintiffs object to Request No. 20 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

21. To the extent not already requested, any and all documents identified by you or relied upon in your answers to Expedia's requests for admissions.

**RESPONSE**
Plaintiff has not identified or relied upon any documents in her answers to admissions.

22. To the extent not already requested, any and all documents identified by you or relied upon in your answers to Expedia's first set of interrogatories.

**RESPONSE**
Plaintiffs object to Request No. 22 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

23. To the extent not already requested, any and all documents intended to be used at trial by the Plaintiffs.

**RESPONSE**
Plaintiffs object to Request No. 23 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive documents in their custody,

control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

24. Any and all documents supplied to your expert witness, if any.

**RESPONSE**
Plaintiffs object to Request No. 23 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections, Plaintiffs have no such responsive documents in their custody, control or possession. Plaintiffs reserve the right to supplement this response.

Plaintiffs reserve the right to supplement these responses as discovery is ongoing.

Respectfully Submitted,
Plaintiffs,
By their attorneys,

_____
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile