# EXHIBIT G

# BURNS & LEVINSON LLP

THOMAS T. REITH
617-854-4243
TREITH@PSCBOSTON.COM

May 4, 2006

**VIA FIRST CLASS MAIL**

India L. Minchoff, Esq.
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125

     Re: *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc., and Turtle Beach Towers*, C.A. 05-40170

Dear Attorney Minchoff:

  This will acknowledge receipt of the Plaintiffs' Answers to Expedia, Inc.'s First Requests for Admissions, the Plaintiffs' Answers to Expedia, Inc.'s First Set of Interrogatories and Plaintiffs' Response to Expedia, Inc.'s First Request for the Production of Documents.

  The Defendants' objections and answers to certain of the Expedia, Inc.'s First Requests for Admissions ("Request to Admit") are improper and/or incomplete and do not otherwise conform to the requirements of L.R. 26.1, L.R. 36.1 and Fed.R.Civ.P. Rules 26 and 36. Also, the Defendants' objections and answers to certain of the Expedia, Inc.'s First Set of Interrogatories ("Interrogatories") are improper and/or incomplete and do not otherwise conform to the requirements of L.R. 26.1, L.R. 33.1 and Fed.R.Civ.P. Rules 26 and 33. Further, the Defendants have failed to respond to Expedia, Inc.'s First Request for the Production of Documents ("Document Requests") in accordance with L.R. 26.1, L.R. 34.1 and Fed.R.Civ.P. Rules 26 and 34. Below I have identified the answers to the Request to Admit, the answers to Interrogatories and the responses to the Document Requests that the Plaintiffs must supplement pursuant to L.R. 26.1, L.R. 33.1, L.R. 34.1, L.R. 36.1 and Fed.R.Civ.P. Rules 26(e), 33, 34 and 36.

### 1. The Plaintiffs' Answers to Expedia's Request to Admit

  The Plaintiffs' answers to Request to Admit Nos. 3, 7, 9, 10, 11 and 12 are improper, contrary to other discovery provided by the Plaintiffs and clearly intended to avoid key issues and to keep dispositive evidence from Expedia, Inc. ("Expedia").[1]

---

[1] Expedia reserves its rights to inquire as to, and to request supplementation in connection with, the remainder of the Plaintiffs' answers to the Requests to Admit at a later date.

India L. Minchoff, Esq.  
May 4, 2006  
Page 2

**BURNS & LEVINSON LLP**

- <u>As to Request to Admit No. 3:</u>

    Request to Admit No. 3 clearly and unambiguously asks the Plaintiffs to admit or deny that, "Carrie reserved the trip for herself and Stephanie via Expedia.com." While the Plaintiffs admit that "Carrie reserved the Trip for herself and Stephanie through Expedia," they state that they are "unable to admit or deny whether Carrie utilized Expedia.com." The Plaintiffs statement as to utilization of Expedia.com is inaccurate and improper under the applicable rules of civil procedure.

    First, as evidenced by the Plaintiffs' own Complaint (<u>see</u> ¶7) and certain documents provided by the Plaintiffs in response to the Document Requests (<u>see</u> Tab 1 hereto), Plaintiff Stephanie Hofer knew Carrie booked the Trip utilizing Expedia.com.

    Second, the Plaintiffs cannot state that they are "unable to admit or deny" unless they have made reasonable inquiry and determined that the information available or readily obtainable would still not allow them to admit or deny the request. Clearly, the Plaintiffs did not make such inquiry. For, had the Plaintiffs asked Carrie about her knowledge concerning the requested information, as required by the applicable rules of civil procedure, they would be able to admit or deny the request. <u>See</u> **Wright, Miller and Marcus**, §2261 and authorities cited therein (addressing, among other things, the responding party's obligation to seek out information necessary to admit or deny, even from third-parties).

    After making the requisite inquiries, the Plaintiffs must supplement their answer to Request to Admit No. 3, and provide a factually accurate response.

- <u>As to Request to Admit Nos. 7, 9, 10 and 11:</u>

    The Plaintiffs cannot state that they are "unable to admit or deny" or that they "lack sufficient knowledge" unless they have made reasonable inquiry and determined that the information available or readily obtainable would still not allow them to admit or deny the request. Clearly, the Plaintiffs did not make any inquiry. For, had the Plaintiffs asked Carrie about her knowledge concerning the requested information, as required by the applicable rules of civil procedure, they would be able to admit or deny the request. <u>See</u> **Wright, Miller and Marcus**, §2261 and authorities cited therein (addressing, among other things, the responding party's obligation to seek out information necessary to admit or deny, even from third-parties).

India L. Minchoff, Esq.  
May 4, 2006  
Page 3

**BURNS & LEVINSON LLP**

After making the requisite inquiries, the Plaintiffs must supplement their answer to Request to Admit Nos. 7, 9, 10 and 11, and provide factually accurate responses.

- As to Request to Admit No. 12:

Request to Admit No. 12 clearly and unambiguously asks the Plaintiffs to admit or deny that "**Any actions** of Carrie **in connection with the booking of the Trip** via Expedia.com were with the permission and authority of Stephanie." (Emphasis added). Instead of denying or admitting the request, the Plaintiffs improperly object to the term "any" as being overbroad. The Plaintiffs further object saying that "Plaintiff cannot possibly state whether 'any' actions taken by Carrie was with her permission and authority without knowing the identification and description of the alleged action." The Plaintiffs objections are nonsensical and dilatory.

First, the term "any" is not overbroad when read in conjunction with the phrase "in connection with the booking of the Trip." A simple read of the entire request discredits the overbroad objection.

Second, the record shows that Carrie booked/reserved the Trip (see response to Request to Admit No. 3; see also answer to Interrogatory No. 2(b)) and that Plaintiff Stephanie Hofer knew Carrie booked/reserved the Trip via Expedia.com (see Complaint, ¶7; see also Tab 1 hereto). In light of the record established from the Plaintiffs' own discovery responses and Complaint, the Plaintiffs cannot avoid admitting or denying Request to Admit No. 12 by arguing they can't answer "without knowing the identification and description of the alleged action." The action is not merely alleged, the Plaintiffs themselves identified it -- the action is the booking of the Trip. See Complaint, ¶7; see also specific and plain language of Request for Admission No. 12).[2]

The Plaintiffs must supplement their answer to Request to Admit No. 12 and either admit or deny the request propounded.

2.  **The Plaintiffs' Answers to Expedia's Interrogatories**

Much like their answers to the Request to Admit, the Plaintiffs' answers to Interrogatories 2, 5, 6, 7, 8, 9, 20, 21, and 22 are incomplete, improper, contrary to other discovery provided by

---

[2] Lest the Plaintiffs delay admitting or denying this request any further by arguing "booking" is not a defined term: Expedia uses "booking" under its plain meaning, which is "to reserve in advance." See Webster's New Collegiate Dictionary.

India L. Minchoff, Esq.
May 4, 2006
Page 4

**BURNS & LEVINSON** LLP

the Plaintiffs and clearly intended to avoid key issues and to keep dispositive evidence from Expedia.[3]

- **As to Interrogatory No. 2:**

    Interrogatory No. 2 clearly and unambiguously asks the Plaintiffs in pertinent part to, "[d]escribe in detail the circumstances under which the Trip was reserved, including but not limited to...(c) the authority given by Stephanie to Carrie to book the Trip..." In turn, the Plaintiffs respond via *non sequitur*, and state that "[t]he Plaintiff did not review the disclaimer." The Plaintiffs' answer to "(c)" is non-responsive.

    The Plaintiffs must supplement their answer to Interrogatory No. 2 by responding to the question asked.

- **As to Interrogatory Nos. 5, 6, 7 and 8:**

    Interrogatory Nos. 5, 6, 7 and 8 clearly and unambiguously ask the Plaintiffs to state the basis[4] -- *i.e.* their factual basis -- for various positions the Plaintiffs have taken in this suit related to the alleged (and otherwise non-existent) agency relationship with the Resort and alleged (and otherwise non-existent) duties owed by Expedia to the Plaintiffs. Instead of offering factual bases for their positions, the Plaintiffs re-aver the Complaint allegations and/or merely offer conclusory statements.

    The Plaintiffs must supplement their answer to Interrogatory Nos. 5, 6, 7 and 8 by offering the factual bases sought by the Interrogatories and required under L.R. 26.5(C)(8).

- **As to Interrogatory No. 9:**

    Interrogatory No. 9 clearly and unambiguously asks, in pertinent part, the Plaintiffs to "[d]escribe in detail the events of March 18, 2004 from the time of Stephanie's arrival in Jamaica through the fall referred to in Paragraph 13 of the Complaint." Although the Plaintiffs offer some description, they do not offer a full description. Specifically, the Plaintiffs do not describe: 1) what happened on the bus to the Resort; 2) anything related to the Resort check-in process; 3) what happened between checking in and going to the room; 4) what Plaintiff Stephanie Hofer did in the room for approximately two and one half hours before dinner; or

---

[3] Expedia reserves its rights to inquire as to, and to request supplementation in connection with, the remainder of the Plaintiffs' answers to Interrogatories at a later date.
[4] See L.R. 26.5(C)(8) defining "State the basis."

India L. Minchoff, Esq.  **BURNS & LEVINSON** LLP
May 4, 2006
Page 5

5) what Plaintiff Stephanie Hofer did in the room after dinner before going to the front desk/lobby.

The Plaintiffs must supplement their answer to Interrogatory No. 9 to include a complete description of the events that occurred on March 18, 2004 "from the time of Stephanie's arrival in Jamaica through the fall referred to in Paragraph 13 of the Complaint."

- As to Interrogatory No. 20:

  Interrogatory No. 20 corresponds to the Plaintiffs' answer to request to Admit No. 11. Because the Plaintiffs are obligated to supplement their answer to Request to Admit No. 11, they are obligated to supplement their answer to Interrogatory No. 20 as well.

- As to Interrogatory No. 21:

  Interrogatory No. 21 corresponds to the Plaintiffs' answer to request to Admit No. 12. Because the Plaintiffs are obligated to supplement their answer to Request to Admit No. 12, they are obligated to supplement their answer to Interrogatory No. 21 as well.

- As to Interrogatory No. 22:

  Interrogatory No. 22 clearly and unambiguously asks the Plaintiffs to "[d]escribe in detail any and all damages sustained by the Plaintiffs as a result of Expedia's alleged conduct that is the subject matter of the Complaint, itemizing each type of damage and identifying with particularity the manner by which you calculated the damages." The Plaintiffs' answer to Interrogatory No. 22 fails to: 1) describe, itemize, valuate or otherwise demonstrate the medical expenses, both allegedly incurred and allegedly to be incurred; 2) describe, itemize, valuate or otherwise demonstrate the alleged diminished earnings; 3) describe, itemize, valuate or otherwise demonstrate the alleged loss of consortium; or 4) describe, itemize, valuate or otherwise demonstrate the alleged pain and suffering.

  The Plaintiffs must supplement their answer to Interrogatory No. 21 by answering the interrogatory propounded.

3.  **The Plaintiffs Responses to Expedia's Document Requests**

Several of the Plaintiffs' responses to the Document Requests fail to identify which documents the Plaintiffs produced in response to categories and/or sub-categories of documents

India L. Minchoff, Esq.　　　　　　　　　　BURNS & LEVINSON LLP
May 4, 2006
Page 6

requested. True, in response to certain Document Requests the Plaintiffs make blanket references to Tabs A and B to their responses. The documents produced under Tabs A and B, however, are not labeled, segregated or otherwise organized and some of the documents appear to have no relation to the present suit (e.g., medical record records concerning a knife cut to Plaintiff Stephanie Hofer's right index finger (see Tab 2 hereto)). The Plaintiffs' references to unorganized document productions do not satisfy the applicable rules of civil procedure.

Federal Rule of Civil Procedure Rule 34 only allows the Plaintiffs two methods for producing requested documents: 1) by producing them "as they are kept in the usual course of business;" or by "[labeling] them to correspond with the categories in the request." See Fed.R.Civ.P. Rule 34(b). The Plaintiffs elected to not to produce the documents as kept in the usual course of business. Thus, the Plaintiffs were obligated to label the produced documents as corresponding to a particular request. They did not.

- As Document Request No. 1: The Plaintiffs must segregate and label which documents at Tab A correspond to which identified individual and/or entity. The Plaintiffs are in much better a position, and the burden upon them is much lower than that imposed upon Expedia, to determine what documents relate to which identified individual. The segregation and labeling is particularly important as it relates to the medical care providers, because the Plaintiffs know whom they contacted for medical records and who provided same in response to the Plaintiffs' request. Further, to the extent the Plaintiffs do not possess requested documents in connection with a particular identified individual, the Plaintiffs must state as much.

- As Document Request No. 3: The Plaintiffs must segregate and label which documents at Tab B correspond to each subcategory of Document Request No. 3. Further, to the extent the Plaintiffs do not possess requested documents in connection with a particular subpart, the Plaintiffs must state as much.

- As to Document Request No. 5: The Plaintiffs must segregate and label which documents at Tab B correspond to each subcategory of Document Request No. 5. Further, to the extent the Plaintiffs do not possess requested documents in connection with a particular subpart, the Plaintiffs must state as much.

- As to Document Request No. 7: The Plaintiffs must segregate and label which documents at Tab B correspond to each subcategory of Document Request No. 7. Further, to the extent the Plaintiffs do not possess requested documents in connection with a particular subpart, the Plaintiffs must state as much.

- As to Document Request No. 8: To date, the Plaintiffs have maintained without any factual or documentary support that Expedia is an agent for the Turtle Beach Towers (again, "the Resort"). Document Request No. 8 squarely requests documents that

India L. Minchoff, Esq.  　　　　　　　　　BURNS & LEVINSON LLP
May 4, 2006
Page 7

purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. My review of the unorganized Tab B does not yield any documents responsive to Document Request No. 8. Therefore, to the extent any responsive documents are included at Tab B, the Plaintiffs must segregate and label those documents at Tab B which correspond to Document Request No. 8. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must state as much.

- As to Document Request No. 9: To date, the Plaintiffs have maintained without any factual or documentary support that Expedia owed Plaintiff Stephanie Hofer a duty to warn her of the alleged dangerous condition at the Resort. Document Request No. 9 squarely requests documents that purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. My review of the unorganized Tab B does not yield any documents responsive to Document Request No. 9. Therefore, to the extent any responsive documents are included at Tab B, the Plaintiffs must segregate and label those documents at Tab B which correspond to Document Request No. 9. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must state as much.

- As to Document Request No. 10: To date, the Plaintiffs have maintained without any factual or documentary support that "Expedia knew or should have known of the conditions at the Resort." Document Request No. 10 squarely requests documents that purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. My review of the unorganized Tab B does not yield any documents responsive to Document Request No. 10. Therefore, to the extent any responsive documents are included at Tab B, the Plaintiffs must segregate and label those documents at Tab B which correspond to Document Request No. 10. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must state as much.

- As to Document Request No. 11: To date, the Plaintiffs have maintained without any factual or documentary support that "Expedia owes a duty to prospective customers of its services to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its services." Document Request No. 11 squarely requests documents that purportedly support the Plaintiffs' otherwise factually and legally unsupportable position. My review of the unorganized Tab B does not yield any documents responsive to Document Request No. 11. Therefore, to the extent any responsive documents are included at Tab B, the Plaintiffs must segregate and label those documents at Tab B which correspond to Document Request No. 11. To the extent the Plaintiffs do not possess the requested documents, the Plaintiffs must state as much.

India L. Minchoff, Esq.  **BURNS & LEVINSON LLP**
May 4, 2006
Page 8

- <u>As to Document Request No. 12</u>: The Plaintiffs must segregate and label which documents at Tab B correspond to each subcategory of Document Request No. 12. Further, to the extent the Plaintiffs do not possess requested documents in connection with a particular subpart, the Plaintiffs must state as much.

In sum, the Plaintiffs must supplement their responses to the above-listed Document Requests.[5]

This letter is written pursuant to the requirements of L.R. 37.1. Accordingly, please contact me within the L.R. 37.1 time standards to address the aforementioned discovery issues. If you and I are unable to resolve those issues pursuant to L.R. 37.1, Expedia will file motions to compel the Plaintiff's supplemental response to Expedia's Request to Admit, the Plaintiff's supplemental response to Expedia's Interrogatories and Plaintiff's supplemental response to Expedia's Document Request, and Expedia will seek an award of attorneys' fees and costs associated with the motions.

I await your response.

Very truly yours,

Thomas T. Reith

Enclosures
cc: Kathleen H. Rowley, Assistant General Counsel (via first class mail, with enclosures)
Lawrence G. Green, Esq. (without enclosures)
Scott D. Feringa, Esq. (via first class mail, with enclosures)
Sean J. Milano, Esq. (via first class mail, with enclosures)
31983-2-1stLR37.1.doc

---

[5] Expedia reserves its rights to inquire as to, and to request supplementation in connection with, the remainder of the Plaintiffs' responses to the Document Requests at a later date.