# EXHIBIT J

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-40170 FDS

| | |
|---|---|
| Stephanie Hofer and Douglas Hofer, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| The Gap Inc., Expedia, Inc., and | ) |
| Turtle Beach Towers, | ) |
| Defendants. | ) |

## PLAITNIFF, STEPHANIE HOFER'S, FIRST SUPPLEMENTAL ANSWERS TO DEFENDANT, EXPEDIA, INC.'S, FIRST SET OF INTERROGATORIES

Plaintiff, Stephanie Hofer, hereby submits her First Supplemental Answers to Defendant, Expedia Inc.'s, first set of interrogatories.

## GENERAL OBJECTIONS

1. Plaintiffs object to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege cognizable by law.

2. Plaintiffs object to the Interrogatories to the extent that they purport to request information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to the Interrogatories to the extent that they call for extensive and unreasonable investigatory work on her part and to the extent that they are unduly burdensome.

4.      Plaintiffs object to the Interrogatories to the extent that they require her to form legal

conclusions or arrive at ultimate factual determinations.

5.      Plaintiffs object to the Interrogatories to the extent that they vague or ambiguous because

of undefined or ill-defined terms or incorrect factual assumptions, and to the extent that they

purport to impose obligations on her beyond those imposed by Rules 26 and 33 of the Federal

Rules of Civil Procedure.

6.      The presence or absence of any general or specific objections does not mean that the

Plaintiff does not object on any other ground or that any unasserted objections are waived.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO.2:

Describe in detail the circumstances under which the Trip was reserved, including but
not limited to (a) the websites considered for booking the Trip, (b) the role, if any, played by
Carrie in booking the Trip, (c) the authority given by Stephanie to Carrie to book the Trip, and
(d) the review of the Agreement and the Liability Disclaimer contained therein by Carrie and
Stephanie in the course of booking the Trip.

### ANSWER
Plaintiffs state that they cannot answer for Carrie.  To the extent that this interrogatory requests

information relating to Stephanie Hofer, Stephanie Hofer states the following:

(a) Plaintiff is unaware of what websites were considered for booking the trip other than

Expedia

(b) Carrie booked the Trip

(c)  The Plaintiff did not review the disclaimer

(d)  Plaintiff was not provided with the "Agreement and the Liability Disclaimer"

Plaintiff, Douglas Hofer, states that he has no direct knowledge relating to the circumstances

regarding the reservation of the Trip.


## SUPPLEMENTAL ANSWER NO. 2(C):

(C) I provided Carrie with my permission to book me on the Trip.


## INTERROGATORY NO. 9:

Describe in detail the events of March 18, 2004 from the time of Stephanie's arrival in
Jamaica through the fall referred to in Paragraph 13 of the Complaint, stating the chronology of
Stephanie's actions, the timing of those actions, the identities of any and all persons with whom
Stephanie interacted and the manner of the interaction, what Stephanie ate and drank and at what
times, and the identity of any and all persons who observed Stephanie's actions during this
timeframe.


## ANSWER

I arrived in Jamaica at approximately 5:00 pm. From the airport I took a bus to the Resort. The

approximate travel time was slightly over one hour. I remained in the Resort room for

approximately two and one half hours before I proceeded to Jimmy Buffet's Margaritaville for

dinner at approximately 8:30 pm. I remained at Jimmy Buffets Margaritaville until

approximately 10:30 pm. I ate steak and ordered one margarita, which I did not finish. I recall

speaking with other vacationers at dinner but do not recall any persons names. I also recall

calling my mother from my cell phone while at dinner and being pleasantly surprised that I had

cell service in Jamaica. After dinner I went back to my room for approximately 15-20 minutes.

I subsequently went to the front desk/lobby area to obtain tourist information and flyers to assist

in planning the next day's activities.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

**SUPPLMENTAL ANSWER NO.: 9**
I arrived in Jamaica at approximately 5:00 pm. From the airport I took a bus to the Resort. The approximate travel time was slightly over one hour. While on the bus I sat in my seat and conversed with my companion, Carrie. I may have also conversed with other travelers but cannot recall what, if anything, was discussed. After arriving at the Resort, Carrie checked us in at the front desk/lobby. I was with Carrie when she checked us in. Carrie and I were then escorted to our room by an employee of the Resort where we remained for approximately two and one half hours before proceeding to Jimmy Buffet's Margaritaville for dinner at approximately 8:30 pm. I do not know who the employee was. While in our room before dinner we talked, relaxed, unpacked, showered, and got redressed for dinner. We then walked to Jimmy Buffets Margaritaville, which was located almost directly across from the Resort.

We were at Jimmy Buffets Margaritaville until approximately 10:30 pm. I ate steak and ordered one margarita, which I did not finish. I recall speaking with other vacationers at dinner but do not recall any persons names. I also recall calling my mother from my cell phone while at dinner and being pleasantly surprised that I had cell service in Jamaica.

From dinner we walked back to the Resort. We may have stopped at a kiosk, which was in the marketplace on the way back to the Resort, for five or less minutes. Upon returning to the Resort we went to our room. I remained in the room for approximately 15-20 minutes during which time I spoke with Carrie about plans for the next day. From the room I subsequently went to the front desk/lobby area to obtain tourist information and flyers to assist in planning the next day's activities.

**INTERROGATORY NO. 22:**

Describe in detail any and all damages sustained by the Plaintiffs as a result of Expedia's alleged conduct that is the subject matter of the Complaint, itemizing each type of damage and identifying with particularity the manner by which you calculated the damages.

**ANSWER**

Medical expenses actually incurred and reasonably foreseeable future expenses, diminished earnings, based on earning capacity, loss of consortium and pain and suffering to be determined by a jury.

**SUPPLMENTAL ANSWER NO. 22:**

Medical expenses actually incurred and reasonably foreseeable future expenses. Through December, 2005 my medical expenses approximated $129,032.16. I have yet to receive calculations for my medical expenses from January, 2006 to date but since I continue to treat for my injuries I know there are additional expenses. I will supplement this answer upon receipt of same. My foreseeable future medical expenses cannot be calculated at this time.

Diminished earnings from March 2004 to date. At the time I sustained my injuries I was earning $18.00 per hour as a dental assistant. If not for my injuries I could have worked a forty hour work week. I therefore calculate my diminished earnings to date as approximately $83,520.00 by calculating a weekly salary based on a forty hour work week multiplied by the amount of weeks I have been out of work.

Presently, I have been adjudicated disabled. I therefore anticipate further diminished earnings into the future given my disability. Such total amount, however, has not been calculated at present time.

Loss of consortium and pain and suffering will be determined by a jury.

Plaintiffs reserve the right to supplement these answers.

Signed under the pains and penalties of perjury this 7th day of June, 2006.

_____
Stephanie Hofer

Objections by:

_____
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile