# EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Docket No.: 05-40170 FDS

Stephanie Hofer and Douglas Hofer, )
    Plaintiffs, )
)
v. )
)
The Gap Inc., Expedia, Inc., and )
Turtle Beach Towers, )
    Defendants. )

## PLAINTIFFS' SECOND SUPPLEMENTAL RESPONSE TO DEFENDANT, EXPEDIA, INC.'S, FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

Plaintiffs hereby submit their second supplemental response to Defendant, Expedia, Inc.'s, First Request for Production of Documents.

## GENERAL OBJECTIONS

1. Plaintiffs object to each of the document requests to the extent that they seek documents that are protected from disclosure by the attorney-client privilege, the work-product doctrine or any other privilege cognizable by law.

2. Plaintiffs object to each of the document requests to the extent that they purport to request information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evince.

3. Plaintiffs object to ach of the document requests to the extent that they are overly broad or unduly burdensome.

4. Plaintiffs object to each of the document requests to the extent that they are vague or ambiguous because of undefined or ill-defined terms or incorrect factual assumptions, and to the extent they purport to impose obligations on her beyond those imposed by Rules 26 and 34 of the Federal Rules of Civil Procedure.

5. The presence or absence of any general or specific objection does not mean that the Plaintiff does not object on any other ground or that any unasserted objections are waived.

## **DOCUMENT RESPONSES**

1. All documents concerning any and all communications between the Plaintiffs and the following persons concerning or otherwise supporting the averments contained in the Complaint:

a. Expedia;

b. The Resort;

c. Gap;

d. Lauren M. Pompei;

e. Carrie LeBlanc;

f. Carrie LaBelle;

g. Henry McKenzie;

h. Doctor David Lhowe;

i. Kimon Zachary, M.D.;

j. Doctor Daniella Hord, M.D.;

k. Doctor Ingrid Basset, M.D.;

l. Doctor Robert Fraser, M.D.;

m. Doctor Milan Stojanovic, M.D.;

n. Doctor Ron Kulich, M.D.;

o. Doctor Sarah Reiff-Hekking, M.D.;

p. Doctor Elaine Borgon, M.D.;

q. Doctor Jen LeBlanc, M.D.;

r. Doctor Bill Chapman, M.D.;

s.  Dr. Benton Barnes; and/or

t.  Any attorney you spoke with prior to retaining your present counsel.

**RESPONSE**

Plaintiffs object to Request No. 1 to the extent that it seek documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving said objections, Plaintiffs produce all non-objectionable responsive documents in their custody, control or possession as Exhibit A. Plaintiffs reserve their right to supplement this response as they receive additional responsive documents.

**SECOND SUPPLEMENTAL RESPONSE**

Plaintiffs object to Request No. 1 to the extent that it seek documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving said objections, Plaintiffs produce all non-objectionable responsive documents in their custody, control or possession.

a.  Expedia;

b.  The Resort;

f.  Gap;

g.  Lauren M. Pompei;

h.  Carrie LeBlanc;

f.  Carrie LaBelle;

g.  Henry McKenzie;

h.  Doctor David Lhowe;
*See* **EXHIBIT A1**

i.  Kimon Zachary, M.D.;
*See* **EXHIBIT A2**

j.  Doctor Daniella Hord, M.D.;

*See* **EXHIBIT A3**

k.  Doctor Ingrid Basset, M.D.;

l.  Doctor Robert Fraser, M.D.;
*See* **EXHIBIT A4**

m.  Doctor Milan Stojanovic, M.D.;
*See* **EXHIBIT A5**

n.  Doctor Ron Kulich, M.D.;

o.  Doctor Sarah Reiff-Hekking, M.D.;
*See* **EXHIBIT A6**

p.  Doctor Elaine Borgon, M.D.;
*See* **EXHIBIT A7**

q.  Doctor Jen LeBlanc, M.D.;

r.  Doctor Bill Chapman, M.D.;

s.  Dr. Benton Barnes; and/or

t.  Any attorney you spoke with prior to retaining your present counsel.

Plaintiffs reserve their right to supplement this response as they receive additional responsive documents.

3.  Any and all documents concerning the reservation and purchase of the Trip via Expedia.com, including, but not limited to:

a.  Electronic screen printouts issued from or printed off of Expedia.com;

b.  Confirmations of reservation and purchase from Expedia.com;

c.  Credit card receipts concerning the reservation and purchase;

d.  Itineraries; and/or

e.  The Resort brochures and/or related documents.

**RESPONSE**
To the extent Plaintiff has responsive documents in her custody, control or possession they have

been attached as Exhibit B.

**SECOND SUPPLEMENTAL RESPONSE**

Plaintiffs produce all responsive documents in their custody, control or possession.

a. Electronic screen printouts issued from or printed off of Expedia.com;
*See* **EXHIBIT B1**

b. Confirmations of reservation and purchase from Expedia.com;
*See* **EXHIBIT B2**

c. Credit card receipts concerning the reservation and purchase;
*See* **EXHIBIT B3**

d. Itineraries; and/or
*See* **EXHIBIT B4**

e. The Resort brochures and/or related documents.
*See* **EXHIBIT B5**

Plaintiffs reserve their right to supplement this response as they receive additional responsive documents.

5. Any and all documents concerning the Trip itself, including, but not limited to:

a. Videotapes or DVDs;

b. Photographs;

c. Personal diaries;

d. Voice recordings; and/or

e. Notes.

**RESPONSE**
To the extent Plaintiffs have responsive documents in their custody, control or possession they have been attached as Exhibit B.

**SECOND SUPLEMENTAL RESPONSE**

Plaintiffs do not have documents responsive to Request 5 a-b in their custody, control or

possession. To the extent Plaintiffs have documents responsive to Request 5 in their custody, control or possession they have been attached as EXHIBITS B1-B5

Plaintiffs reserve their right to supplement this response as they receive additional responsive documents.

12. Any and all documents concerning or otherwise regarding the Plaintiffs' alleged damages, including, but not limited to:

a. Stephanie's medical records, bills, and related medical service documentation and medication information;

b. Stephanie's loss of income;

c. Douglas' consortium claim;

d. Color photographs of Stephanie before the alleged incident and after the incident;

e. The purchase of the subject sandals; and/or

f. All documents the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish the so-called "Damage Calculation" set forth at §(C.) of the Plaintiffs' Rule 26 Disclosure.

**RESPONSE**
Plaintiffs object to Request No. 12 to the extent that it seeks the disclosure of documents that are protected by the attorney-client privilege and work product doctrine. Subject to and without waiving said objections and to the extent Plaintiffs have responsive non-objectionable documents in their custody, control or possession they have been attached as Exhibit B. Plaintiffs reserve the right to supplement this response.

**SECOND SUPPLEMENTAL RESPONSE**
Plaintiffs object to Request No. 1 to the extent that it seek documents that are protected from disclosure by the attorney-client privilege and the work-product doctrine. Subject to and without waiving said objections, Plaintiffs produce all non-objectionable responsive documents in their

custody, control or possession.

a. Stephanie's medical records, bills, and related medical service documentation and medication information;
*See* **EXHIBIT C1,** *See also* **EXHIBITS A1-A7**

b. Stephanie's loss of income;
*See* **EXHIBIT C2**

c. Douglas' consortium claim;

d. Color photographs of Stephanie before the alleged incident and after the incident;
*See* **EXHIBIT C3**

e. The purchase of the subject sandals; *see documents obtained, with permission, by the Gap, Inc. and previously produced*

f. All documents the Plaintiffs contend establish, or that the Plaintiffs rely on or will rely on to attempt to prove or establish the so-called "Damage Calculation" set forth at §(C.) of the Plaintiffs' Rule 26 Disclosure.

*See* **EXHIBITS A1-A7, C1 and C2.**

Plaintiffs reserve the right to supplement these responses as discovery is ongoing.

                Respectfully Submitted,
                Plaintiffs,
                By their attorneys,

                India L. Minchoff, Esq. (652456)
                Law Offices of Russo & Minchoff
                123 Boston Street, 1st Floor
                Boston, MA 02125
                617/740-7340 telephone
                617/740-7310 facsimile

## CERTIFICATE OF SERVICE

I, India L. Minchoff, Esq., hereby certify that on this 9th day of June, I have served, by Federal Express, on Thomas T. Reith, Esq., Burns & Levinson, One Beacon Street, 30th Floor, Boston, MA 02108, the following documents:

1. Plaintiff's First Supplemental Answers to Defendant, Expedia Inc.'s First Request for Admissions;

2. Plaintiff, Stephanie Hofer's, First Set of Supplemental Answers to Defendant, Expedia, Inc.'s, First Request for Interrogatories; and

3. Plaintiffs' Second Supplemental Response to Defendant, Expedia, Inc.'s, First Request for the Production of Documents.

India L. Minchoff, Esq.