UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and DOUGLAS HOFER, )
)
Plaintiffs, )
)      Civil Action
v. )      Docket No. 05-40170 FDS
)
THE GAP, INC., EXPEDIA, INC. and )
TURTLE BEACH TOWERS, )
)
Defendants. )

**DEFENDANT EXPEDIA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS APPLICATION FOR EXPENSES AND COSTS IN CONNECTION WITH ITS MOTION TO COMPEL SUPPLEMENTAL DISCOVERY FROM THE PLAINTIFFS**

Defendant Expedia Inc. ("Expedia") submits this memorandum in further support of its request for expenses and costs associated with having to bring its *Motion to Compel Supplemental Discovery from the Plaintiffs* ("*Motion*"). Expedia incorporates herein by reference and relies upon the *Motion* and its exhibits, as well as the *Affidavit of Thomas T. Reith, Esq.* (the "*Reith Affidavit*"), which has been filed in conjunction herewith, and states as follows.

### I.     Relevant Procedural History

After Expedia's best-faith attempts to resolve certain pervasive discovery deficiencies and inaccuracies found in the Plaintiffs' responses to Expedia's *First Request for Admissions* ("*Requests to Admit*"), answers to Expedia's *First Set of Interrogatories* ("*Interrogatories*") and responses to Expedia's *First Set of Document Requests* ("*Document Requests*"), Expedia filed the *Motion* on June 15, 2006. See Paper No. 28 of the Docket. Via its *Motion*, Expedia sought to compel supplementation to certain responses to *Requests to Admit*, answers to *Interrogatories* and responses to *Document Requests*. See *Motion* pp. 5-15 and Prayers 1, 2 and 3. Expedia also

sought (and still seeks) its fees and costs in connection with having to bring the *Motion*. See *Motion* p. 15 and Prayer 4.

The Plaintiffs never addressed the *Motion*, except to acknowledge that it was filed. See *Reith Affidavit*, ¶17. Further, the Plaintiffs never sought an extension to file an opposition to the *Motion*. See *Reith Affidavit*, ¶18. **Indeed, the Plaintiffs never filed an opposition to the *Motion*.** See *Reith Affidavit*, ¶19.

The Court granted the *Motion* on July 13, 2006, and entered on order ("*Order*") as to same. See *Reith Affidavit*, ¶3 and Exhibit 1. The *Order* states in pertinent part:

> "No opposition having been filed, the motion is GRANTED as to prayers for relief 1, 2 and 3. Plaintiffs shall serve supplemental responses on or before July 28, 2006. Defendant Expedia, Inc. shall file a supplemental memorandum and affidavit(s) concerning its expenses and costs incurred in compelling relief on or before July 28, 2006...."

*Reith Affidavit*, Exhibit 1.

The Plaintiffs never moved this Court to reconsider its *Order*. See *Reith Affidavit*, ¶20.

## II. Discussion

A. **Expedia's best-faith conduct and the Plaintiffs' wanton disregard for the applicable rules of civil procedure require a full award of Expedia's expenses and costs incurred in connection with the *Motion***

### (i.) Federal Rule of Civil Procedure Rule 37(a)(4)(A)

Federal Rule of Civil Procedure Rule 37(a)(4)(A) states in pertinent part:

(4)    Expenses and Sanctions

> (A)    If the motion [to compel] is granted...the Court **shall**, after affording an opportunity to be heard, **require the party**...whose conduct necessitated the motion or the party **or attorney** advising such conduct **or both of them to pay** the moving party **the reasonable expenses incurred in making the motion, including attorney's fees**, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award

of expense unjust.

Federal Rule of Civil Procedure Rule 37(a)(4)(A). (Emphasis added).

### (ii.) **Expedia is entitled to all of its expenses and costs in having to bring the *Motion* under Federal Rule of Civil Procedure Rule 37(a)(4)(A)**

Due to the Plaintiffs' dilatory discovery tactics and their refusal to supplement discovery in light of compelling factual and legal reason to do so, Expedia was forced to engage this Court's assistance in procuring discovery that Expedia is entitled to under the applicable rules of civil procedure. See *Motion*, pp. 5-15; see also *Reith Affidavit*, ¶¶4-15. In so having to move, Expedia has had to expend $5,187.00 (plus the costs associated with this petition). See *Reith Affidavit*, ¶¶14, 22 and Exhibit 4 (detailing the work performed by Burns & Levinson LLP, counsel to Expedia, and the costs associated therewith). The time, effort and expense in bringing the *Motion* was wholly reasonable in light of the task(s) Expedia was forced to complete in bringing the substantial *Motion*. See *Reith Affidavit*, ¶¶23-24 and Exhibit 4.[1]

Expedia complied with the applicable rules of civil procedure and conducted itself in the best of faith in trying to resolve the discovery disputes that became subject of the Motion. See *Motion*, pp. 3-5 and p. 17 (Federal Rule of Civil Procedure Rule 37 and Local Rule 37.1 Certificate); see also *Reith Affidavit*, ¶26. Expedia provided the Plaintiffs every opportunity to respond to the discovery requests as required by the applicable rules of civil procedure. See *Reith Affidavit*, ¶25. Despite Expedia's efforts, and for reasons unknown to Expedia, the Plaintiffs elected to waste Expedia's time, money and effort and judicial resources. See *Reith Affidavit*, ¶27. To date, the Plaintiffs have offered no grounds, good faith or otherwise, for their

---

[1] In essence, the 17-page *Motion* was three motions to compel in one – one motion as to the Plaintiffs' failure to properly respond to the *Requests to Admit*, one motion as to the Plaintiffs' failure to properly answer the *Interrogatories* and one motion as to the Plaintiffs' refusal to respond properly to the *Document Request* – each requiring their own detailed factual, procedural and legal development and presentation. See *Reith Affidavit*, ¶24.

refusal to supplement the discovery requested, for their forcing Expedia to engage the Court to order the supplementation and for not responding at all to the *Motion*. See *Reith Affidavit*, ¶21.

The Plaintiffs have clearly made sport of the discovery process. Counsel for the Plaintiffs evidenced this sporting attitude best when he stated that an assessment of expenses and costs on the present petition against the Plaintiffs or Plaintiffs' counsel was merely "a cost of doing business." See *Reith Affidavit*, ¶28. But for the Plaintiffs' (and their counsels') dilatory discovery tactics and "business" methods, Expedia would not have had to enlist the Court in discovery or necessarily expend $5,187.00 in bringing the *Motion*.

### III. Conclusion

For the foregoing reasons, Expedia respectfully requests that the Court endorse Prayer Number 4 of the *Motion*, and award Expedia the entire $5,187.00 it was forced to expend in bringing the successful *Motion*.

Respectfully submitted,

EXPEDIA, INC.,
By its attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 854-4000

Dated: July 28, 2006

### CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 28th day of July 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

J:\Docs\99999\00000\01036065.DOC