UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER,<br><br>Plaintiffs,<br><br>v.<br><br>THE GAP, INC., EXPEDIA, INC. and<br>TURTLE BEACH TOWERS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  Docket No. 05-40170 FDS<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF THOMAS T. REITH, ESQ. IN SUPPORT OF DEFENDANT EXPEDIA,
INC.'S APPLICATION FOR EXPENSES AND COSTS**

I, Thomas T. Reith, do hereby depose and state:

1.       I am associated with the law firm of Burns & Levinson LLP, and I am co-counsel of
record for Expedia, Inc. ("Expedia").

2.       I offer this affidavit based upon my personal knowledge and in support of Defendant
Expedia, Inc.'s petition for expenses and costs incurred in having to bring its *Motion to Compel
Supplemental Discovery from the Plaintiffs* ("*Motion*"). [1]

3.       More specifically, I offer this affidavit pursuant to the Court's July 13, 2006 order (the
"*Order*"), which invited Expedia to submit a supplemental memorandum and affidavit(s)
evidencing the expenses and costs associated with the *Motion*.[2]

**The Plaintiffs Engaged Dilatory Discovery Tactics, Intended To Frustrate Expedia's
Discovery Efforts.**

4.       On March 8, 2006, Expedia served its *Requests to Admit* (see *Motion, Ex.
A*), *Interrogatories* (see *Motion, Ex. B*) and *Document Requests* (see *Motion, Ex. C*).

---

[1] I filed the *Motion* with the Court on June 15, 2006. See Paper No. 28 on the Docket. Please note, I refer to
exhibits to the *Motion* hereinafter as "*Motion, Ex. 'Letter Designation.'*"

[2] The *Order* states in pertinent part:
   "No opposition having been filed, the motion is GRANTED as to prayers for relief 1, 2 and 3.
   Plaintiffs shall serve supplemental responses on or before July 28, 2006. Defendant Expedia, Inc.
   shall file a supplemental memorandum and affidavit(s) concerning its expenses and costs incurred
   in compelling relief on or before July 28, 2006...."
See Exhibit 1 hereto, which is a true and accurate copy of the *Order* sent to my office via ECF on July 13, 2006.

5.      On or about April 6, 2006, Plaintiffs' counsel requested an extension within which to serve the Plaintiffs' responses to the *Requests to Admit*, answers to the *Interrogatories* and responses to the *Document Requests*. I, on behalf of Expedia, agreed to grant the Plaintiffs the requested extension. See Exhibit 2 hereto, which is a true and accurate copy of Plaintiffs' counsel's, Stephen Kuzma's, letter to Defendants' counsel confirming the extension.

6.      Thereafter, on or about April 13, 2006, the Plaintiffs served their responses to the *Requests to Admit* (see *Motion, Ex. D*), answers to the *Interrogatories* (see *Motion, Ex. E*) and responses to the *Document Requests* (see *Motion, Ex. F*).

7.      The Plaintiffs' discovery responses were deficient and inaccurate as compared to other record authority. Such deficiencies and inaccuracies were not minor, but, rather, permeated the responses.

8.      In brief, the Plaintiffs failed to properly respond to the *Requests to Admit* and *Interrogatories* which, if answered accurately and truthfully, would reveal dispositive evidence, and the Plaintiffs responded to the *Document Requests* in a confusing manner, in violation of the applicable rules of civil procedure, such that my office could not determine if the requested documents existed and/or were being produced.[3]

9.      Due to the aforementioned deficiencies and inaccuracies, I, on behalf of Expedia, initiated a Local Rule 37.1 conference via letter on May 4, 2006. See *Motion Ex. G*, which is a true and accurate copy of my May 4, 2006 Local Rule 37.1 letter to the Plaintiffs' counsel.

10.     On May 15, 2006, I and the Plaintiffs' counsel conducted a Local Rule 37.1 conference telephonically. During that conference the Plaintiffs' counsel:

    a)      refused to supplement any of the Plaintiffs' answers to the *Requests to Admit*;
    b)      refused to supplement six of the nine answers to *Interrogatories* identified by Expedia as procedurally and substantively deficient and/or factually inaccurate;
    c)      refused to supplement eight of the nine responses to the *Document Requests* identified by Expedia as procedurally deficient; and
    d)      made clear that Expedia would have to move to compel any further discovery supplementation.

During that conference Plaintiffs' counsel did not agree to a supplementation deadline. Plaintiffs' counsel, India Minchoff, informed me that she would have to consider certain of my requests for supplementation and get back to me. She did not.

11.     Because the Plaintiffs' counsel did not agree to a supplementation deadline, because I had not heard back from Attorney Minchoff and because the Plaintiffs' counsel had not supplemented by May 22, 2006 what they agreed to supplement on May 15, 2006, I sent another discovery dispute correspondence to Plaintiffs' counsel. See *Motion, Ex. H*, which is a true and

---

[3] In the spirit of temporal and financial economies, I elected not to repeat each and every of the Plaintiffs' discovery response deficiencies and inaccuracies, myriad as they are. For an extensive discussion as to same, I respectfully refer the court to *Motion*, pp. 5-15 and *Motion, Ex. G*.

accurate copy of my May 22, 2006 letter to Plaintiffs' counsel. In that May 22, 2006 discovery dispute correspondence, I confirmed the outcome of our May 15, 2006 L.R. 37.1 conference, set a date certain for supplementation and notified the Plaintiffs' counsel, yet again, that Expedia intended to file a motion to compel discovery supplementation. See *Motion, Ex. H*; see also *Motion, Ex.* G (addressing Expedia's initial notification of its intent to move to compel).

12.     The Plaintiffs' counsel did not respond to my May 22, 2006 correspondence until May 30, 2006. And still then, the Plaintiffs' counsel informed me that I would not receive the previously agreed-to supplementation until June 9, 2006. *See* Exhibit 3 hereto.[4]

**The Plaintiff's Forced Expedia To File A Motion To Compel.**

13.     Due to the Plaintiffs' counsels' refusal to supplement all discovery initially identified by my office on May 4, 2006 (see *Motion, Ex. G*) and counsels' stance that Expedia would need to move the Court for an order to achieve supplementation greater than that agreed to between counsel on May 15, 2006, I took to draft a motion to compel.

14.     During the drafting process I, among other things, conducted legal research and analysis as to the availability of the relief Expedia intended to seek, I reviewed and analyzed all discovery responses and corresponding documents provided by the Plaintiffs and, with the assistance and oversight of others at Burns & Levinson LLP, drafted the substantive seventeen-page *Motion* and assembled its 11 exhibits and 2 sub-exhibits.[5]

15.     I filed said *Motion* with the Court on June 15, 2006.

16.     The Court did not rule on the *Motion* until July 13, 2006, almost one month after it was filed. Via the July 13, 2006 *Order*, the Court allowed the *Motion*. See Exhibit 1 hereto.

17.     **During that approximate month-long period, the Plaintiffs' counsel never discussed the *Motion* with me, except to acknowledge that I had filed it.**

18.     **Nor did the Plaintiffs' counsel ever request any extension from the Court within which to file an opposition to the *Motion*.**

19.     **The Plaintiffs never filed an opposition to the *Motion*.**

20.     **The Plaintiffs' counsel never moved the Court to reconsider its *Order*.**

21.     **To date, the Plaintiffs have offered no grounds, good faith or otherwise, for their refusal to supplement the discovery requested, for their forcing Expedia, via my office, to compel such supplementation and for not responding at all to the *Motion*.**

---

[4] The Plaintiffs completed the agreed-upon supplementation by about June 13, 2006.

[5] See Exhibit 4 hereto, which is a true and accurate copy of Burns & Levinson LLP's billing statements (redacted to protect attorney-client and work-product matters, and to exclude irrelevant information) for those expenses and costs incurred by Expedia in having to bring the *Motion*.

22.    As a result of the tasks identified above at Paragraph 14 above and in Exhibit 4 hereto, Expedia incurred the following expenses and costs:

|  |  |
|---|---|
| By Lawrence G. Green, Esq. | $504.00 |
| By Thomas T. Reith, Esq. | $4,152.00[6] |
| By Tenille J. Carleval, Paralegal | $486.00 |
| For copying costs | $45.00 |

Total    $5,187.00

See detail at Exhibit 4 hereto.

23.    The time, effort and expense was wholly reasonable in light of the task(s) Expedia and my office were forced to complete in bringing the *Motion*.

24.    In essence, the 17-page *Motion* was three motions to compel in one – one motion as to the Plaintiffs' failure to properly respond to the *Requests to Admit*, one motion as to the Plaintiffs' failure to properly answer the *Interrogatories* and one motion as to the Plaintiffs' refusal to respond properly to the *Document Request* – each requiring their own detailed factual, procedural and legal development and presentation.

25.    Expedia, via my office, provided the Plaintiffs and their counsel every opportunity to respond to the discovery requests as required by the applicable rules of civil procedure.

26.    Expedia, via my office, has conducted itself in conformance with those rules and in the best of faith throughout the discovery process.

27.    For reasons unknown to me, the Plaintiffs and their counsel forced Expedia, via my office, to enlist the Court in the discovery process. That should not have been necessary.

28.    On July 14, 2006, I informed Stephen Kuzma, counsel to the Plaintiffs, that, if granted in full, the present fee application could cost his client or Plaintiffs' counsel four to five thousand dollars.[7] Unbelievably, Attorney Kuzma told me that he viewed that "as a cost of doing business."

Signed under the pains and penalties of perjury this 28th day of July, 2006.

Thomas T. Reith

---

[6] Expedia does not seek to recover the full amount for the time I spent on June 5, 2006, June 6, 2006, June 7, 2006, June 8, 2006 or June 12, 2006, as I performed other tasks in connection with the overall case, but not the *Motion*. I prorated the time and dollar value accordingly and hand-marked the changes on the impacted time entry. See Exhibit 4 hereto.

[7] By the time I spoke with Attorney Kuzma, I had not yet done the detailed cost evaluation that I did for this application.

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 28th day of July 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith