## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

vs.

      FEDERAL COURT
      Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.
_____/

### DEFENDANT THE GAP, INC.'S
### MOTION TO ALLOW THE TAKING OF DEPOSITIONS IN JAMAICA
### WITHOUT CONSULAR AUTHORITY OR PARTICIPATION

    NOW COMES Defendant THE GAP, INC., by and through its attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C. and for its Motion to Allow the Taking of Depositions in Jamaica without Consular Authority or Participation, states as follows:

    1.    This action arises from personal injuries Plaintiff Stephanie Hofer sustained at the Turtle Beach Towers resort in Ocho Rios, Jamaica when her sandal, sold by The Gap, Inc. ("GAP"), purportedly broke, allegedly causing her to fall into a turtle pond located on the premises.

    2.    Defendant GAP intends to depose Faye Miller, manager at Turtle Beach Towers; Denray Scarlett, night manager at Turtle Beach Towers; and Shian Nelson, former employee of Turtle Beach Towers, regarding the incident.

    3.    Ms. Miller, Mr. Scarlett and Ms. Nelson have voluntarily agreed to appear for a deposition at Turtle Beach Towers in Ocho Rios, Jamaica.

4.     On July 14, 2006, Defendant GAP sent a Notice of Taking Videotape Deposition to Ms. Miller, Mr. Scarlett and Ms. Nelson for depositions to be held on August 21, 2006 at 10:00 a.m., August 21, 2006 at 1:30 p.m. and August 22, 2006 at 10:00 a.m., respectively.

5.     A certified court reporter authorized to administer oaths by the laws of the United States has been secured. [Correspondence from Bienenstock Court Reporting & Video, attached hereto as **EXHIBIT B**]

6.     Pursuant to Federal Rule of Civil Procedure 28(b)(3), depositions in a foreign country may be taken on notice before a person authorized to administer oaths in a place where the examination is held, either by the law thereof or by the law of the United States.

7.     Furthermore, Federal Rule of Civil Procedure 29 permits parties to stipulate in writing that depositions may be taken before any person, at any time or place, upon any notice, and in any manner.

8.     On July 26, 2006, counsel for Defendant GAP requested via facsimile that all attorneys stipulate that depositions of any individuals in a foreign country may take place before a person authorized to administer oaths by the law of the United States and without the necessity of obtaining consular authority from the foreign state, including Jamaica.

9.     All counsel have signed the Stipulation except Plaintiff's counsel who thus far refused to sign the Stipulation and has given no indication that they will sign the Stipulation.

10.    On July 27, 2006, at approximately 9:30 a.m. and prior to the deposition of

witness Carrie Labelle at the office of Morrison Mahoney, LLP, 250 Summer Street Boston, Massachusetts 02210-1181, Scott D. Feringa, counsel for Defendant GAP personally sought concurrence from all counsel that the depositions of any individuals in a foreign country may take place before a person authorized to administer oaths by the laws of the United states and without the necessity of obtaining consular authority from the foreign state, including Jamaica. Counsel for Defendant Expedia, Thomas Reith, signed the Stipulation and co-counsel for Defendant GAP, Sean Milano, signed the Stipulation. Counsel for Plaintiffs, India Minchoff, refused to sign at that point in time.

11. The deposition of Ms. LaBelle continued until approximately 2:00 p.m. At the conclusion of the deposition counsel for Defendant GAP again requested Ms. Minchoff review and sign the Stipulation. She indicated that she would not do so at that time. She refused to provide any indication as to whether she (1) would sign the Stipulation or (2) would not sign the Stipulation, and refused to provide counsel for Defendant GAP with a time by which she would make her decision. [Correspondence and Stipulation, attached hereto as **EXHIBIT C**, which is the Stipulation executed by all counsel for all defendants].

12. The office of the Consulate of Jamaica does not object to the taking of a deposition of a Jamaican citizen at Turtle Beach Towers in Ocho Rios with the oath being administered by an individual authorized by the laws of the United States. [Correspondence from Jamaican Consulate, attached hereto as **EXHIBIT D**]

13. Furthermore, pursuant to the Court's Scheduling Order, all depositions, other than expert depositions, must be completed by August 31, 2006. [Scheduling Order, attached hereto as **EXHIBIT E**]

14. Accordingly, Defendant GAP now moves this Court to allow the deposition of Ms. Faye Miller, Mr. Denray Scarlett and Ms. Shian Nelson without participation by the United States consular authority or from the foreign state, including Jamaica.

**WHEREFORE**, for the foregoing reasons, Defendant THE GAP, INC. respectfully requests that this Honorable Court grant its Motion to Allow the Taking of Depositions in Jamaica without Consular Authority or Participation.

Respectfully submitted,

**SULLIVAN, WARD,
 ASHER & PATTON, P.C.**

By:    /s/Scott D. Feringa
SCOTT D. FERINGA (P28977)
Attorney for Defendant GAP
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-1000
(248) 746-0700

Dated:  July 28, 2006
W0477999

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

vs.

                                      FEDERAL COURT
                                      Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.
_____/

**MEMORANDUM OF REASONS**
**IN SUPPORT OF DEFENDANT THE GAP, INC.'S**
**MOTION TO ALLOW THE TAKING OF DEPOSITIONS IN JAMAICA**
**WITHOUT CONSULAR AUTHORITY OR PARTICIPATION**

# **TABLE OF CONTENTS**

CITATION OF SUPPORTING AUTHORITIES ............................................................................ ii

STATEMENT OF THE ISSUE PRESENTED .............................................................................. iii

CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT .................................................. iv

STATEMENT OF THE FACTS ..................................................................................................... 1

LAW AND ARGUMENT ............................................................................................................... 3

CONCLUSION ................................................................................................................................ 5

# **CITATION OF SUPPORTING AUTHORITIES**

<u>Rules</u>

Federal Rule of Civil Procedure 28(b) ....................................................................................... iv, 3

Federal Rule of Civil Procedure 29 ........................................................................................... iv, 3

Local Rule of the United States District Court for the District of Massachusetts 26.1 ............. iv, 3

## STATEMENT OF THE ISSUE PRESENTED

**SHOULD DEPOSITIONS OF JAMAICAN WITNESSES BEFORE A PERSON AUTHORIZED TO ADMINIISTER OATHS BY THE LAWS OF THE UNITED STATES BE PERMITTED WHERE THE JAMAICAN CONSULATE DOES NOT OBJECT AND THE WITNESSES HAVE VOLUNTARILY AGREED TO BE DEPOSED?**

Defendant The Gap, Inc. says "Yes."

## **CONTROLLING AUTHORITY FOR THE RELIEF SOUGHT**

Defendant THE GAP, INC. relies upon Federal Rules of Civil Procedure 28(B)(3) and 29, and Local Rule of the United States District Court for the District of Massachusetts 26.1.

## STATEMENT OF THE FACTS

This action arises from personal injuries Plaintiff Stephanie Hofer sustained at the Turtle Beach Towers resort in Ocho Rios, Jamaica when her sandal, allegedly sold by THE GAP, INC. ("GAP"), purportedly broke, allegedly causing her to fall into a turtle pond located on the premises.

Defendant GAP noticed depositions of Faye Miller, manager at Turtle Beach Towers; Denray Scarlett, night manager at Turtle Beach Towers; and Shian Nelson, former employee of Turtle Beach Towers, regarding the incident. Ms. Miller, Mr. Scarlett and Ms. Nelson have voluntarily agreed to appear for a deposition at Turtle Beach Towers in Ocho Rios, Jamaica. On July 14, 2006, Defendant GAP sent a Notice of Taking Videotape Deposition to Ms. Miller, Mr. Scarlett and Ms. Nelson for depositions to be held on August 21, 2006 at 10:00 a.m., August 21, 2006 at 1:30 p.m. and August 22, 2006 at 10:00 a.m., respectively. [Notices of Taking Videotape Deposition, attached hereto as **EXHIBIT A**]. A certified court reporter authorized to administer oaths by the laws of the United States has been secured. [**EXHIBIT B**].

On July 26, 2006, counsel for Defendant GAP requested via facsimile that all attorneys stipulate that depositions of any individuals in a foreign country may take place before a person authorized to administer oaths by the laws of the United States and without the necessity of obtaining consular authority from the foreign state, including Jamaica. [**EXHIBIT C**]. All counsel have signed the Stipulation except for Plaintiffs' counsel who has thus far refused to sign the Stipulation and has given no indication whatsoever as to whether she will sign and if so when.

On July 27, 2006, at approximately 9:30 a.m. and prior to the deposition of

witness Carrie Labelle at the office of Morrison Mahoney, LLP, 250 Summer Street Boston, Massachusetts 02210-1181, Scott D. Feringa, counsel for Defendant GAP personally sought concurrence from all counsel that depositions of any individuals in a foreign country may take place before a person authorized to administer oaths by the laws of the United states and without the necessity of obtaining consular authority from the foreign state, including Jamaica. Plaintiffs' counsel again refused to review the Stipulation prior to the deposition, during the deposition, at lunch, between a break during the deposition or following the deposition.

The office of the Consulate of Jamaica does not object to the taking of a deposition of a Jamaican citizen at Turtle Beach Towers in Ocho Rios with the oath being administered by an individual authorized by the law of the United States. [**EXHIBIT D**].

Pursuant to the Court's Scheduling Order, all depositions, other than expert depositions, must be completed by August 31, 2006. [**EXHIBIT E**].

Defendant GAP now moves the Court to permit that the depositions of the Jamaican witnesses already noticed take place before a person authorized to administer oaths by the laws of the United States and without the necessity of obtaining consular participation either from the United States or from the foreign state, including Jamaica.

**LAW AND ARGUMENT**

**DEPOSITIONS OF JAMAICAN WITNESSES BEFORE A PERSON AUTHORIZED TO ADMINIISTER OATHS BY THE LAW OF THE UNITED STATES SHOULD BE PERMITTED WITHOUT CONSULAR PARTICIPATION AS IS PERMITTED BY FEDERAL RULES OF CIVIL PROCEDURE 28 AND 29.**

Federal Rule of Civil Procedure 28(b) permits depositions to be taken in a foreign country "on notice before a person authorized to administer oaths in a place where the examination is held, either by the law thereof or by the law of the United States. . . ." Fed. R. Civ. P. 28(b)(3). Pursuant to Federal Rule of Civil Procedure 29, parties may stipulate to discovery procedures. Fed. R. Civ. P. 29 specifically states as follows:

> Unless otherwise directed by the court, the parties may by written stipulation (1) provide that depositions may be taken before any person, at any time or place, upon any notice, and in any manner and when so taken may be used like other depositions, and (2) modify other procedures governing or limitations placed upon discovery, except that stipulations extending the time provided in Rules 33, 34, and 36 for responses to discovery may, if they would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, be made only with the approval of the court.

Fed. R. Civ. P. 29.

Furthermore, Local Rule of the United States District Court for the District of Massachusetts 26.1 states that "the judicial officer should encourage cost effective discovery by means of voluntary exchange of information among litigants and their attorneys" through the use of "stipulations entered into by the parties with respect to deposition notices. . . ." LR, D. Mass. 26.1.

In the instant action, prior to the Court's Scheduling Order cut-off date, Defendant GAP intends to depose Faye Miller, manager at Turtle Beach Towers; Denray Scarlett,

night manager at Turtle Beach Towers; and Shian Nelson, former employee of Turtle Beach Towers, at Turtle Beach Towers in Ocho Rios, Jamaica before a court reporter authorized to administer oaths by the laws of the United States.  [**EXHIBIT A**; **EXHIBIT B**].

The office of the Consulate of Jamaica does not object to the taking of a deposition of a Jamaican citizen at Turtle Beach Towers in Ocho Rios with the oath being administered by an individual authorized by the laws of the United States.  [**EXHIBIT D**].

Accordingly, the oral deposition of Ms. Faye Miller on Monday, August 21, 2006 at 10:00 a.m., Mr. Denray Scarlett on Monday, August 22, 2006 at 1:30 p.m. and Ms. Shian Nelson on Tuesday, August 22, 2006 at 10:00 a.m., at Turtle Beach Towers in Ocho Rios, Jamaica and should be permitted.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Defendant THE GAP, INC. respectfully requests that this Honorable Court grant its Motion to Allow the Taking of Depositions in Jamaica without Consular Authority or Participation from either the United States or Jamaica.

                                          Respectfully submitted,

                                          **SULLIVAN, WARD,**
                                           **ASHER & PATTON, P.C.**

                            By:    /s/ Scott D. Feringa_____
                                    SCOTT D. FERINGA (P28977)
                                    Attorney for Defendant GAP
                                    1000 Maccabees Center
                                    25800 Northwestern Highway
                                    Southfield, MI  48075-1000
                                    (248) 746-0700

Dated:  July 28, 2006
W0477999

**PROOF OF SERVICE**

I hereby certify that on the 28th day of July, 2006, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

By:  /s/ Scott D. Feringa
SCOTT D. FERINGA (P28977)
Attorney for Defendant GAP
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-1000
(248) 746-0700