UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action |
| v. | ) | Docket No. 05-40170 FDS |
| | ) | |
| THE GAP, INC., EXPEDIA, INC. and | ) | |
| TURTLE BEACH TOWERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT EXPEDIA, INC.'S**
**MOTION FOR SANCTIONS**

Pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, Defendant Expedia,

Inc. ("Expedia") hereby moves this Court to sanction the Plaintiffs, Stephanie Hofer and Douglas

Hofer, for their refusal to produce any supplemental discovery as ordered by the Court via its

July 13, 2006 Order (the "*Order*"), by dismissing the Plaintiffs' suit as to Expedia.

## I.      Introduction

The Plaintiffs have had no actionable claims against Expedia. Their claims are without

any support whatsoever in fact or in law. The Plaintiffs claim that Expedia is liable for injuries

Plaintiff Stephanie Hofer sustained at a hotel in Jamaica (the "Resort") that Ms. Hofer

supposedly booked through Expedia.com, alleging that Expedia was the agent of the Resort and,

alternatively, that Expedia had a duty to warn of the allegedly dangerous conditions at the

Resort. See generally *Complaint.*

In fact, Expedia was never the agent of the Resort and Expedia had no knowledge of any

dangerous conditions at the Resort. Expedia's answer is based upon these defenses together with

the additional defense that the contractual language under which Plaintiff Stephanie Hofer's trip was booked contains a clear and unambiguous disclaimer of liability.  <u>See</u> generally *Expedia's Answer to Complaint*.

Expedia intended to use the discovery process to buttress its rightful defenses and to demonstrate that the Plaintiffs' claims were unsupportable.  Further, Expedia anticipated employing its discovery findings in support of a motion for summary judgment.  Thus, Expedia issued various discovery requests to ascertain the factual basis, if any, for the Plaintiffs' allegations.  The Plaintiffs have substantially refused to respond, no doubt because they have no facts or documents to support their allegations.  After Expedia's failed best-faith attempts to resolve the underlying discovery disputes, Expedia filed its *Motion to Compel Supplemental Discovery from the Plaintiffs("Motion to Compel")* on June 15, 2006.  The Court allowed the *Motion to Compel* on July 13, 2006, via the *Order*, and required that the Plaintiffs produce outstanding discovery by July 28, 2006.

To date, the Plaintiffs have provided no discovery supplementation as required under the *Order*.  The Plaintiffs cannot continue to flout their obligations under the governing rules of civil procedure and elect to disregard this Court's *Order*, all the while maintaining their baseless suit against Expedia.  Accordingly, this Court should dismiss the Plaintiffs' suit against Expedia.

## II.     <u>Relevant Procedural Background</u>

As more fully set forth in Expedia's *Motion to Compel*, which Expedia incorporates herein by reference (<u>see</u> Docket Paper No. 28) and the *Affidavit of Thomas T. Reith, Esq. in Support of Defendant Expedia, Inc.'s Application for Expenses and Costs* ("*Affidavit*"), which Expedia incorporates herein by reference (<u>see</u> Docket Paper No. 31), Expedia has conducted itself in the best of faith, in conformance with the applicable rules of civil procedure and in the

spirit of cooperation throughout this matter.  Notwithstanding Expedia's provision of time extensions so the Plaintiffs could properly respond to Expedia's *First Requests for Admissions ("Requests to Admit")*, *First Set of Interrogatories* ("*Interrogatories*") and *First Requests for the Production of Documents ("Document Requests"),* the Plaintiffs failed to respond as required under the applicable rules of civil procedure.  Thereafter, and despite Expedia's presentation of ample factual and legal grounds requiring the Plaintiffs to supplement their discovery responses during the L.R. 37.1 discovery resolution process, the Plaintiffs refused, without cause, to supplement their responses to certain *Requests to Admit*, answers to *Interrogatories* and responses to *Document Requests.*

Therefore, on June 15, 2006, Expedia filed the *Motion to Compel.*  The *Motion to Compel* sought via its Prayers Nos. 1, 2 and 3 supplementation to the Plaintiffs' responses to *Requests to Admit* numbers 7, 9, 11 and 12 (Prayer No. 1), answers to *Interrogatories* numbers 5, 6, 7, 8, 20 and 21 (Prayer No. 2) and responses to *Document Requests*  numbers 7, 8, 9, 10 and 11 (Prayer No. 3).[1]  Notwithstanding their refusal to supplement their discovery responses, and after forcing Expedia to file the *Motion to Compel*, the Plaintiffs never filed an opposition to the *Motion to Compel***.**

Almost one month later, on July 13, 2006, the Court granted the *Motion to Compel* and ordered that:

> "No opposition having been filed, the motion is GRANTED as to prayers for relief 1, 2 and 3.  **Plaintiffs shall serve supplemental responses on or before July 28, 2006.**  Defendant Expedia, Inc. shall file a supplemental memorandum and affidavit(s) concerning its expenses and costs incurred in compelling relief on or before July 28, 2006…."

---

[1] The *Motion* also sought Expedia's attorneys' fees and costs incurred in connection with the *Motion*, via its Prayer No. 4.

See Exhibit 1 hereto, which is a true and accurate copy of the *Order* sent to all counsel of record via ECF on July 13, 2006. (Emphasis added).[2] The Plaintiffs never moved the Court to reconsider its *Order*. The Plaintiffs never sought an extension from the Court or Expedia beyond July 28, 2006, within which to deliver the Court-ordered discovery supplementation. Inexplicably, the Plaintiffs refused to provide any discovery supplementation pursuant to the Court *Order*.

In satisfaction of its L.R. 7.1 obligations, Expedia, via its counsel, notified the Plaintiffs, via their counsel, on August 1, 2006, in writing (via facsimile and first class mail), of the Plaintiffs' failure to comply with the *Order* and Expedia's intent to file the present motion. See Exhibit 2 hereto, which is a true and accurate copy of the August 1, 2006 letter from Expedia's counsel, Thomas T. Reith, to both of the Plaintiffs' counsel, India L. Minchoff and Stephen J. Kuzma. The Plaintiffs did not respond to the written notification or comply with the *Order* by August 3, 2006. While under no obligation to do so, and having already satisfied its L.R. 7.1 obligations, on August 3, 2006, Expedia, via its counsels' office, requested a telephonic conference with the Plaintiffs, via their counsel, for August 4, 2006. On August 4, 2006, Expedia's counsel and the Plaintiffs' counsel conducted a teleconference. During that teleconference, when provided the opportunity, Plaintiffs' counsel offered no explanation as to the Plaintiffs' contempt of the July 13, 2006 *Order*, nor did they offer to comply with the *Order*. See L.R. 7.1 Certification herein at pp. 10-11. The Plaintiffs still have not complied with the *Order*.

---

[2] As to Prayer No. 4 of the *Motion*, Expedia filed its *Memorandum of Law in Support of its Application for Expenses and Costs in Connection with its Motion to Compel Supplemental Discovery from the Plaintiffs* (see Docket Paper No. 30), as well as the *Affidavit* (see Docket Paper No. 31) on July 28, 2006, per the *Order*.

-4-

### III.     Discussion

**A.     The Court should dismiss the Plaintiffs' baseless suit as a sanction for their failure to comply with the *Order***

Federal Rule of Civil Procedure Rule 37(b)(2)(C) states in pertinent part:

> …if a party fails to obey an order entered under Rule 26(f), the Court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> …(C)  An order…dismissing the action or proceeding or any part thereof…

It is within the district court's discretion to dismiss a matter as a sanction under Rule 37(b)(2)(C). Nat'l Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 642 (1976) (holding sanction of dismissal for failure to comply with pretrial production order appropriate where respondents acted in "flagrant bad faith" and counsel "callous[ly] disregard[ed]" responsibilities).  The sanction of dismissal must be available to district courts, not only to penalize those whose conduct warrants the sanction, but to deter others who might engage in such conduct.  Id. at 643.  Nothing in Rule 37(b)(2) even suggests that the sanction of dismissal only can be used after considering and trying all other sanctions.  Marta Diaz-Fonseca v. Commonwealth of Puerto Rico, 451 F.3d 13, 25 (1st Cir. 2006) (citing Damiani v. R.I. Hosp., 704 F.2d 12, 15 ( 1st Cir. 1983).

In Damiani, the defendants served interrogatories and requests for production of documents on plaintiff through his attorney, but the plaintiff failed to respond.  704 F.2d at 13. Moreover, the plaintiff neither objected to those discovery requests nor sought any extension of time in which to respond.  Id.  The defendants then moved for an order to compel, which the court granted after the date for any answer or objection had passed.  Id.  The plaintiff neither complied nor objected to that order.  Id.  Although the plaintiff's counsel wrote the defendant's

counsel that he would comply by a certain date, he did not do so. Id. Therefore, while observing that "[t]he entire pattern of behavior by plaintiff's counsel casts a shadow on the bona fides of his client's case," the First Circuit affirmed the district court's dismissal of the action as a Rule 37(b)(2) sanction. Id. at 16.

Here, as in Damiani, the Court should not accredit the Plaintiffs' disregard for its *Order* and the discovery process. Although Expedia has attempted to obtain from the Plaintiffs probative and discoverable information, the Plaintiffs refuse to provide it. The Plaintiffs' failure to respond to repeated discovery requests belies the absolute lack of support for their claims against Expedia from the very outset of the litigation. Even the sanctioned plaintiff in Damiani made contact with opposing counsel regarding compliance with the subject discovery requests; the Plaintiffs made no such effort here. Accordingly, dismissal is appropriate, not only to sanction the Plaintiffs, but to deter other litigants from such flagrant conduct. See Nat'l Hockey League , 427 U.S. 639 (1976); Damiani, 704 F.2d 12 (1st Cir. 1983); Marta Diaz-Fonseca, 451 F.3d 13 (1st Cir. 2006); see also Jomar Packaging Corporation, et als v. Kobel International, Inc. et als (1st Cir. 2000) (dismissal of complaint appropriate under Fed.R.Civ.P. Rule 37(b)(2)(C) where plaintiff disobeyed a single court order)[3]; Eugene B. Bowler v. State of Maine, et al, 23 Fed.Appx. 20 (1st Cir. 2001) (dismissal of complaint appropriate under Fed.R.Civ.P. Rule 37(b)(2)(C) where plaintiff did not respond appropriately to discovery, was recalcitrant in connection with Court discovery order and where plaintiff was not likely to prevail on his underlying claims).[4]

The Plaintiffs have no cause of action against Expedia. First, in advertising the Resort on its website, Expedia did not act, nor was Expedia acting in the particular instance at bar, as an

---

[3] A true and accurate copy of this case is appended hereto as Exhibit 3.
[4] A true and accurate copy of this case is appended hereto as Exhibit 4.

agent of the Resort. (To be sure, the Plaintiffs were asked to produce documents or facts, which would suggest that Expedia was agent of the Resort, and the Plaintiffs have produced absolutely nothing.) Thus, Expedia is not liable to the Plaintiffs for any damages allegedly caused them while Plaintiff Stephanie Hofer was present at the Resort. Second, Expedia had no reason to know of, or duty to know of, the alleged conditions of the Resort's premises. (Again, the Plaintiffs were asked to produce documents or facts, which would suggest that Expedia had such knowledge, and the Plaintiffs have produced absolutely nothing.) Therefore, Expedia owed no duty to warn Plaintiff Stephanie Hofer as to said alleged condition(s), and the Plaintiffs are not entitled to recover against Expedia. See McElheny v. Trans Nat. Travel, Inc. 165 F.Supp. 2d 190, 197, 204 (D.R.I. 2001) (under Massachusetts law, "[t]our operators do not have a duty to avoid or warn of hazards of which they have no knowledge or that are not in their control." Indeed, "Courts have generally declined to impose liability on travel agents and tour operators for injuries sustained by clients aboard vessels, buses and other modes or transportation or at hotels or other destinations").[5] Third, neither of the Plaintiffs booked the trip via Expedia.com. A third-party booked the trip. See e.g. Exhibit 5 hereto, which is a true and accurate copy of Plaintiff *Stephanie Hofer's Supplemental Answers to Defendant, Expedia, Inc.'s First Requests for Admissions*. Accordingly, the Plaintiffs have no standing as to Expedia. Fourth, and assuming the Plaintiffs can demonstrate standing, which they cannot, the booking of the trip on Expedia.com was subject to Expedia, Inc.'s *Web Site Terms, Conditions, and Notices*, which contains an express liability disclaimer that prohibits any recovery by the Plaintiffs. See e.g. I.LAN Systems Inc. v. NetScout Service Level Corp., 183 F. Supp. 2d 328 (D. Mass. 2002)

---

[5] To the extent the Plaintiffs seek to use their otherwise unfounded agency theory in an attempt to impute the Resort's knowledge (as alleged principal) of the Resort's alleged conditions back to Expedia (as alleged agent), their claim must fail. While its is a matter of blackletter law that an agent's knowledge may be imputable to the principal, there is no case law suggesting that the knowledge of the principal is imputable to the agent. Accordingly, any knowledge the Resort may have had about the alleged dangerous condition is not imputable to Expedia.

(finding "clickwrap" agreements appropriate way to form contract, and upholding limitation of liability provision therein).

It is apparent why the Plaintiffs have refused to engage in good-faith discovery, to adhere to the governing rules of civil procedure, to recognize this Court's authority to issue orders and to comply with the *Order* at bar. The only way the Plaintiffs can maintain their action against Expedia, to stretch it out in hopes of some payment from Expedia, is to avoid revealing the action for what all parties already know it to be – baseless. By purposefully delaying the progress of discovery and disregarding the Court's *Order*, the Plaintiffs hope to delay the inevitable summary judgment disposition. Unfortunately for the Plaintiffs, this Court is empowered under Fed.R.Civ.P. Rule 37(b)(2)(C) with the discretion to bring this matter to its rightful conclusion now, before Expedia has to spend more time, effort and money defending an action that should never have been filed. The Court should dismiss the Plaintiffs' suit against Expedia for the Plaintiffs' willful refusal to comply with the *Order*.

**B.        In addition to the dismissal of the Plaintiffs' suit against Expedia, the Plaintiffs' failure to comply with the *Order* warrants an award of attorneys' fees and costs**

Federal Rule of Civil Procedure Rule 37(b)(2) provides in pertinent part that:

> In lieu of any of the foregoing orders **or in addition thereto, the court shall require the party** failing to obey the order **or the attorney** advising that party **or both to pay the reasonable expenses, including attorney's fees,** caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

As more fully set forth above, and in the *Motion to Compel* and the *Affidavit* previously filed with the Court, prior to Expedia's filing of the *Motion to Compel*, the Plaintiffs disregarded the applicable rules of civil procedure by their failing and refusing to properly respond to Expedia's discovery requests, failed to act in good-faith in connection with the L.R. 37.1

-8-

discovery dispute resolution process and unnecessarily forced Expedia, at a substantial expense of time, effort and money, to enlist the Court via its *Motion to Compel* to procure documents that Expedia was entitled to. Then, after the Plaintiffs forced Expedia to file the *Motion to Compel,* the Plaintiffs sat back for almost a month and did nothing – they did not request time to oppose, nor did they oppose. Then again, after the Court entered the *Order*, the Plaintiffs did nothing – they did not ask the Court to reconsider the *Order*, nor did they ask for time to comply with the *Order*, nor did they provide the required discovery supplementation or otherwise attempt to comply with the *Order*, nor did they react when Expedia informed them of Expedia's intent to file the present motion. Worse yet, when given the chance, the Plaintiffs offered no reason whatsoever for their contemptuous nonchalance.

It is clear from the Plaintiffs' (and, relatedly, their counsels') actions that they care very little for the rules that bind the parties, the authority of this Court and the financial impact defending this baseless suit has on Expedia. As a result of the Plaintiffs' (and, relatedly, their counsels') wanton refusal to comply with the *Order*, Expedia has had to file the present motion. In doing so, Expedia has incurred yet more attorneys' fee and expenses. The severity of the Plaintiffs' (and, relatedly, their counsels') actions requires an award of Expedia's attorneys' fees and expenses **in addition to** the dismissal of the Plaintiffs' suit against Expedia.

WHEREFORE, Expedia respectfully requests that this Court:

1.    Dismiss the Plaintiffs' suit as it relates to Expedia, Inc.;

2.    Award Expedia its fees and costs in having to bring the present motion; and

3.    Award such other relief as this Court deems just and warranted.

EXPEDIA, INC.,
By its attorneys,


/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
One Beacon Street, 30th Floor
Boston, MA  02108-3106
(617) 854-4000

Dated:  August 4, 2006


## LOCAL RULE 7.1 CERTIFICATION

I, Thomas T. Reith, hereby certify that on August 1, 2006, I notified the Plaintiffs' counsel in writing (via facsimile and first class mail), of the Plaintiffs' failure to comply with the *Order* and Expedia's intent to file the present motion.  See Exhibit 2 hereto, which is a true and accurate copy of the August 1, 2006 letter from Expedia's counsel, Thomas T. Reith, to both of the Plaintiffs' counsel, India L. Minchoff and Stephen J. Kuzma.  The Plaintiffs did not respond to the written notification or comply with the *Order* by August 3, 2006.  (Plaintiffs' counsel did send me a letter dated August 2, 2006.  That letter did not address the *Order* or my notification of Expedia's intent to move for sanctions.)

On August 3, 2006, at my direction, my assistant, Barbara Haskell contacted both counsel for the Plaintiffs offices' and requested  a telephonic conference with the Plaintiffs' counsel for

August 4, 2006. The parties conducted the teleconference on August 4, 2006 at approximately 10:00 a.m. I, with co-counsel Lawrence G. Green, Esq., spoke with Attorneys Minchoff and Kuzma. The parties discussed the present motion for, I believe, approximately 5 to 10 minutes. During that teleconference, I again informed Plaintiffs' counsel that, per the *Order*, they were to have provided the supplemental discovery by July 28, 2006, that they did not and that I was going to move today for sanctions. I then invited them to pass comment or to offer a response. The Plaintiffs' counsel offered no explanation as to their and the Plaintiffs' contempt of the July 13, 2006 *Order*, nor did they offer to comply with the *Order*.

Dated: August 4, 2006                                   /s/ Thomas T. Reith

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 4th day of August 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

01038753