# EXHIBIT 3

Dockets.Justia.com

Case 4:05-cv-40170-FDS    Document 33-4    Filed 08/04/2006    Page 2 of 4

Source: Legal > Cases - U.S. > All Courts - By Circuit > 1st Circuit - Federal & State Cases, Combined 🛈
Terms: **37(b)(2)(c)** (Edit Search | Suggest Terms for My Search)

↳Select for FOCUS™ or Delivery
☐

*2000 U.S. App. LEXIS 20964, \**

JOMAR PACKAGING CORPORATION; JOSE A. VARGAS-DE-LEON; MARIA RODRIGUEZ-TOUBENS; CONJUGAL PARTNERSHIP VARGAS-RODRIGUEZ, Plaintiffs, Appellants, v. KOBEL INTERNATIONAL, INC., Defendant, Appellee. JIMMY ANZAI; JANE DOE; CONJUGAL PARTNERSHIP ANZAI-DOE, Defendants.

No. 00-1092

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

2000 U.S. App. LEXIS 20964

August 1, 2000, Decided

**NOTICE: [\*1]** RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 2000 U.S. App. LEXIS 28981.

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO. Hon. Daniel R. Dominguez, U.S. District Judge.

**DISPOSITION:** Motion for summary disposition granted and the appeal summarily affirmed.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Appellee moved for summary judgment on appellants' appeal from the judgment of the United States District Court for the District of Puerto Rico, dismissing their complaint with prejudice for non-compliance with discovery requests and failure timely to comply with a court order forewarning of severe consequences for non-compliance.

**OVERVIEW:** Appellants challenged the dismissal of their complaint with prejudice for non-compliance with discovery requests and failure timely to comply with a court order forewarning of severe consequences for non-compliance. The court granted appellee's motion for summary judgment, and summarily affirmed for essentially the reasons stated by the district court in its opinion and order. The court added only that lack of a hearing did not offend due process where appellants had ample warning of the consequences of their failure to comply with court orders. Also, although the sanction of dismissal with prejudice is harsh, there was no abuse of discretion in the district court's dismissal of the complaint.

**OUTCOME:** Motion for summary disposition granted and the appeal summarily affirmed; there was no abuse of discretion in the district court's dismissal of appellants' complaint.

**CORE TERMS:** discovery, deadline, inaction, failure to comply, lesser sanction, reiterates, per curiam, non-compliance, summarily, repeated, severe

Search - 124 Results - 37(b)(2)(C)

**LexisNexis(R) Headnotes** ◆ Hide Headnotes

Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection

HN1 ⬇️ Lack of a hearing does not offend due process where the plaintiff had ample warning of the consequences of his failure to comply with court orders. More Like This Headnote

**COUNSEL:** Jorge Carazo-Quetglas and Toledo Toledo & Carazo-Quetglas, P.S.C. on brief for appellant.

Ricardo F. Casellas and Fiddler Gonzalez & Rodriguez, LLP. on brief for appellee.

**JUDGES:** Before Torruella, Chief Judge, Boudin and Lipez, Circuit Judges.

**OPINION: Per Curiam**. The appellants, Jose Vargas-de-Leon, d/b/a Jomar Packaging Corp., Vargas's wife, and their conjugal relationship (hereinafter referred to collectively as "Jomar"), have appealed a district court judgment dismissing their complaint with prejudice for non-compliance with discovery requests and failure timely to comply with a court order forewarning of severe consequences for non-compliance. The appellee, Kobel International, Inc. ("Kobel"), has moved for summary disposition of this appeal. Upon review of the parties' brief and the record below, **[*2]** we grant the motion and summarily affirm essentially for the reasons stated by the district court in its opinion and order, dated June 30, 1999, and its order denying reconsideration, dated October 25, 1999.

We add only the following. In its appellate brief, Jomar persists in contending that "extremely protracted inaction" did not exist. But it focuses solely on what it terms a "short" delay in responding to the court's December 15, 1998 order directing it to comply with the discovery requests within five days of notice of the order. And, it contends it was denied due process because, it alleges, the district court failed to consider the reason given for this "short" delay (clerical staff Christmas vacation). Jomar ignores completely, however, its inaction from May 22, 1998, the date by which it promised to provide the amended responses, and December 31, 1998, when it provided apparently simply a rehash of its previously inadequate responses. n1 And it ignores its inaction in failing to respond to Kobel's repeated motions to compel. Rather than fail to consider Jomar's excuse for the delay between December 22 (the due date set by the December 15 order) and December 31, the **[*3]** district court's opinion more reasonably suggests that the district court found that excuse unpersuasive and largely irrelevant in the face of Jomar's pattern of extended delay for which Jomar had **no** explanation.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The May 22 date was, itself, an extended deadline. The responses were due March 9, 1998. That deadline was ignored by Jomar and the date for amended responses extended at Jomar's request to May 22.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - -

Jomar reiterates that it did not disobey "repeated" court orders, but only a single court order. Apart from the fact that a litigant has no free pass to violate one court order, Jomar ignores that its failure timely to comply with the court order was but part of the basis for the dismissal. Jomar's contention that the district court was required to provide it with a hearing prior to the dismissal of the complaint is frivolous. Apparently, Jomar refers to an oral

Case 4:05-cv-40170-FDS

hearing. But, Jomar was forewarned that failure to comply with the discovery requests would result in "the most severe sanctions" and it **[*4]** certainly had a fair chance to be heard on the moving papers -- an opportunity which Jomar more often than not neglected. It is rather bold to thereafter criticize the district court for failing to summon the parties for an oral hearing. Cf. Spiller v. U.S.V. Labs., Inc., 842 F.2d 535, 538 (1st Cir. 1988) ("*HN1*Lack of a hearing does not offend due process where the plaintiff had ample warning of the consequences of his failure to comply with court orders.").

Finally, Jomar reiterates that the sanction of dismissal with prejudice is harsh. While true, it is, nonetheless, a permitted sanction. See Damiani v. Rhode Island Hosp., 704 F.2d 12, 15 (1st Cir. 1983); Fed. R. Civ. P. **37(b)(2)(C)**. Jomar contends that the district court was obliged, and failed, to consider a lesser sanction. Jomar, which repeatedly ignored (a) discovery deadlines, even one to which it had agreed, and (b) motions to compel compliance, prompting (c) a court order, which was not timely complied with and then apparently not in an adequate fashion, is in a poor position to argue that a lesser sanction would have prompted it to take the appropriate interest in litigating its case. There **[*5]** was no abuse of discretion in the district court's dismissal of this complaint. See National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (per curiam).

The motion for summary disposition is granted and the appeal is summarily affirmed.

---

Source: Legal > Cases - U.S. > All Courts - By Circuit > **1st Circuit - Federal & State Cases, Combined** 
Terms: 37(b)(2)(c) (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Wednesday, August 2, 2006 - 9:57 AM EDT

* Signal Legend:
⊛ - Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any Shepard's signal to Shepardize® that case.

LexisNexis®          About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.