# EXHIBIT 4

Source: Legal > Cases - U.S. > All Courts - By Circuit > **1st Circuit - Federal & State Cases, Combined**
Terms: **37(b)(2)(c)** (Edit Search | Suggest Terms for My Search)

✔Select for FOCUS™ or Delivery
☐

*23 Fed. Appx. 20, \*; 2001 U.S. App. LEXIS 27426, \*\**

EUGENE B. BOWLER, Plaintiff, Appellant, v. STATE OF MAINE, ET AL., Defendants, Appellees.

No. 01-1885

UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

23 Fed. Appx. 20; 2001 U.S. App. LEXIS 27426

December 27, 2001, Decided

**NOTICE:** [\*\*1] RULES OF THE FIRST CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Certiorari Denied May 13, 2002, Reported at: 2002 U.S. LEXIS 3287.

**PRIOR HISTORY:** APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE. Hon. D. Brock Hornby, U.S. District Judge.

Bowler v. Maine, 200 F.R.D. 164, 2001 U.S. Dist. LEXIS 7319 (D. Me. 2001)

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Appellant sought review of an order of the United States District Court for the District of Maine, which dismissed his action challenging the constitutionality of appellee State of Maine's stalking statute, Me. Rev. Stat. Ann. § 210-A.

**OVERVIEW:** Appellant initiated an action against the state, alleging that the stalking statute, Me. Rev. Stat. Ann. § 210-A, was unconstitutional. The district court dismissed his action under Fed. R. Civ. P. **37(b)(2)(C)** for failing to comply with a court order directing him to respond to interrogatories. On appeal, the court affirmed. The court held that the dismissal was proper because the interrogatories were limited in scope and number, appellant was familiar with the judicial process, and he likely would not have prevailed on his constitutional claims. The court rejected appellant's argument that dismissal was inappropriate due to a pending writ of prohibition. The court determined that the petition was without merit and had been denied before dismissal occurred. The court also noted that appellant never sought a stay of discovery pending his attempt to obtain appellate relief.

**OUTCOME:** The court affirmed dismissal of appellant's action.

**CORE TERMS:** interrogatories, per curiam, discovery order, pro se, noncompliance

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Discovery > Misconduct

HN1 A dismissal under Fed. R. Civ. P. **37(b)(2)(C)** is reviewed only for abuse of discretion. More Like This Headnote

**COUNSEL:** Eugene B. Bowler on brief Pro se.

G. Steven Rowe, Attorney General, and William R. Fisher, Assistant Attorney General, on brief for appellees.

**JUDGES:** Before Torruella, Circuit Judge, Stahl, Senior Circuit Judge, and Lynch, Circuit Judge.

**OPINION:** [*20]

**Per Curiam**.

Eugene Bowler filed this pro se action in an effort to challenge the constitutionality of Maine's "stalking" statute. See 17-A Me. Rev. Stat. Ann. § 210-A. The action ended up being dismissed because of his noncompliance with a court order directing that he respond to defendants' interrogatories (and their accompanying requests for production of documents). See Fed. R. Civ. P. **37(b)(2)(C)**. Such a disposition HN1 is reviewed only for abuse of discretion. See, e.g., National Hockey League v. Metrop. Hockey Club, Inc., 427 U.S. 639, 642, 49 L. Ed. 2d 747, 96 S. Ct. 2778 (1976) (per curiam). Finding none, [**2] we affirm.

There is no need for extended discussion, particularly since Bowler has offered little in the way of pertinent argumentation on appeal. A number of factors support the district court's decision. For example, the various objections voiced by Bowler to the interrogatories prove to have been baseless. He protested that providing complete answers would impose an intolerable burden and would implicate Fifth Amendment concerns, but he never elaborated in either regard. He also complained that many of the questions were "not relevant"-- overlooking, among other things, the fact that his as-applied constitutional challenges were necessarily fact-dependent. In any event, whatever the merit of his objections, Bowler persisted in his recalcitrance even after being ordered to furnish appropriate responses. As to other points, we note that the interrogatories [*21] were limited in scope and number; that defendants undertook no other discovery; that Bowler was familiar with the judicial process; and that he likely would not have prevailed on his underlying constitutional claims.

To be sure, Bowler could retort that he was appearing pro se; that he had otherwise acted in prompt fashion; that [**3] the case was relatively young; and that he had not been specifically warned that dismissal might ensue. Yet he has not done so. n1 Instead, to excuse his noncompliance with the district court order, Bowler points out that a challenge thereto was pending before this court by way of a "petition for writ of prohibition." This argument fails for several reasons. First, that petition was patently without merit, inasmuch as the discovery order was a garden-variety, discretionary ruling that was neither appealable nor subject to mandamus review. See, e.g., Bennett v. City of Boston, 54 F.3d 18, 20-21 (1st Cir. 1995) (per curiam). Second, by the time the dismissal here occurred, Bowler's petition had been denied by this court and was the subject of a request for en banc review--a frivolous filing. Finally, as the district court noted, Bowler never sought a stay of the discovery order pending his attempt to obtain appellate relief.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The cited factors would not have been dispositive in any event. See, e.g., Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, 1078 n.9 (1st Cir. 1990) (stopping short of any suggestion that lack of prior warning was "controlling").

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - [**4]

Affirmed.

Source: Legal > Cases - U.S. > All Courts - By Circuit > **1st Circuit - Federal & State Cases, Combined** 
Terms: **37(b)(2)(c)**  (Edit Search | Suggest Terms for My Search)
View: Full
Date/Time: Wednesday, August 2, 2006 - 9:55 AM EDT

* Signal Legend:
- ● -   Warning: Negative treatment is indicated
- [Q] -   Questioned: Validity questioned by citing refs
- ⚠ -   Caution: Possible negative treatment
- ◆ -   Positive treatment is indicated
- ⊕ -   Citing Refs. With Analysis Available
- ⊙ -   Citation information available

* Click on any Shepard's signal to Shepardize® that case.

LexisNexis®   About LexisNexis | Terms & Conditions
Copyright © 2006 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.