# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER,<br><br>Plaintiffs,<br><br>v.<br><br>THE GAP, INC., EXPEDIA, INC. and<br>TURTLE BEACH TOWERS,<br><br>Defendants. | Civil Action<br>Docket No. 05-40170 FDS |

**DEFENDANT EXPEDIA, INC.'S RESPONSE TO PLAINTIFF STEPHANIE HOFER'S
FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.1 and 34.1, Defendant Expedia, Inc. ("Expedia") hereby responds and objects to Plaintiff Stephanie Hofer's ("Stephanie") First Request for Production of Documents as follows.

**GENERAL OBJECTIONS**

A.  Expedia asserts all of its General Objections with respect to each and every Request to the extent applicable, and its responses thereto should be read to be consistent with all of its General Objections.

B.  Expedia objects to each and every Request to the extent that it seeks information that was prepared for or in anticipation of litigation, constitutes attorney-client communications or attorney's work product or is otherwise protected from disclosure by any privilege or immunity. The inadvertent disclosure of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

J:\Docs\99999\00000\01030852.DOC

C.  Expedia objects to each and every Request to the extent that it seeks to discover legal conclusions rather than facts.

D.  Expedia objects to each and every Request to the extent that it attempts to impose burdens that exceed or differ from the requirements of the Federal Rules of Civil Procedure, the Local Rules and the rules of this Court.

E.  Expedia objects to each and every Request to the extent that it calls upon Expedia to produce documents beyond its possession, custody or control, or to the extent that it seeks production of documents in the possession, custody or control of Expedia that have been produced by the Plaintiffs (more specifically Stephanie).

F.  Expedia objects to each and every Request to the extent that it purports to seek information that is publicly available or that is as readily available to the Plaintiffs as it is to Expedia.

G.  Expedia objects to each and every Request to the extent that it seeks discovery of information or documents unrelated to the present litigation.

H.  Expedia objects to each and every Request to the extent that it seeks discovery of confidential and proprietary business information, and will only provide such information subject to a Protective Order in this case.

I.  Expedia reserves the right to assert additional objections and to supplement, modify or amend these objections and responses as additional information becomes known to it.

J.  Expedia's decision to answer notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of these General Objections or a waiver of these General Objections as a whole.

C.  Expedia objects to each and every Request to the extent that it seeks to discover legal conclusions rather than facts.

D.  Expedia objects to each and every Request to the extent that it attempts to impose burdens that exceed or differ from the requirements of the Federal Rules of Civil Procedure, the Local Rules and the rules of this Court.

E.  Expedia objects to each and every Request to the extent that it calls upon Expedia to produce documents beyond its possession, custody or control, or to the extent that it seeks production of documents in the possession, custody or control of Expedia that have been produced by the Plaintiffs (more specifically Stephanie).

F.  Expedia objects to each and every Request to the extent that it purports to seek information that is publicly available or that is as readily available to the Plaintiffs as it is to Expedia.

G.  Expedia objects to each and every Request to the extent that it seeks discovery of information or documents unrelated to the present litigation.

H.  Expedia objects to each and every Request to the extent that it seeks discovery of confidential and proprietary business information, and will only provide such information subject to a Protective Order in this case.

I.  Expedia reserves the right to assert additional objections and to supplement, modify or amend these objections and responses as additional information becomes known to it.

J.  Expedia's decision to answer notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of these General Objections or a waiver of these General Objections as a whole.

### Responses

Request No. 1

All correspondence, agreements, contracts, and/or other documents by and between Expedia, Inc., its agents or servants and the Turtle Beach Towers, and its agents or servants.

Response to Request No. 1

Objection: Expedia objects to this request as it is overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Expedia also objects to this Request as it seeks confidential and proprietary information.

Subject to and without waiving this objection or its General Objections, Expedia states that Expedia has been unable to locate the requested documents after a good faith and diligent search.

Request No. 2

All documents received by Expedia, Inc., its agents or servants, relating *(sic)* the premises at Turtle Beach Towers prior to March 18, 2004.

Response to Request No. 2

No such documents exist.

Request No. 3

All documents received by Expedia, Inc., its agents or servants, relating *(sic)* the premises at Turtle Beach Towers subsequent to March 18, 2004.

Response to Request No. 3

No such documents exist.

Request No. 4

Complaints commencing legal action against Expedia, Inc. arising out of circumstances substantially similar to those which form the subject of Plaintiff's Complaint only for the period 1989 to date.

Response to Request No. 4

Objection: Expedia objects to this Request as it is vague, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 5

Any and all statements signed or unsigned made by the Plaintiffs and in Expedia, Inc.'s poseession concerning the accident in question.

Response to Request No. 5

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 6

Any and all statements signed or unsigned made by any person relating to the accident described in Plaintiff's Complaint.

Response to Request No. 6

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 7

Any and all written communications, correspondence, and other matter between Expedia, Inc. and the Plaintiffs pertaining in any way to the accident.

Response to Request No. 7

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request as it seeks the disclosure of work product.

Subject to this objection and without waiving its General Objections, Expedia states that no such documents exist.

J:\Docs\99999\00000\01030852.DOC

Request No. 8

Any and all written communications, correspondence, and other matter between Expedia, Inc. and Turtle Beach Towers pertaining in any way to the accident described in the Plaintiff's Complaint.

Response to Request No. 8

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 9

Any and all applications, notices, proof of loss, reports, letters of correspondence sent or submitted by Expedia, Inc. to any insurance company, agent, broker, adjuster or investigator dealing with any issue arising out of the alleged accident.

Response to Request No. 9

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 10

Any and all statements from persons known, believed or alleged to have knowledge of discoverable facts or information concering the accident.

Response to Request No. 10

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 11

Any and all policies and procedures promulgated by Expedia, Inc. regarding its advertisement of travel destinations to the consumer of its services and to the resorts, companies, entities, and/or businesses Expedia, Inc. displays on its website as a travel destination.

Response to Request No. 11

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection and without waiving its General Objections, Expedia states that the only relevant policy appears on Expedia.com. Expedia produced said policy in connection with Expedia's automatic disclosures at Bates #s 1EXP 5-8.

Request No. 12

Any and all correspondence directed to Expedia, Inc. informing it of the conditions of Turtle Beach Towers from any person or entity prior or subsequent to March 18, 2004.

Response to Request No. 12

No such documents exist.

Request No. 13

Any (*sic*) all documents evidencing any investigation performed by Expedia, Inc. regarding Turtle Beach Towers.

Response to Request No. 13

Objection: Expedia objects to this Request as it is vague.

Subject to this objection and without waiving its General Objections, Expedia states that no such documents exist.

Request No. 14

Diagrams and photographs either taken or prepared by Expedia, Inc. or its insurer or any agent or servant of Expedia, Inc. or its insurer as a result of Plaintiff's accident.

Response to Request No. 14

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 15

All insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the instant litigation or to indemnify or reimburse for payments made to satisfy said judgment, which said agreements were in effect on the date of Plaintiff's accident.

Response to Request No. 15

No such documents exist.

Request No. 16

All statements, whether signed or unsigned, recordings or transcripts thereof, and memoranda of conversation taken of Expedia, Inc., which relate in any way to the Plaintiff's accident as described in the Complaint.

Response to Request No. 16

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 17

All correspondence sent by Expedia, Inc. to any person listed on Plaintiff's Rule 16 Disclosure.

Response to Request No. 17

Objection: Expedia objects to this Request as it is vague, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 18

All reports, forms, documents or other statements filled out of completed by any agent, servant or employee for Expedia, Inc. in the usual course of their duties which relate in any way to the happening of the Plaintiff's accident.

Response to Request No. 18

Objection: Expedia objects to this Request as it is vague, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks the disclosure of work product.

Request No. 19

All forms, documents, reports and/or statements filled out or completed by or on behalf of any police department, fire department or other governmental agency and which relate in any way to the Plaintiff's accident.

Response to Request No. 19

Objection: Expedia objects to this Request as it is overly broad and unduly burdensome.

Subject to this objection and without waiving its General Objections, Expedia states that it does not have such documents within its possession, custody or control.

Request No. 20

All correspondence, agreements, contracts and/or other documents by and between Expedia, Inc. and Turtle Beach Towers.

Response to Request No. 20

Objection: Expedia objects to this Request as it is repetitious of Request number one.

Subject to this objection and without waiving its General Objections, Expedia refers Stephanie to Expedia's "Response to Request No. 1."

Request No. 21

All documents Expedia, Inc. intends to introduce or rely upon at a trial in this action.

Response to Request No. 21

Objection: Expedia objects to this Request as it seeks to impose obligations upon Expedia greater than those required under the applicable rules of civil procedure.

Request No. 22

All notices and claims and/or other documents by and between the Defendants.

Response to Request No. 22

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request as it seeks the disclosure of work product.

J:\Docs\99999\00000\01030852.DOC

EXPEDIA, INC.,
By its attorneys,

*[signature]*

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 854-4000

Dated: July 26th, 2006
01035176

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail, hand on *[handwritten]*
7-26-06 TTR

J:\Docs\99999\00000\01030852.DOC