# EXHIBIT G

Dockets.Justia.com

## LAW OFFICES OF RUSSO & MINCHOFF

123 BOSTON STREET 1ST FLOOR
BOSTON, MA 02125

PHONE 617.740.7340

INDIA L. MINCHOFF
ATTORNEY AT LAW

INDIA@RUSSOMINCHOFFLAW.COM
WWW.RUSSOMINCHOFFLAW.COM

FAX 617.740.7310

*By Facsimile and First Class Mail*

August 7, 2006

Scott D. Feringa, Esq.
Sullivan, Ward, Asher & Patton, P.C.
1000 MacCabees Center
25800 Northwestern Highway
Southfield, Michigan 48075

RE:   **Hofer, et al v. Gap, et. al, C.A. 05-40170**

Dear Attorney Feringa,

I write in response to your correspondence of July 31, 2006 and July 13, 2006.

In response to your alleged "L.R. 37.1" correspondence of July 31, 2006 I state the following. First, your correspondence requests *numerous* documents, which the Gap, Inc. failed to request pursuant to any Document Request served upon the Plaintiffs (see Gap's First, Second and Third Document Requests, enclosed). The Gap, Inc. has absolutely no right to obtain documents from the Plaintiffs which were not properly requested or which Plaintiffs were not obligated to produce under mandatory disclosure.

Secondly, since pursuant to the Scheduling Order all document requests were required to be *served by June 1, 2006*, your attempt to seek additional documents from the Plaintiff through service of the deposition duces tecum on June 9, 2006 will not be acknowledged as a proper request requiring Plaintiff's compliance.

Thirdly, I note that Plaintiff has produced all documents in her control, custody or possession responsive to Gap, Inc.'s properly served document requests.

Plaintiffs address each one of the Gap, Inc.'s misrepresentations relating to Plaintiffs' discovery practices below.

**False Allegations Contained in Correspondence Dated July 31, 2006:**

In line item number 1 you request all photographs taken by Ms. Hofer documenting her injury. Gap, Inc. never requested a single picture documenting Stephanie Hofer's injury, except for those taken by medical personal (First Document

1

Request No.: 10). As a result, Gap, Inc. has no right to demand the production of pictures taken by Ms. Hofer. I note that at Ms. Hofer's deposition you repeatedly made objection to the fact that Ms. Hofer had not produced every single picture in her possession relating to her injury. In fact, the only pictures produced by Ms. Hofer to Gap, Inc. were those taken by medical personnel. The pictures utilized by you as an exhibit were produced to Expedia, Inc., pursuant to its request for said pictures. As a result, your conduct in demanding the immediate production of these photographs was wholly inappropriate.

With respect the Gap, Inc.'s request for Stephanie Hofer's employment records in line item number 2, Plaintiff states that all records are in your possession as same were produced to you in Plaintiffs' Response to Defendant, Gap, Inc.'s First Request for Production of Documents. Furthermore, the same records were obtained by Gap, Inc. on July 17, 2006 as evidenced by the letter I received from Gap, Inc.'s in state counsel, Sean J. Milano. Based on these facts, it is difficult, if not impossible, to interpret your request for the reproduction of these records as anything less than an improper attempt to paint the Plaintiff as an obstructionist. Kindly provide me with an explanation as to why Gap, Inc. considers it appropriate to receive <u>three</u> exact productions of the same documents and why the repeated request for documents in the Gap's possession should not be construed as harassment.

In line item number 3 you request, for the first time, copies of all out of pocket expenses *along with copies of Plaintiff's check registers*. Plaintiff will not produce copies of her check registers but has produced copies of her prescription receipts in Plaintiffs' Supplemental Rule 26 Disclosure.

In line item number 4 you request records from the social security disability. Stephanie Hofer stated at her deposition that she had not received documents relating to her social security claim. Ms. Hofer also stated that she made request of her disability counsel for records in her possession. Despite the foregoing, since Ms. Hofer is under no obligation to produce these records to the Gap, Inc. same will not be provided. Such documents have, however, been produced in connection with Plaintiffs' Supplemental Rule 26 Disclosure.

In line item number 5 you request "records" from Ms. Alida Howard, counsel for Ms. Hofer in connection with her SSD matter. Although I will presume that your request does not seek documents covered by the attorney-client or work produce doctrines, without any specific identification as to what "records" Gap, Inc. is requesting, I am unable to determine whether you previously made a proper request for any such document. I recommend that you enlighten me as to where I may find such a request.

In line item number 7 you request Ms. Hofer's "internet records" from Verizon. Gap, Inc. did not previously request these records and same will not be produced.

I am shocked by your requests in line item number 6, which demonstrates very clearly that Gap, Inc. failed to undertake a diligent review of the medical records produced on behalf of Stephanie Hofer. Gap, Inc. made a request for Ms. Hofer's medical records in its First Request for the Production of Documents and Things from the Plaintiffs, Request No. 10, which read as follows:

2

**Any and all medical records of Stephanie Hofer, including photographs taken by medical personnel *from March 18, 2004 to the present*.**

In response to Gap, Inc.'s request, Plaintiff ordered and produced her medical records. Thus, Gap, Inc.'s allegation that the Plaintiff has failed to produce requested documents is false. *See* below:

a. "Dr. Fraser": records from Dr. Fraser's treatment of the Plaintiff were produced to you on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents and Things.

b. "Dr. Hord": records from Dr. Hord's treatment of the Plaintiff were produced to you on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents and Things.

c. "Dr. Borgen": records from Dr. Borgen's treatment of the Plaintiff were produced to you on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents and Things.

d. "Dr. Aney": Mental health records, such as records from Ms. Hofer's psychiatrist, were requested for the first time on June 9, 2006 and, therefore, said request was untimely.

e. "Dr. Schatz": Dr. Schatz was Ms. Hofer's gynecologist prior to March, 2004 and records relating to Ms. Hofer's medical treatment prior to March, 2004 were not timely requested by Gap, Inc.

f. "Mass General": records relating to Ms. Hofer's treatment at Mass General were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

g. "Diversified Nursing Association": records relating to Ms. Hofer's nursing treatment have not yet been received by the Plaintiff, despite request. Said records will be produced upon receipt.

h. "St. Ann's Hospital": Despite our most diligent efforts, which includes numerous requests, St. Ann's Hospital has not produced Plaintiff's records.

i. "UMass": records relating to the Plaintiff's treatment at UMass were produced on May 11, 2006 in Plaintiff's First Supplemental Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

3

j.  "Charter Healthcare": Records from Charter Healthcare were not requested as Ms. Hofer was treated by Charter Healthcare prior to March, 2004.[1]

k.  "Linda Simmons": Records from Linda Simmons were not requested as such records relate to a period prior to March, 2004.[2]

l.  "Dr. Lhowe": records from Dr. Lhowe were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

m.  "Dr. Chen (Chang)": records from Dr. Chang were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents. Dr. Chang is Dr. Stojanovic's Associate.

n.  "Dr. Stoyjanovic (Stojanovic)": records from Dr. Stojanovic were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

o.  "Dr. Hamburger": records from Dr. Hamburger were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents. Dr. Hamburger is Dr. Stojanovic's Associate.

p.  "Dr. Borgen": see (c) above.

q.  "Dr. Zachary": records from Dr. Zachary were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

r.  "Dr. Bassett": records from Dr. Bassett were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

s.  "Dr. Kulich": records from Dr. Kulich were produced on April 14, 2006 in Plaintiffs' Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

t.  "Jen LaBlanc/Bill Chapman": records from Jen LaBlanc/Bill Chapman were produced on May 11, 2006 in Plaintiff's First

---

[1] Please note that even if we were to acknowledge your deposition duces tecum as being appropriate, the request for mental records contained therein would nevertheless still not require the production of the records you presently seek to obtain.

[2] Please note that even if we were to acknowledge your deposition duces tecum as being appropriate, the request for mental records contained therein would nevertheless still not require the production of the records you presently seek to obtain.

      Supplemental Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

 u.   Dr. Sarah Reiff-Hekking: records from Dr. Sarah Reiff-Hekking were produced on May 11, 2006 in Plaintiff's First Supplemental Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

 In line item number 9 you request "receipts/statements from the purchase of the Old Navy Sandals and from the Jamaican vacation." Your conduct is again shocking. Plaintiff has stated, <u>repeatedly</u>, that she does not have in her control, custody or possession receipts from the purchase of the sandals. As you are well aware I provided you with my client's credit card information from Old Navy thereby allowing Gap, Inc. to obtain said receipts.

 With respect to any request for receipts from the Jamaican trip my client has provided to you a copy with all such records in her possession.

 In line item number 10 you request Ms. Hofer's calendar-type books wherein you allege she wrote down "notes" regarding her doctor's appointments. First, Ms. Hofer never testified that she wrote down "notes" regarding her doctor's appointments. Secondly, you simply never requested these documents from the Plaintiff and therefore she is not obligated to produce same.

 In line item number 11 you request records from Turtle Beach Towers. Plaintiffs' have produced all "records" in Plaintiffs' possession received by the Turtle Beach Towers.

 In line item number 12 you request records from Health Resources/Health Alliance. All treatment records from Health Alliance were produced in Plaintiffs' First Supplemental Response to Defendant, Gap Inc.'s, First Request for Production of Documents.

 In line item number 13 you request records from Blue Cross/Blue Shield. Ms. Hofer's Medical Insurance records were not previously requested and Gap, Inc. is nevertheless not entitled to such records.

 In line item number 14 you request Mr. Douglas Hofer's HR records. In the Gap's First Request for Production of Documents and Things from the Plaintiffs', Request No. 12, Gap specifically requested "complete copies of any and all employment records, including personnel and payment files from '<u>plaintiff's</u>' employer for the 3 years proceeding the incident up to the present." Plaintiffs' reasonably interpreted this request to relate to Ms. Hofer's employment records. In the event, however, the request also sought Mr. Hofer's employment records from 2001-2003, an objection was asserted. Specifically, Douglas Hofer objected stating that such documents were not relevant or calculated to lead to the discovery of admissible evidence. As counsel for Douglas Hofer I <u>*have not*</u> withdrawn my objection.

5

### False Allegations Contained in Correspondence Dated July 13, 2006.
#### A. The Enumerated False Allegations

1. Copies of Photographs Kept on Ms. Hofer's Home Computer Documenting Healing Process:

As stated above, these documents were not requested by Gap, Inc.

2. Copies of the Hofers' Checking Statements from 2004-2006:

As stated above, these documents were not requested by Gap, Inc.

3. Mr. Hofer's Employment Records from 2004-2006:

Mr. Hofer's employment records for this period were never requested by Gap, Inc.

4. Copies of Ms. Hofer's Personnel File from Dr. Meszaros:

As stated above, Gap, Inc. has twice received these documents. In addition, Dr. Meszaros provided a statement representing that no further employment records exist.

5. SSDI Related Documents:

As stated above, no timely request was made for these documents.

6. Ms. Hofer's Personal Diaries:

As stated above, no timely request was made for these documents.

7. Medical Costs and Lien Documents.

Gap, Inc. failed to make a timely request for documents relating to Ms. Hofer's medical costs or any lien documents. Plaintiff has, however, produced documents relating to medical costs in Plaintiffs' Supplemental Rule 26 Disclosure.

#### B. Further False Allegations

My office spent a considerable amount of time, at your request, to assist you in scheduling the depositions for Ms. LaBelle and Ms. Pompeii. Following Ms. Hofer's deposition on June 29, 2006, co-defense counsel and you determined that instead of proceeding with Ms. Pompeii's deposition as scheduled on July 10, 2006, Ms. Pompeii should be deposed on July 11, 2006. I never stated that I would produce Ms. Pompeii on July 11, 2006. Rather, I immediately and unequivocally represented that I was unaware of Ms. Pompeii's availability for July 11, 2006. Frankly, even had I not stated this, the fact that I was unaware of Ms. Pompeii's availability for July 11, 2006 should have been obvious to you since I was sitting at a deposition with you when you unilaterally decided to change the date of her scheduled deposition.

Ms. Pompeii rearranged her schedule and was ready, willing and able to appear for her deposition on July 10, 2006. Your statement that my office failed to inform Ms. Pompeii that you cancelled her deposition on July 10, 2006 and sought to reschedule same to occur on July 11, 2006, is false. My secretary, Maja, informed you that my office advised Ms. Pompeii of her changed deposition date but that Ms. Pompeii stated she not available for July 11, 2006. The only thing "curious" about this situation is your failure to correctly represent conversations held with my office.

6

The old adage "no good deed goes unpunished" rings true in this situation. What you conveniently appear to overlook is that I attempted to do you a favor by assisting in the scheduling of Ms. Pompeii's deposition. This is also true with respect to Ms. LaBelle.

Regarding Ms. LaBelle, you specifically requested that I assist you in scheduling her deposition. To this end, I again spent considerable time. At all times it was understood that I did not have control over Ms. LaBelle as she has never been my client. After spending my value time assisting you, you demanded I provide you "assurances" that Ms. LaBelle would appear. Evidently, my representation that she had indicated to me that she would appear was not sufficient assurance. By choice, you subsequently served Ms. LaBelle with a Subpoena to appear. Although I could care less that you chose to Subpoena Ms. LaBelle such a decision should have been made prior to eliciting my assistance, and time, in the scheduling of her deposition.

Lastly, your conduct throughout this litigation in seeking documents, not requested, failing to abide by discovery deadlines, failing to acknowledge courtesies repeatedly extended to you by this office, and failing to accommodate Plaintiffs' counsels' schedules, is not in accordance with the standards routinely associated with good-faith discovery practice.

Very truly yours,

India L. Minchoff

cc: Attorney Thomas Reith
    Attorney Stephen J. Kuzma

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

    Plaintiffs,

vs.

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

    Defendants.
_____/

FEDERAL COURT

Case No. 05-40170 FDS

### NOTICE OF COMPLIANCE AND PROOF OF SERVICE

On Wednesday, March 8, 2006, Scott D. Feringa, counsel for Gap, Inc., provided Gap, Inc.'s First Request for Production of Documents and Things Pursuant to Fed. R. Civ. P. 34 to India L. Minchoff of Russo & Minchoff; Thomas T. Reith of Burns & Levinson, Sean J. Milano of Morrison Mahoney, LLP and Stephen J. Kuzma, Esq.

I, Scott D. Feringa, hereby certify that on March 8, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and I further certify that I mailed the foregoing document via First Class Mail to the following CM/ECF participants: India L. Minchoff, Russo & Minchoff, 123 Boston Street, Boston, MA 02125; Thomas T. Reith, Burns & Levinson, LLP, One Beacon Street, 30th Floor, Boston, MA 02108; Sean J. Milano, Morrison, Mahoney, LLP, 250 Summer Street, Boston, MA 02210-1181; and Stephen J. Kuzma, 75 Federal Street, 17th Floor, Boston, MA 02110.

                      s/Scott D. Feringa
                      SCOTT D. FERINGA (P28977)
                      Sullivan, Ward, Asher & Patton, P.C.
                      Attorney for Gap, Inc.
                      1000 Maccabees Center
                      25800 Northwestern Highway
                      P. O. Box 222
                      Southfield, MI 48037-0222
                      (248) 746-0700

Dated: 3/8/06
W0451566

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

    Plaintiffs,

vs.                                Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

    Defendants.

## DEFENDANTS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FED. R. CIV. P. 34

**NOW COMES** Defendant, The Gap, Inc., by and through its attorneys, Sullivan, Ward, Asher & Patton, P.C., and requests that the Plaintiffs produce the following documents, things pursuant to Fed. R. Civ. P. 34, within thirty (30) days after service of this Request:

1. Any and all evidence logs documenting the evidence maintained by any consultants retained by plaintiffs in this matter.

2. Any and all photographs of the Old Navy sandals which are the subject matter of this litigation or any exemplar Old Navy sandal which is allegedly the subject matter of this litigation, including any and all photographs of any and all testing performed on said sandals or portions of said sandals.

3. Any and all videotapes, DVD's or other electronic recording of images for any testing performed on said sandals or portions of said sandals.

4. Identify and produce each and every note, test protocols, test report, examination report and any other document produced either in electronic or hard copy form which evidences any portion of an examination of an exemplar Old Navy sandal or any representative exemplar including pieces of said sandal at any time or by any individual or any assistant, consultant or other individuals who participated in such examination and/or testing at any consultant's request.

5. Identify the names and addresses of any individuals who conducted any such examination or

testing on the Old Navy sandal and the specific address where such testing took place.

6. Produce copies of any and all protocols utilized by any consultant in their testing of the Old Navy sandal, including an identification of each and every step undertaken by said consultant in his or her conducting of any such testing.

7. Identify and produce any and all records, data, documents and things maintained by any consultant in reference to the Hofer litigation. If any portion of such files are claimed by Plaintiffs' counsel to contain some privilege or work-product claim, please specifically identify those documents, records and things so that those documents, records and things can be reviewed by the court at an in camera hearing to determine the applicability of any such privilege or work product claim.

8. Produce any and all photographs taken of Stephanie Hofer during the Jamaica vacation of March of 2004, including but not limited to: any digital photographs, hardcopy prints, prints on CD, prints maintained in some electronic format, videotape or digital recording of Stephanie Hofer.

9. Produce any and all tags that may have been present on the Old Navy sandals worn by the Plaintiff and/or the exemplar sandal that may have been present at the time of the purchase but were removed at any time after the purchase by the Plaintiff or any other individual, including but not limited to: sales documents, sales receipts, hang tags, care instructions or other labels or materials received by the Plaintiff at the time of purchase of said sandals.

10. Any and all medical records of Stephanie Hofer, including photographs taken by medical personnel from March 18, 2004 to the present.

11. Any and all ambulance records, air ambulance records, fixed wing aircraft ambulance records, hospital records, physician records or any other documents in any way which evidence any medical care and treatment received by Plaintiff for any such injuries.

12. Please provide full and complete copies of any and all employment records, including personnel and payment files from plaintiff's employer for the three years preceding the incident up to the present.

13. Please produce tax returns for Stephanie Hofer and/or Douglas Hofer (state, federal and local, including all attachments thereto) from the year 2000 to the present.

14. Please produce the items identified in plaintiff's Rule 26 disclosures (B)(6) which are identified as three pairs of identical Old Navy sandals, including the production of any and all sales receipts, credit card receipts or other documents evidencing such sales.

Respectfully submitted,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

By: _____
SCOTT D. FERINGA (P28977)
Attorney for Defendant Gap, Inc.
1000 Maccabees Center
25800 Northwestern Highway
P. O. Box 222
Southfield, MI 48037-0222
(248) 746-0700

Dated: 3-8-06

**PROOF OF SERVICE**

Stacy A. Vergara certifies that the within pleading was served upon all attorneys to the above cause at the respective addresses disclosed on the pleadings by depositing a copy thereof in the U.S. Mail with appropriate postage on: 3-8-06

_____
Stacy A. Vergara

W0455280

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

    Plaintiffs,

vs.                                              Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

    Defendants.

## DEFENDANTS SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FED. R. CIV. P. 34

**NOW COMES** Defendant, The GAP, Inc., by and through its attorneys, Sullivan, Ward, Asher & Patton, P.C., and requests that the Plaintiffs produce the following documents, things pursuant to Fed. R. Civ. P. 34, within thirty (30) days after service of this Request:

1. Please produce copies of any and all photographs, videotape or images of the Turtle Beach Towers that were taken by either Stephanie Hofer or Carrie LaBelle during the time period March 18, 2004 through Mary 20, 2004 at the Turtle Beach Towers in Jamaica. If the photographs or recorded images are in digital form, please place them on a CD-ROM together with an identification of the exact location and custodian of the original of said images.

2. Please produce copies of any and all photographs, videotapes or images stored in digital format produced by any individual of the Turtle Beach Towers, the location of the incident or any other photographs of the property on which the incident occurred, whether such images were taken at or around the time of the incident in question in the litigation or any time prior or post incident, up to the present time.

3. Please produce any statements, oral recordings or documents that in any way evidence investigations conducted by any individuals of any witnesses or Individuals believed to be witnesses to

the events of March 18 through March 20, 2004 in Jamaica, including but not limited to any individuals that are believed by plaintiffs' counsel or plaintiffs to be associated with the entity identified as Turtle Beach Towers, Mr. Henry McKenzie, Shayan/Shyan (sp?) (allegedly an employee of Turtle Beach Towers), Dr. Barnes, (reported to be an orthopedic resident at the St. Ann's Bay Hospital, St. Ann, Jamaica W.I.).

4.    Please produce any and all documents received from Turtle Beach Towers or any insurers or representatives of Turtle Beach Towers or any parent organization of subsidiaries which plaintiffs' counsel has received concerning this incident including any and all correspondence from any individuals associated with Turtle Beach Towers, its parent or subsidiary corporations or any insurer associated with Turtle Beach Towers including any claims or investigative files obtained by plaintiffs' counsel from Turtle Beach Towers, any parent or subsidiary entities associated with Turtle Beach Towers or any insurance or claims representatives whom plaintiffs' counsel believes is associated with Turtle Beach Towers.

Respectfully submitted,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

By: _____
SCOTT D. FERINGA (P28977)
Attorney for Defendant Gap, Inc.
1000 Maccabees Center
25800 Northwestern Highway
P. O. Box 222
Southfield, MI 48037-0222
(248) 746-0700

Dated: 5/23/06

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

    Plaintiffs,

vs.                                  Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

    Defendants.
_____/

### DEFENDANTS THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS PURSUANT TO FED. R. CIV. P. 34

**NOW COMES** Defendant, The GAP, Inc., by and through its attorneys, Sullivan, Ward, Asher & Patton, P.C., and requests that the Plaintiffs produce the following documents, things pursuant to Fed. R. Civ. P. 34, within thirty (30) days after service of this Request:

1. Please provide any and all credit card and/or bank card statements (or other means of electronically paying for consumer items, food items or service items) that were used by Ms. Stephanie Hofer from the time period March 17, 2004 through March 20, 2004, inclusive. Counsel for defendant is willing to enter into a protective order that would prohibit the dissemination of this information to any individuals or entities other than those individuals or entities involved in the instant litigation or to the Court.

Respectfully submitted,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

By: _____
SCOTT D. FERINGA (P28977)
Attorney for Defendant Gap, Inc.
1000 Maccabees Center
25800 Northwestern Highway
P. O. Box 222
Southfield, MI 48037-0222
(248) 746-0700

Dated: 5/30/06

**PROOF OF SERVICE**

Stacy A. Vergara certifies that the within pleading was served upon all attorneys to the above cause at the respective addresses disclosed on the pleadings by depositing a copy thereof in the U.S. Mail with appropriate postage on: May 30, 2006

_Stacy A. Vergara_
Stacy A. Vergara

W0468218



# SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

1000 MACCABEES CENTER
25800 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48075-1000

TELEPHONE: (248) 746-0700
FAX: (248) 746-2760

WEB SITE: www.swappc.com

ROBERT E. SULLIVAN, SR. (1922-1996)
DAVID M. TYLER (1930-2002)
RICHARD G. WARD (RETIRED)

Scott D. Feringa
sferinga@swappc.com
(248) 746-2727

May 16, 2006

**Via Facsimile/US Mail**
India Minchoff
Russo & Minchoff
123 Boston Street
Boston, MA 02125

Stephen J. Kuzma
75 Federal Street, 17th Floor
Boston, MA 02110

RE: HOFER, STEPHANIE/DOUGLAS V. THE GAP, INC., ET AL
OUR FILE NO. PAG-121179

Dear Ms. Minchoff and Mr. Kuzma:

In a telephone conversation that I had with the two of you last week concerning the Hofer depositions and in a conversation that I had with Tom Reith today, we talked about the proposed dates for the taking of the various depositions. Those dates, if you will recall, were Thursday, June 29th and Monday, July 10th and Tuesday, July 11th. We would propose to take all three of those days for depositions. According to Tom Reith he anticipates that the deposition of Mrs. Hofer will likely take all morning and likely part of an afternoon. We would therefore propose to do the deposition of Mr. and Mrs. Hofer on Thursday, June 29th beginning at 9:00 a.m. in the offices of Sean Milano, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210-1181.

We would therefore propose to conclude the depositions of Mr. and Mrs. Hofer (if necessary) on Monday, July 10th beginning at 9:00 a.m. in the offices of Sean Milano, Morrison Mahoney, LLP, 250 Summer Street, Boston, MA 02210-1181. Those depositions can then be followed on Monday, July 10th by Mrs. Lauren Pompel who is the mother of Mrs. Hofer.

Finally, Tuesday, July 11th will be reserved for the deposition of Ms. Carrie LeBlanc.

We understand that Ms. LeBlanc is now a resident of Connecticut. In order to avoid having to file a discovery action in Connecticut to subpoena Ms. LeBlanc for appearance at a deposition in Connecticut, I would propose the following solution if this is indeed acceptable to all parties: With the assistance of Ms. Minchoff (and with the understanding that Ms. Minchoff does not control this witness), we would ask Ms. LeBlanc to travel from Danielson, Connecticut

## SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

May 16, 2006
Page 2

to Boston on July 11th for the purpose of having her deposition taken in Boston. The three parties would equally split the reasonable travel expenses and airline ticket for Ms. LeBlanc to attend her deposition. I can assure you that it would be far cheaper for the attorneys to fly Ms. LeBlanc to Connecticut than for all of the attorneys to fly to Connecticut to take the deposition.

If these dates and times are acceptable with all, we will provide notices for the taking of the depositions. It is my understanding that Mr. Reith would like to notice the deposition of Ms. LeBlanc.

I do look forward to your prompt response. We will file notices by the end of the week if we do not hear any objections.

I do thank you for the cooperation that each of you has given with respect to the scheduling of these depositions. I do think that working out deposition dates and times before one files notices is probably the best way to go about ensuring everyone's availability on the dates selected.

Very truly yours,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

Scott D. Feringa

SDF/sav
W0443010.14
cc:  Sean J. Milano, Esq. (via facsimile/US Mail)
     Thomas T. Reith, Esq. (via facsimile/US Mail)