UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                       )
STEPHANIE HOFER and DOUGLAS HOFER,     )
                                       )
                    Plaintiffs,        )
                                       )   Civil Action
v.                                     )   Docket No. 05-40170 FDS
                                       )
THE GAP, INC., EXPEDIA, INC. and       )
TURTLE BEACH TOWERS,                   )
                                       )
                    Defendants.        )
_____)
```

**DEFENDANT EXPEDIA, INC.'S OPPOSITION TO THE PLAINTIFFS'
REQUEST FOR CLARIFICATION/RECONSIDERATION OF
<u>COURT ORDER DATED JULY 13, 2006</u>**

Pursuant to L.R. 7.1(B), Defendant Expedia, Inc. ("Expedia") hereby opposes the *Plaintiffs' Request for Clarification/Reconsideration of the Court Order Dated July 13, 2006* ("*Plaintiff's Present Motion*"), and states that this Court should deny *Plaintiff's Present Motion* and grant Expedia's *Motion for Sanctions* ("*Motion for Sanctions*")(Docket Paper No. 33), which Expedia filed on August 4, 2006.[1]  In support of the present opposition, Expedia states that: a) the Plaintiffs' have waived their right to reconsideration of the Court's July 13, 2006 order ("*Order*"); b) the Plaintiffs have failed to offer any valid grounds requiring clarification or reconsideration; and c) the Plaintiffs persist in their refusal to respond to Expedia's discovery requests.

---

[1] Plaintiff's recent filing (Docket Paper No. 34) is actually entitled "*Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2004 and Plaintiffs' Memorandum in Opposition to Defendant, Expedia, Inc.'s Motion for Sanctions and Application for Expenses and Fees.*"  Expedia opposes to the "Request" portion of Paper No. 34 here.  Expedia has filed its reply to the "Opposition" portion of Plaintiffs' Paper No. 34 separately.

In further support hereof, Expedia relies upon and incorporates by reference the *Affidavit of Thomas T. Reith, Esq. in Support of Defendant Expedia, Inc.'s Opposition to Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2006 and in Support of Defendant Expedia, Inc.'s Reply to Defendant, Expedia, Inc.'s, Motion for Sanctions and Application for Expenses and Costs ("Second Reith Affidavit")*, which Expedia filed in conjunction herewith.

## I.    Introduction

Somehow, after refusing to respond to Expedia's duly issued discovery requests, refusing to engage in good-faith discovery resolution under L.R. 37.1, forcing Expedia to file a motion to compel discovery, failing to oppose the motion to compel, being ordered on July 13, 2006 to supplement their improper and deficient discovery responses by July 28, 2006 and failing to supplement to date, the Plaintiffs have the tenacity to suggest to this Court that they are entitled to reconsideration. The Plaintiffs' motion comes approximately two months after the *Motion to Compel* was filed (June 15, 2006), approximately one and one-half months after their opposition to the *Motion to Compel* was due under L.R. 7.1(B) (June 29, 2006), approximately one month after the Court entered its *Order* (July 13, 2006) and approximately two weeks after their initial contempt of the *Order* (July 28, 2006).

In support of their motion, the Plaintiffs' argue that they did not file an opposition for two months to the *Motion to Compel* because of "miscommunication between Plaintiffs' counselors" and because Expedia allegedly agreed to stay discovery issues while the Plaintiffs and Expedia addressed settlement. See *Plaintiffs' Present Motion*, p. 2, p. 2, fn. 3 p. 15 and Exhibit D thereto.) The first argument, even if credible, is not a ground for reconsideration. The second argument is simply not true.

## II. Relevant Procedural Background

On June 15, 2006, Expedia filed its *Motion to Compel Supplemental Discovery from the Plaintiffs* ("*Motion*"). *Second Reith Affidavit*, ¶4. The Court did not rule on the *Motion* until July 13, 2006, almost one month after it was filed. *Second Reith Affidavit*, ¶5. During that approximate month-long period, the **Plaintiffs' counsel never discussed the *Motion* with Expedia**, except to acknowledge that Expedia had filed it. *Second Reith Affidavit*, ¶6. **Nor did the Plaintiffs' counsel ever request any extension** from the Court within which to file an opposition to the *Motion*. *Second Reith Affidavit*, ¶7. The **Plaintiffs never filed an opposition** to the *Motion*, until now. *Second Reith Affidavit*, ¶8. The Plaintiffs' counsel **never moved the Court to reconsider its *Order***, until now. *Second Reith Affidavit*, ¶9. To date, the Plaintiffs have not complied with any part of the *Order*. *Second Reith Affidavit*, ¶12.

## III. Argument

A.  **The Plaintiffs do not deny the facts giving rise to the Court's allowance of the *Motion to Compel*, the issuance of the *Order* or Expedia's right to fees and costs.**

(i.)  **The Plaintiffs' have waived their right to clarification or reconsideration.**

As the *Motion to Compel* (Docket Paper No, 28), Expedia's *Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiffs* (the "*Fee Application*") (Docket Paper No. 30), the *Affidavit of Thomas T. Reith, Esq. in Support of Expedia, Inc.'s Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiff* ("*First Reith Affidavit*") (Docket Paper No. 31), Expedia's *Motion for Sanctions* (Docket Paper No. 33), each of which are incorporated and relied upon here, and the *Second Reith Affidavit* demonstrate: 1) the Plaintiffs were served with proper discovery requests by Expedia; 2) the Plaintiffs refused to respond properly to same; 3)

the Plaintiffs refused to supplement same after Expedia attempted in the best of faith to resolve the discovery issues according to L.R. 37.1. Further, as all of the above papers demonstrate, the Plaintiffs do not deny: 1) forcing Expedia to file the *Motion to Compel*; 2) being served with the *Motion to Compel*; 3) having 28 days to oppose the *Motion to Compel* (i.e., from the June 15, 2006 filing date until the July 13, 2006 *Order*); 4) failing to serve and file an opposition within those 28 days; 5) being notified of the *Order* compelling supplementation by July 28, 2006; 6) being notified of the Court's invitation to Expedia to file a fee application and affidavit(s) in support thereof; 7) being notified of Expedia's filing of the *Fee Application* and *First Reith Affidavit*; and, most importantly, 8) failing to comply in any manner with or failing to cure the Plaintiffs' contempt of the *Order*. The Plaintiffs have waived any right to this Court's clarification or reconsideration of the *Order*.[2]

**(ii.)    The Plaintiffs have failed to present any proper grounds for the *Present Motion*.**

    **(a.)    Plaintiffs' counsels' admitted negligence is not a proper ground for clarification or reconsideration.**

Apparently without any concern as to their counsels' malpractice, the Plaintiffs state as their first ground for failing to oppose the *Motion to Compel* **for two months** after its service and filing "miscommunication between Plaintiffs' counselors." See *Plaintiffs' Present Motion*, p. 2. Such inexcusable "miscommunication" is not a proper ground for clarification or

---

[2] Because the Plaintiffs have waived their right to clarification or reconsideration, Expedia has, in an effort to preserve its resources, elected not to file a substantive response to the *Plaintiffs' Present Motion* as it relates to the *Motion to Compel*. See *Plaintiffs' Present Motion*, pp. 1-15. Should the Court be inclined to consider Plaintiffs' "substantive arguments" as to the *Motion to Compel*, Expedia reserves its rights and requests the opportunity to respond. Suffice it to say, the Plaintiffs' arguments on pages 1-15 of their *Present Motion* fail to address Expedia's detailed concerns found in its *Motion to Compel* (see *Motion to Compel* pp. 5-15) in many instances (e.g., the Plaintiffs still refuse to organize their documents to respond to the appropriate discovery request or to admit, as they should, that documents do not exist supporting their claims), yet, in other instances, bolster Expedia's claims that the Plaintiffs' failed to satisfy their discovery obligations or to provide Expedia support for Plaintiffs' baseless suit (e.g., the Plaintiffs admit that they did not consult with Ms. LaBelle, as required under the applicable rules of civil procedure and common law. The Plaintiffs also argue that even if they had consulted with Ms. LaBelle she would have been unable to provide the information requested. This is important for many reasons, but, most importantly, because, without her knowledge, many of the *Complaint* averments remain unsubstantiated after the depositions of the Plaintiffs and written discovery.)

reconsideration. Tellingly, the Plaintiffs offer absolutely no legal authority suggesting, let alone requiring, that this Court clarify or reconsider its proper *Order* under the present, or any other, circumstances.[3]

### (b.) Expedia never agreed to stay the discovery issues while Expedia and the Plaintiffs engaged in settlement discussions. This ground doesn't exist. Thus, it cannot be a proper ground for clarification or reconsideration.

The Plaintiffs would have this Court believe that Expedia takes the Plaintiffs' case seriously, so much so that Expedia agreed to stay all discovery issues, including a Court order and to enter into settlement discussions. See *Plaintiffs' Present Motion*, p. 2, fn. 3 and p. 15 and Exhibit D thereto. The Plaintiffs then ask the Court to accept that the Plaintiffs would have responded to the *Motion to Compel* and/or complied with the *Order* but for the parties' non-existent agreement. The Plaintiffs' positions, which are supposedly supported by Attorney Kuzma's "affidavit," are not supported by the factual and credible record and are knowingly untrue or misleading.

First, Expedia's counsel and the Plaintiffs' counsel spoke on July 14, 2006, one day after the Court entered the *Order* and some two weeks before the date to comply, not "on or about July 20, 2006" as the Plaintiffs argue.[4] See *Second Reith Affidavit*, ¶23. The Plaintiffs would have the Court believe that Expedia's counsel kept Plaintiffs' counsel waiting on settlement discussions, when the credible record demonstrates otherwise. See *Second Reith Affidavit*, ¶¶21-25.

---

[3] The Plaintiffs' argument strains credulity. Both of the Plaintiffs' counsels are attorneys of record, are parties to all ECF activity, were on notice of all filings with the Court as they occurred (in fact, Plaintiffs' counsel acknowledged the filing of the *Motion to Compel*, shortly after Expedia filed it (see *Second Reith Affidavit*, ¶6)) and were on notice of all Court rulings as they occurred.

[4] The July 14, 2006 conversation was not a settlement discussion. Even if it was determined to be, Attorney Kuzma's affidavit allows for and requires Expedia's detailed response. Moreover, Federal Rules of Evidence Rule 408 allows Expedia's present recitation, as Expedia offers it as evidence of the Plaintiffs' and the Plaintiffs' counsels' ongoing violations of the Massachusetts General Laws, the Massachusetts Rules of Professional Conduct and the Federal Rules of Civil Procedure. Such evidence is not subject to Federal Rules of Evidence Rule 408.

Second, when Expedia's counsel spoke to the Plaintiffs' counsel on July 14, 2006, he did not agree to stay discovery; he most certainly did not agree to stay discovery to discuss settlement. See *Second Reith Affidavit*, ¶¶23-28. Instead, Expedia's counsel informed Plaintiffs' counsel, consistent with the position Expedia has maintained since filing its *Answer* and the *Joint Statement*, that the Plaintiffs' case was baseless, that the Plaintiffs needed to dismiss the suit against Expedia and discharge and release Expedia, and that, if the Plaintiffs did not, Expedia intended to seek damages under Massachusetts General Laws ch. 231, Section 6F and Federal Rules of Civil Procedure Rule 11. See *Second Reith Affidavit*, ¶23; see also generally *Answer*; *Joint Statement*, pp. 2-3. **To which the Plaintiffs' counsel admitted the frivolity of the Plaintiffs' suit against Expedia, but stated that he "was not going to drop the case," even though he was "never comfortable having Expedia in the case" in the first place and "didn't need Expedia in the case" to go after the Gap," because he "could not let Expedia go for nothing."** See *Second Reith Affidavit*, ¶23(b)-(e) and (l).

Third, the Plaintiffs never confirmed the supposed agreement to stay discovery and to engage in settlement discussions in any form. See *Second Reith Affidavit*, ¶21.

Fourth, Expedia pressed discovery from July 13, 2006 on, fully intended to move for sanctions due to the Plaintiffs' wanton contempt of the *Order* and notified the Plaintiffs of their intentions to press discovery and file for sanctions well in advance of August 4, 2006. See *Second Reith Affidavit*, ¶¶10-21, 28.

Fifth, the Plaintiffs never objected in any form to repeated notices from Expedia as to the Plaintiffs' failure to comply with discovery and the *Order,* despite having myriad opportunities to do so. See *Second Reith Affidavit*, ¶¶10-21, 26.

The patent inconsistencies between the credible factual record and the Plaintiffs' positions cannot be ignored. The Plaintiffs are not entitled to clarification or reconsideration.

### (c.) Expedia has acted in the best of faith throughout this action, and, more specifically, in connection with discovery.

Despite the Plaintiffs' unsupported protestations, Expedia has engaged in the best of faith throughout discovery.[5] Indeed, where requested, Expedia provided the Plaintiffs extension to reply to discovery and otherwise provided the Plaintiffs every opportunity to address the issues subject to the *Motion to Compel* prior to Expedia's filing of same, to oppose the *Motion to Compel* after it was filed and to comply with the *Order*. See *Motion to Compel*, pp. 3-5 and p. 17 (Federal Rule of Civil Procedure Rule 37 and Local Rule 37.1 Certificate); see also *First Reith Affidavit*, ¶¶25-26; *Motion for Sanctions*, pp. 2-4. Despite record proof of Expedia's proper discovery activity, the Plaintiffs argue to the contrary.

First, the Plaintiffs wrongly allege that Expedia improperly objected to the Plaintiffs' document requests. See *Plaintiffs' Present Motion*, p. 19.[6] Expedia respectfully refers this Court to the Plaintiffs' document requests. See *Plaintiffs' Present Motion*, Exhibit B. Even a cursory review of the requests (which, for the most part seek either work product or documents unrelated to the incidents alleged in the *Complaint* or the defenses set forth in Expedia's *Answer*) and Expedia's responses thereto reveal that Expedia's responses fully comply with the governing rules of civil procedure.

Second, the Plaintiffs allege that Expedia improperly answered the Plaintiffs' document requests. See *Plaintiffs' Present Motion*, p. 19. Expedia respectfully refers this Court to the Plaintiffs' interrogatories. See *Plaintiffs' Present Motion*, Exhibit C. Again, even a cursory

---

[5] This issue is not properly before the Court. The Plaintiffs refuse to engage Expedia in good-faith L.R. 37.1 practice in connection with this issue. See *Second Reith Affidavit*, ¶¶32-34.
[6] For some reason, the Plaintiffs make much of Expedia actually admitting they could not locate a certain document. Expedia is at a loss of how such an admission is evidence of anything but best-faith discovery practice.

review of the interrogatories (which, for the most part use undefined and vague terminology and request information that is unrelated to the incidents alleged in the *Complaint* or the defenses set forth in Expedia's *Answer*, and would require undue expense of time, effort and monies by Expedia to answer) and Expedia's responses thereto reveal that Expedia's answers fully comply with the governing rules of civil procedure.[7]

The Plaintiffs' third complaint concerning the Jamaican depositions is one with The Gap, Inc. not Expedia.  See *Plaintiffs' Present Motion*, p. 18.

The Plaintiffs' resorting to tying Expedia into a purported issue the Plaintiffs had with The Gap, Inc. bespeaks of the Plaintiffs' desperation to paint Expedia the transgressor.[8]  The Plaintiffs' desperate attempts are belied by the factual and credible record.  Expedia has conducted itself properly and comported its behavior to the rules that govern the parties.

### B. Expedia is still entitled to its costs and fees in connection with the *Motion to Compel*.[9]

Federal Rule of Civil Procedure Rule 37(a)(4)(A) states in pertinent part:

(4) Expenses and Sanctions

(A) **If the motion [to compel] is granted…the Court shall**, after affording an opportunity to be heard, **require the party**…whose conduct necessitated the motion or the party **or attorney** advising such conduct **or both of them to pay** the moving party **the reasonable expenses incurred in making the motion, including attorney's fees**, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery

---

[7] The Plaintiffs also take issue with Expedia's objecting to **one** of their interrogatories as "unintelligible," "unanswerable" and "convoluted." (The Plaintiffs incorrectly infer it was more than one. See *Plaintiffs' Present Motion*, p. 19, third full ¶.) For some reason, the Plaintiffs failed to pinpoint the subject interrogatory. So, Expedia refers the Court to *Plaintiffs' Present Motion*, Exhibit C, interrogatory number four, which reads, in pertinent part: "Set forth the name, address, and present employer's name and address, the date of and the time of each contract that was entered into between Expedia, Inc. and Turtle Beach Towers…." Expedia's objection was and is proper.

[8] Expedia says "purported," because the scheduling issue complained of by the Plaintiffs' was not real.  To the extent necessary, Expedia can provide this Court evidence demonstrating that the Plaintiffs' counsel used their alleged conflict in an attempt to force the defendants to put off depositions and extend the discovery period.

[9] So as to avoid over-repetition, and for a more detailed explanation as to Expedia's right to the fees and costs associate with having to bring the *Motion to Compel*, Expedia respectfully refers the Court to pages 3-4 of the *Fee Application*.

without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expense unjust.

Federal Rule of Civil Procedure Rule 37(a)(4)(A). (Emphasis added).

The Plaintiffs forced Expedia to file their *Motion to Compel* on June 15, 2006. Despite being afforded the opportunity to oppose the *Motion to Compel*, and to be heard on same, the Plaintiffs the sat idle for approximately two months – until they filed they the *Plaintiffs' Present Motion* on August 11, 2006. Prior to August 11, 2006, they did not engage the Court or Expedia as to the substance of the *Motion to Compel* or the resulting *Order*. Worse yet, they have made no attempts to comply with the *Order* to date.

The Plaintiffs have not disputed the monies sought via the *Fee Application* and *First Reith Affidavit*. Nor have the Plaintiffs' denied that their counsel, Attorney Stephen Kuzma, mockingly referred to an award of such expenses and fees "as a cost of doing business." See *First Reith Affidavit*, ¶28.

But for the Plaintiffs' behavior, Expedia would not have had to file the *Motion to Compel* in the first instance, and incur the expenses and costs associated therewith. The plain language of Federal Rule of Civil Procedure Rule 37(a)(4)(A) requires Expedia be awarded those expenses and fees. Expedia is entitled to, and the Court should award, among other expenses and fees to be determined at a later point, the $5,187.00 incurred in connection with the *Motion to Compel*. See *First Reith Affidavit*, ¶22.

### C. This Court should also award Expedia its costs and expenses in having to oppose the *Plaintiff's Present Motion*

The Plaintiffs, who persist in withholding the requested discovery, could not possibly have filed the *Plaintiffs' Present Motion* in good faith, as no proper grounds for same exist. The Plaintiffs' filing of the *Plaintiffs' Present Motion* was unnecessary, wasteful of both Expedia's

and the Court's time and resources and further evidence of the Plaintiffs dilatory *modus operandi*.

This Court should send the message to the Plaintiffs that they cannot make light of Expedia's and the Court's time and monies. The Court should also send a message to Plaintiffs' counsel that they cannot take positions directly contradicted by the factual and credible record, or submit untruthful or misleading affidavits, and not suffer any consequence.

Accordingly, pursuant to L.R. 1.3, Expedia is entitled to and requests its expenses and costs in having to bring the present opposition.

WHEREFORE, Expedia respectfully prays this Court to:

1. Deny the *Plaintiff's Request for Clarification/Reconsideration of the Court Order* (Docket Paper No. 34).

2. Award Expedia the amount set forth in Expedia's *Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiffs* (Docket Paper No. 30);

3. Grant Expedia's *Motion for Sanctions*, and award all related relief prayed for therein (Docket Paper No. 33);

4. Award Expedia its costs and expenses in connection with having to file the present opposition; and

5. Award any and all other relief that this Court deems just and warranted.

IN THE ALTERNATIVE, AND TO THE EXTENT THE COURT IS INCLINED TO GRANT THE PLAINTIFFS TIME TO SUPPLEMENT UNDER THE ORDER AND DENY EXPEDIA'S *MOTION FOR SANCTIONS*, Expedia respectfully prays this Court to:

1. Compel the Plaintiffs to serve the supplementation ordered on July 13, 2006 within five calendar days of entrance of order here;

2. Still award Expedia the amount set forth in Expedia's *Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiffs* (Docket Paper No. 30), as required by Federal Rules of Civil Procedure Rule 37(A)(4)(a); and

3. Award any and all other relief that this Court deems just and warranted.

IN THE SECOND ALTERNATIVE, AND TO THE EXTENT THE COURT IS INCLINED TO RECONSIDER ITS JULY 13, 2006 *ORDER*, AND CONSIDER THE ARGUMENTS FOUND AT PAGES 1-15 OF THE *PLAINTIFFS' PRESENT MOTION* AND DENY EXPEDIA'S *MOTION FOR SANCTIONS*, Expedia respectfully prays this Court to:

1. Allow Expedia five business days to serve its substantive response to the *Plaintiffs' Present Motion*;

2. Still award Expedia the amount set forth in Expedia's *Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiffs* (Docket Paper No. 30), as required by Federal Rules of Civil Procedure Rule 37(A)(4)(a); and

3. Award any and all other relief that this Court deems just and warranted.

Respectfully submitted,

EXPEDIA, INC.,
By its attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 854-4000

Dated: August 17, 2006

### CERTIFICATE OF PLAINTIFFS' COUNSELS' FAILURE TO CONSULT PURSUANT TO L.R. 7.1

I, Thomas T. Reith, hereby certify that the Plaintiffs counsel never consulted with me or anyone else at my office pursuant to L.R. 7.1 (A)(2) in connection with the *Plaintiffs' Present Motion*.

Dated: August 17, 2006                           /s/ Thomas T. Reith

### CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 17th day of August 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith