UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) | Docket No. 05-40170 FDS |
| THE GAP, INC., EXPEDIA, INC. and TURTLE BEACH TOWERS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT EXPEDIA, INC.'S REPLY TO THE PLAINTIFFS' MEMORANDUM IN OPPOSITION TO EXPEDIA, INC.'S**
<u>**MOTION FOR SANCTIONS AND APPLICATION FOR EXPENSES**</u>

Pursuant to "Procedural Provision" No. 3 of the Court's February 3, 2006 *Scheduling Order*, Defendant Expedia, Inc. ("Expedia") hereby replies to *Plaintiffs' Memorandum in Opposition to Defendant Expedia, Inc.'s Motion for Sanctions and Applications for Expenses and Costs* ("*Plaintiff's Present Opposition*"), and states that this Court should grant Expedia's *Motion for Sanctions* ("*Motion for Sanctions*")(Docket Paper No. 33), which Expedia filed on August 4, 2006.[1] In support of the present reply, Expedia states that: a) the Plaintiffs' discovery

---

[1] Plaintiff's recent filing (Docket Paper No. 34) is actually entitled "*Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2004 and Plaintiffs' Memorandum in Opposition to Defendant, Expedia, Inc.'s Motion for Sanctions and Application for Expenses and Fees.*" Expedia has filed its reply to the "Opposition" portion of Plaintiffs' Paper No. 34 here. Expedia has opposed to the "Request" portion of Paper No. 34 separately. There is some overlap and repetition as between Expedia's two filings, because the Plaintiffs' Paper No. 34 unfortunately blurs a number of Expedia's filings; namely, Expedia's *Motion to Compel* (Docket Paper No. 28), Expedia's *Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiffs* (the "*Fee Application*") (Docket Paper No. 30), the *Affidavit of Thomas T. Reith, Esq. in Support of Expedia, Inc.'s Memorandum of Law in Support of its Application for Expenses and Fees and Costs in Connection with its Motion to Compel Supplemental Discovery from Plaintiff* ("*First Reith Affidavit*") (Docket Paper No. 31) and Expedia's *Motion for Sanctions*, (Docket Paper No. 33). Expedia incorporates and relies upon here Docket Papers Nos. 28, 30, 31 and 33.

tactics and overall behavior warrant the dismissal of their admitted baseless suit; and b) the Plaintiffs have failed to offer any valid factual or legal grounds justifying their behavior.

In further support hereof, Expedia relies upon and incorporates by reference the *Affidavit of Thomas T. Reith, Esq. in Support of Defendant Expedia, Inc.'s Opposition to Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2006 and in Support of Defendant Expedia, Inc.'s Reply to Defendant, Expedia, Inc.'s, Motion for Sanctions and Application for Expenses and Costs ("Second Reith Affidavit")*, which Expedia filed in conjunction herewith.

## I.   Introduction

Unbelievably, and in the face of the record established by Expedia's *Motion to Compel, Fee Application, First Reith Affidavit* and *Motion for Sanctions*, the Plaintiffs offer no apologies for their rampant bad-faith abuses of the discovery process, intentional disregard of the Court's July 13, 2006 order ("*Order*") and flouting of the governing rules of civil procedure. Nor do the Plaintiffs explain their claimed entitlement to remain in contempt of the *Order*. Nor do the Plaintiffs deny the facts giving rise to Expedia's right to the relief requested in the *Motion for Sanctions*. Instead, they try to explain away those facts and offer unsupported, improper and untrue reasons for why Expedia is not entitled to the relief sought via its *Motion for Sanctions*. The Court should disregard the *Plaintiffs' Present Opposition* and grant Expedia's *Motion for Sanctions*.

## II.   Relevant Procedural Background

On June 15, 2006, Expedia filed its *Motion to Compel Supplemental Discovery from the Plaintiffs* ("*Motion*"). *Second Reith Affidavit*, ¶4. The Court did not rule on the *Motion* until July 13, 2006, almost one month after it was filed. *Second Reith Affidavit*, ¶5. During that

approximate month-long period, the **Plaintiffs' counsel never discussed the *Motion* with Expedia**, except to acknowledge that Expedia had filed it. *Second Reith Affidavit*, ¶6. **Nor did the Plaintiffs' counsel ever request any extension** from the Court within which to file an opposition to the *Motion*. *Second Reith Affidavit*, ¶7. The **Plaintiffs never filed an opposition** to the *Motion*, until now. *Second Reith Affidavit*, ¶8. The Plaintiffs' counsel **never moved the Court to reconsider its *Order***, until now. *Second Reith Affidavit*, ¶9. To date, the Plaintiffs have not complied with any part of the *Order*. *Second Reith Affidavit*, ¶12.

### III.   Argument

A.   The Court should grant Expedia's *Motion for Sanctions*, as the Plaintiffs do not deny the facts giving rise to Expedia's right to the relief requested via same.

(i.)   The Plaintiffs have knowingly flouted the governing rules of civil procedure, purposefully compelled unnecessary discovery motion practice, and intentionally disregarded the *Order*, all-the-while maintaining their baseless suit against Expedia.

As Expedia's *Motion to Compel, Fee Application, First Reith Affidavit, Motion for Sanctions* and *Second Reith Affidavit* demonstrate: 1) the Plaintiffs were served with proper discovery requests by Expedia; 2) the Plaintiffs refused to respond properly to same; 3) the Plaintiffs refused to supplement same after Expedia attempted in the best of faith to resolve the discovery issues according to L.R. 37.1.

In fact, the Plaintiffs do not deny: 1) forcing Expedia to file the *Motion to Compel*; 2) being served with the *Motion to Compel*; 3) having 28 days to oppose the *Motion to Compel* (i.e., from the June 15, 2006 filing date until the July 13, 2006 order ("*Order*"); 4) failing to serve and file an opposition within those 28 days; 5) being notified of the *Order* compelling supplementation by July 28, 2006; 6) being notified of the Court's invitation to Expedia to file a fee application and affidavit(s) in support thereof; 7) being notified of Expedia's filing of the *Fee*

*Application* and *First Reith Affidavit*; and, most importantly, 8) failing to comply in any manner with or failing to cure the Plaintiffs' contempt of the *Order*.

Moreover, the *Plaintiffs' Present Opposition*, does not deny or refute Expedia's contention that the Plaintiffs' suit is baseless, or provide facts or legal authority to overcome Expedia's contention. The Plaintiffs do not, because they cannot.

Lest the Plaintiffs later argue that Expedia did not repeatedly offer support of its contention, Expedia again states: 1) In advertising defendant Turtle Beach Towers (the "Resort") on its website, Expedia did not act, nor was Expedia acting in the particular instance at bar, as an agent of the Resort. Thus, Expedia is not liable to the Plaintiffs for any damages allegedly caused them while Plaintiff Stephanie Hofer was present at the Resort; 2) Expedia had no reason to know of, or duty to know of, the alleged conditions of the Resort's premises. Therefore, Expedia owed no duty to warn Plaintiff Stephanie Hofer as to said alleged condition(s), and the Plaintiffs are not entitled to recover against Expedia. See McElheny v. Trans Nat'l. Travel, Inc. 165 F.Supp. 2d 190, 197 and 204 (D.R.I. 2001) (under Massachusetts law, "[t]our operators do not have a duty to avoid or warn of hazards of which they have no knowledge or that are not within their control." Indeed, "Courts have generally declined to impose liability on travel agents and tour operators for injuries sustained by clients aboard vessels, buses and other modes of transportation or at hotels or other destinations");[2] 3) Neither of the Plaintiffs booked the trip via Expedia.com. A third-party booked the trip. Accordingly, the Plaintiffs have no standing as to Expedia; 4) Even assuming the Plaintiffs can demonstrate standing, which they cannot, the booking of the trip on Expedia.com was subject to Expedia, Inc.'s *Web Site Terms, Conditions,*

---

[2] Again, as Expedia has stated before, even assuming Expedia was agent to the Resort, which it was not, while it is a matter of blackletter law that an agent's knowledge may be imputable to the principal, there is no case law suggesting that the knowledge of the principal is imputable to the agent. Accordingly, any knowledge the Resort may have had about the subject alleged dangerous condition is not imputable to Expedia.

*and Notices*, which contains an express liability disclaimer that prohibits any recovery by the Plaintiffs. See e.g. I.LAN Systems, Inc. v. NetScout Service Level Corp., 183 F. Supp. 2d 328 (D. Mass. 2002) (finding "clickwrap" agreements appropriate way to form contract, and upholding limitation of liability provision therein).

During a telephone call with Expedia's counsel on July 14, 2006, Plaintiffs' own counsel admitted that the Plaintiffs' case was frivolous, only intended to extort monies from Expedia, when he stated that **he "was not going to drop the case," even though he was "never comfortable having Expedia in the case" in the first place and "didn't need Expedia in the case" to go after the Gap,"** because he "could not let Expedia go for nothing." See *Second Reith Affidavit*, ¶23(b)-(e), (l).

As dictated by the applicable legal authority, the above facts necessitate sanctioning the Plaintiffs by dismissing their admittedly baseless suit. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (holding sanction of dismissal for failure to comply with pretrial production order appropriate where respondents acted in "flagrant bad faith" and counsel "callous[ly] disregard[ed]" responsibilities); Marta Diaz-Fonseca v. Commonwealth of Puerto Rico, 451 F.3d 13, 25 (1st Cir. 2006) (citing Damiani v. R.I. Hosp., 704 F.2d 12, 15 (1st Cir. 1983) (nothing in Rule 37(b)(2) even suggests [as the Plaintiffs do here] that the sanction of dismissal only can be used after considering and trying all other sanctions); Eugene B. Bowler v. State of Maine, et al, 23 Fed.Appx. 20 (1st Cir. 2001) (dismissal of complaint appropriate under Fed.R.Civ.P. Rule 37(b)(2)(C) where plaintiff did not respond appropriately to discovery, was

recalcitrant in connection with Court discovery order **and where plaintiff was not likely to prevail on his underlying claims**).[3]

Contrary to the Plaintiffs' arguments, they can be sanctioned as requested, even if they had only disobeyed "one" court order. See Jomar Packaging Corporation, et als v. Kobel International, Inc. et als, 2000 U.S. App. LEXIS 20964 (1st Cir. 2000) (dismissal of complaint appropriate under Fed.R.Civ.P. Rule 37(b)(2)(C) where plaintiff disobeyed a single court order).[4] Truth be told, however, we are not talking about the Plaintiffs' contempt of but one order. We are talking about the Plaintiffs' knowing refusal to engage in proper discovery behavior, failure to offer support for its suit against Expedia via discovery, forcing Expedia to file the *Motion to Compel* (which, in actuality, was three motions to compel in one), sitting back for two months and not filing an opposition thereto, failing to comply with the *Order*, filing of the present meritless *Plaintiffs' Present Opposition* and maintaining their baseless suit. Thus, the Plaintiffs' attempts to distinguish their behavior from that of the sanctioned parties found in Expedia's *Motion for Sanction's* authorities are unavailing. The Court should grant the *Motion for Sanctions*.

### (ii.) The Court should grant the *Motion for Sanctions*, as the Plaintiffs have failed to present any grounds requiring otherwise.

### (a.) Expedia never agreed to stay the discovery issues while Expedia and the Plaintiffs engaged in settlement discussions. This ground doesn't exist. Thus, it cannot be a proper ground for denying Expedia's *Motion for Sanctions*.

The Plaintiffs would have this Court believe that Expedia takes the Plaintiffs' case seriously, so much so that Expedia agreed to stay all discovery issues, including a Court order and to enter into settlement discussions. See *Plaintiffs' Present Motion*, p. 2, fn. 3 and p. 15 and

---

[3] A true and accurate copy of this case is appended as Exhibit 3 to the *Motion for Sanctions*.
[4] A true and accurate copy of this case is appended as Exhibit 4 to the *Motion for Sanctions*. This is but one more case that the Plaintiffs failed to address in their *Present Opposition*. See *Plaintiffs' Present Opposition*, pp. 16-17.

Exhibit D thereto. The Plaintiffs then ask the Court to accept that the Plaintiffs would have responded to the *Motion to Compel* and/or complied with the *Order* but for the parties' non-existent agreement. The Plaintiffs' positions, which are supposedly supported by Attorney Kuzma's "affidavit," are not supported by the factual and credible record and are knowingly untrue or misleading.

First, Expedia's counsel and the Plaintiffs' counsel spoke on July 14, 2006, one day after the Court entered the *Order* and some two weeks before the date to comply, not "on or about July 20, 2006" as the Plaintiffs argue.[5] See *Second Reith Affidavit*, ¶23. The Plaintiffs would have the Court believe that Expedia's counsel kept Plaintiffs' counsel waiting on settlement discussions, when the credible record demonstrates otherwise. See *Second Reith Affidavit*, ¶¶21-25.

Second, when Expedia's counsel spoke to the Plaintiffs' counsel on July 14, 2006, he did not agree to stay discovery; he most certainly did not agree to stay discovery to discuss settlement. See *Second Reith Affidavit*, ¶¶23-28. Instead, Expedia's counsel informed Plaintiffs' counsel, consistent with the position Expedia has maintained since filing its *Answer* and the *Joint Statement*, that the Plaintiffs' case was baseless, that the Plaintiffs needed to dismiss the suit against Expedia and discharge and release Expedia, and that, if the Plaintiffs did not, Expedia intended to seek damages under Massachusetts General Laws ch. 231, Section 6F and Federal Rules of Civil Procedure Rule 11. See *Second Reith Affidavit*, ¶23; see also generally *Answer*; *Joint Statement*, pp. 2-3. **To which the Plaintiffs' counsel admitted the frivolity of the Plaintiffs' suit against Expedia, but stated that he "was not going to drop the case," even**

---

[5] The July 14, 2006 conversation was not a settlement discussion. Even if it was determined to be, Attorney Kuzma's affidavit allows for and requires Expedia's detailed response. Moreover, Federal Rules of Evidence Rule 408 allows Expedia's present recitation, as Expedia offers it as evidence of the Plaintiffs' and the Plaintiffs' counsels' ongoing violations of the Massachusetts General Laws, the Massachusetts Rules of Professional Conduct and the Federal Rules of Civil Procedure. Such evidence is not subject to Federal Rules of Evidence Rule 408.

though he was "never comfortable having Expedia in the case" in the first place and "didn't need Expedia in the case" to go after the Gap," because he "could not let Expedia go for nothing." See *Second Reith Affidavit*, ¶23(b)-(e) and (l).

Third, the Plaintiffs never confirmed the supposed agreement to stay discovery and to engage in settlement discussions in any form. See *Second Reith Affidavit*, ¶21.

Fourth, Expedia pressed discovery from July 13, 2006 on, fully intended to move for sanctions due to the Plaintiffs' wanton contempt of the *Order* and notified the Plaintiffs of their intentions to press discovery and file for sanctions well in advance of August 4, 2006. See *Second Reith Affidavit*, ¶¶10-21, 28.

Fifth, the Plaintiffs never objected in any form to repeated notices from Expedia as to the Plaintiffs' failure to comply with discovery and the *Order*, despite having myriad opportunities to do so. See *Second Reith Affidavit*, ¶¶10-21, 26.

The patent inconsistencies between the credible factual record and the Plaintiffs' positions cannot be ignored. Expedia is entitled to the relief it seeks via its *Motion for Sanctions*.

    **(b.)** **Expedia has acted in the best of faith throughout this action, and, more specifically, in connection with discovery.**

As more full set forth at pages 7-9 of *Defendant Expedia, Inc.'s Opposition to the Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2006*, which Expedia has filed herewith and fully incorporates herein by reference, Expedia has conducted itself properly and comported its behavior to the rules that govern the parties, and is entitled to the sanctions requested via the *Motion for Sanctions*.

**B.     Expedia is still entitled to expenses and costs in having to bring the *Motion for Sanctions* AND IS NOW entitled to its costs and expenses in having to reply to the Plaintiffs' meritless *Present Opposition*.**

Federal Rule of Civil Procedure Rule 37(b)(2) provides in pertinent part that:

> In lieu of any of the foregoing orders **or in addition thereto, the court shall require the party** failing to obey the order **or the attorney** advising that party **or both to pay the reasonable expenses, including attorney's fees**, caused by the failure, unless the Court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

The Plaintiffs: 1) disregarded the applicable rules of civil procedure by their failing and refusing to properly respond to Expedia's discovery requests; 2) failed to act in good-faith in connection with the L.R. 37.1 discovery dispute resolution process; 3) unnecessarily forced Expedia, at a substantial expense of time, effort and money, to enlist the Court via its *Motion to Compel* to procure documents that Expedia was entitled to; 4) failed to oppose the motion for two months (or to do anything at all in connection with the *Motion to Compel*), and did so only after the *Order* entered and Expedia had filed the *Fees Application*, *First Reith Affidavit* and *Motion for Sanctions*; and 5) offered no reason, good faith or otherwise, for their behavior or contempt of the *Order*, even when provided the opportunity, until August 11, 2006, when they filed the meritless *Present Opposition*.

Thus, Expedia is still entitled to the expenses and costs associated with having to bring the *Motion for Sanctions*, in addition to the dismissal of the Plaintiffs' suit against Expedia, under Federal Rule of Civil Procedure 37(B)(2).

Moreover, Expedia is entitled under L.R. 1.3 to its expenses and costs in having to offer this reply to the unfounded *Plaintiffs' Present Opposition*.

WHEREFORE, Expedia respectfully prays this Court to:

1. Grant Expedia *Motion for Sanctions* (Docket Paper No. 33), and award all related relief prayed for therein, including an award of Expedia's expenses and costs in having to bring same;

2. Award Expedia its costs and expenses in connection with having to file the present reply; and

3. Award any and all other relief that this Court deems just and warranted.

Respectfully submitted,

EXPEDIA, INC.,
By its attorneys,

/s/ Thomas T. Reith
Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
125 Summer Street
Boston, MA  02110
(617) 854-4000

Dated:  August 17, 2006

## CERTIFICATE OF SERVICE

I, Thomas T. Reith, hereby certify that on this 17th day of August 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith