UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and DOUGLAS HOFER, )
            Plaintiffs, )
                         ) Civil Action
v.                          ) Docket No. 05-40170 FDS
THE GAP, INC., EXPEDIA, INC. and )
TURTLE BEACH TOWERS, )
           Defendants. )

**AFFIDAVIT OF THOMAS T. REITH, ESQ.**
**IN SUPPORT OF DEFENDANT EXPEDIA, INC.'S OPPOSITION TO PLAINTIFFS'**
**REQUEST FOR CLARIFICATION/RECONSIDERATION OF**
**COURT ORDER DATED JULY 13, 2006**
**AND**
**IN SUPPORT OF DEFENDANT EXPEDIA, INC'S REPLY TO PLAINTIFFS'**
**MEMORANDUM IN OPPOSITION TO DEFEDANT, EXPEDIA, INC.'S, MOTION FOR**
**SANCTIONS AND APPLICATION FOR EXPENSES AND COSTS**

I, Thomas T. Reith, do hereby depose and state:

1.     I am associated with the law firm of Burns & Levinson LLP, and I am co-counsel of record for Expedia, Inc. ("Expedia").

2.     I offer this affidavit based upon my personal knowledge and in support of two separate filings made by Expedia. The first such filing is *Defendant Expedia, Inc.'s Opposition to Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2006*. The second such filing is *Defendant Expedia, Inc.'s Reply to Plaintiff's Memorandum in Opposition to Defendant, Expedia, Inc.'s Motion for Sanctions and Application for Expenses and Costs*.

3.     The arguments made and positions taken by the Plaintiffs and their counsel in *Plaintiffs' Request for Clarification/Reconsideration of Court Order Dated July 13, 2006 and Plaintiffs' Memorandum in Opposition to Defendant, Expedia, Inc.'s, Motion for Sanctions and Application for Expenses and Costs* ("Plaintiffs Motion and Opposition") are untrue and contradicted by the credible factual record.

A.  **Brief Relevant Procedural History**[1]

(i.)  The *Motion to Compel Supplemental Discovery from the Plaintiffs*

4.  On June 15, 2006, Expedia filed its *Motion to Compel Supplemental Discovery from the Plaintiffs* ("*Motion*").

5.  The Court did not rule on the *Motion* until July 13, 2006, almost one month after it was filed.

6.  During that approximate month-long period, the **Plaintiffs' counsel never discussed the *Motion* with me**, except to acknowledge that I had filed it.

7.  **Nor did the Plaintiffs' counsel ever request any extension** from the Court within which to file an opposition to the *Motion*.

8.  The **Plaintiffs never filed an opposition** to the *Motion*, until now.

9.  The Plaintiffs' counsel **never moved the Court to reconsider its *Order***, until now.

(ii.)  **Expedia's fee petition**

10.  Consistent with the *Order*, on July 28, 2006, I, on Expedia's behalf, filed Expedia's *Memorandum of Law in Support of its Application for Expenses and Costs in Connection with its Motion to Compel Supplemental Discovery from the Plaintiffs* ("*Fee Petition*") (see Docket Paper No. 30) and the *First Reith Affidavit* (see Docket Paper No. 31).

11.  The Plaintiffs' counsel did not write to me or call me to respond, or otherwise object to, my filing of the *Fee Petition* or the *First Reith Affidavit*.

12.  Instead, the Plaintiffs and their counsel failed to supplement the Plaintiffs' discovery responses by July 28, 2006, as required by the *Order*. In fact, **they have not complied with any part of the *Order* to date**.

(iii.)  **Expedia's motion for sanctions**

13.  On August 1, 2006, I notified the Plaintiffs' counsel in writing (via facsimile and first class mail), of the Plaintiffs' failure to comply with the *Order* and Expedia's intent to file the motion for sanctions (see Docket Paper No. 33). See Exhibit 1 hereto, which is a true and accurate copy of my August 1, 2006 letter to Plaintiffs' counsel.

---

[1] For a full discussion as to the Plaintiffs' behavior leading up to Expedia's filing of the *Motion*, I respectfully refer the Court to pages 3–15 of the *Motion* (see Docket Paper No. 28) and ¶¶4-12 of the *Affidavit of Thomas T. Reith, Esq. in Support of Defendant Expedia, Inc.'s Application for Expenses and Costs* ("*First Reith Affidavit*") (see Docket Paper No. 31).

14. The Plaintiffs' counsel did not write to me or call me, or otherwise object to or respond to, my notice of intent to file a motion for sanctions or otherwise address the *Order*.

15. Instead, Plaintiffs' counsel, Attorney India Minchoff, sent me a letter on August 2, 2006 that only addressed the Plaintiffs' then (and ongoing) failure to comply with their obligations as to Expedia's second set of document requests. See Exhibit 2 hereto, which is a true and accurate copy of Attorney Minchoff's August 2, 2006 letter to my office.[2]

16. On August 3, 2006, at my direction, my assistant, Barbara Haskell contacted both counsel for the Plaintiffs offices' and requested a telephonic conference with the Plaintiffs' counsel for August 4, 2006.

17. The parties conducted the teleconference on August 4, 2006.

18. During that August 4, 2006 teleconference, I again informed Plaintiffs' counsel that, per the *Order*, they were to have provided the supplemental discovery by July 28, 2006, that they did not and that I was going to move on August 4, 2006 for sanctions.

19. I then invited them to pass comment or to offer a response. The Plaintiffs' counsel offered no explanation as to their and the Plaintiffs' contempt of the July 13, 2006 *Order*, nor did they offer to comply with the *Order*.

20. **More specifically, the Plaintiffs' counsel did not take the position, and, indeed, never mentioned that the purported settlement discussions and/or staying of discovery precluded my filing of the *Motion for Sanctions*.**

21. Despite having every opportunity to oppose the *Motion*, to comply with the *Order*, to request further opportunity to comply with the *Order* and, most importantly, **to confirm the alleged agreement -- either verbally or in writing -- to stay discovery while settlement was discussed**, the Plaintiffs' counsel did not.

---

[2] Attorney Minchoff's letter also attempted to create some issue as to my discovery efforts. I responded and quieted her issues via my August 4, 2006 letter to her office. I have appended a true and accurate copy of same hereto as Exhibit 3. Also, despite the Plaintiffs' service of their response to Expedia's second series of document requests (without the required document production) on August 10, 2006, some two months and eight days after Expedia requested same, Expedia will have to and intends on moving to compel additional documents and information from the Plaintiffs. See Exhibit 3 hereto.

    **B.**    <u>**Contrary to the Affidavit of Attorney Stephen Kuzma, I spoke with Attorney Kuzma on July 14, 2006, almost one full month after I filed the *Motion* on Expedia's behalf, one day after the Court entered the *Order* and some two weeks before the supplementation deadline, NOT on July 20, 2006.**</u>

22.    Following a detailed discussion that I had on July 13, 2006 with Plaintiffs' counsel, Attorney Minchoff, wherein I broke down, among other things, the frivolity of the Plaintiffs' suit against Expedia, the legal authority that would enable Expedia's summary judgment success, Plaintiff Stephanie Hofer's credibility issues (as revealed via her deposition testimony), the meaning of Attorney Minchoff's statement at the second day of Ms. Hofer's deposition that the Plaintiffs case against Expedia was "on much different footing than their case against the Gap," Expedia's demand that the Plaintiffs drop their case against Expedia and discharge and release Expedia and Expedia's intent to move under Massachusetts General Laws ch. 231, Section 6F against the Plaintiffs themselves and Federal Rules of Civil Procedure Rule 11 against the Plaintiff's counsels individually, I received a telephone call from Plaintiffs' other counsel, Attorney Stephen Kuzma.

23.    Contrary to paragraph 2 of Attorney Kuzma's affidavit, I spoke with Attorney Kuzma on July 14, 2006, not "on or about July 20, 2006." Below is a synopsis of the present relevant portions of that July 14, 2006 discussion.

    a.    I told Attorney Kuzma, as I told Attorney Minchoff the day before, that his clients needed to dismiss the case against Expedia and discharge and release Expedia.

    b.    **Attorney Kuzma said that he was "not going to drop the case."**

    c.    **Incredibly, he said that he "never felt comfortable having Expedia in the case" in the first place.**

    d.    **He said that he "didn't need Expedia in the case" to go after the Gap.**

    e.    **But, he said that he "could not let Expedia go for nothing."**

    f.    He asked if I wanted him to make a settlement demand.

    g.    I told Attorney Kuzma the value he and his clients got was the time, money and effort that Expedia put in to date.

    h.    I told him that Expedia was entitled to more under the *Order*.

    i.    I told him that, if granted in full, Expedia's fee application could cost his client or Plaintiffs' counsel four to five thousand dollars.

    j.    **Unbelievably, Attorney Kuzma told me that he viewed that "as a cost of doing business."**

    k.      I asked Attorney Kuzma why he wasn't "comfortable with Expedia being in the case" in the first place.

    l.      **Attorney Kuzma stated that the proximate cause and relationship to the injury/damages clearly "has more to do with the sandal breaking" than the booking of a trip via "Expedia."**

    m.      I informed Attorney Kuzma of Expedia's intent to move under Massachusetts General Laws ch. 231, Section 6F against the Plaintiffs themselves and Federal Rules of Civil Procedure Rule 11 against the Plaintiff's counsels individually

    n.      I recall Attorney Kuzma asking again if I wanted him to make a settlement demand.

    o.      I informed Attorney Kuzma that there was no need; that without having spoken with our client, that I could tell him, that Expedia would pay no money on his clients' claims. And that Expedia's position would not change after our discussion.

    p.      Attorney Kuzma suggested I speak to our client.

    q.      I recall telling Attorney Kuzma that if the position changed, and Expedia wanted a settlement demand -- which I told him I seriously doubted -- that I would call him the very next Monday, or, because of an appointment I had Monday, latest the next Tuesday. (The next Monday was July 17, 2006. The next Tuesday was July 18, 2006.)

24.    Nothing from my July 14, 2006 conversation with Attorney Kuzma, or my offices' interactions with the Plaintiffs' counsels' offices, would have or could have provided the Plaintiffs or their counsel any belief, let alone a good faith belief, that settlement was a possibility.

25.    I never called Attorney Kuzma on Monday, July 17, 2006 or Tuesday, July 18, 2006. As I told Attorney Kuzma on July 14, 2006 to anticipate, Expedia's position never changed. Indeed, it was only reinforced after Attorney Kuzma admitted the frivolity of his case and his intent to hold Expedia in the case until Expedia paid some money.

26.    The first time I heard about this purported agreement to stay discovery while the parties discussed settlement was when reading the *Plaintiffs' Motion and Opposition.*

27.    Attorney Kuzma and I never discussed staying discovery issues, let alone the Court *Order*.

28.    As the true and accurate copy of documents attached hereto as Exhibit 4(A) – (D) demonstrate I, on behalf of Expedia, kept pressing for discovery responses and compliance with the Court *Order*.

**C.    Contrary to the positions taken in the *Plaintiffs' Motion and Opposition*, Expedia has complied in the best of faith with its obligations, discovery and otherwise, under the applicable rules of civil procedure.**

29.    The Plaintiffs served two, sometimes incoherent, and mostly vague and ambiguous, discovery requests – document requests and interrogatories -- the night before the written discovery deadline.[3]

30.    A two separate occasions, due to holiday constraints, signatory availability and a new in-house counsel at Expedia being assigned to the case, Expedia requested brief extensions to respond to the Plaintiffs' discovery requests. See Exhibit 5(A) and (B) hereto, which are true and accurate copies of letters that I sent to Plaintiffs' counsel concerning said extensions.

31.    The Plaintiffs' counsel did not respond to my initial requests in connection with both extensions, and, thus, I was forced to seek them out. In the end, neither of the Plaintiffs' counsel objected to my requests, and I served Expedia's discovery responses per the parties' agreement on July 26, 2006. See Exhibit 5(C) hereto, which is a true and accurate copy of my service letter to Plaintiffs' counsel; see also Exhibit 3 hereto (among other things, refuting Attorney Minchoff's accusations concerning my discovery efforts).

32.    On August 10, 2006, over two weeks later, and a day before filing the *Plaintiffs' Motion and Opposition*, Attorney Minchoff sent me a purported invitation to attend a L.R. 37.1 conference. See Exhibit 5(D) hereto.

33.    On August 10, 2006, I agreed to attend the L.R. 37.1 conference. See Exhibit 5(E).

34.    To date, the Plaintiffs' counsel have not responded to my August 10, 2006 letter.

Signed under the pains and penalties of perjury this 17th day of August, 2006.

_____
Thomas T. Reith

**CERTIFICATE OF SERVICE**

I, Thomas T. Reith, hereby certify that on this 17th day of August 2006, a true and accurate copy of the above document was served upon the attorney of record for each other party electronically, as evidenced by the Notice of Electronic filing of the same date.

/s/ Thomas T. Reith

---

[3] I respectfully refer this Court to Exhibits B and C of the *Plaintiffs' Motion and Opposition*. I offer that Expedia's responses conform to the quality and type of document request and interrogatory propounded.