# EXHIBIT 4

# (A)

# BURNS & LEVINSON LLP

THOMAS T. REITH
617-345-3258
TREITH@BURNSLEV.COM

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

July 20, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

India L. Minchoff, Esq.
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125

Stephen J. Kuzma, Esq.
75 Federal Street, 17th Floor
Boston, MA 02110

> Re: *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc., and Turtle Beach Towers*, C.A. 05-40170

Dear Attorneys Minchoff and Kuzma:

Expedia, Inc. ("Expedia") served its Second Request for the Production of Documents ("Second Requests") upon your clients, the Plaintiffs, via your offices, on June 1, 2006. Pursuant to the applicable rules of civil procedure, the Plaintiffs were required to serve their responses to Expedia's Second Requests by July 3, 2006. The Plaintiffs have failed to serve their responses to the Second Requests. The Plaintiff's responses to the Second Requests and the corresponding requested documents are necessary to the completion of the lay discovery phase, which expires on August 31, 2006. The Plaintiffs are obligated and must respond to the Second Requests, and provide the requested documents to Expedia forthwith.

Also, as you are aware, the Plaintiffs have repeatedly failed to provide the Defendants various categories of duly requested documents. Those documents, which are subject to Expedia and Gap, Inc.'s respective requests for the production of documents, as well as Gap, Inc.'s Notices of Deposition Duces Tecum, are responsive, relevant and necessary to the completion of the lay discovery phase, which expires on August 31, 2006. (I agree with and incorporate here Attorney Feringa's July 13, 2006 identification of the outstanding documents. See pages 2 – 3 of the enclosed July 13, 2006 letter from Attorney Feringa to Attorney Minchoff.) The Plaintiffs are obligated to provide the outstanding documents identified by Attorney Feringa to Expedia, and must do so forthwith.

This letter is written pursuant to the requirements of L.R. 37.1. Accordingly, please contact me within the L.R. 37.1 time standards to address the aforementioned discovery issues.

01034063

MASSACHUSETTS  ::  RHODE ISLAND  ::  DISTRICT OF COLUMBIA

Plaintiffs' Counsel
July 20, 2006
Page 2

BURNS & LEVINSON LLP

If you and I are unable to resolve those issues pursuant to L.R. 37.1, Expedia will file another motion to compel 1) the Plaintiffs' response to Expedia's Second Requests, as well as the documents responsive thereto, and 2) the production of those outstanding documents identified in Attorney Feringa's July 13, 2006 letter. Expedia will also seek an award of attorneys' fees and costs associated with having to bring such motion.

I await your response.

Very truly yours,

Thomas T. Reith

Enclosure
cc:  Lawrence G. Green, Esq. (w/ enclosure)
     Scott D. Feringa, Esq. (w/ enclosure)
     Sean J. Milano, Esq. (w/ enclosure)

# SULLIVAN, WARD, ASHER & PATTON, P.C.

ATTORNEYS AND COUNSELORS AT LAW



1000 MACCABEES CENTER
25800 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48075-1000

TELEPHONE: (248) 746-0700
FAX: (248) 746-2760

WEB SITE: www.swappc.com

ROBERT E. SULLIVAN, SR. (1922-1998)
DAVID M. TYLER (1930-2002)
RICHARD G. WARD (RETIRED)

Scott D. Feringa
sferinga@swappc.com
(248) 746-2727

July 13, 2006

India Minchoff
Russo & Minchoff
123 Boston Street
Boston, MA 02125

RE: HOFER, STEPHANIE/DOUGLAS V. THE GAP, INC., ET AL
OUR FILE NO. PAG-121179

Dear Ms. Minchoff:

Given the difficulty that we are having with obtaining records and without waiving any of the defects in the production of the documents which you and your clients have failed to provide, I am enclosing Authorizations for Access by Patient for Disclosure of Protected Health Information that we would ask that your client execute. Many of the subpoenaed responses that Sean Milano is receiving are requesting signed authorizations. These authorizations that have been enclosed are authorizations that we believe comply with the various federal regulations and statutes for document production. We have enclosed authorizations for the following entities, health care organizations or health care providers.

1. Charter Healthcare
2. Leominster Hospital
3. Lynda N. Simmons
4. Michael N. Schatz, M.D., Montachusett Women's Health
5. Jen LeBlanc, Worcester County Rehabilitation
6. Elaine Borgen, Ph.D., UMass Behavorial Medicine
7. Sarah Reiff-Hekking, Ph.D.
8. Ingrid V. Bassett, M.D.
9. Ronald J. Kulich, Ph.D., Massachusetts General Pain Center
10. Bill Chapman, Worcester County Rehabilitation
11. Milan Petar Stojanovic, M.D., Anesthesia Pain Management
12. Kimon C. Zachary, M.D., Infectious Disease Associates
13. Health Alliance
14. Dr. Denton Barnes, St. Ann's Bay Hospital
15. UMass Memorial Healthcare, Biotech One
16. Robert Fraser, M.D., Leominster Medical Association
17. John Aney, M.D., Health Alliance Burbank Hospital


RECEIVED JUL 17 2006 By____

## SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

July 13, 2006
Page 2

18. Diversified Visiting Nurse Association of UMass Memorial
19. David Lhowe, M.D.
20. Massachusetts General Hospital
21. Eugenia Daniella Hord, M.D.

We would ask that your client execute these authorizations and return them directly to us so that we might obtain the records in this fashion. We intend to go through copying services in Massachusetts so that you will have the opportunity to obtain these records as well.

Further, we have requested previously documents that have not yet been produced despite several requests, including Notices of Deposition Duces Tecum. The records that presently do not exist and that have been identified are:

1. Copies of photographs kept on the Hofers' home computer in which the progress of the healing of the left lower extremity has been documented. We have asked for all photographs in addition to the ones that have been provided.

2. Copies of the Hofers' checking statements for the years 2004, 2005 and 2006 with redacted account information which demonstrates the amount of money paid by the Hofers that constitutes monies they claim as economic damages in this case.

3. A complete copy of the employment file of Mr. Hofer from his employer for the years 2004, 2005 and 2006, including all payment records which would document in any fashion reimbursement for any sick time, vacation time or personal days.

4. A complete copy of Mrs. Hofer's personnel and/or employment file from Dr. Meszaros or a statement from Dr. Meszaros that no such records exist.

5. A complete copy of the SSDI applications, correspondence, communications, orders, transcript of any hearings, reports, including but not limited to psychological and physical examinations, opinions from various health care professionals concerning disability status and any communications to of from SSDI to Mr. or Mrs. Hofer or any individuals acting on their behalf concerning the SSDI application.

6. Personal notes concerning Ms. Hofer's doctors appointments identified in her deposition of 7/29/06, including any and all calendar type appointment books as identified in the deposition.

7. Accounting of the total amount of monies claimed in medical damages by Mr. and Mrs. Hofer, including but not limited to any and all claims of liens by Health

# SULLIVAN, WARD, ASHER & PATTON, P.C.

ATTORNEYS AND COUNSELORS AT LAW

July 13, 2006
Page 3

Alliance or any other entity that may have paid for any medical care through any sort of contract of insurance or contract of health care plan.

Further, as indicated in our conversation that took place on July 12th following the deposition of Mr. Hofer, I must protest the way in which your office has been handling the issue concerning discovery, the lack of production of documents and the failure to produce witnesses that were indeed promised by your office, all of which has been to the detriment of the defendants in this case. We were advised by your office that it would not be necessary to subpoena Ms. Pompei for her deposition. We were advised by your office that your office would produce Ms. Pompei on the date and time for the Notice of Deposition. You will recall that on June 29th after the deposition of your client could not continue, it was agreed that the deposition of Ms. Pompei would take place on July 11th not July 10th as was originally noticed. An Amended Notice of Deposition was forwarded to your office documenting the agreement and noticing the deposition to take place on Tuesday, July 11th at 1:00 p.m. We prepared for that deposition in accordance with the promise made by your office.

On July 10th we were advised by your assistant, Mia, that Ms. Pompei was not going to be able to be present for her deposition on July 11th because she had been advised that her deposition was scheduled for July 10th and apparently was not advised by your office that her deposition had been moved to July 11th. We find this curious given the fact that Ms. Pompei did not appear for her deposition as was originally noticed for July 10th. We are advised that because Ms. Pompei had not been told by your office of the move from July 10th to July 11th, that Ms. Pompei could not be present due to her business schedule.

Unfortunately we will now have to resort to subpoenaing the witnesses to appear for deposition to ensure their participation and appearance at the deposition.

You told us that while you attempted to accommodate our office, since you have no control over Ms. Pompei or Ms. LaBelle, that you cannot ensure their appearance at the time and date for their depositions. Thus, Mr. Milano will be serving and filing subpoenas to ensure that these witnesses will be present for their depositions.

It is our position that we have good grounds to file Motions to Compel Discovery in this case against you for the failures to produce the documents that have been requested on numerous occasions. Consistent with the philosophy behind the local rules practices, we have repeatedly attempted to seek your concurrence in the voluntary production of these documents which you are obligated to produce but have not done so. The continued attempt to seek your voluntary cooperation with the discovery requests is not in any way meant to be a waiver of the defendants' right to file Motions to Compel. We expect to receive the signed authorizations back no later than Friday, July 21st. We expect to receive the documents that we have requested in our office no later than Friday, July 28th. Should we not receive the documents and the signed authorizations we will have no choice but to file motions with the Court and seek sanctions.

# SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

July 13, 2006
Page 4


I do look forward to your anticipated cooperation.

                                           Very truly yours,

                                           SULLIVAN, WARD,
                                           ASHER & PATTON, P.C.

                                           Scott D. Feringa

SDF/sav
Enclosures
W0475650
cc:    Steve Kuzma, Esq. (wo/enc)
       Sean J. Milano, Esq. (w/enc)
       Thomas T. Reith, Esq. (w/enc)

**(B)**

| | | 05/23/2006) |
|---|---|---|
| 05/23/2006 | 27 | CERTIFICATE OF SERVICE by Old Navy Inc. *of GAP, Inc.'s Supplemental Disclosure Pursuant to Rule 26(a)(1) of the FRCP.* (Feringa, Scott) (Entered: 05/23/2006) |
| 06/15/2006 | 28 | First MOTION to Compel *Supplemental Discovery* by Expedia, Inc. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13) (Reith, Thomas) (Entered: 06/15/2006) |
| 07/13/2006 | 29 | NOTICE of Change of Address by Thomas T. Reith, III (Reith, Thomas) (Entered: 07/13/2006) |
| 07/13/2006 | | Judge F. Dennis Saylor IV: Electronic ORDER entered granting 28 Motion to Compel. "No opposition having been filed, the motion is GRANTED as to prayers for relief 1, 2, and 3. Plaintiffs shall serve supplemental responses on or before July 28, 2006. Defendant Expedia, Inc. shall file a supplemental memorandum and affidavit(s) concerning its expenses and costs incurred in compelling relief on or before July 28, 2006. Plaintiffs shall file any opposing materials on or before August 11, 2006. So ordered." (Jones, Sherry) (Entered: 07/13/2006) |
| 07/28/2006 | 30 | MEMORANDUM OF LAW by Expedia, Inc to Order on Motion to Compel,,. (Reith, Thomas) (Entered: 07/28/2006) |
| 07/28/2006 | 31 | AFFIDAVIT in Support re 30 Memorandum of Law, 28 First MOTION to Compel *Supplemental Discovery*, Order on Motion to Compel,, *for expenses, fees & costs*. (Attachments: # 1 # 2 # 3 # 4)(Reith, Thomas) (Entered: 07/28/2006) |
| 07/28/2006 | 32 | MOTION Order allowing the taking of depositions in Jamaica without consular authority or participation by Old Navy Inc.. (Attachments: # 1 Index to Exhibits# 2 Exhibit A: Notices of Deposition# 3 Exhibit B: Bienenstock Court Reporting Letter# 4 Exhibit C: Atty. Feringa 7/26/06 letter and Stipulation# 5 Exhibit D: Jamaican Embassy letter# 6 Exhibit E: Scheduling Order)(Feringa, Scott) (Entered: 07/28/2006) |
| 08/04/2006 | 33 | MOTION for Sanctions by Expedia, Inc. (Attachments: # 1 # 2 # 3 # 4 # 5)(Reith, Thomas) (Entered: 08/04/2006) |
| 08/11/2006 | 34 | First MEMORANDUM in Opposition re 28 First MOTION to Compel *Supplemental Discovery*, 33 MOTION for Sanctions filed by all plaintiffs. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10) (Minchoff, India) (Entered: 08/11/2006) |

| PACER Service Center |
|---|
| **Transaction Receipt** |
| 08/15/2006 10:13:44 |
| **PACER Login:** bl0019 | **Client Code:** | 31983-2 |

# United States District Court
## District of Massachusetts (Worcester)
### CIVIL DOCKET FOR CASE #: 4:05-cv-40170-FDS

Hofer et al v. Old Navy Inc. et al  
Assigned to: Judge F. Dennis Saylor, IV  
Demand: $2,000,000  
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 09/27/2005  
Jury Demand: Both  
Nature of Suit: 360 P.I.: Other  
Jurisdiction: Diversity

**Plaintiff**

**Stephanie Hofer**    represented by    **India L. Minchoff**
Law Offices of Russo & Minchoff
123 Boston Street
1st Floor
Boston, MA 02125
617-740-7340
Fax: 617-740-7310
Email: india@russominchofflaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J. Kuzma**
Law Offices of Stephen J. Kuzma
75 Federal Street
17th Floor
Boston, MA 02110
617-338-3020
Fax: 617-426-2102
Email: koozlaw@juno.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Douglas Hofer**    represented by    **India L. Minchoff**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen J. Kuzma**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Old Navy Inc.**    represented by    **Scott D. Feringa**
Sullivan, Ward, Asher & Patton, P.C.

**(C)**

# BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

Thomas T. Reith
(617) 345-3258
TREITH@BURNSLEV.COM

August 1, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

India L. Minchoff, Esq.  
Law Offices of Russo & Minchoff  
123 Boston Street, 1st Floor  
Boston, MA 02125

Stephen J. Kuzma, Esq.  
75 Federal Street, 17th Floor  
Boston, MA 02110

Re:  *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc., and Turtle Beach Towers*, C.A. 05-40170

Dear Attorneys Minchoff and Kuzma:

The Plaintiffs and your offices have failed to respond to my July 20, 2006 L.R. 37.1 correspondence within the governing time standards. Therefore, Expedia, Inc. will move pursuant to L.R. 37.1(B) on August 2, 2006 to compel the discovery identified in my July 20, 2006 letter, and to seek the expenses and fees associated with having to file the motion.

The Plaintiffs and your offices have also failed to provide the discovery supplementation the Court ordered on July 13, 2006 to be produced by July 28, 2006. Therefore, Expedia, Inc. will move pursuant to Fed.R.Civ.P. 37(b)(2) on August 2, 2006 for sanctions.

Very truly yours,

Thomas T. Reith

TTR: brh  
cc: Scott D. Feringa, Esq. (by facsimile and first class mail)  
Sean J. Milano, Esq. (by facsimile and first class mail)  
Lawrence G. Green, Esq.

J:\Docs\99999\00000\01038615.DOC

MASSACHUSETTS ::: RHODE ISLAND ::: DISTRICT OF COLUMBIA

**(D)**

# BURNS & LEVINSON LLP

THOMAS T. REITH
617-345-3258
TREITH@BURNSLEV.COM

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

August 4, 2006

## VIA FACSIMILE AND FIRST CLASS MAIL

India L. Minchoff, Esq.
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125

Stephen J. Kuzma, Esq.
75 Federal Street, 17th Floor
Boston, MA 02110

Re: *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc., and Turtle Beach Towers*, C.A. 05-40170

Dear Attorneys Minchoff and Kuzma:

This follows Attorney Minchoff's August 2, 2006 letter to my office, Attorney Minchoff's August 3, 2006 letter to Attorney Feringa's office and our L.R. 7.1 conference of today.

- ### As to Attorney Minchoff's August 2, 2006 letter

My August 1, 2006 letter addressed two issues, not merely the one Attorney Minchoff responded to.

The first issue: the Plaintiffs still have not yet replied to Expedia, Inc.'s Second (not third) Request for the Production of Documents. The Plaintiffs have also failed to provide all documents identified in Attorney Feringa's July 13, 2006 letter, which the Plaintiffs testified exist, are subject to various prior discovery requests and should have been produced via automatic disclosures. See my July 20, 2006 letter, a copy of which I have included here for your reference. Any passing comment Attorney Minchoff may have made at a deposition concerning a third series of document requests (which I only recall being made in connection with the Gap, Inc.'s third document request) have no bearing on Expedia, Inc.'s right and intent to move to compel.

Notwithstanding, and per our discussion today, more specifically Attorney Minchoff's representations that she could provide me the written responses to Expedia, Inc.'s Second Request for the Production of Documents by today or next Monday, I will hold filing the motion to compel the written responses to the Second Request for the Production of Documents and the corresponding documents until next Tuesday.

I will also hold moving to compel those other documents identified in my July 20, 2006 letter until next Tuesday. That will provide you more than ample time to assemble and serve the documents or to provide me with written confirmation that, notwithstanding your clients' deposition testimony that the requested documents exist and are in Attorney Minchoff's possession, the requested documents do not exist.

The second issue: Attorney Minchoff's letter doesn't even reference the Plaintiffs' contempt of the Court's July 13, 2006 Order, let alone explain said contempt. Per our discussion today, I have filed Expedia, Inc.'s motion for sanctions.

Finally, as to Attorney Minchoff's unproductive and inaccurate references to my conduct: I and Expedia, Inc. have faithfully abided by the governing rules of civil procedure. I first requested a brief extension to respond to the Plaintiffs' written discovery requests via a telephone message to Attorney Minchoff's office in early July 2006 due to the holiday and issues concerning signatory availability. Attorney

The Plaintiffs' Counsel
August 4, 2006
Page 2



Minchoff did not respond to oppose my telephone request. At the second day of Ms. Hofer's deposition Attorney Minchoff said that the brief extension as "not a problem." I then confirmed Attorney Minchoff's assent in a July 13, 2006 letter. See the second enclosure here.

Unfortunately, Expedia, Inc. had to request another brief extension. I direct your attention to my July 19, 2006 letter. See the third enclosure here. Clearly, that letter sets forth good cause for an extension, and **requests** your offices' assent to the extension. Neither of you objected to my requested extension, which I met.

- As to Attorney Minchoff's August 3, 2006 letter

I have watched the flurry of correspondence between Attorney Minchoff and Attorney Feringa concerning the Jamaican depositions. Your offices have refused to move for a protective order or to otherwise resolve your apparent scheduling disputes with The Gap, Inc., as required under the Federal Rules of Civil Procedure and the Local Rules. Accordingly, my office has made all reservations for air and ground travel and hotel stay for the depositions. Expedia faces severe cancellation charges at this point if the depositions do not go forward. Moreover, the depositions need to be completed before the applicable discovery deadline. The depositions should go forward as duly notice.

Very truly yours,

Thomas T. Reith

Enclosures
cc:    Lawrence G. Green, Esq.
       Scott D. Feringa, Esq.
       Sean J. Milano, Esq.

J:\Docs\82148\00004\01039632.DOC

*w/o encl.*
*TTR 8/17/06*