UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DOCKET NO: 05-40170 FDS

| | |
|---|---|
| STEPHANIE HOFER and<br>DOUGLAS HOFER,<br>    Plaintiffs,<br><br>v.<br><br>GAP, INC., EXPEDIA, INC., and<br>TURTLE BEACH TOWERS,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' REQUEST FOR CLARIFICATION/ RECONSIDERATION OF COURT ORDER DATED JULY 13, 2006
AND
PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT, EXPEDIA, INC.'S, MOTION FOR SANCTIONS AND APPLICATION FOR EXPENSES AND COSTS**

Plaintiffs, Stephanie Hofer and Douglas Hofer, request that this Honorable Court Clarify and/or Reconsider its Order dated July 13, 2006. Plaintiffs further request that this Court enlarge the period for Plaintiffs to provide supplemental discovery responses until after this Court issues an order related to Plaintiffs' Request for Clarification and/or Reconsideration. Plaintiffs also submit the following in Opposition to Expedia, Inc.'s Motion for Sanctions and Application for Expenses and Costs.

### ARGUMENT

**I.   PLAINTIFFS ARE NOT ABLE TO SUPPLEMENT THEIR DISCOVERY RESPONSES FOR THE REASONS STATED BELOW.**

On March 8, 2006 Defendant, Expedia, Inc. ("Expedia"), served Interrogatory Requests, Requests for the Production of Documents, and Requests for Admissions (collectively "Expedia's Discovery Requests") on the Plaintiffs. Plaintiffs served Answers to Interrogatories, Responses to Expedia's First Request for Production of

Hofer et al v. Old Navy Inc. et al                                                                                      Doc. 38

Documents, and Answers to Expedia's Request for Admissions (collectively "Plaintiffs' Discovery Responses") on April 14, 2006.[1] Expedia took issue with certain discovery responses provided by the Plaintiffs. In a Rule 37.1 telephonic conference between the parties some, but not all, of the issues raised by Expedia were resolved. To that end, Plaintiffs served Supplemental Discovery Responses on June 9, 2006.[2] Expedia thereafter filed a Motion seeking to compel supplemental discovery from the Plaintiffs.

Due to a miscommunication between Plaintiffs' counselors, this Court issued an Order on Expedia's Motion to Compel prior to Plaintiffs having an opportunity to file an opposition with this Court. As such, the merits of Expedia's motion were never adjudicated. The July 13, 2006 Order of this Court allowed Expedia's Motion stating that no opposition had been received by the Plaintiffs and required the Plaintiffs to provide supplemental discovery to Expedia by July 28, 2006.[3]

The gist of Expedia's Motion to Compel Supplemental Discovery Responses was that Expedia was dissatisfied with the *substance* of Plaintiffs' Answers to Interrogatories and Answers to Admissions. In short, Expedia did not seek for the Plaintiffs to augment their Answers to Interrogatories and Answers for Admissions with additional, allegedly responsive, information but rather sought to compel Plaintiffs to *change the substance* of

---

[1] Expedia's Discovery Requests and Plaintiffs' Discovery Responses are attached as Exhibits A - F to Expedia's Motion to Compel Supplemental Discovery From the Plaintiffs and for efficiency will not be reproduced herein.

[2] Plaintiffs' Supplemental Discovery Responses (Supplemental Answers to Admissions, Supplemental Answers to Interrogatories, and Second Supplemental Response to Request for Production of Documents) are attached as Exhibits I, J, and K to Expedia's Motion to Compel Supplemental Discovery From the Plaintiffs and for efficiency will not be reproduced herein.

[3] As explained in further detail below, based on conversations with Expedia's counsel the week prior to July 28, 2006, Plaintiffs' counsel understood that while the parties explored settlement possibilities, discovery issues were to be stayed as between the parties.

Case 4:05-cv-40170-FDS    Document 34-1    Filed 08/11/2006    Page 3 of 20

their answers. In its Motion Expedia also sought to compel Plaintiffs to reorganize their Document Production - it did not claim that Plaintiffs withheld documents in their possession.

During the Rule 37.1 telephonic conference with Expedia, Plaintiffs objected to the additional supplementation requested by Expedia for two reasons: first, it was not feasible to change many of the discovery responses, and secondly, Expedia had misconceived the legal principals governing Plaintiffs' obligations. Plaintiffs' objections are legitimate and make it impossible to date for the Plaintiffs to supplement their discovery responses pursuant to this Court's Order of July 13, 2006.

### A.    *Request to Provide Supplemental Answers to Expedia's Admissions*

Expedia has requested that Plaintiff, Stephanie Hofer, supplement her answers to Expedia's First Request for Admissions ("Requests to Admit"), numbers 7, 9, 11 and 12.[4] The practical effect of supplementing Plaintiff's answers to these admissions would amount to the Plaintiff substantively changing her answers and, for the reasons stated below, Plaintiff's answers cannot be changed.[5]

#### 1.    **Request to Admit Numbers 9 and 11**

Requests to Admit numbers 9 and 11 each ask the Plaintiff to admit to the truth of certain acts undertaken by a person not a party to this action, namely Carrie LaBelle. Specifically, Request Number 9 asks Stephanie Hofer to admit whether Ms. LaBelle read

---

[4] In a footnote Expedia queried why only Plaintiff, Stephanie Hofer, answered the Requests to Admit. A review of the Requests to Admit clearly supports the conclusion that the requests were only directed at Stephanie Hofer. Furthermore, Expedia never raised this issue to Plaintiffs' counsel during their Rule 37.1 conference.

[5] To the extent Expedia argues that Plaintiff's Answers to Admissions should be supplemented because Expedia deems the answers "inconsistent" with positions previously taken by the Plaintiff, Plaintiff states the following: Plaintiff's answers are not inconsistent with her previously asserted positions and, even if such were the case, Expedia may seek to impeach the Plaintiff. However, Expedia is not able to mandate that the Plaintiff change her answers.

the "Liability Disclaimer" section of the Agreement before reserving the Trip and Request Number 11 asks Stephanie to admit that Ms. LaBelle clicked "I Agree" after reading the Agreement on Expedia.com, but before reserving the Trip.

Plaintiff answered these requests by stating that she was without sufficient knowledge as what Carrie LaBelle had done in order to permit her to admit or deny the truth of the statements. Expedia essentially contends that Stephanie Hofer was required to make reasonable inquiry of Ms. LaBelle because Plaintiffs used Carrie LaBelle for Complaint purposes thereby establishing that Ms. LaBelle was within the control of the Plaintiffs and had taken an active role throughout this litigation.

Expedia concluded that Plaintiffs *must have* relied upon Ms. LaBelle in preparation of the Complaint because she booked the Trip. The only factual allegation in the Compliant relating to Expedia is that on March 15, 2004, Stephanie and a friend reserved a travel vacation to Jamaica through Expedia.com. (Complaint, ¶7). Since this information was well within the personal knowledge of Stephanie Hofer, who possessed the travel itinerary detailing the confirmation of the vacation package booked through Expedia since prior to Trip, Expedia's conclusion that Plaintiffs relied upon Ms. LaBelle is devoid of any factual support.[6] There is simply no evidence indicating that Ms. LaBelle took an active role in this litigation, at any time, or that she is within the control of the Plaintiffs.[7]

---

[6] Expedia's self-serving conclusions were further rebuffed by Ms. LaBelle's deposition testimony wherein she stated that she had not provided any assistance to the Plaintiffs or their attorneys in this action. *See* Exhibit A1, Deposition of Carrie LaBelle ("also known as Carrie LaRoche"), 153-160.

[7] Generally, a "reasonable inquiry" is limited to review and inquiry of those persons and documents that are within the responding party's control. *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F. R. D. 38 (1997).

4

Furthermore, even assuming that Carrie LaBelle acted as an agent for the Plaintiff for the purposes of booking the travel vacation (a further allegation made by Expedia), such agency terminated upon said booking. More importantly, however, Expedia's argument that Plaintiff was required to inquire of Carrie LaBelle as to what actions Carrie LaBelle undertook fails because Expedia is specifically asking the Plaintiff to admit to someone else's actions and not whether the Plaintiff undertook an action through one of her agents, employees or servants.[8] As a result, Plaintiff was not required to inquire of Carrie LaBelle, a non-party to this litigation, as to her actions or inactions for the purposes of providing binding admissions to Expedia's Requests to Admit.

Notwithstanding the dispute over whether Ms. Hofer was required to make inquiry of Ms. LaBelle in order to answer Expedia's Requests to Admit, Plaintiff is nevertheless not able to supplement her answers to these admissions. The academic argument whether a responding party to admissions must inquire of third persons is moot at this juncture. On July 27, 2006 Ms. LaBelle testified at a deposition that she did not recall seeing the "Liability Disclaimer" section of the Agreement (Request No. 9)[9] and that she did not recall seeing the Agreement itself, therefore rendering her without recollection as to having clicked "I Agree" after reading the Agreement on Expedia.com, but before reserving the Trip (Request No. 11).[10] Further, there is no dispute that the

---

[8] Cases addressing whether a party should inquire of its agents in order to provide answers to admissions generally deal with corporate litigants and typically concern requests that speak to actions or inactions of the responding party itself. There is no case holding that a responding party must inquire of non-parties as to the non-parties actions or inactions in order to provide binding admissions. Requests' Numbers 9 and 11 specifically ask Stephanie Hofer to admit the truth of actions undertaken by another person, not whether Stephanie Hofer undertook actions through another person acting as her agent. Simply put, Expedia was required to seek this information directly from Ms. LaBelle and not from Stephanie Hofer by way of a request to admit, and, in fact, Expedia has inquired of Ms. LaBelle as to these matters.

[9] See Exhibit A2, Deposition of Carrie LaBelle ("LaRoche"), 133-135.
[10] See Exhibit A3, Deposition of Carrie LaBelle ("LaRoche"), 112-121.

5

Plaintiff was not present when Carrie LaBelle booked the Trip and therefore Plaintiff has no personal knowledge as to whether Ms. LaBelle read or click anything on the Expedia website.[11]

In light of Ms. LaBelle's sworn deposition testimony, and in light of Plaintiff's lack of personal knowledge relating to these matters, Plaintiff can provide no answer other than that she is without sufficient knowledge to either admit or deny these requests.

    2.    **Request to Admit Number 7**

In Request to Admit Number 7, Stephanie is asked to admit that an "Agreement" is displayed on Expedia.com. Contrary to Expedia's belief, Plaintiff is not required to go onto the Defendant's website and determine *as of the date of her answers to admissions* whether the Defendant has an agreement displayed on its website. "Reasonable inquiry includes investigation and inquiry of any of the [answering party's] officers, administrators, agents, employees, servants ..." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F. R. D. 38 (1997). Reasonable inquiry does not require the Plaintiff to investigate material in the Defendant's control.

Moreover, the nature of Request to Admit Number 7, whether Expedia presently, more than two years after the booking of the Trip, has an Agreement displayed on its website, is improper. F.R.C.P., Rule 36 limits matters that a party may be required to admit as true to those matters that fall within the scope of discovery as contained in F.R.C.P., Rule 26(b)(1).

Rule 26(b)(1) allows a party to obtain discovery regarding any matter that is relevant to the claim or defense of any party. The Rule defines relevant information as

---

[11] *See* Answer to Request to Admit Number 4 (Stephanie was not present when the Trip was reserved).

6

any information that appears reasonably calculated to lead to the discovery of admissible evidence. Whether Expedia presently displays an Agreement containing a Liability Disclaimer on its website is information that is neither relevant to any claim or defense in this action nor reasonably calculated to lead to the discovery of admissible evidence.

Furthermore, whether Expedia presently displays such an Agreement is information obtainable from Expedia, therefore subjecting this Request to Admit to the limitations imposed by Rule 26(b)(2)(i) and (ii). Rule (b)(2)(i) and (ii) allows a Court to limit discovery when the discovery sought is obtainable from some other source that is more convenient or when the party seeking discovery had ample opportunity by discovery in the action to obtain the information. Obviously, Expedia (the most convenient source) can determine for itself whether it presently displays an Agreement on its website.

   3.   **Request to Admit Number 12**

Request to Admit Number 12 asks Stephanie Hofer to admit that "[a]ny actions of Carrie in connection with the booking of the Trip via Expedia.com were with the permission and authority of Stephanie." Plaintiff objected to this procedurally flawed request on the basis that Plaintiff cannot admit or deny that "*any*" action taken by Carrie LaBelle in connection with the booking of the trip was with her permission and authority without identification as to a specific action.

Expedia has argued, somewhat contradictory, that Plaintiff should be required to admit or deny this request since "the action is the booking of the Trip."[12] There is no dispute that Stephanie Hofer provided Ms. LaBelle with permission to *book* the Trip,

---

[12] *See* Expedia's Motion to Compel Supplemental Discovery, p. 8, where Expedia claims that "[t]he action is not merely alleged, the Plaintiffs themselves identified it- the action is the booking of the Trip".

7

however, Request to Admit Number 12 is not limited to such an inquiry. Rather, by inserting the terms "*any actions*" and "in connection with the booking of the trip," Expedia is asking the Plaintiff to admit that 'each and every action' taken by Ms. LaBelle was with her permission and authority.[13]

It is not possible for Ms. Hofer to truthfully admit that each and every action undertaken by Ms. LaBelle in connection with the booking of the Trip was done with her permission and authorization. Indeed, there may have been many actions that were undertaken that are not yet known to the Plaintiff. Furthermore, there may be a multitude of activities that Plaintiff did not specifically permit Carrie LaBelle to undertake on her behalf since there is a fundamental difference between providing another person with permission to book a travel vacation and authorizing another to take every action tangentially related to said booking. For example, Ms. Hofer's granting of permission to book a travel vacation does not, in and of itself, mean that Ms. Hofer authorized Ms. LaBelle to reserve a certain flight, seat assignment, meal order, transportation service, or other activities. Decisions regarding the reservation of a flight, seat assignments, meal orders, and transportation services are, however, made in connection with the booking of a travel vacation and may have been acquiesced to by the Plaintiff. Plaintiff did not provide Ms. LaBelle *carte blanche* authority to undertake "any" activity connected with the booking of the travel vacation.

It is clear that Expedia is merely attempting, *indirectly*, to have Plaintiff admit that Carrie LaBelle was authorized to provide her assent to the Liability Disclaimer section of the Agreement which Expedia claims existed on its website in 2004. This

---

[13] Expedia's use of the word action in its plural form is further evidence that this Request to Admit is seeking an admission to more than just whether Plaintiff provided Ms. LaBelle with permission to book the Trip itself.

8

conclusion is bolstered by the fact that Expedia did not simply request for the Plaintiff to admit that Plaintiff provided Ms. LaBelle *permission* to book her on the Trip, but instead chose to compound the Request by asking Plaintiff to admit that any (each and every) action taken by Ms. LaBelle was with her permission and authorization. F.R.C.P., Rule 36 unambiguously states that "[e]ach matter of which an admission is requested shall be separately set forth." Request to Admit does not set forth "each matter," which would be "each action" taken by Ms. LaBelle, separately as is required by Rule 36.

    4.    **Request to Admit Number 3**

Although in its Motion to Compel Supplemental Discovery Expedia did not seek to obtain a supplemental answer to Request to Admit Number 3, a brief response to Expedia's characterization of Plaintiff's conduct relating to this Request is necessary. Expedia alleged that Plaintiff's Supplemental Answer to Request Number 3 supported the conclusion that Plaintiff "[o]bviously ... inquired as to whether Carrie utilized Expedia.com" and therefore Plaintiffs cannot maintain their position that they did not (and were not) required to inquire of Ms. LaBelle in answering Expedia's Requests to Admit.

Plaintiff stated in her initial Answer to Request to Admit Number 3 that Carrie did book the Trip *through* Expedia but that she was unable to admit whether Carrie reserved the Trip *via* Expedia.com. This admission is completely consistent with prior pleadings. That being said, it is simply not the Plaintiffs' obligation, although desirable, to be consistent with prior pleadings.

Moreover, as explained to Expedia's counsel during the parties' Rule 37.1 conference, Plaintiff did not know whether Ms. LaBelle was rerouted by hypertext links

9

to Expedia's website or whether she accessed Expedia directly through its web address - expedia.com.[14] Plaintiff maintained that there was a distinction between utilizing Expedia *via* expedia.com versus reserving the Trip *through* Expedia.com. In order to provide a truthful answer, Plaintiff admitted that the Trip had been reserved through Expedia but stated that she was unable to admit whether the Trip was reserved via Expedia.com.

After discussion with counsel for Expedia and upon further review of the language of Request to Admit Number 3, Plaintiff determined that a liberal read would allow her to admit the request, without qualification, irrespective of whether Ms. LaBelle actually typed in the web address of expedia.com or whether she was rerouted by a search engine, hypertext link or otherwise to Expedia's website.[15] For this reason alone, Plaintiff agreed to Supplement her Answer to Request to Admit Number 3.

### B. *Request to Provide Supplemental Answers to Expedia's Interrogatories*

Expedia has requested that the Plaintiffs supplement their answers to Expedia's First Set of Interrogatories ("Interrogatory Requests"), Requests Numbers 5-8, 20 and 21. Interrogatory Requests 20 and 21 correspond to Expedia's Requests to Admit Numbers 11 and 12 discussed above. Interrogatory Requests 5 through 8 ask Plaintiffs to explain their reasons or thought processes in making allegations pertaining to the agency

---

[14] In fact, Ms. LaBelle herself testified that she too was unable to state whether she had typed expedia.com into her cursor or had been hyperlinked from some other website. *See* Exhibit A4, Deposition of Carrie LaBelle ("LaRoche"), 106:11-16.

[15] There is no indication that Plaintiff was forced to inquire of Ms. LaBelle in order to supplement her answer to this Request. Furthermore, Expedia's citation (*see* footnote 7 in Expedia's Motion to Compel Supplemental Discovery) of only a portion of Plaintiff's Answer to Request to Admit Number 3 was intentionally misleading to this Court and was disingenuous under the circumstances. Indeed, Expedia cited for this Court only that portion of Plaintiff's Answer wherein she stated that she was unable to admit or deny whether Carrie utilized Expedia.com. Expedia failed to include the "pertinent part" of the Answer wherein Plaintiff admitted that Carrie reserved the Trip for herself and Stephanie through Expedia.

relationship between Expedia and the Resort. For the following reasons, Plaintiffs are unable to supplement (change) their answers to these Interrogatory Requests.

1. **Interrogatory Request Number 20**

Interrogatory Request Number 20 asks the Plaintiff to specify her factual bases in support of her refusal to admit Request to Admit Number 11, which asked the Plaintiff to admit that Carrie LaBelle had clicked "I Agree" after reading the Agreement on Expedia.com, but before reserving the Trip. Plaintiff answered by stating that she was not present when Carrie booked the Trip and therefore did not see Carrie click "I Agree" on Expedia's website. Expedia must accept Plaintiff's answer to this Interrogatory as the answer is true and is not evasive. At most, Plaintiff could only supplement this answer by referring Expedia to Ms. LaBelle's deposition testimony relating to this matter wherein she testified that she does not recall seeing the Agreement and therefore could not state that she clicked "I Agree" after reviewing the Liability Disclaimer section of the Agreement which Expedia claims, without support, existed on its website in 2004. Plaintiff, however, cannot and will not change a truthful, complete answer.

2. **Interrogatory Request Number 21**

As with Interrogatory Request Number 20, Interrogatory Request Number 21 similarly cannot be supplemented. Again, Expedia seeks that the Plaintiff substantively change her answer and not merely augment her answer with additional information.

Interrogatory Request Number 21 asks the Plaintiff to state her factual bases in support of her refusal to make an unqualified admission in response to Request to Admit Number 12. Request to Admit Number 12 asked Plaintiff to admit that "any" actions taken by Carrie LaBelle in connection with the booking of the Trip were with her

permission and authority. Put otherwise, this Interrogatory requested that the Plaintiff provide her state of mind or thought process.

In answering Interrogatory Request Number 21, Plaintiff stated she did not admit that each and every action by Carrie LaBelle connected with the booking of the Trip was done with her permission and authorization because she was without knowledge of each and every action that Carrie may have undertaken. Although Expedia may very well explore Plaintiffs' state of mind (their factual bases) at the time of trial, Expedia cannot compel Plaintiffs to adopt a different thought process.

3. **Interrogatory Requests Numbers 5 through 8**[16]

To the extent that Interrogatory Requests 5 through 8 do not seek legal conclusions, each Interrogatory requires the Plaintiffs to provide an answer identifying their state of mind or thought process ("state the basis for Plaintiffs' averment found in paragraph 46 that "[i]n conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort"[17]), (state the basis for Plaintiffs' averment found in paragraph 47 that "[a]s agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort"[18]), (state the basis for Plaintiffs' averment found in paragraph 48 that "Expedia knew or should have known of

---

[16] As discovery was ongoing, Plaintiffs reserved their right to supplement answers to Expedia's Interrogatory Requests Numbers 6 and 7 in Plaintiffs' Answers to Expedia Inc.'s First Set of Interrogatories. As a result, Expedia should not have moved this Court to force supplementation of these answers prior to the conclusion of the discovery period and prior to providing Plaintiffs with their requested discovery from Expedia. Ironically, despite Expedia's allegations regarding Plaintiffs' discovery practices, it is Expedia that has woefully failed to comply with discovery in this action as is evidenced by its failure to provide any responsive answers to Plaintiffs' Interrogatories and to produce the very documents supporting its relationship with Turtle Beach Towers.

[17] Interrogatory Request Number 5.
[18] Interrogatory Request Number 6.

12

Case 4:05-cv-40170-FDS    Document 34-1    Filed 08/11/2006    Page 13 of 20

the conditions at the Resort"[19]), (state the basis for Plaintiffs' averment found in §II(A.) the parties' Joint Rule 16.1 Statement that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service"[20]).

Expedia's claim that these certain enumerated interrogatory answers are deficient is without merit. Expedia clearly, as stated, is not satisfied with either the substance or the breadth of the Plaintiffs' answers. Somehow Expedia believes that the Plaintiffs' answers should be _substantively changed_ to suit its anticipated defenses in this litigation. Simply put, Plaintiffs are not under any obligation to do so and may simply rest on their existing answers. Expedia was certainly provided with ample opportunity at Plaintiffs' depositions to make inquiry of the Plaintiffs regarding the same questions posed in the Interrogatory Requests. Expedia's subjective dissatisfaction with the substance of the Plaintiffs' answers, however, is not the criteria to compel further (different) answers which are more to Expedia's liking.

Although an answering party's "thought process," "beliefs" or "state of mind" may be used in an attempt to discredit or to establish the lack of support for an allegation, a party's thought process is not subject to supplementation. These matters remain free for deposition inquiry.

Plaintiffs' answered each of these enumerated interrogatory requests by stating their bases for their allegations. Whether Expedia is satisfied with the Plaintiffs' rationale is simply of no consequence. If indeed Expedia believes that the Plaintiffs' answers do not provide adequate legal or factual support for Plaintiffs' allegations, the

---

[19] Interrogatory Request Number 7.
[20] Interrogatory Request Number 8.

logical course of action would be to move this Court for dispositive rulings and not to seek redress which would require Plaintiffs to make substantive changes to their answers.

### C.   *Request to Provide Supplemental Document Responses*

Expedia has requested that the Plaintiffs supplement their responses to Expedia's First Request for Production of Documents ("Document Requests"), Numbers 7 through 11, by reorganizing their document production. Expedia takes the position that the Plaintiffs did not produce the documents as they were kept in the ordinary course of business and therefore were required to *further* organize their production responses to correspond with Expedia's Document Requests.

Plaintiffs have produced well over one thousand pages of discovery in this action. All of Plaintiffs' medical records, despite the fact that they were produced to Expedia as received from Plaintiff's physicians, were nevertheless "reorganized" to appease Expedia in Plaintiffs' First Supplemental Document Response.[21]

The documents produced by the Plaintiffs in response to Document Requests Numbers 7 through 11 were identified as Exhibit B. Exhibit B consists of approximately 40 pages of documents, all of which were maintained by the Plaintiffs in the ordinary course of business. Moreover, the documents in Exhibit B are quite clearly responsive to the Expedia's Document Requests 7 through 11. These very documents, however, are also responsive to Expedia's Document Request Number 2 which asked for the production of "[a]ny and all documents concerning or otherwise regarding the averments

---

[21] Plaintiff requested medical records from each of her physicians individually and made a request to each medical institution where she received treatment for her injuries resulting from the incident. Since most of Plaintiff's medical care providers were located at the same institutions, all records were produced together. As a result, Plaintiff did in fact produce the records as they were kept in the ordinary course of business. Plaintiff's medical records were identified as Exhibit A in Plaintiffs' First Response to Expedia's Request for Production of Documents and have been twice supplemented as Plaintiff received additional records. The fact that Plaintiff did not remove the relatively few records concerning a subsequent finger injury is of no consequence and, in fact, supports the conclusion that the records were produced as kept.

contained in the Complaint."

In response to Expedia's Document Request Number 2, Plaintiffs' produced the documents labeled as Exhibit B. F.R.C.P., Rule 34 does not require the Plaintiffs to "recopy" and "reproduce" the documents contained in Exhibit B or documents contained in any other exhibit in response to each and every document request to which the same documents may also relate. Such a result is nonsensical.

Lastly, although discussed more fully below, it must be mentioned at this juncture that Expedia, while trying to establish Plaintiffs' non-compliance with discovery requests, has objected to nearly every single request for production of documents served by the Plaintiffs and has woefully failed to provide answers to Plaintiffs' First Set of Interrogatories Propounded On Expedia, Inc. *See* Exhibits B and C.

II.     **THE FACTS OF THIS CASE SIMPLY DO NOT WARRANT THE IMPOSITION OF THE ULTIMATE SANCTION OF DISMISSAL.**

Expedia's request that this Court resort to the extreme sanction of dismissing the Plaintiffs' action should be denied because the chronology of events in this action do not support the imposition of such a sanction.

Foremost is the fact that Expedia failed to advise this Court that while apparently preparing its Motion for Sanctions it was simultaneously engaged in settlement discussions with Plaintiffs' counsel and had represented to Plaintiffs' counsel that discovery matters would not be pressed while exploring resolution of this action. *See* Affidavit of Stephen J. Kuzma, Exhibit D. For Expedia to move for dismissal of Plaintiffs' action under these circumstances is underhanded. It was not until Plaintiffs' telephone conference with Expedia's counselors on August 4, 2006 that Plaintiffs learned of Expedia's intention not to present a settlement position, as represented, but rather to

move the Court for dismissal of Plaintiffs' action for failure to comply with the July 13, 2006 Order. Had Plaintiff contemplated that Expedia would have moved the Court relating to the Supplementation Order, Plaintiff would have filed an immediate motion seeking court approval to be excused from compliance based on the reasons set forth above.

Once the Plaintiffs realized that the discovery issue was reignited, they moved swiftly to address the issue without further delay and without prejudice to any party. This is *not* a case of repeated and numerous failures to abide by a number of court orders. This is in essence a two-week delay in filing a timely response to a Court Order, which the Plaintiffs allege was due to a good faith belief that the case could be settled. For this reason alone, Expedia's Motion for Sanctions should be denied.

Expedia's Motion for Sanctions should also be denied because this action is distinguishable from each and every case cited by Expedia wherein courts dismissed actions for failure to comply with pretrial discovery orders. The facts in this case simply do not warrant the imposition of the ultimate sanction of dismissal.

The Plaintiffs in this action, unlike the parties in cases where courts ordered dismissal for failure to comply with pretrial discovery orders, have not acted willfully and/or otherwise engaged in bad faith, which is a significant factor to consider in determining whether it is proper to impose sanctions under F.R.C.P., Rule 37.

In *National Hockey League v. Metropolitan Hockey Club, Inc. et al.*, 427 U.S. 693 (1976) the matter before the Supreme Court of the United States was whether a district court abused its discretion in dismissing a case pursuant to F.R.C.P., Rule 37. In *National Hockey League,* the plaintiffs delayed *seventeen months* in providing answers to

crucial interrogatories, provided inadequate answers thereafter, disregarded numerous extensions granted at the eleventh hour and beyond, received several admonitions by the court, and failed to fulfill promises and commitments regarding the production of discovery. *Id.* at 640-642.

The court in *Damiani, M.D. v. Rhode Island Hospital, et al.*, 704 F.2d 12 (1983), was also presented with the issue of whether a district court abused its discretion in dismissing a case pursuant to F.R.C.P., 37 based on failures to comply with pretrial discovery orders. In *Damiani*, which was an antitrust action, the plaintiff's counsel (1) failed to provide any discovery responses to the opposing counsel within the thirty-day period proscribed by F.R.C.P., Rule 33(a) and Rule 34(b), (2) failed to move the court for additional time in order to comply with the outstanding discovery requests, (3) arrogated control of the discovery to himself after being ordered to comply with the discovery requests, (4) unilaterally changed the date of compliance, four times, to suit his own convenience, (5) failed to fulfill the very deadlines he had unilaterally set, and (6) took no steps to move the case along by neglecting to take discovery of his own or by otherwise engaging in meaningful litigation. *Id.*

In this case, the Plaintiffs have not engaged in any such flagrant behavior; Plaintiffs have not willfully failed to comply with their discovery obligations, flouted court orders or arrogated control of discovery. In addition, the Plaintiffs in this action have participated in this action by propounding their own discovery and conducting otherwise meaningful litigation. In fact, and in mitigation, the Plaintiffs also advise the Court that both Defendants have made a number of requests to extend deadlines for them

to respond to the Plaintiffs' discovery requests and other matters.[22] The Plaintiffs have granted every single request in an effort to conduct discovery in an orderly and courteous manner. The Defendants have not reciprocated. For example, the Defendant, Gap, Inc., without even so much as a telephone call to Plaintiffs' counsel, scheduled three depositions to occur out the country on August 21 and 22, 2006.

Immediately upon receipt of Gap, Inc.'s deposition notices, Plaintiffs' counsel wrote to Gap's counsel providing him with a copy of a trial assignment evidencing that both of Plaintiffs' attorneys were scheduled to begin trial in the Norfolk Superior Court on August 21, 2006 in the matter styled as *Drew, et al. v. Drew, et al.*, Docket Number 05-296. Defendant's counsel, despite the numerous courtesies continually extended to him, refused to postpone the depositions.[23] This forced the Plaintiffs to hurriedly make travel arrangements to Jamaica and at the same time attempt to reschedule their state court trial. Since the Plaintiffs' attorneys' client in the Norfolk Superior Court action is eight five (85) years old and in poor health, the trial had priority on the Norfolk Superior Court trial list. Despite this, Gap refused to continue the depositions, absent additional terms intended to restrict the Plaintiffs but not the Defendants. The actions of the Defendants forced Plaintiffs' attorneys to move to reschedule the Norfolk Superior Court action.[24]

---

[22] *See* Exhibit E- Correspondence evidencing the numerous extensions provided to the Defendants.

[23] On more than one occasion Plaintiffs' counsel has accommodated Gap, Inc.'s counsel's schedule recognizing that he would be making travel plans to appear in Massachusetts. In addition, upon request, Plaintiffs' counsel graciously agreed to assist Gap, Inc.'s counsel in the scheduling of depositions of persons not parties to this action and not under the control of the Plaintiffs. *See* Exhibit F.

[24] After being forced to reschedule the Superior Court trial, Gap's counsel notified the Plaintiffs' attorneys that he had failed to secure the attendance of the deponent scheduled for August 22, 2006.

In addition, both Defendants in this action have made numerous requests of the Plaintiffs for documents that were not sought pursuant to F.R.C.P., Rule 34 or otherwise required to be produced by the Plaintiffs. Defendants, notwithstanding the absence of any proper and timely request for documents, continue to demand that the Plaintiffs make these document productions. *See* Exhibit F.

### III.     EXPEDIA SHOULD NOT BE AWARDED ANY EXPENSES OR COSTS.

Expedia should not be awarded any expenses or costs for several reasons. First, the Plaintiffs' Discovery Responses are legally sufficient. The Plaintiffs' Answers and Responses have not been adjudicated to be deficient. Secondly, since Plaintiffs' Discovery Responses were legally sufficient, Expedia's Motion should not have been filed in the first instance. For the reasons set forth above, Expedia's Motion was devoid of any factual or legal support and arguably was filed in bad-faith.

Further, it is the Defendants who have obstructed the discovery process throughout this litigation. For instance, Expedia objected (often on three grounds) to nearly every single interrogatory propounded by the Plaintiffs. Such blanket objections, while perfunctory in the past, have no place in the discovery process at the present time. Expedia objected on such grounds as the Plaintiffs' interrogatories are "unintelligible" "unanswerable" and "convoluted". *See* Exhibit C.

In addition, perhaps the most important document which may establish the relationship between Expedia and Turtle Beach Towers– i.e. the contract between them– Expedia summarily states does not exist after claiming to have made a "good faith and diligent search". Despite Expedia's failure to locate this crucial document it protests that there can be no liability against it.

## CONCLUSION

For the aforementioned reasons, Plaintiffs' request that this Honorable Court clarify and/or reconsider its Order of July 13, 2006 and deny Expedia, Inc.'s Motion for Sanctions and Application for Expenses and Costs.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1, Plaintiffs hereby request that this Honorable Court grant the Plaintiffs a hearing on the matters addressed within the instant pleading.

Plaintiffs,
By their attorney,

/s/ India L. Minchoff, Esq.       .
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile

## CERTIFICATE OF SERVICE

I, India L. Minchoff, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 11, 2006.

/s/ India L. Minchoff, Esq.