# EXHIBIT B

Hofer et al v. Old Navy Inc. et al                                                                           Doc. 38 Att. 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action |
| v.                                  ) | Docket No. 05-40170 FDS |
| ) | |
| THE GAP, INC., EXPEDIA, INC. and    ) | |
| TURTLE BEACH TOWERS,                 ) | |
| ) | |
| Defendants.             ) | |

## DEFENDANT EXPEDIA, INC.'S RESPONSE TO PLAINTIFF STEPHANIE HOFER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rules 26.1 and 34.1, Defendant Expedia, Inc. ("Expedia") hereby responds and objects to Plaintiff Stephanie Hofer's ("Stephanie") First Request for Production of Documents as follows.

### GENERAL OBJECTIONS

A.     Expedia asserts all of its General Objections with respect to each and every Request to the extent applicable, and its responses thereto should be read to be consistent with all of its General Objections.

B.     Expedia objects to each and every Request to the extent that it seeks information that was prepared for or in anticipation of litigation, constitutes attorney-client communications or attorney's work product or is otherwise protected from disclosure by any privilege or immunity. The inadvertent disclosure of any information subject to such privileges or protection is not intended to relinquish any privilege or protection and shall not be deemed to be a waiver of any applicable privilege or protection.

J:\Docs\99999\00000\01030452.DOC

    C.    Expedia objects to each and every Request to the extent that it seeks to discover legal conclusions rather than facts.

    D.    Expedia objects to each and every Request to the extent that it attempts to impose burdens that exceed or differ from the requirements of the Federal Rules of Civil Procedure, the Local Rules and the rules of this Court.

    E.    Expedia objects to each and every Request to the extent that it calls upon Expedia to produce documents beyond its possession, custody or control, or to the extent that it seeks production of documents in the possession, custody or control of Expedia that have been produced by the Plaintiffs (more specifically Stephanie).

    F.    Expedia objects to each and every Request to the extent that it purports to seek information that is publicly available or that is as readily available to the Plaintiffs as it is to Expedia.

    G.    Expedia objects to each and every Request to the extent that it seeks discovery of information or documents unrelated to the present litigation.

    H.    Expedia objects to each and every Request to the extent that it seeks discovery of confidential and proprietary business information, and will only provide such information subject to a Protective Order in this case.

    I.    Expedia reserves the right to assert additional objections and to supplement, modify or amend these objections and responses as additional information becomes known to it.

    J.    Expedia's decision to answer notwithstanding the objectionable nature of any of the Requests should not be construed as a waiver of any of these General Objections or a waiver of these General Objections as a whole.

J:\Docs\99999\00000\01030832.DOC

## Responses

Request No. 1

All correspondence, agreements, contracts, and/or other documents by and between Expedia, Inc., its agents or servants and the Turtle Beach Towers, and its agents or servants.

Response to Request No. 1

Objection: Expedia objects to this request as it is overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence. Expedia also objects to this Request as it seeks confidential and proprietary information.

Subject to and without waiving this objection or its General Objections, Expedia states that Expedia has been unable to locate the requested documents after a good faith and diligent search.

Request No. 2

All documents received by Expedia, Inc., its agents or servants, relating *(sic)* the premises at Turtle Beach Towers prior to March 18, 2004.

Response to Request No. 2

No such documents exist.

Request No. 3

All documents received by Expedia, Inc., its agents or servants, relating *(sic)* the premises at Turtle Beach Towers subsequent to March 18, 2004.

Response to Request No. 3

No such documents exist.

Request No. 4

Complaints commencing legal action against Expedia, Inc. arising out of circumstances substantially similar to those which form the subject of Plaintiff's Complaint only for the period 1989 to date.

Response to Request No. 4

Objection: Expedia objects to this Request as it is vague, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 5

Any and all statements signed or unsigned made by the Plaintiffs and in Expedia, Inc.'s possession concerning the accident in question.

Response to Request No. 5

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 6

Any and all statements signed or unsigned made by any person relating to the accident described in Plaintiff's Complaint.

Response to Request No. 6

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 7

Any and all written communications, correspondence, and other matter between Expedia, Inc. and the Plaintiffs pertaining in any way to the accident.

Response to Request No. 7

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request as it seeks the disclosure of work product.

Subject to this objection and without waiving its General Objections, Expedia states that no such documents exist.

Request No. 8

Any and all written communications, correspondence, and other matter between Expedia, Inc. and Turtle Beach Towers pertaining in any way to the accident described in the Plaintiff's Complaint.

Response to Request No. 8

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 9

Any and all applications, notices, proof of loss, reports, letters of correspondence sent or submitted by Expedia, Inc. to any insurance company, agent, broker, adjuster or investigator dealing with any issue arising out of the alleged accident.

Response to Request No. 9

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 10

Any and all statements from persons known, believed or alleged to have knowledge of discoverable facts or information concering the accident.

Response to Request No. 10

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 11

Any and all policies and procedures promulgated by Expedia, Inc. regarding its advertisement of travel destinations to the consumer of its services and to the resorts, companies, entities, and/or businesses Expedia, Inc. displays on its website as a travel destination.

Response to Request No. 11

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection and without waiving its General Objections, Expedia states that the only relevant policy appears on Expedia.com. Expedia produced said policy in connection with Expedia's automatic disclosures at Bates #s 1EXP 5-8.

### Request No. 12

Any and all correspondence directed to Expedia, Inc. informing it of the conditions of Turtle Beach Towers from any person or entity prior or subsequent to March 18, 2004.

### Response to Request No. 12

No such documents exist.

### Request No. 13

Any (sic) all documents evidencing any investigation performed by Expedia, Inc. regarding Turtle Beach Towers.

### Response to Request No. 13

Objection: Expedia objects to this Request as it is vague.

Subject to this objection and without waiving its General Objections, Expedia states that no such documents exist.

### Request No. 14

Diagrams and photographs either taken or prepared by Expedia, Inc. or its insurer or any agent or servant of Expedia, Inc. or its insurer as a result of Plaintiff's accident.

### Response to Request No. 14

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

### Request No. 15

All insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the instant litigation or to indemnify or reimburse for payments made to satisfy said judgment, which said agreements were in effect on the date of Plaintiff's accident.

J:\Docs\99999\000000\1030852.DOC

Response to Request No. 15

No such documents exist.

Request No. 16

All statements, whether signed or unsigned, recordings or transcripts thereof, and memoranda of conversation taken of Expedia, Inc., which relate in any way to the Plaintiff's accident as described in the Complaint.

Response to Request No. 16

Objection: Expedia objects to this Request as it seeks the disclosure of work product.

Request No. 17

All correspondence sent by Expedia, Inc. to any person listed on Plaintiff's Rule 16 Disclosure.

Response to Request No. 17

Objection: Expedia objects to this Request as it is vague, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks irrelevant documents and is not reasonably calculated to lead to the discovery of admissible evidence.

Request No. 18

All reports, forms, documents or other statements filled out or completed by any agent, servant or employee for Expedia, Inc. in the usual course of their duties which relate in any way to the happening of the Plaintiff's accident.

Response to Request No. 18

Objection: Expedia objects to this Request as it is vague, overly broad and unduly burdensome. Further, Expedia objects to this Request because it seeks the disclosure of work product.

Request No. 19

All forms, documents, reports and/or statements filled out or completed by or on behalf of any police department, fire department or other governmental agency and which relate in any way to the Plaintiff's accident.

Response to Request No. 19

Objection: Expedia objects to this Request as it is overly broad and unduly burdensome.

Subject to this objection and without waiving its General Objections, Expedia states that it does not have such documents within its possession, custody or control.

Request No. 20

All correspondence, agreements, contracts and/or other documents by and between Expedia, Inc. and Turtle Beach Towers.

Response to Request No. 20

Objection: Expedia objects to this Request as it is repetitious of Request number one.

Subject to this objection and without waiving its General Objections, Expedia refers Stephanie to Expedia's "Response to Request No. 1."

Request No. 21

All documents Expedia, Inc. intends to introduce or rely upon at a trial in this action.

Response to Request No. 21

Objection: Expedia objects to this Request as it seeks to impose obligations upon Expedia greater than those required under the applicable rules of civil procedure.

Request No. 22

All notices and claims and/or other documents by and between the Defendants.

Response to Request No. 22

Objection: Expedia objects to this Request as it is vague, ambiguous, overly broad and unduly burdensome. Further, Expedia objects to this Request as it seeks the disclosure of work product.

J:\Docs\99999\00000\01030952.DOC

EXPEDIA, INC.,
By its attorneys,

Lawrence G. Green, BBO #209060
Thomas T. Reith, BBO #648671
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 854-4000

Dated: July 26, 2006
01035176

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail hand-on

7-26-06

J:\Docs\99999\00000\01030852.DOC

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, )<br><br>Plaintiffs, )<br><br>v. )<br><br>THE GAP, INC., EXPEDIA, INC. and )<br>TURTLE BEACH TOWERS, )<br><br>Defendants. ) | Civil Action<br>Docket No. 05-40170 FDS |

### EXPEDIA, INC.'S ANSWERS TO PLAINTIFF STEPHAINE HOFER'S
### FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Rules 26.1

and 33.1, Defendant Expedia, Inc. ("Expedia") sets forth below its answers and objections to

Plaintiff Stephanie Hofer's ("Stephanie") First Set of Interrogatories.

### GENERAL OBJECTIONS

1.      Expedia's responses are made without waiving any objections as to relevancy,

privilege or admissibility of any information provided in response to Stephanie's First Set of

Interrogatories in this or any subsequent proceeding or at the trial of this or any other action,

on any ground. A partial response to any Interrogatory that has been objected to, in whole or in

part, is not intended to be a waiver of the objection.

2.      Expedia objects to these Interrogatories to the extent they call for the disclosure of

information that is subject to the attorney-client privilege, that is immune from discovery under

the attorney work product doctrine or that is otherwise protected from disclosure under the

Federal Rules of Civil Procedure and relevant case law. Disclosure of any information subject to

such privilege or exemption from discovery is inadvertent and shall not constitute or be deemed to constitute a waiver of such privilege or exemption from discovery.

    3.     Expedia objects to each and every Interrogatory to the extent they seek to impose discovery obligations that differ from or exceed those set forth in the Federal Rules of Civil Procedure, the Local Rules or the rules of this Court.

    4.     Expedia responds to each Interrogatory based upon the information available as of the date hereof and in accordance with the Federal Rules of Civil Procedure, the Local Rules and rules of this Court. Expedia reserves the right to supplement and/or amend its responses as may be appropriate upon further investigation.

    5.     Expedia objects to the Interrogatories to the extent they seek disclosure of confidential and proprietary information of Expedia without an adequate Protective Order in place. Expedia will produce proprietary and confidential information pursuant to the terms and conditions of a Protective Order once entered by this Court. Expedia reserves the right to challenge any portion of such a Protective Order.

    6.     Expedia objects to Stephanie's "Definitions and Instructions" to the extent such definitions and instructions are inconsistent with the definitions and procedures set forth in the Federal Rules of Civil Procedure, the Local Rules or the rules of this Court.

    7.     For these reasons, and without waiving its rights to raise other objections at the appropriate time, Expedia objects to Stephanie's First Set of Interrogatories. Each of these General Objections shall be deemed incorporated in Expedia's responses to each of the specific Interrogatories.

## ANSWERS TO INTERROGATORIES

Interrogatory No. 1

State the name, date of birth, business address, the name and address of your employer and a description of your duties for said employer.

Answer to Interrogatory No. 1

Objection: Expedia objects to this Interrogatory to the extent that it calls for the disclosure of information that is subject to the attorney-client privilege, that was prepared in anticipation of litigation, that is immune from discovery under the attorney work product doctrine or that is otherwise protected from disclosure under the Federal Rules of Civil Procedure and relevant case law.

Subject to this objection and without waiving its General Objections, Expedia states as follows:

Name: Jill Desiree Knaack
Date of birth: March 4, 1979
Business Address: 3150 139th Avenue SE, Bellevue, Washington 98005
Name of employer: Expedia, Inc.
Employer's business address: 3150 139th Avenue SE, Bellevue, Washington 98005
Job Description: (See Exhibit 1 hereto for position description)

Interrogatory No. 2

With respect to Expedia, Inc. please state:

a.    the state of incorporation;
b.    the date of incorporation;
c.    a full and complete description of all purposes of said corporation;
d.    each address from which said corporation has carried out business during the period from the date of incorporation to the present together with a description of the business carried out at each such address.

Answer to Interrogatory No. 2

Expedia objects to this Interrogatory as it is overly broad, unduly burdensome and because it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection and without waiving its General Objections, Expedia states as follows:

a. State of Washington
b. August 23, 1999
c. Expedia, Inc. is the corporate entity which owns the website Expedia.com.
   Expedia, Inc. also owns certain other websites. Each of the websites Expedia, Inc.
   owns is dedicated to facilitating webuser interface with travel and travel related
   vendors and services. More specifically, Expedia, Inc. provides access for on-line
   users to well over 100,000 travel related product and service providers, such as
   hotels, airlines and rental car agencies. On-line users have the ability to peruse
   Expedia, Inc.'s websites, view the advertisements offered by the hotels, airlines,
   rental car agencies and/or other travel related entities, and use the website of their
   election to facilitate the bookings at and/or with the aformentioned travel related
   product and service providers. In providing the above-mentioned on-line access,
   Expedia, Inc. does not act as agent to such travel related product and service
   providers.

   As to Expedia.com, one of the websites owned by Expedia, Inc., approximately 25
   million consumers worldwide visit Expedia.com on a monthly basis. Those
   consumers who elect to employ Expedia.com bookings are subject to, must agree
   to and must affirmatively click through Expedia, Inc.'s *Web Site Terms,
   Conditions, and Notices* to effectuate their respective on-line booking(s).

Interrogatory No. 3

Insofar as any of Expedia's agents, servants or employees, attorneys and/or insurers are
aware, set forth a full and complete description of how the plaintiffs (*sic*) accident as alleged in
the complaint occurred.

Answer to Interrogatory No. 3

Objection: Expedia objects to this Interrogatory as it calls for the disclosure of work
product.

Interrogatory No. 4

Set forth the name, address, and present employer's name and address, the date of and the
time of each contract that was entered into between Expedia, Inc. and Turtle Beach Towers. For
each contract, please set forth all facts and allegations regarding:

a. the business contracted between the parties;
b. the compensation or revenue terms of the contract for each party thereto; and
c. the information provided by or on behalf of Turtle Beach Towers to Expedia
   regarding its premises prior to or after entering into each said contract.

Answer to Interrogatory No. 4

Objection: Expedia objects to this Interrogatory on the grounds that it is convoluted, unintelligible and unanswerable as presently phrased. Expedia also objects to this Interrogatory as it is vague, overly broad and unduly burdensome. Expedia further objects to this Interrogatory as, in its present form, it appears to seek information that is not reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 5

Please state the name and address of each person whom you expect to call as an expert witness on behalf of the Defendant, together with the nature of each such person's specialization.

Answer to Interrogatory No. 5

Expedia states that it has not yet identified any such expert and will supplement this answer only as required by the Federal Rules of Civil Procedure, the Local Rules and the rules of this Court.

Interrogatory No. 6

With respect to each expert witness whom you expect to be called for testimony on behalf of the Defendant at trial, specify separately, as to each expert, (a) the substance of the facts and opinions to which each said expert is expected to testify; and (b) a summary of the grounds of each such opinion of each such expert.

Answer to Interrogatory No. 6

Expedia states that it has not yet identified any such expert and will supplement this answer only as required by the Federal Rules of Civil Procedure, the Local Rules and the rules of this Court.

Interrogatory No. 7

Please state the amounts of coverage afforded by each insurance policy, and the name of each insurer, concerning each insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any judgment which may be entered in this action.

Answer to Interrogatory No. 7

Expedia states that it is self-insured for purposes of the present suit.

Objections By:

_____ 7-26-06

Thomas T. Reith, Esq.

SIGNED AND SWORN TO under the pains and penalties of perjury this ___ day of July, 2006.

_____

Jill D. Knaack

I hereby certify that a true copy of the
above document was served upon the
attorney of record for each other party
by mail-hand on _____
7-26-06

Expedia states that it is self-insured for purposes of the present suit.

Objections By:

_____

Thomas T. Reith, Esq.

SIGNED AND SWORN TO under the pains and penalties of perjury this $25$ day of July, 2006.

_____
Jill D. Knaack

## EXHIBIT 1

### Position:

Specialist -Air Fulfillment Services

### Position Description:

The Specialist is charged with identifying trends and opportunities for process and
functional improvements leading to improved customer experience and operational
efficiencies. The Specialist is required to be customer focused, flexible, and possess the
ability to balance individual contribution, with a strong team orientation.

### Position Responsibilities:

-Establish processes to monitor and measure the consistent, timely delivery of airline
(commercial and charter) schedule changes including monitoring the change automated
and manual processes, tracking, troubleshooting and reporting issues

-Contribute to cost reduction and containment ensuring automated and manual fulfillment
processes are functioning efficiently

-Ensure Expedia is in compliance with regulations and agreements related to Back Office
applications and procedures. Identify, track and report areas out of compliance through
regular process audits

-Identify trends, anomalies, process and functional improvement opportunities

-Support continuous enhancement of product quality through monitoring and analysis of
all post purchase activity

-Monitor fulfillment vendor workflow applications and tools, and collaborating with team
to optimize application design ad usage

-Support prioritization of Fulfillment Services projects and enhancements through the
collection and analysis of supporting data

-Support continued increase in customer satisfaction through rapid identification and
appropriate prioritization and escalation of bugs and enhancements reported by our
fulfillment vendor and suppliers

-Identify improvement opportunities and recommend solutions

-Communicate and work with our fulfillment vendors, GDS and Expedia supplier teams
on issue resolution

01035175

# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**Docket No.: 05-40170 FDS**

| | |
|---|---|
| Stephanie Hofer and Douglas Hofer, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| The Gap Inc., Expedia, Inc., and | ) |
| Turtle Beach Towers, | ) |
|     Defendants. | ) |

I, Stephen J. Kuzma, hereby state and depose the following:

1.   I am an attorney duly admitted to the practice of law in the Commonwealth of Massachusetts and the Federal District Court for the District of Massachusetts. I represent the Plaintiffs in the above captioned matter.

2.   On or about July 20, 2006, eight days prior to the July 28, 2006 date set by the Court to comply with its July 13, 2006 Order, I had a lengthy telephone conversation with Expedia's attorney, Thomas Reith. During the conversation we spoke about the outstanding discovery issue as well as about settlement of the case between the Plaintiffs and Expedia.

3.   Attorney Reith stated a settlement position that he believed his client might be amendable to in the interest of resolving the case. Attorney Reith did state that he would have to consult with his client. When I stated that the proposal was unacceptable to the Plaintiff, Attorney Reith stated that he would speak with his client and call me the following week with Expedia's settlement position

4.   During the week leading up to July 28, 2006, I did not hear back from Attorney Reith.

Signed under the pains and penalty of perjury this 10th day of August, 2006.

Stephen J. Kuzma

# EXHIBIT E

BURNS & LEVINSON LLP

THOMAS T. REITH
617-345-3258
TREITH@BURNSLEV.COM

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

July 19, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

India L. Minchoff, Esq.
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125

Stephen J. Kuzma, Esq.
75 Federal Street, 17th Floor
Boston, MA 02110

Re:    *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc.,*
*and Turtle Beach Towers, C.A. 05-40170*

Dear Attorneys Minchoff and Kuzma:

Expedia, Inc. was scheduled to serve its answers to the Plaintiff's interrogatories and responses to the Plaintiff's documents requests on or before July 19, 2006. Due to reassignment of this matter's internal oversight at Expedia, Inc., Expedia, Inc. will not be able to make said service.

Expedia, Inc. intends to serve its interrogatory answers and document request responses on or before Wednesday, July 26, 2006. Accordingly, Expedia, Inc. requests the Plaintiffs' assent to a brief extension through and including, July 26, 2006. Please contact me immediately if the Plaintiffs do not assent.

I thank you for your anticipated cooperation and accommodation in this regard.

Very truly yours,

Thomas T. Reith

cc:    Lawrence G. Green, Esq.
Scott D. Feringa, Esq.
Sean J. Milano, Esq.

01034073

# BURNS & LEVINSON LLP

125 SUMMER STREET BOSTON, MA 02110
T 617.345.3000  F 617.345.3299
WWW.BURNSLEV.COM

THOMAS T. REITH
(617) 345-3258
TRFITH@BURNSLEV.COM

July 13, 2006

### VIA FACSIMILE AND FIRST CLASS MAIL

India L. Minchoff, Esq.                    Stephen J. Kuzma, Esq.
Law Offices of Russo & Minchoff           75 Federal Street, 17th Floor
123 Boston Street, 1st Floor              Boston, MA 02110
Boston, MA 02125

> Re:   *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc.,*
> *and Turtle Beach Towers, C.A. 05-40170*

Dear Attorneys Minchoff and Kuzma:

Consistent with my prior discussions with Attorney Minchoff, this confirms that Expedia, Inc. shall have until Wednesday, July 19, 2006 to serve its answers to Plaintiffs' interrogatories and it responses to Plaintiffs' document requests.

Thank you.

Very truly yours,

Thomas T. Reith

TTR: bih

cc:   Scott O. Feringa, Esq. (by first class mail)
      Sean J. Milano, Esq. (by first class mail)
      Lawrence G. Green, Esq.

31983-2Ltr(Minchoff)030806
J:\Docs\82148\00004\01032416.DOC

MASSACHUSETTS ||| RHODE ISLAND ||| DISTRICT OF COLUMBIA

# SULLIVAN, WARD, ASHER & PATTON, P.C.

ATTORNEYS AND COUNSELORS AT LAW



1000 MACCABEES CENTER
25800 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48075-1000

TELEPHONE: (248) 746-0700
FAX: (248) 746-2760

WEB SITE: www.swappc.com

ROBERT E. SULLIVAN, SR. (1922-1998)
DAVID M. TYLER (1950-2002)
RICHARD G. WARD (RETIRED)

Scott D. Feringa
sferinga@swappc.com
(248) 746-2727

July 7, 2006

**Via Facsimile and US Mail**
India Minchoff
Russo & Minchoff
123 Boston Street
Boston, MA 02125

Stephen J. Kuzma
75 Federal Street, 17th Floor
Boston, MA 02110

RE:    HOFER, STEPHANIE/DOUGLAS V. THE GAP, INC., ET AL
OUR FILE NO. PAG-121179

Dear Ms. Minchoff and Mr. Kuzma:

This will confirm the telephone conversation that I had with your assistant on Wednesday, July 5, 2006. In that telephone conversation your assistant advised me that you had agreed to our request for a two week extension of time in which to file responses to the plaintiffs' discovery requests. I do thank you for the cooperation that you have provided in this regard. I do thank you for your attention to the foregoing.

Very truly yours,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

Scott D. Feringa

SDF/sav
Enclosures
W0443010.27
cc:    Sean J. Milano, Esq. (via facsimile and US Mail)
       Thomas T. Reith, Esq. (via facsimile and US Mail)

# SULLIVAN, WARD, ASHER & PATTON, P.C.



1000 MACCABEES CENTER
25800 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48075-1000

TELEPHONE: (248) 746-0700
FAX: (248) 746-2760

WEB SITE: www.swappc.com

ROBERT E. SULLIVAN, SR. (1902-1948)
DAVID M. TYLER (1900-2002)
RICHARD G. WARD (RETIRED)

Scott D. Feringa
sferinga@swappc.com
(248) 746-2727

June 29, 2006

**Via Facsimile and US Mail**
India Minchoff
Russo & Minchoff
123 Boston Street
Boston, MA 02125

Stephen J. Kuzma
75 Federal Street, 17th Floor
Boston, MA 02110

RE:   HOFER, STEPHANIE/DOUGLAS V. THE GAP, INC., ET AL
      OUR FILE NO. PAG-121179

Dear Ms. Minchoff and Mr. Kuzma:

I would ask for a two week extension of time in which to file responses to Plaintiffs'
Interrogatories and Request for Production of Documents to Defendant GAP, Inc. These were
received in our office on June 5th. By my calculations they are due on July 5th (30 days after
service). It is unlikely that the responses will be received from GAP within the time frame
specified by the Court rules. Thus, I would ask for a two week extension, making such
documents due on or about July 19, 2006. Please let me know whether you will concur or
whether I will need to file a motion for extension of time in which to file responses.

I do thank you for your attention to the foregoing.

Very truly yours,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

Scott D. Feringa

SDF/sav
Enclosures
W0443010.25
cc:   Sean J. Milano, Esq. (via facsimile and US Mail)
      Thomas T. Reith, Esq. (via facsimile and US Mail)



**PERKINS** **SMITH**& **COHEN**

Perkins Smith & Cohen LLP
Attorneys at Law

Thomas T. Reith
617-854-4243
TReith@pscboston.com

December 27, 2005

## VIA FACSIMILE AND FIRST CLASS MAIL

India L. Minchoff, Esq.
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125

> Re:     *Stephanie Hofer and Douglas Hofer v. Old Navy, Expedia, Inc.,*
>        *and Turtle Beach Towers,* C.A. 05-40170

Dear Attorney Minchoff:

This follows our conversation of this morning, and confirms that Expedia, Inc.'s responsive pleading to the Complaint is now due to be filed and served on or before Tuesday, January 17, 2006.

Thank you.

Very truly yours,

Thomas T. Reith

cc:    Lawrence G. Green, Esq.
91983-2Lt.reconfirmnext.doc

One Beacon Street, 30th Floor, Boston, MA 02108-3106   Tel 617.854.4000   Fax 617.854.4040

Boston, MA    Washington, DC                         www.pscboston.com

# SULLIVAN, WARD, ASHER & PATTON, P.C.

ATTORNEYS AND COUNSELORS AT LAW



1000 MACCABEES CENTER
25800 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48075-1000

TELEPHONE: (248) 746-0700
FAX: (248) 746-2760

WEB SITE: www.swappc.com
December 19, 2005

Scott D. Fertings
sferdings@swappc.com
(248) 746-2727

India Minchoff
Russo & Minchoff
123 Boston Street
Boston, MA  02125

RE:   HOFER, STEPHANIE/DOUGLAS V. GAP, INC. DBA OLD NAVY

Dear Ms. Minchoff:

It was a pleasure speaking with you during our telephone conversation of Wednesday, December 14, 2005. As I indicated in that telephone conversation, our office represents Gap in products liability actions and its wholly owned subsidiaries throughout the United States. On Wednesday, December 14, 2005, we received a copy of the *Hofer v Old Navy, et al.* litigation. The information that we have been provided demonstrates that Old Navy was served on 12/2/05. Thus, the responsive pleadings would be due on 2/22/05. By virtue of the Christmas holidays and the fact that this is the first notice of the lawsuit we have had, we have asked for an additional 20 days in which to file responsive pleadings. You were gracious enough to provide that to us. I, therefore, calculate that the responsive pleadings are due on or before January 12, 2006.

Further, as I indicated in our telephone conversation, you served an entity identified as "Old Navy, Inc". The proper party Defendant would be "The Gap, Inc." Old Navy is a wholly owned subsidiary of Gap, Inc. We would stipulate to the amendment of the pleading to represent the proper corporate entity, "The Gap, Inc."

I would also ask that you provide me with the names and addresses of all counsel who have appeared on behalf of the other Defendants.

Finally, you have alleged that your client was wearing what is described in paragraph 13 of the Complaint as "newly purchased Old Navy sandals". I would appreciate receiving photographs of the sandals together with close-ups of any and all labels including the back sides of any such labels. As you may or may not know, Gap is not a manufacturer of clothing items or accessories. From the photographs and any other identifying information, including sales receipts and the like, we may be able to identify the manufacturer of the sandals. We would, of course, provide you with that information once we are able to identify the manufacturer.

# SULLIVAN, WARD, ASHER & PATTON, P.C.

ATTORNEYS AND COUNSELORS AT LAW

India Minchoff
December 19, 2005
Page 2

Thank you for your anticipated cooperation in this matter. I look forward to working with you. Please have a safe and happy holiday season.

Very truly yours,

**SULLIVAN, WARD,
ASHER & PATTON, P.C.**

Scott D. Feringa

SDF/amh
cc:    Sean J. Milano, Esq.

