Hofer et al v. Old Navy Inc. et al
Case 4:05-cv-40170-FDS   Document 40   Filed 09/18/2006   Page 1 of 9
Doc. 40

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

        Plaintiffs,

vs.

                FEDERAL COURT
                Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

        Defendants.
_____/

**DEFENDANT THE GAP, INC.'S MOTION AND
MEMORANDUM OF LAW TO COMPEL DISCOVERY**

NOW COMES Defendant THE GAP, INC., by and through its attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C. and hereby moves this Honorable Court pursuant Federal Rules of Civil Procedure 26, 34 and 37, and Local Rule of the United States District Court for the District of Massachusetts 26.1, 34.1 and 37.1. for an Order compelling Plaintiffs' to comply with numerous discovery requests and this Court's directive to Plaintiffs for the production of one exemplar of the sandal at issue, and in support of same states as follows:

1.    This action arises from personal injuries Plaintiff Stephanie Hofer sustained at the Turtle Beach Towers resort in Ocho Rios, Jamaica when her sandal, sold by The Gap, Inc. ("GAP"), purportedly broke, allegedly causing her to fall into a turtle pond located on the premises.

2.    On February 15, 2006, Plaintiffs' first and only Rule 26 Disclosure,

1

identified three pairs of Old Navy sandals they were characterized as exemplars of the sandal worn by Plaintiff Stephanie Hofer at the time of her alleged fall, as well as, a list of medical care providers and hospitals that rendered care and treatment to Plaintiff after her injury . See attached **Exhibit "A"**.

3.  Defendant GAP in its First Request for Production of Documents and Things requested one of the exemplar sandals for inspection, testing and identification and for full and complete copies of Plaintiffs' medical records from the medical care providers and hospitals identified in Rule 26 Disclosure, as well as, copies of all documents reviewed by experts and consultants on behalf of Plaintiffs. See attached **Exhibit "B"**.

4.  On February 20, 2006, only five days after Plaintiffs' filed their Rule 26 Disclosure, Defendant GAP specifically requested the production of "Social Security disability records and any and all applications for disability insurance and any other applications which would in any way evidence the claimed disability status of Plaintiff Stephanie Hofer" (hereinafter "disability records"). Defendant GAP also requested copies of any and all records from the physicians and health care providers identified in section (B)(1) of Plaintiffs' Rule 26 Disclosure dated February 15, 2006. See attached **Exhibit "C"**. Informal discovery, such as Defendant GAP's letter request for the production of documents, is specifically permitted pursuant to LRCP 26.1. See attached **Exhibit "D"**.

5.  A formal request for the production of the exemplars, medical records and disability records was made by co-Defendant Expedia on March 8, 2006. See attached

**Exhibit "E"**.

6.      On May 11, 2006, Plaintiffs' counsel and counsel for Defendants held a telephone conference to discuss discovery issues. The main topic was the production of one sandal exemplar to Defendant GAP for non-destructive testing. An agreement was reached in principle whereby Plaintiffs agreed to produce one of the exemplars for inspection and non-destructive testing. During the telephone conference Plaintiffs' counsel again assured defense counsel that they would produce all medical and disability records prior to the deposition of Plaintiffs. On May 11, 2006, correspondence memorializing the telephone discussion (See attached **"Exhibit F"**) and an agreement to be signed by the parties was drafted and sent to Plaintiffs' counsel on May 23, 2006. See attached **"Exhibit G"**. Plaintiffs' never produced the requested records or the exemplar.

7.      On or about May 24, 2006, the deposition duces tecum of the Plaintiff Stephanie Hofer was noticed and she was compelled to produce "any and all applications for any disability determination, including but not limited to all supporting documents for such applications" and "any and all mental healthcare professional records concerning any care, treatment or examination or testing of Stephanie Hofer, including any and all raw test data, audiotapes and videotapes of such testing for the years 2000 to the present" and "produce any and all evidence of any payments for medical care, mental health care or treatment which the plaintiff maintains were incurred as a result of the incident as identified in Plaintiffs' Complaint" at the time of her deposition. See attached **"Exhibit H"**. Plaintiff did not produce any of the records.

8.      At her continued deposition held on July 10, 2006, Plaintiff Stephanie Hofer admitted that she produced the records, including the disability records that she had

in her possession to her attorneys. (Dep.Tr. Stephanie Hofer, Vol. II, 248:24-249:22). None of the records were produced at the time of Plaintiff Stephanie Hofer's deposition. See attached "**Exhibit I**".

9.  Plaintiffs have already been sanctioned by this Court on September 8, 2006 for discovery abuses stemming from the production of documents. See attached **Exhibit "J"**.

10. Plaintiffs have refused to produce one of the exemplars or the requested records in their possession to Defendant GAP and, upon information and belief, co-Defendant Expedia has yet to receive the medical and disability records.

11. On or about July 23, 2006, in hopes of facilitating the production of the oft-requested documents, Defendant GAP drafted and sent to Plaintiffs' counsel releases to be signed by Plaintiff Stephanie Hofer for the release and production of all requested records. See attached **"Exhibit K"**.

12. At no time has Plaintiffs' counsel objected to the production of the exemplar for non-destructive testing or to the production of Plaintiffs' medical and disability records.

13. At the time of the September 8, 2006 Scheduling Conference, the outstanding discovery issues were raised with this Honorable Court. This Court directed Plaintiffs to produce the requested information. There was no opposition from Plaintiffs.

14. Plaintiffs continue to refuse to provide Defendant GAP with one of the exemplars, only offering Defendants an opportunity to inspect the exemplar in Plaintiffs' counsel's office. See attached **Exhibit "L"**, Plaintiffs' counsel's letter dated September 12, 2006. The letter also advises Defendants that Plaintiffs would not be providing copies

4

of the long outstanding medical and disability records.

15. In their letter dated September 12, 2006, Plaintiffs' counsel argue that since requests for Plaintiff Stephanie Hofer's Social Security and medical records were not made through formal discovery, Plaintiffs do not need to provide the records after discovery has closed.

16. Despite having already been sanctioned by this Court, Plaintiffs' counsel continues to hinder the discovery of relevant matters and are adamant that they will not produce to defense counsel the exemplar of the sandal or the requested records. See attached **"Exhibit M"** and **"Exhibit N"**.

17. Plaintiffs have continuously sought to foil all attempts of civilized discovery in this matter and are attempting Defendant GAP from mounting a proper defense in this matter. Pursuant to LRCP 37.1, numerous good faith attempts to remedy the discovery issues without this busy Court's intervention. Numerous telephone conferences and correspondence were exchanged with Plaintiffs' counsel and counsel for the other parties to remedy the long-standing discovery issues, as fully discussed above and attached hereto as exhibits. The parties are at an impasse as Plaintiffs' counsel has become firmly entrenched in the notion that Plaintiffs are under no obligation to produce any of the requested records and exemplars in their possession and that they have agreed to produce.

18. As noted above, the Plaintiffs' continuing and flagrant violation of this Court's discovery order, FRCP 26 and 34 and LRCP 26.1 and 34.1, has forced Defendant GAP to file the instant Motion to Compel Discovery to recover documents and the exemplar that should have been readily produced. Pursuant to FRCP 37 and LRCP 37.1,

Defendant GAP requests that this Honorable Court assess Plaintiffs' the amount of legal fees expended by it in the preparation of the instant motion.  This Honorable Court has the discretion and power to assess fees as a result of a party's Rule 37 violation.  See, Chambers v. NASCO, 501 U.S. 32, 45   n.8 (U.S. 1991).

**WHEREFORE**, for the foregoing reasons, Defendant THE GAP, INC. respectfully requests that this Honorable Court enter an Order compelling plaintiffs to produce, forthwith, but no later than five (5) days of entry of an Order to Compel, a full and complete set of any and all medical records, including psychiatric records of Plaintiff Stephanie Hofer identified in Plaintiffs' Rule 26 Disclosure, one of the purported exemplars of the sandal at issue that Plaintiffs agreed and were directed to produce pursuant to stipulation, and produce a full and complete copy of the Social Security disability records and any and all applications for disability insurance and any other applications which would in any way evidence the claimed disability status of Plaintiff Stephanie Hofer and award Defendant GAP costs and attorney fees for the need to file this motion.

        Respectfully submitted,

        **SULLIVAN, WARD,**
        **ASHER & PATTON, P.C.**

        By:   __/s/Scott D. Feringa_____
                SCOTT D. FERINGA (P28977)
                Attorney for Defendant GAP
                1000 Maccabees Center
                25800 Northwestern Highway
                Southfield, MI  48075-1000
                (248) 746-0700

Dated:  September 18, 2006

**FRCP 37 AND LRCP 37.1 CERTIFICATE**

      I, SCOTT D. FERINGA, hereby certify that the provisions of FRCP 37 and LRCP 37.1 have been complied with and that I have conferred in good faith to resolve the discovery issues in question without this Court's intervention and that it has become necessary for Defendant GAP to file the instant motion.  In this regard, I discussed the outstanding discovery issues with Plaintiffs' counsel during telephonic conferences and through numerous correspondence outlining agreements to the production of the requested documents and exemplar which culminated in Plaintiffs' counsel's refusal to produce the exemplar of the sandal or the records requested since February 20, 2006.  The numerous correspondence and telephone conferences are more fully described in the motion above and in the heretofore attached exhibits.  As evidenced by the tone and content of Plaintiffs' counsels' correspondence.  Further discussions with Plaintiffs' counsel are not necessary in light of the position that they have wrongly adopted to not produce the exemplar of the sandal for inspection or produce full and complete copies of Plaintiffs' medical records and disability records

      By:    /s/ Scott D. Feringa_____
            SCOTT D. FERINGA (P28977)
            Attorney for Defendant GAP
            1000 Maccabees Center
            25800 Northwestern Highway
            Southfield, MI  48075-1000
            (248) 746-0700

Dated:  September 18, 2006

**PROOF OF SERVICE**

I hereby certify that on the 18th day of September, 2006, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                        By:   /s/ Scott D. Feringa
                                 SCOTT D. FERINGA (P28977)
                                 Attorney for Defendant GAP
                                 1000 Maccabees Center
                                 25800 Northwestern Highway
                                 Southfield, MI  48075-1000
                                 (248) 746-0700

W0485953