## RULE 26.1    CONTROL OF DISCOVERY

(a) **Cooperative Discovery.** The judicial officer should encourage cost effective discovery by means of voluntary exchange of information among litigants and their attorneys. This may be accomplished through the use of:

(1) informal, cooperative discovery practices in which counsel provide information to opposing counsel without resort to formal discovery procedures; or

(2) stipulations entered into by the parties with respect to deposition notices, waiver of signing, and other matters, except that the parties may not enter into stipulations extending the time for responding to discovery requests or otherwise modify discovery procedures ordered by the judicial officer.

(b) **Disclosure Orders.** The judicial officer may order the parties to submit at the scheduling conference, or at any subsequent time the officer deems appropriate, sworn statements disclosing certain information to every other party. At the discretion of the judicial officer, this order may direct the submission of:

(1) a sworn statement from a claimant, whether plaintiff, third-party plaintiff, cross-claimant, or counter-claimant, that:

> (a) itemizes all economic loss and provides a computation of damages for which recovery is sought, if any, sustained before the date of service of process;
>
> (b) identifies all persons then known to the claimant or the claimant's attorney who witnessed or participated in the transaction or occurrence giving rise to the claim or otherwise known or believed to have substantial discoverable information about the claim or defenses, together with a statement of the subject and a brief summary of that information;
>
> (c) identifies all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the claimant regarding the subject matter of the claim; and
>
> (d) identifies all governmental agencies or officials then known to the claimant or the claimant's attorney to have investigated the transaction or occurrence giving rise to the claim; and

(2) a sworn statement from a defendant, whether the direct defendant, third-party defendant, cross-claim defendant, or counterclaim defendant, that identifies:

> (a) all persons then known to the defendant or the defendant's attorneys who witnessed the transaction or occurrence giving rise to the claim or otherwise is known or believed to have substantial discoverable information about the claims or defenses, together with a statement of the subject and a brief summary of that information;



EXHIBIT D

Dockets.Justia.com

    (b) all opposing parties, and all officers, directors, and employees of opposing parties, from whom statements have been obtained by or on behalf of the defendant regarding the subject matter of the claims or defenses; and

    (c) all government agencies or officials then known to the defendant or the defendant's attorneys to have investigated the transaction or occurrence giving rise to the claims or defenses.

Noncompliance may be excused only by order of the judicial officer.

    **(c) Discovery Event Limitations.** Unless the judicial officer orders otherwise, the number of discovery events shall be limited for each side (or group of parties with a common interest) to ten (10) depositions, twenty-five (25) interrogatories, twenty-five (25) requests for admissions, and two (2) separate sets of requests for production. For purposes of determining the number of interrogatories propounded, subparts of a basic interrogatory which are logical extensions of the basic interrogatory and seek only to obtain specified additional particularized information with respect to the basic interrogatory shall not be counted separately from the basic interrogatory.
*Adopted effective October 1, 1992; amended effective January 2, 1995.*