

# SULLIVAN, WARD, ASHER & PATTON, P.C.
### ATTORNEYS AND COUNSELORS AT LAW

1000 MACCABEES CENTER
25800 NORTHWESTERN HIGHWAY
SOUTHFIELD, MICHIGAN 48075-1000

TELEPHONE: (248) 746-0700
FAX: (248) 746-2760

WEB SITE: www.swappc.com

ROBERT E. SULLIVAN, SR. (1922-1998)
DAVID M. TYLER (1930-2002)
RICHARD G. WARD (RETIRED)

Scott D. Feringa
sferinga@swappc.com
(248) 746-2727

July 13, 2006

India Minchoff
Russo & Minchoff
123 Boston Street
Boston, MA 02125

RE:  HOFER, STEPHANIE/DOUGLAS V. THE GAP, INC., ET AL
     OUR FILE NO. PAG-121179

Dear Ms. Minchoff:

Given the difficulty that we are having with obtaining records and without waiving any of the defects in the production of the documents which you and your clients have failed to provide, I am enclosing Authorizations for Access by Patient for Disclosure of Protected Health Information that we would ask that your client execute. Many of the subpoenaed responses that Sean Milano is receiving are requesting signed authorizations. These authorizations that have been enclosed are authorizations that we believe comply with the various federal regulations and statutes for document production. We have enclosed authorizations for the following entities, health care organizations or health care providers.

1.  Charter Healthcare
2.  Leominster Hospital
3.  Lynda N. Simmons
4.  Michael N. Schatz, M.D., Montachusett Women's Health
5.  Jen LeBlanc, Worcester County Rehabilitation
6.  Elaine Borgen, Ph.D., UMass Behavorial Medicine
7.  Sarah Reiff-Hekking, Ph.D.
8.  Ingrid V. Bassett, M.D.
9.  Ronald J. Kulich, Ph.D., Massachusetts General Pain Center
10. Bill Chapman, Worcester County Rehabilitation
11. Milan Petar Stojanovic, M.D., Anesthesia Pain Management
12. Kimon C. Zachary, M.D., Infectious Disease Associates
13. Health Alliance
14. Dr. Denton Barnes, St. Ann's Bay Hospital
15. UMass Memorial Healthcare, Biotech One
16. Robert Fraser, M.D., Leominster Medical Association
17. John Aney, M.D., Health Alliance Burbank Hospital



EXHIBIT K

Dockets.Justia.com

# SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

July 13, 2006
Page 2

18. Diversified Visiting Nurse Association of UMass Memorial
19. David Lhowe, M.D.
20. Massachusetts General Hospital
21. Eugenia Daniella Hord, M.D.

We would ask that your client execute these authorizations and return them directly to us so that we might obtain the records in this fashion. We intend to go through copying services in Massachusetts so that you will have the opportunity to obtain these records as well.

Further, we have requested previously documents that have not yet been produced despite several requests, including Notices of Deposition Duces Tecum. The records that presently do not exist and that have been identified are:

1. Copies of photographs kept on the Hofers' home computer in which the progress of the healing of the left lower extremity has been documented. We have asked for all photographs in addition to the ones that have been provided.

2. Copies of the Hofers' checking statements for the years 2004, 2005 and 2006 with redacted account information which demonstrates the amount of money paid by the Hofers that constitutes monies they claim as economic damages in this case.

3. A complete copy of the employment file of Mr. Hofer from his employer for the years 2004, 2005 and 2006, including all payment records which would document in any fashion reimbursement for any sick time, vacation time or personal days.

4. A complete copy of Mrs. Hofer's personnel and/or employment file from Dr. Meszaros or a statement from Dr. Meszaros that no such records exist.

5. A complete copy of the SSDI applications, correspondence, communications, orders, transcript of any hearings, reports, including but not limited to psychological and physical examinations, opinions from various health care professionals concerning disability status and any communications to of from SSDI to Mr. or Mrs. Hofer or any individuals acting on their behalf concerning the SSDI application.

6. Personal notes concerning Ms. Hofer's doctors appointments identified in her deposition of 7/29/06, including any and all calendar type appointment books as identified in the deposition.

7. Accounting of the total amount of monies claimed in medical damages by Mr. and Mrs. Hofer, including but not limited to any and all claims of liens by Health

# SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

July 13, 2006
Page 3

        Alliance or any other entity that may have paid for any medical care through any sort of contract of insurance or contract of health care plan.

Further, as indicated in our conversation that took place on July 12th following the deposition of Mr. Hofer, I must protest the way in which your office has been handling the issue concerning discovery, the lack of production of documents and the failure to produce witnesses that were indeed promised by your office, all of which has been to the detriment of the defendants in this case. We were advised by your office that it would not be necessary to subpoena Ms. Pompei for her deposition. We were advised by your office that your office would produce Ms. Pompei on the date and time for the Notice of Deposition. You will recall that on June 29th after the deposition of your client could not continue, it was agreed that the deposition of Ms. Pompei would take place on July 11th not July 10th as was originally noticed. An Amended Notice of Deposition was forwarded to your office documenting the agreement and noticing the deposition to take place on Tuesday, July 11th at 1:00 p.m. We prepared for that deposition in accordance with the promise made by your office.

On July 10th we were advised by your assistant, Mia, that Ms. Pompei was not going to be able to be present for her deposition on July 11th because she had been advised that her deposition was scheduled for July 10th and apparently was not advised by your office that her deposition had been moved to July 11th. We find this curious given the fact that Ms. Pompei did not appear for her deposition as was originally noticed for July 10th. We are advised that because Ms. Pompei had not been told by your office of the move from July 10th to July 11th, that Ms. Pompei could not be present due to her business schedule.

Unfortunately we will now have to resort to subpoenaing the witnesses to appear for deposition to ensure their participation and appearance at the deposition.

You told us that while you attempted to accommodate our office, since you have no control over Ms. Pompei or Ms. LaBelle, that you cannot ensure their appearance at the time and date for their depositions. Thus, Mr. Milano will be serving and filing subpoenas to ensure that these witnesses will be present for their depositions.

It is our position that we have good grounds to file Motions to Compel Discovery in this case against you for the failures to produce the documents that have been requested on numerous occasions. Consistent with the philosophy behind the local rules practices, we have repeatedly attempted to seek your concurrence in the voluntary production of these documents which you are obligated to produce but have not done so. The continued attempt to seek your voluntary cooperation with the discovery requests is not in any way meant to be a waiver of the defendants' right to file Motions to Compel. We expect to receive the signed authorizations back no later than Friday, July 21st. We expect to receive the documents that we have requested in our office no later than Friday, July 28th. Should we not receive the documents and the signed authorizations we will have no choice but to file motions with the Court and seek sanctions.

# SULLIVAN, WARD, ASHER & PATTON, P.C.
ATTORNEYS AND COUNSELORS AT LAW

July 13, 2006
Page 4

I do look forward to your anticipated cooperation.

Very truly yours,

SULLIVAN, WARD,
ASHER & PATTON, P.C.

Scott D. Feringa

SDF/sav
Enclosures
W0475650
cc: Steve Kuzma, Esq. (wo/enc)
Sean J. Milano, Esq. (w/enc)
Thomas T. Reith, Esq. (w/enc)