Hofer et al v. Old Navy Inc. et al                                                          Doc. 40 Att. 13
Case 4:05-cv-40170-FDS    Document 40-14    Filed 09/18/2006    Page 1 of 2
09/12/2006  11:47  6177407310              MINCHOFF                          PAGE  02/10

# LAW OFFICES OF RUSSO & MINCHOFF

123 BOSTON STREET 1ST FLOOR  
BOSTON, MA 02125

INDIA@RUSSOMINCHOFFLAW.COM  
WWW.RUSSOMINCHOFFLAW.COM

PHONE 617.740.7340

INDIA L. MINCHOFF  
ATTORNEY AT LAW

FAX 617.740.7310

*By Facsimile and First Class Mail*

September 12, 2006

Scott D. Feringa, Esq.  
Sullivan, Ward, Asher & Patton, P.C.  
1000 MacCabees Center  
25800 Northwestern Highway  
Southfield, Michigan 48075

RE:  Hofer, et al v. Gap, et al, C.A. 05-40170

Dear Attorney Feringa,

I consider your letter of September 8, 2006 contemptuous on its face. The Court directed Gap, Inc. to comply with the Plaintiffs' 30(b)(6) Deposition Notice, not merely "attempt" to comply therewith.

Furthermore, the Court did not order the Plaintiffs to produce the exemplar sandals or produce any records but instead extended the discovery deadline for these matters to be resolved, if possible. In fact, you requested that the Court order these productions and your request was denied at that time.

Given your representation that production of the sandals is for the sole purpose of identifying the manufacturer, please be advised that the sandals are now and have been since the commencement of this action located at my offices. At all times the sandals have been available to the Gap, Inc. for inspection and, in fact, were previously inspected by you at Ms. Hofer's videotaped deposition. If you will recall you instructed Ms. Hofer to show the exemplar sandals on videotape. You also maintain color photographs of the sandals.

Your prior inspection before the videographer coupled with the color photographs is more than sufficient to allow the Gap, Inc. to identify the manufacturer of the sandals. If Gap, Inc. contends that, despite the foregoing, it is unable to determine the manufacturer kindly state, in writing, its bases for such a determination.

Finally, regarding the social security disability records and the psychiatric records of Ms. Hofer, I state the following. Ms. Hofer's social security records were not formally



requested, contrary to your representation at Court, prior to the discovery deadline. Similarly, Ms. Hofer's psychiatric records were not formally requested. The Court's Order did not permit for additional discovery to be propounded but rather allowed for remaining discovery to be concluded by October 23, 2006. To this end, despite your request, the Court specifically declined to order the Plaintiffs to produce the sandals, disability and psychiatric records of Ms. Hofer.

Kindly provide me dates, forthwith, for the scheduling of Gap, Inc.'s designee(s). Please be advised that Attorney Kuzma and myself will be engaged in a week long jury trial commencing on September 18, 2006 in the Norfolk Superior Court. Immediately following that trial we will be engaged in a three-day jury trial scheduled for September 25, 2006 in the Plymouth Superior Court.

Very truly yours,

India L. Minchoff

cc.   Stephen J. Kuzma, Esq.
      Thomas Reith, Esq.
      Sean Milano, Esq.

10/3