UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

    Plaintiffs,

vs.                                                                                            Case No. 4:05-cv-40170

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

    Defendants.
_____/

**DEFENDANT THE GAP, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT, GAP, INC.'S MOTION AND MEMORANDUM OF LAW TO COMPEL DISCOVERY AND PLAINTIFFS' REQUEST FOR RULE 11 SANCTIONS**

**NOW COMES** the Defendant, THE GAP, INC., and in reply to Plaintiffs' Opposition to Defendant GAP's Motion to Compel Discovery and Plaintiffs' Request for Rule 11 Sanctions, states the following:

Defendant THE GAP, INC. ( "GAP") will not engage in the ad hominem attacks that have been made. It is only interested in completing the discovery to which it is entitled.

**I.**     **DEFENDANT GAP'S REQUEST FOR ONE (1) PAIR OF SANDAL EXEMPLARS**

Defendant GAP is entitled to inspect one of the three pairs of sandal for the following reasons: (1) Plaintiffs' counsel agreed to produce one pair of the sandal exemplars pursuant to a protective order. Plaintiffs' counsel after the last status conference, unilaterally and without any basis, decided that counsel for GAP would not abide by the terms and condition of a protective order that he had drafted and proposed and decided not to release an exemplar; (2) the photographic identification of the manufacturer of the sandal has proven difficult and actual physical inspection is needed by GAP personnel who are located in San Francisco California; and (3) Plaintiffs allege that the sandals are defective because the strap broke under normal wearing conditions. In mounting a proper defense, Defendant GAP must be permitted to examine one of the three sets of exemplars in a non-destructive manner pursuant to the already agreed upon protocol and order.

1

**II.    DEFENDANT GAP'S REQUEST FOR DISABILITY, MEDICAL AND PSYCHIATRIC RECORDS**

Defendant GAP is entitled to the disability, medical and psychiatric records because: (1) Rule 26(a)(1)(C) requires the production of the records supporting the claims of damages without a formal discovery request; (2) the records were requested beginning on February 20, 2006; (3) the records are relevant and will lead to further discoverable evidence; and (4) There has been no claim of privilege nor any protective order sought by plaintiff's counsel to prevent production of the records.

**III.    PLAINTIFFS' REQUEST FOR RULE 11 SANCTIONS AGAINST COUNSEL FOR GAP**

Plaintiffs seek Rule 11 Sanctions because they believe that the instant Motion to Compel Discovery was filed in bad faith. Plaintiffs allege in their response to the Motion to Compel that: (1) Defendant GAP misconstrued and misled the Court in its recitation of the discovery history in the instant action, and (2) Defendant GAP should have filed a Motion to Extend Discovery instead of a Motion to Compel. Rule 11 sanctions are only warranted under the most egregious of circumstances and violation of the court rules. Defendant GAP has complied with all court rules, has not impeded or frustrated discovery and has in good faith filed the instant Motion to Compel Discovery to compel discovery that should have already been produced and in fact was promised to be produced. Moreover, Plaintiffs' request for Rule 11 sanctions must be filed as a separate motion and not as a part of their response.

## **CONCLUSION**

     Defendant GAP seeks the production of those records that it is entitled to pursuant to Rule 26 and in response to requests for their production. The exemplar should be produced because it is relevant, there was already an agreement to produce by the exemplar by Mr. Kuzma and Ms. Minchoff and it is necessary for the preparation of a proper defense of GAP. Defendant GAP maintains that its conduct throughout the litigation and its request for an Order compelling discovery do not warrant Rule 11 sanctions.

                                            Respectfully submitted,

                                            **SULLIVAN, WARD,**
                                             **ASHER & PATTON, P.C.**

                        By:    __/s/Scott D. Feringa_____
                                SCOTT D. FERINGA (P28977)
                                Attorney for Defendant GAP
                                1000 Maccabees Center
                                25800 Northwestern Highway
                                Southfield, MI  48075-1000
                                (248) 746-0700

Dated:  October 3, 2006

## PROOF OF SERVICE

I hereby certify that on the 3rd day of October, 2006, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                By:    /s/ Scott D. Feringa
                         SCOTT D. FERINGA (P28977)
                         Attorney for Defendant GAP
                         1000 Maccabees Center
                         25800 Northwestern Highway
                         Southfield, MI  48075-1000
                         (248) 746-0700

W0488692