UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE HOFER )<br>And )<br>DOUGLAS HOFER, )<br>           )<br>   Plaintiffs, )<br>v. )<br>           )<br>THE GAP, INC., EXPEDIA, )<br>INC., and TURTLE BEACH )<br>TOWERS, )<br>           )<br>   Defendants. ) | CASE NO. 05-40170 FDS<br><br>HON. F. DENNIS SAYLOR IV<br><br>Clerk:  Martin Castles |

### CONSENT PROTECTIVE ORDER

By consent of the parties to this action and pursuant to Federal Rule of Civil Procedure 26(c)(7), the Court makes the following Protective Order which shall be permanently binding and enforceable against the parties, their officers, agents, servants, employees, attorneys and all legal or equitable successors, and all other persons in active consort or participating with any of them who received actual notice hereof.

1.     **APPLICABILITY**.  This Order shall apply to any documents or other tangible things, Interrogatory Answer, admission, testimony or other subject matter having any informational content whatsoever, which is produced by any of the undersigned parties, for examination by another or for placement in the record, which any of the parties designates as "CONFIDENTIAL."  All confidential documents or testimony shall bear the stamp "CONFIDENTIAL" upon the face of each page of content. If, however, such document or testimony is a collective or composite document, the "CONFIDENTIAL" stamp need only appear on the first page and all succeeding pages shall be treated as if stamped.

1

2.  **COURT SUPERVISION**.  Any party challenging the designation of particular subject matter as confidential may seek conciliation of such challenge and, failing conciliation, may move for disclosure of the disputed subject matter.  However, until such time as a challenge is conciliated or determined by the Court, all subject matter designated confidential by any of the parties shall be protected under this Order.

3.  **PROTECTION**

   a)  No subject matter designated or held "CONFIDENTIAL" in accordance with this Order may be disclosed, discussed or in any way communicated to any person other than:
   
   (i)  The attorneys of record in this action, including all paralegals and immediate secretarial and clerical staffs who may be assisting said attorneys in the preparation of this case;
   
   (ii)  Any one or more of the parties to this action when it is necessary for a person designated in subparagraph (i) above to confer for the purpose of preparing this action for litigation;
   
   (iii)  Such persons or entities other than those designated in subparagraphs (i) and (ii) above who have been designated to serve as expert witnesses in this case, provided that such persons shall, prior to disclosure, execute and affirm before a Notary Public a written statement under the caption of this cause and containing the following language:
   
   (iv)  I hereby acknowledge that information designated as "CONFIDENTIAL" is being disclosed to me only upon the condition that I agree to be subject to the Protective Order entered in the above-captioned civil action by the [Court].  I have read and understand such Protective Order and I hereby agree to abide by and be bound by such Order under all penalties prescribed therein, including contempt of Court.

The above statement shall be filed with the Clerk of this Court within a reasonable time thereafter, with copies of said statements being served upon counsel to the parties.

No subject matter designated or held "CONFIDENTIAL" shall be used, conveyed or transmitted in any manner by any person or entity for any purpose whatsoever other

2

than for the preparation and Trial of this action. The execution of this Protective Order shall not affect the admissibility or non-admissibility of any materials in any proceeding.

Except as specified below, all subject matter designated or held "CONFIDENTIAL" under this Order, all copies thereof and all memoranda or other media disclosing the contents therefore shall remain in the custody of persons subject to this Order.

All transcripts of depositions, exhibits, Answers to Interrogatories, Affidavits, Stipulations, Briefs, Memoranda of Law and other documents or materials which may be filed with the Court pursuant to the pretrial discovery of any party or at the hearing or on the appeal of this cause, comprising, containing or otherwise disclosing subject matter designated or held "CONFIDENTIAL" under this Order shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the style of this action, the words "CONFIDENTIAL INFORMATION," a description of the nature of the contents and a statement substantially in the following form:

> This envelope contains confidential and privileged material subject to protection under a standing Order of the Court and is not to be opened or its contents disclosed or revealed except by Order of the Court.

Upon final termination of this action, all parties and all other persons having possession, custody or control of subject matter governed by this Order shall assemble and return all such subject matter to the appropriate party, including all copies or duplicates thereof which may have been made. Expedia and GAP will agree to pay the shipping costs (regular delivery) for any and all documents identified by each party as "confidential" and will agree to reimburse counsel for plaintiff for any transcript costs of depositions taken of their respective employees wherein reference is made to any items identified as "confidential" upon presentation of the returned item and a bill documenting such transcript costs.

Every person or entity bound by this Order shall exercise special care to ensure that any partner, employee, servant, agent or attorney for the person so bound who obtains confidential subject matter and who thereafter leaves the partnership, employment or agency of the principal so bound shall restore all confidential subject matter to such principal and shall not disclose the same to any person or entity.

4. **NON-WAIVER**. Nothing in this order shall be construed as a waiver of any party's right to any discovery, testimony or other proceeding on any ground or to seek access by means of formal discovery or other court process in other litigation to material produced subject to this Protective Order, except as otherwise limited as follows:

> Before seeking access in other litigation to material subject to this Protective Order, a party shall give notice and an opportunity to be heard to the appropriate party/parties so that a determination can be made whether the process or act of seeking access would itself undermine or circumvent this Protective Order.

The fact that subject matter held or designated "CONFIDENTIAL" under this Order may be the subject of testimony or other evidence shall not in any way violate this Order.

5. **ENFORCEMENT**. A violation of this Order shall result in a hearing to take place before the Court to whom this matter is assigned which Court will then determine the extent of the violations and the sanction applicable, if any, for the violation on motion of any party or other person or entitled aggrieved by such violation.

Entered this _____ day of _____, 2006.

_____
HON. F. DENNIS SAYLOR IV

Approved as to form and substance:

| | |
|---|---|
|   /s/India L. Minchoff<br>India L. Minchoff BBO #652456<br>Attorney for Plaintiff |   /s/Scott D. Feringa<br>Scott D. Feringa (P28977)<br>Attorney for Defendant GAP |
|   /s/Stephen J. Kuzma<br>Stephen J. Kuzma BBO #547522<br>Attorney for Plaintiff |   /s/Sean J. Milano<br>Sean J. Milano, Esq. BBO#55996<br>Attorney for Defendant GAP |
|   /s/Thomas T. Reith<br>Thomas T. Reith BBO #648671<br>Attorney for Defendants Expedia | |

W0486149

5