## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

       Plaintiffs,

                                    FEDERAL COURT
vs.                                        Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

       Defendants.
_____/

### DEFENDANT THE GAP, INC.'S
### MOTION TO BAR PLAINTIFF FROM PROVIDING ANY EXPERT
### TESTIMONY DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE
### CASE MANAGEMENT ORDER OF FEBRUARY 3, 2006

**NOW COMES** The GAP, Inc. (GAP), and for its Motion to Bar Plaintiff from Providing any Expert Testimony due to plaintiff's failure to comply with the Case Management Order of February 3, 2006, causing Defendant GAP to be prejudiced states as follows:

    1.    This action which contains premises liability claims against the Co-defendants Turtle Beach Towers and Expedia, Inc. and which contains product liability claims against GAP was filed in this court on September 27, 2005.

    2.    On February 3, 2006, a Case Management Order was entered by the Court with dates including expert disclosure dates that were agreed to and approved by all parties.

    3.    Significantly, pursuant to that Order, Plaintiffs were to file their Fed. Rule of Civ. Proc. 26 disclosures no later than October 2, 2006. Pursuant to that same Order

Defendants were provided an additional 44 days for such disclosures. The Defendants Fed. Rule of Civ. Proc. disclosures are due on November 15, 2006.

4. At a recent Status Conference that was held by this court on September 8, 2006, the Court asked the parties whether there needed to be modification of the expert disclosure deadlines. Significantly, Plaintiffs told the Court that they would be able to make their disclosures by the date in the Order, October 2, 2006. While the court did extend the factual discovery deadline until October 23, 2006, no other dates were modified.

5. Plaintiffs failed to file their expert disclosures on October 2, 2006 and to date have not filed any disclosures despite being reminded to do so by counsel for GAP on two separate occasions by letters dated October 10, 2006 and October 12, 2006. (See attached correspondence marked as Exhibit 1). No response to the request to file was made by Plaintiffs' counsel.

6. Further, Plaintiffs have not sought an extension of time in which to file their disclosures either by asking defense counsel to do so or by filing a motion with the Court as of the date of the filing of this motion.

7. Expert disclosures from the defense are due no later that November 15, 2006. Without Plaintiffs' disclosures, Defendant GAP is prejudice because it still does not know the precise nature of Plaintiffs' allegations or any information of what Plaintiffs' experts are going to testify. The purpose of the 44 day difference between the Plaintiffs' disclosure and the Defendants' disclosure is to allow the Defendants to know of the precise opinions of the Plaintiffs' witnesses and then be able to respond.

8. Counsel for Defendant GAP, in an informal manner attempted to coax counsel for Plaintiffs to comply, providing plaintiffs' counsel with two letters pointing out the failure rather than filing an immediate motion. These attempts were met with silence.

9. Defendant GAP is now prejudiced by Plaintiffs' failure to comply with the Case Management Order. Defendant GAP cannot file full and complete expert disclosures because Plaintiffs have not revealed any of the substantive reasons, facts, data, or opinions from their experts that would allow GAP to respond in kind. Defendant GAP is therefore prejudiced in the defense of the action by this failure.

10. Case law provided that where a party fails to comply with disclosure deadlines and where that failure prejudices the opposing party, the Court has the ability to enter a number of sanctions including dismissal of the action. <u>Gagnon v. Teledyne Princeton, Inc.</u>, 437 F.3d 188, 191 (1st Cir. 2005). Defendant GAP requests that this Court bar plaintiffs from presenting any expert testimony in support of their case against Defendant GAP.

11. In the event that the Court is of the opinion that such a sanction is too harsh despite the repeated failure of the Plaintiffs to comply with discovery , Defendant GAP would request that this Court order plaintiffs to present their full and complete expert disclosure no later than October 30, 2006; that Plaintiffs be required to present all of their experts for depositions no later than November 30, 2006 at plaintiffs' counsel's expense and that Defendant GAP then be permitted to file its expert disclosure by December 15, 2006.

**WHEREFORE**, for the foregoing reasons, Defendant THE GAP, INC. respectfully requests that this Honorable Court grant its Bar Plaintiff From Providing Any Expert Testimony Due To Plaintiff's Failure To Comply With The Case Management Order Of February 3, 2006.

        Respectfully submitted,

        **SULLIVAN, WARD,**
        **ASHER & PATTON, P.C.**

By:   /s/Scott D. Feringa
      SCOTT D. FERINGA (P28977)
      Attorney for Defendant GAP
      1000 Maccabees Center
      25800 Northwestern Highway
      Southfield, MI  48075-1000
      (248) 746-0700

Dated:  October 23, 2006

**PROOF OF SERVICE**

I hereby certify that on the 23rd day of October, 2006, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                By:   /s/ Scott D. Feringa
                       SCOTT D. FERINGA (P28977)
                       Attorney for Defendant GAP
                       1000 Maccabees Center
                       25800 Northwestern Highway
                       Southfield, MI  48075-1000
                       (248) 746-0700

W0491450