UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION No.: 05-40170-FDS

_____
STEPHANIE HOFER          )
and                     )
DOUGLAS HOFER           )
    Plaintiffs,        )
                        )
    v.                 )
                        )
THE GAP, INC., EXPEDIA, INC., )
and TURTLE BEACH TOWERS, )
    Defendants.         )

**PLAINTIFFS, STEPHANIE AND DOUGLAS HOFER'S, OPPOSITION TO DEFENDANT, THE GAP INC'S, MOTION TO BAR PLAINTIFF FROM PROVIDING ANY EXPERT TESTIMONY DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH THE CASE MANAGEMENT ORDER OF FEBRUARY 3, 2006 AND EXPEDIA'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS TESTIMONY**

The Plaintiffs, Stephanie and Douglas Hofer, hereby state their opposition to the Defendant, The Gap, Inc.'s, Motion To Bar Plaintiff From Providing Any Expert Testimony Due To Plaintiff's Failure To Comply With The Case Management Order Of February 3, 2006 and Expedia's Motion To Strike Plaintiff's Expert Witness Testimony.

In support hereof, the Plaintiffs state the following.

1. The Plaintiffs' case was filed against the Defendant on or about September 27, 2005. The gravamen of Plaintiffs' claim is products liability against the Defendant as sellers of a defective product (sandals) which malfunctioned causing serious bodily injury during the initial use of the product.

2. At the case management conference held on February 3, 2006, the Court, after input from the parties' respective counsel, issued a date of October 2, 2006 for the disclosure of Plaintiffs' experts. At the conference, the Court indicated that the dates established for discovery were reviewable and modifiable if

1

circumstances warranted. The Plaintiffs respectfully suggest that such circumstances exist at the present time.

3. On September 8, 2006, at a status hearing before the Court, the discovery deadline, by agreement of the parties and with the approval of the Court, was extended to October 23, 2006, to allow for additional discovery. One of the reasons for the extension was due to the fact that Plaintiffs had a busy trial schedule in the summer of 2006 and that Plaintiffs' fact-based depositions of the Defendants required travel to Jamaica, Florida, and potentially San Francisco. The Defendants, despite doing business in Massachusetts, did not agree to produce the witnesses locally. As a result, the deposition of the Jamaican witnesses were taken in Jamaica, the 30(b)(6) depositions of Defendant, Expedia, were taken in Florida, and the 30(b)(6) depositions of Defendant, The Gap, Inc., was taken via video conference on October 20, 2006. In sum, due to scheduling issues, the Plaintiffs were forced to take five depositions after October 2, 2006, the date designated by the Court in February 2006, by which the Plaintiffs were to disclose its expert(s).

4. Most significant to the Plaintiffs' opposition to the present motion is testimony elicited at the two 30(b)(6) depositions of the Defendant, The Gap, Inc. For the first time in this litigation, on October 20, 2006, the Defendant, The Gap, Inc. disclosed that it possessed test results of the subject sandals it sold. (Exhibit will be Mailed to the Clerk). This document was never produced to the Plaintiffs, as required by Rule 26 under the automatic disclosure. Certainly this was such a document contemplated for disclosure by Rule 26(a)(1)(B). Instead, the

    Defendant produced the document three days after the 30(b)(6) depositions, thereby preventing the Plaintiff from making inquiry of the Defendant regarding the document. In addition, it is evidence vital to Plaintiffs' anticipated expert's testimony. It should also be noted that it was not until the eleventh hour before the 30(b)(6) depositions took place, and only after the Plaintiffs agreed to a confidentiality consent order, that The Gap, Inc. produced a number of documents regarding the sandals manufacturer, testing facility, and testing procedure, methods and results.

5. At the time of the September 8, 2006 status conference, the Plaintiffs did not fully appreciate the significance of not requesting an enlargement of time to disclose experts in light of the fact that the "fact" discovery deadline was extended to October 23, 2006. It is due to the fact that important and significant factual testimony was only elicited from the 30(b)(6) depositions taken after October 2, 2006 that the Plaintiffs did not posses facts necessary to support the basis for an expert's testimony.

6. It should be very clear to all concerned that, given the nature of the case—a products liability action—that testing data would be requested, and potentially serve in part as the basis for expert testimony. The Defendant, The Gap, Inc., in it's motion, seeks to gain a strategic advantage by its failure to disclose its testing data in the present case until <u>after</u> the deadline for the Plaintiffs' expert disclosure. In fact, as mentioned above, the Defendant, The Gap, Inc., failed to provide <u>any</u> meaningful discovery which might serve as a basis for expert testimony until weeks after the deadline to disclose expert testimony. It was the

Defendant's own obfuscation of the discovery process which acted to deny the Plaintiff of facts and documentary evidence that led to the delay and Plaintiff's inability to name an expert in a timely fashion. Although the simplicity of the sandals' design may be within one's own lay knowledge, without recourse to expert testimony, the fact remains that the Plaintiff simply did not possess the relevant evidence to provide it's anticipated expert until well after the October 2, 2006 deadline.

7. The fundamental purpose behind discovery is to avoid unfair surprises at trial. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Atlas Track Corp. v. Donabed*, 47 Mass. App. Ct. 221, 224-225 (1999), *quoting Strom v. American Honda Motor Co.*, 423 Mass. 330, 336 (1996). *See also Mohamed v. Fast Forward*, Inc., 41 Mass. App. Ct. 643, 647-648 (1996) (evidence properly excluded where its introduction would have amounted to a "bushwack"). The Defendant will not suffer any demonstrable prejudice by a delay in Plaintiffs' expert disclosure. While the Plaintiff recognizes and appreciates the Court's concern for keeping the case on track for trial, the Plaintiffs respectfully suggest that the goal will not be adversely impacted by slight adjustments to the expert disclosure dates. The Plaintiffs respectfully suggest that the Court deny the Defendant's motion and modify the discovery schedule to allow Plaintiffs to designate an expert on or before November 30, 2006 with the Defendant's designation due on or before January 15, 2007.

        Plaintiffs,
        By their attorney,


        <u>/s/ India L. Minchoff, Esq.    .</u>
        India L. Minchoff, Esq. (652456)
        Law Offices of Russo & Minchoff
        123 Boston Street, 1st Floor
        Boston, MA 02125
        617/740-7340 telephone
        617/740-7310 facsimile

## **CERTIFICATE OF SERVICE**

    I, India L. Minchoff, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 6, 2006.


        /s/ India L. Minchoff, Esq.

5