UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

        Plaintiffs,

vs.                               Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

        Defendants.
_____/

**DEFENDANT THE GAP, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO BAR PLAINTIFF EXPERT TESTIMONY**

NOW COMES the Defendant, THE GAP, INC., and in reply to Plaintiffs' Opposition to Defendant GAP's Motion to Compel Discovery and Plaintiffs' Request for Rule 11 Sanctions, states the following:

While the Plaintiffs' response attributes their failure to comply with this Court's orders for expert disclosure on the Defendant GAP, the arguments raised are not supported by the procedural and factual history. Simply put, it appears that the Plaintiffs have not consulted nor retained any experts in this matter within the timeframe established by the Court. We would urge the Court to grant the Defendant GAP's Motion for the following reasons:

First, the Plaintiffs argue that they were not provided documents from Defendant GAP and thus were not able to comply with the Court's order pertaining to the October 2, 2006 disclosure of the Plaintiffs' experts. It is presumed that the documents that the Plaintiffs are referring to were the documents produced after Plaintiff's agreed to and signed the Consent Protective

1

Order. That Order was finally signed by Plaintiffs on October 12, 2006, **ten days after** Plaintiffs were required by the Court to provide their expert disclosures. Surely, Plaintiffs cannot rely on this argument as a reason for their failure to comply.

Second, Plaintiffs argue that the GAP employee depositions were not taken until October 20, 2006. Plaintiffs' counsel did not request the depositions until August 18, 2006. The depositions were arbitrarily noticed for August 30, 2006, the day of Fact Discovery Cut-off, but no other dates. At a September 8, 2006 status conference, the Court extended Fact Discovery Cut-off to October 23, 2006. In light of the late notice, Counsel for Defendant GAP offered the date of September 29, 2006 to the Plaintiffs' counsel that would have resulted in the depositions being concluded ***prior to*** the October 2, 2006 date. Despite three letters to Plaintiffs' counsel, no response was received from Plaintiffs' counsel requiring Defendant GAP to supply further dates in October, 2006, with Plaintiffs finally selecting the date of October 20, 2006.

Third, Plaintiffs made no attempt to even partially comply with the Court's order by supplying the name, address, area of testimony, bibliography, and list of past cases of ***any expert*** that they intended to call. In fact, when counsel for GAP sent letters to Plaintiffs' counsel reminding them of their failure and urging them to file their expert witness information, those letters were ignored as well. There was no request for an extension. There was no attempt to partially comply. There was simply no response. The first request for an extension was made by the Plaintiffs on the last day of the time period in which to reply to the

2

motion. There was never an attempt by Plaintiffs' counsel to seek an extension before November 7, 2006, *thirty-six days after the time when the disclosures were due.*

Fourth, not only have Plaintiffs violated the expert disclosure order, they have violated the **Consent Protective Order**, leading to the conclusion that they likely have no experts to disclose. That Order signed by Plaintiffs' counsel on October 12, 2006 and entered by this Court on October 17, 2006, requires that all experts who are to be presented data or documents marked as "confidential" are to sign an Affidavit that must be presented to all parties and filed with the Court. Paragraph 3(a) of the order states in pertinent part:

> "(iii) Such persons or entities other than those designated in subparagraphs (i) and (ii) above who have been designated to serve as expert witnesses in this case, provided that such persons shall, prior to disclosure, execute and affirm before a Notary Public a written statement under the caption of this cause and containing the following language:
>
> (iv) I hereby acknowledge that information designated as 'CONFIDENTIAL' is being disclosed to me only upon the condition that I agree to be subject to the Protective Order entered in the above-captioned civil action by the [COURT]. I have read and understand such Protective Order and I hereby agree to abide by and be bound by such Order under all penalties prescribed therein, including contempt of Court.
>
> **The above statement shall be filed with the Clerk of this Court within a reasonable time thereafter, with copies of said statements being served upon counsel to the parties**." (emphasis added)

No Affidavit from any expert has been sent by Plaintiffs' counsel to counsel for Defendant GAP and no such Affidavit has been filed with the Court

3

as of November 7, 2006. The documents were presented to Plaintiffs on October 13, 2006, one day after the Plaintiffs' counsel signed the Order and ***four days before the Court signed the Order.*** If Plaintiffs indeed had experts that were retained as of that date, by the terms of the Order that the Plaintiff's agreed, those experts' Affidavits should have been sent to all counsel and filed with the Court. None have been received or filed.

Having now violated two separate orders, the Plaintiffs are now looking for help from this Court. This Court should grant the Defendant's Motion to Strike for the reasons stated. If this Court is not inclined to grant the motion, then counsel for GAP would suggest that this Court order the Plaintiffs to disclose the names, addresses, background information such as bibliography, list of cases, and fee schedules immediately to demonstrate that the Plaintiffs have actually retained experts in this matter and are ready to prosecute their claims. Then the Plaintiffs should be required to produce the remainder of the Rule 26 expert disclosure information by November 15, 2006. Defendants then would supply their Rule 26 expert disclosure information no later than January 3, 2007. Further, Plaintiffs' counsel should be required to supply those experts for deposition at Plaintiffs' counsels' expense because of their repeated failures to comply with this Court's orders to the detriment of the defense. There really is no substance to the Plaintiffs' position.

        Respectfully submitted,

        **SULLIVAN, WARD,**
         **ASHER & PATTON, P.C.**

    By:    /s/Scott D. Feringa
         SCOTT D. FERINGA (P28977)
         Attorney for Defendant GAP
         1000 Maccabees Center
         25800 Northwestern Highway
         Southfield, MI  48075-1000
         (248) 746-0700

Dated:  November 7, 2006

**PROOF OF SERVICE**

I hereby certify that on the 7th day of November, 2006, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                                          By:   /s/ Scott D. Feringa
                                                     SCOTT D. FERINGA (P28977)
                                                       Attorney for Defendant GAP
                                                     1000 Maccabees Center
                                                     25800 Northwestern Highway
                                                     Southfield, MI  48075-1000
                                                     (248) 746-0700

W0493743.DOC