## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

        Plaintiffs,

                              FEDERAL COURT
vs.                            Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

        Defendants.
_____/

### DEFENDANT THE GAP, INC.'S MOTION
### FOR AN ORDER TO HOLD PAINTIFFS IN CONTEMPT OF COURT FOR
### FAILING TO COMPLY WITH THE COURT'S OCTOBER 24, 2006 ORDER

**NOW COMES** Defendant THE GAP, INC., ("GAP") by and through its attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C. and hereby moves this Honorable Court pursuant Federal Rules of Civil Procedure 37 and Local Rule of the United States District Court for the District of Massachusetts 37.1 for an Order to hold Plaintiffs in contempt for failure to comply with this Court's Order of October 24, 2006, and in support of same states as follows:

1.      This action arises from personal injuries Plaintiff Stephanie Hofer sustained at the Turtle Beach Towers resort in Ocho Rios, Jamaica when her sandal, sold by Defendant GAP, purportedly broke, allegedly causing her to fall into a turtle pond located on the premises.

2.      On February 20, 2006, five days after Plaintiffs' filed their Initial Rule 26 Disclosure, Defendant GAP specifically requested the production of "Social Security disability records and any and all applications for disability insurance and any other

applications which would in any way evidence the claimed disability status of Plaintiff

Stephanie Hofer" (hereinafter "disability records").

3.      Not having received the disability records, Defendant GAP filed a motion

to compel its discovery and the discovery of other items on September 18, 2006.  On

October 24, 2006, this Court, making a finding that the request for the records was timely

and that the records were relevant, entered an order compelling Plaintiffs to produce

copies of all applications for any disability determination including supporting documents

in Plaintiffs' possession or provide releases authorizing disclosure of those records that

were not in Plaintiffs' possession within 14 days of entry of the Order.

4.      On November 13, 2006, counsel for GAP received from Plaintiffs' counsel

9 pages of records pertaining to Stephanie Hofer's disability determination by the Social

Security Administration (SSA).  Upon information and belief, the 9 pages of documents

do not comprise the entire SSA's records pertaining to Stephanie Hofer's adjudication of

disability or the basis for same.  The SSA disability records produced by Plaintiffs were

devoid of any applications and supporting documentation or a signed authorization by

Plaintiff for same contrary to this Court's Order  of October 24, 2006.

5.      Defendant GAP has been prejudiced by this non-production of all

applications for any disability determination in many ways, including, but not limited to:

(a) factual discovery is closed; (b) Defendants' expert witness disclosure and production

of reports is November 15, 2006; (c) there will likely be additional discovery based upon

the contents of the aforementioned records which will require additional discovery of not

only new witnesses, but perhaps of Plaintiffs; and (d) Defendant GAP has had to expend,

unnecessarily, costs and fees in battling to get records that it has always been entitled to

and whose production has been ordered by the Court.

6.      Federal Rules of Civil Procedure 37 provides for the remedial measures available to the Court for a party who violates its discovery order, including the imposition of sanctions, including, but not limited to, the awarding of fees and costs to the moving party.  Pursuant to FRCP 37 and LRCP 37.1, this Honorable Court may assess Plaintiffs' the amount of legal fees expended by it in the preparation of the instant motion. This Honorable Court has the discretion and power to assess fees as a result of a party's Rule 37 violation.  See, Chambers v. NASCO, 501 U.S. 32, 45   n.8 (U.S. 1991).

7.      Plaintiffs should be held in contempt for violating this Court's explicit order compelling the production of all applications for any disability determination, including but not limited to Social Security disability records and supporting documentation and should be held in contempt of court.  Additionally, Plaintiffs should be ordered to pay Defendant GAP's costs and attorney fees for having to bring this discovery issue before this Court's attention again.

8.      As the Court is already aware, Plaintiffs are claiming that the basis of Stephanie Hofer's disability adjudication was her accident that she alleges was due to a sandal purchased from Defendant GAP.  The records are important and necessary to Defendant preparing its defense and addressing Plaintiffs' damages claims.

**WHEREFORE**, based upon the foregoing, Defendant GAP, respectfully prays that this Honorable Court issue an Order holding Plaintiffs in contempt for failing to comply with this Court's Order of October 24, 2006 and produce all applications for any disability determination, including a full and complete copy of the Social Security disability records and supporting documents or in the alternative that this Court order

Plaintiffs' to immediately produce signed authorizations for the release and production of all applications for any disability determination, including Social Security disability records, and supporting documents, to counsel and local counsel for Defendant GAP or that it enter an Order permitting the Social Security Administration to release Stephanie Hofer's complete disability records to counsel and local counsel for Defendant GAP. Defendant GAP further prays that this Court sanction Plaintiffs for their willful disregard of this Court's Order and award Defendant GAP costs and attorney fees, and such other relief as justice dictates and as permitted by statute, court rules and relevant case law.

Respectfully submitted,

**SULLIVAN, WARD,**
 **ASHER & PATTON, P.C.**

By:    __/s/Scott D. Feringa_____
           SCOTT D. FERINGA (P28977)
           Attorney for Defendant GAP
           1000 Maccabees Center
           25800 Northwestern Highway
           Southfield, MI  48075-1000
           (248) 746-0700

Dated:   November 21, 2006

4

## **FRCP 37 AND LRCP 37.1 CERTIFICATE**

I, SCOTT D. FERINGA, hereby certify that the provisions of FRCP 37 and LRCP 37.1 have been complied with and that counsel for Defendant GAP have conferred in good faith to resolve the discovery issues in question without this Court's intervention and that it has become necessary for Defendant GAP to file the instant motion.  In this regard, the outstanding discovery issues have been communicated to Plaintiffs' counsel via telephone and written correspondence outlining the Court's Order of October 24, 2006 for the  production of the requested disability records pertaining to Plaintiff Stephanie Hofer or a duly executed release authorizing the Social Security Administration to produce said records to defense counsel.  No response has been received thus far as evidenced by the Affidavit of Sean J. Milano, Esq., local counsel for Defendant The Gap, Inc., attached hereto and marked Exhibit "A".

By:     _/s/ Scott D. Feringa_____
          SCOTT D. FERINGA (P28977)
          Attorney for Defendant GAP
          1000 Maccabees Center
          25800 Northwestern Highway
          Southfield, MI  48075-1000
          (248) 746-0700

**PROOF OF SERVICE**

I hereby certify that on the 21st day of November, 2006, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.


By:    /s/ Scott D. Feringa_____
       SCOTT D. FERINGA (P28977)
       Attorney for Defendant GAP
       1000 Maccabees Center
       25800 Northwestern Highway
       Southfield, MI  48075-1000
       (248) 746-0700

W0495569

1