UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

vs.

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.
_____/

FEDERAL COURT
Case No. 05-40170 FDS

## AFFIDAVIT OF SEAN J. MILANO, ESQ.

I, **SEAN J. MILANO, ESQ.**, being first duly sworn, depose and state as follows:

1. I am local counsel for The Gap, Inc., in the above captioned action.

2. On or about November 6, 2006, I received correspondence from Plaintiff counsel enclosing nine (9) pages of records from the Social Security Administration pertaining to the disability determination of Plaintiff Stephanie Hofer. Said records were produced pursuant to this Court's Order of October 24, 2006, compelling Plaintiffs to produce "copies of all applications for any disability determination, including but not limited to, all supporting documents for such applications, within 14 days of this Order. ... To the extent that Plaintiffs do not have constructive or physical possession of such records, they shall provide executed releases authorizing disclosure of all such records within 14 days of the date of this Order."

3. Based upon my knowledge and experience, Social Security Administration records pertaining to adjudications of disability are not comprised of


EXHIBIT A

only nine (9) pages of documents but, upon information and belief, normally consist of more than nine (9) pages and usually contain many documents, including, but not limited to, applications for disability and the purported basis for same, reports and notes from treating and examining physicians and initial administrative determinations of disability, in addition to other documents.

4. I sent correspondence to plaintiff's counsel on November 14, 2006 requesting a signed authorization from Plaintiff permitting the Social Security Administration to release all records pertaining to the disability adjudication of Stephanie Hofer (See attached Exhibit 1) and followed up with a voicemail message to Plaintiff's counsel India Minchoff, on the same subject, on November 17, 2006.

5. As of the date of this Affidavit, I have not received a response from Plaintiff's counsel regarding this issue, nor have I received a signed authorization for release of the aforementioned records.

6. Based upon my previous experience with Plaintiff's counsel in this action, I do not believe a response to my letter or phone call is forthcoming.

Further, Affiant saith not.

*[signature]*
SEAN J. MILANO

Subscribed and sworn to before me this 20th day of November, 2006.

*[signature]*
NOTARY PUBLIC Sarah A. Sample
Suffolk County, Massachusetts
Acting in Suffolk County.
My commission expires 6-11-10
W0495745

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500
FACSIMILE: 617-439-7590

| | |
|---|---|
| MASSACHUSETTS<br>BOSTON<br>FALL RIVER<br>SPRINGFIELD<br>WORCESTER<br>CONNECTICUT<br>HARTFORD<br>ENGLAND<br>LONDON | NEW HAMPSHIRE<br>MANCHESTER<br>NEW JERSEY<br>PARSIPPANY<br>NEW YORK<br>NEW YORK<br>RHODE ISLAND<br>PROVIDENCE |

Sean J. Milano
Direct Dial: 617-737-8807
Direct Fax: 617-342-4938
smilano@morrisonmahoney.com

November 14, 2006

India L. Minchoff, Esq.
Law Offices of Russo & Minchoff
123 Boston Street, 18th Floor
Boston, MA 02125

Stephen J. Kuzma, Esq.
75 Federal Street, 17th Floor
Boston, MA 02110

Re: Stephanie Hofer, et al. v. Old Navy, Expedia, Inc., et al.
Civil Action No.: 05-40170 FDS
Our File No.: 10021163

Dear Counsel:

I am in receipt of your November 6, 2006 correspondence regarding this matter, with which you enclosed nine (9) pages of records from the Social Security Administration relating to the hearing and notice of the award of benefits to your client. I thank you for forwarding these materials, but I do not believe that the documents produced are responsive to the Judge Saylor's October 24, 2006 Order that "Plaintiffs shall produce copies of all applications for any disability determination, including but not limited to all supporting documents for such applications, within 14 days of the date of this order." As per the Court Order: "To the extent that plaintiffs do not have physical or constructive possession of such records, they shall provide executed releases authorizing disclosure of all such records within 14 days of the date of this order."

As plaintiffs apparently do not have actual or constructive possession of the records that are the subject of the Court's Order, I ask that plaintiff please provide the necessary releases for defendant to obtain same, as ordered by the Court. For your convenience, I have enclosed a completed Consent for Release of Information, form SSA-3288, authorizing disclosure of the subject records.

1031859v1

1

**MORRISON MAHONEY LLP**

November 14, 2006
Page 2

    Please have plaintiff Stephanie Hofer sign and date the attached Consent and return the same to me so that we may obtain the records from the SSA in accordance with Judge Saylor's Order of October 24, 2006.

    Thank you for your anticipated cooperation.

                        Very truly yours,

                        Sean J. Milano

Enclosure
cc:   Scott D. Feringa, Esq.
       Thomas T. Reith, Esq.

1031859v1