## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

       Plaintiffs,

                                  **FEDERAL COURT**

vs.                                   Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

       Defendants.
_____/

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GAP, INC.'S MOTION FOR AN ORDER TO HOLD PAINTIFFS IN CONTEMPT OF COURT FOR FAILING TO COMPLY WITH THE COURT'S OCTOBER 24, 2006 ORDER

### STATEMENT OF THE FACTS

This action arises from personal injuries Plaintiff Stephanie Hofer sustained at the Turtle Beach Towers resort in Ocho Rios, Jamaica when her sandal, allegedly sold by THE GAP, INC. ("GAP"), purportedly broke, allegedly causing her to fall into a turtle pond located on the premises.

In their Rule 26 Disclosure dated February 15, 2006, Plaintiffs identified twelve health care providers and identified the existence of three (3) exemplars of the sandal at issue. On February 20, 2006, Defendant GAP requested the production of any and all records evidencing Plaintiff Stephanie Hofer's alleged claims of disability, including but not limited to Social Security disability records. At no time following the February 20, 2006 letter, did Plaintiffs object to the production of the disability records. Not having received the disability records, Defendant GAP filed a motion to compel its discovery on

Dockets.Justia.com

September 18, 2006.  On October 24, 2006, this Court, making a finding that the request for the records was timely and that the records were relevant, entered an order compelling Plaintiffs to produce copies of all applications for any disability determination including supporting documents in Plaintiffs' possession or provide releases authorizing disclosure of those records that were not in Plaintiffs' possession within 14 days of entry of the order.  See attached **Exhibit A**.  On November 13, 2006, counsel for GAP received from Plaintiffs' counsel 9 pages of records pertaining to Stephanie Hofer's disability determination.  See attached **Exhibit B.**  Upon information and belief, the 9 pages of documents do not comprise the entire Social Security Administration's records pertaining to Stephanie Hofer's adjudication of disability or the basis for same. In fact, Plaintiff testified in her deposition that medical reports were prepared by some of her treating physicians and she attended at least one medical examination.

> Q.    Did -- to the best of your knowledge, did any of your treating physicians at that time, 2004/2005, did they provide any sort of reports?
>
> A.    To the best of my knowledge?
>
> Q.    Yeah.
>
> A.    Yes.
>
> Q.    Okay. And who was it that did that?
>
> A.    As far as doctors, you mean?
>
> Q.    Yeah.
>
> A.    All of my treating doctors.
>
> See Deposition Transcript of Plaintiff, p. 40, attached as **Exhibit C.**

\*   \*   \*

Q.     And in turn -- and after your application for SSDI was made by Ms. Howard, did the -- were you sent by Social Security disability -- or Social Security for any sort of evaluation to a doctor that you had never seen before?

A.     Yes.

See Deposition Transcript of Plaintiff, p. 43, attached as **Exhibit C.**

The Social Security disability records produced by Plaintiffs were devoid of any applications and supporting documentation and plaintiff did not provide signed authorizations for same contrary to this Court's order compelling the production all applications for any disability determination.

## II.    ARGUMENT

In its Memorandum and Order on Motion of Defendant The Gap, Inc., to Compel Discovery dated October 24, 2006, this Court explicitly ordered the following:

"1.     Plaintiffs shall produce copies of all applications for any disability determination, including, but not limited to all supporting documents for such applications, within 14 days of the date of this order.

2.     To the extent that plaintiffs do not have physical or constructive possession of such records, they shall provide executed releases authorizing disclosure of all records within 14 days of the date of this order."

Memorandum and Order on Motion of Defendant The Gap, Inc., to Compel Discovery, October 24, 2006.

Plaintiffs, through their counsel, provided **only 9 pages** of records pertaining to the Social Security Administration's adjudication of Stephanie Hofer's disability

preventing her from working.  No supporting applications or documents were provided. The basis for the disability adjudication was not provided in the records produced.  Upon information and belief, these records usually contain doctor's reports, medical examination results and correspondence, notes and memoranda pertaining to the Social Security Administration's investigation and adjudication.  These records contain more than 9 pages.  In light of the obviously deficient records production, Plaintiffs did not provide a release for the SSA records or even request defense counsel for GAP to provide a release form for said records.

As the Court is aware, Plaintiffs are claiming that the Social Security Administration's determination of disability is based upon the injuries alleged in the Complaint.  Defendant GAP is now forced to file additional motions to get records that have been judicially determined to be relevant and have been ordered to be produced. Defendant GAP has been prejudiced and will continue to be prejudiced by this non-production of all applications for any disability determination in many ways, including, but not limited to:  (a) factual discovery is closed; (b) Defendants' expert witness disclosure and production of reports is November 15, 2006; (c) there will likely be additional discovery based upon the contents of the aforementioned records which will require additional discovery of not only new witnesses, but perhaps of Plaintiffs; and (d) Defendant GAP has had to expend, unnecessarily, costs and fees in battling to get records that it has always been entitled to and whose production has been ordered by the Court.

Plaintiffs should be held in contempt for violating this Court's explicit order compelling the production of all applications for any disability determination, including but not limited to Social Security disability records and supporting documentation and

should be held in contempt of court. Additionally, Plaintiffs should be ordered to pay co-Defendant GAP's costs and attorney fees for having to bring this discovery issue before this Court's attention again.

Federal Rules of Civil Procedure 37 provides for the remedial measures available to the Court for a party who violates its discovery order, including the imposition of sanctions, including, but not limited to, the awarding of fees and costs to the moving party. Pursuant to FRCP 37 and LRCP 37.1, this Honorable Court may assess Plaintiffs' the amount of legal fees expended by it in the preparation of the instant motion. This Honorable Court has the discretion and power to assess fees as a result of a party's Rule 37 violation. See, Chambers v. NASCO, 501 U.S. 32, 45  n.8 (U.S. 1991).

**WHEREFORE**, based upon the foregoing, Defendant GAP, respectfully prays that this Honorable Court issue an Order holding Plaintiffs in contempt for failing to comply with this Court's Order of October 24, 2006 and produce all applications for any disability determination, including a full and complete copy of the Social Security disability records and supporting documents or in the alternative that this Court order Plaintiffs' to immediately produce signed authorizations for the release and production of all applications for any disability determination, including Social Security disability records, and supporting documents, to counsel and local counsel for GAP or that it enter an order permitting the Social Security Administration to release Stephanie Hofer's complete disability records to Counsel and local Counsel for GAP. Defendant GAP further prays that this Court sanction Plaintiffs for their willful disregard of this Court's

Order and award Defendant GAP costs and attorney fees, and such other relief as justice

dictates and as permitted by statute, court rules and relevant case law.

Respectfully submitted,


**SULLIVAN, WARD,**
**ASHER & PATTON, P.C.**



By:   _/s/Scott D. Feringa_____
SCOTT D. FERINGA (P28977)
Attorney for Defendant GAP
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-1000
(248) 746-0700

Dated:   November 21, 2006



**PROOF OF SERVICE**

I hereby certify that on the 21st day of November, 2006**,** I electronically filed the

foregoing paper with the Clerk of the Court sending notification of such filing to all

counsel registered electronically.



By:   _/s/ Scott D. Feringa_____
SCOTT D. FERINGA (P28977)
Attorney for Defendant GAP
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-1000
(248) 746-0700

W0495572