Hofer et al v. Old Navy Inc. et al | Doc. 55 Att. 1
Case 4:05-cv-40170-FDS   Document 55-2   Filed 11/21/2006   Page 1 of 5
Case 4:05-cv-4017 ~ )S   Document 47   Filed 10/24/2 `   Page 1 of 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, Plaintiffs, v. GAP, INC., EXPEDIA, INC., and TURTLE BEACH TOWERS, Defendants. | Civil Action No. 05-40170-FDS |

MEMORANDUM AND ORDER ON
MOTION OF DEFENDANT THE GAP, INC., TO COMPEL DISCOVERY

SAYLOR, J.

Defendant The Gap, Inc., moved on September 18, 2006, for an order requiring plaintiffs Stephanie Hofer and Douglas Hofer to provide certain forms of discovery. Specifically, defendant requested that the Court enter an order requiring plaintiffs to produce a complete set of medical records, a complete set of disability records, and an exemplar of the sandal alleged to be at issue in this litigation. Defendants also sought sanctions in the form of costs and attorneys' fees. Plaintiffs filed an opposition to the motion on October 2, 2006.

After a review of the parties' submissions, including exhibits, and for good cause shown, the motion to compel is GRANTED in part and DENIED in part. An analysis and order concerning each issue is set forth below.

1. **Medical Records**

It is unclear which specific medical records are in dispute. Plaintiffs apparently object to the production of certain records on the grounds that (1) defendant's document requests for the



records of Dr. John Aney and Dr. Michael Schatz were untimely; (2) defendant did not make a specific request for the records of Charter HealthCare and Lynda Simmons; and (3) plaintiffs are not in possession of the records of Diversified Nursing Association. Plaintiffs do not object to production on grounds of privilege, relevance, or undue burden, or for any other reason.

Defendants contend that plaintiff's counsel had agreed to produce all medical records during a telephone conference on May 11, 2006; that the records are required to be made available as part of the initial disclosures under Fed. R. Civ. P. 26(a)(1)(C); and that the records were requested by a "notice of deposition *duces tecum*" (i.e., a Rule 35(b)(5) deposition notice) served on plaintiff Stephanie Hofer on May 24, 2006.[1]

Neither party mentions Local Rule 35.1, which applies to the disclosure of medical information in personal injury cases. Local Rule 35.1(A)(2) required plaintiff to provide:

> a statement that either:
>
> (a) identifies a reasonably convenient location and date, within no more than fourteen (14) days, at which the defendant may inspect and copy, at the defendant's expense, all non-privileged medical records pertaining to the diagnosis, care, or treatment of injuries for which recovery is sought; or
>
> (b) identifies all health care providers from which the claimant has received diagnosis, care, or treatment of injuries for which recovery is sought together with executed releases directed at each provider authorizing disclosure to the defendant or its counsel of all non-privileged medical records in the providers possession.

It is clear that all relevant medical records should be made available to defendants, under Local Rule 35.1 if for no other reason. Rather than prolong the dispute, the Court will simply order as follows:

---

[1] Defendant also contends that its February 20, 2006 request for production of documents requested copies of all records covered by plaintiffs' initial disclosures. Plaintiffs' initial disclosures, however, did not identify Drs. Aney, Schatz, or Simmons, Charter HealthCare, or Diversified Nursing Association.

2

1.  Plaintiffs shall produce copies of all medical records in their possession, not previously produced, that have been previously requested in this case, formally or informally, by counsel for defendant The Gap, Inc., within 14 days of the date of this order. Such records shall include, but shall not be limited to, records of (1) John Aney, M.D., (2) Michael Schatz, M.D., (3) Lynda Simmons, (4) Charter HealthCare, and (5) Diversified Nursing Association.

2.  To the extent that plaintiffs do not have physical or constructive possession of such records, they shall provide releases within 14 days of the date of this order in accordance with Local Rule 35.1.

2.  **Disability Records**

The disability records at issue appear to have been the subject of both an informal request and a Rule 35(b)(5) deposition notice. On February 20, 2006, in response to plaintiffs' initial disclosures, defendant requested by letter the production of "Social Security disability records and any and all applications for disability insurance and any other applications which would in any way evidence the claimed disability status of Plaintiff Stephanie Hofer." On May 24, 2006, defendant served a "notice of deposition *duces tecum*" requiring plaintiff Stephanie Hofer to produce "any and all applications for any disability determination, including but not limited to all supporting documents for such applications."

According to defendant, no such records have been produced. Plaintiffs contend that the "disability records were not properly requested and are nevertheless not in the plaintiffs' possession." The Rule 35(b)(5) request does not appear have been untimely, and the basis of plaintiffs' objection is unclear. It is likewise unclear whether the records are in plaintiffs' constructive possession (e.g., in the possession of counsel).

In any event, the records are clearly relevant, and should be produced. The Court orders as follows:

1. Plaintiffs shall produce copies of all applications for any disability determination, including but not limited to all supporting documents for such applications, within 14 days of the date of this order.

2. To the extent that plaintiffs do not have physical or constructive possession of such records, they shall provide executed releases authorizing disclosure of all such records within 14 days of the date of this order.

3. **Exemplar of Sandal**

Counsel for plaintiff is apparently in possession of three pairs of sandals that are identical, or substantially similar, to the sandals that are in dispute in this action. Defendant apparently has had an opportunity to inspect the exemplar sandals, but seeks to obtain temporary custody of one of the exemplars in order to permit its examination by experts and/or representatives of the company. It is unclear why inspection and testing is necessary, but it appears to be for purposes of product identification. Plaintiffs' principal objection appears to be that defendant has not advised plaintiff why testing is necessary to identify the product.

Fed. R. Civ. P. 34(a) specifically permits a party to "inspect" and "test" tangible things. A party is not generally required to explain its reasons for doing so, assuming that the "tangible thing" is relevant to the dispute. Accordingly, the Court will order as follows:

1. Plaintiffs' counsel shall send one pair of exemplar sandals to counsel for defendant The Gap, Inc., by an overnight delivery service such as Federal Express, UPS, or DHL and shall supply counsel for defendant with the tracking number for said package.

4

2. The sandals shall be sent to Scott D. Feringa, Sullivan, Ward, Asher & Patton, P.C., counsel for defendant The Gap, Inc., at the following address: 25800 Northwestern Highway, 1000 Maccabees Center, Southfield, MI 48075-1000.

3. No destructive testing or destructive examination shall be performed on the sandals without written permission of counsel for the plaintiffs or express order of the Court.

4. Defendant The Gap, Inc., shall be permitted to have the sandals examined and photographed by one or more experts or consultants of its choosing. Any person who is retained by defendant as an expert or consultant to examine the sandals shall be bound by the terms and conditions of this order and shall agree to not perform any destructive testing or destructive examinations on the sandals.

5. Any photographs taken of the exemplar sandals shall be made available to all counsel.

6. The sandals shall be returned to plaintiffs' counsel, India Minchoff, Law Offices of Russo & Minchoff, 123 Boston Street, 1st Floor, Boston, MA 02125, within 60 days unless the parties agree in writing or the Court specifically orders otherwise.

4. **Sanctions**

Defendants' request for discovery sanctions is denied without prejudice to its renewal at an appropriate time.

**So Ordered.**

Dated: October 24, 2006

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge