UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and<br>DOUGLAS HOFER,<br><br>Plaintiffs,<br><br>v.<br><br>GAP, INC., EXPEDIA, INC., and<br>TURTLE BEACH TOWERS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)  05-40170-FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER ON MOTIONS
OF DEFENDANTS THE GAP, INC., AND EXPEDIA, INC.,
TO BAR PLAINTIFFS FROM PROVIDING ANY EXPERT TESTIMONY**

**SAYLOR, J.**

Defendant The Gap, Inc., moved on October 23, 2006, for an order barring plaintiffs Stephanie Hofer and Douglas Hofer from providing any expert testimony due to plaintiffs' failure to comply with the Court's Scheduling Order of February 3, 2006. On October 26, defendant Expedia, Inc., joined in that motion and set forth additional grounds in its support.

Essentially, both defendants contend that plaintiffs failed to make expert disclosures by the court-ordered deadline of October 2, 2006. Plaintiffs' opposition acknowledges, in substance, that counsel missed the deadline, but asserts that no adverse impact will result from an extension of time. For the reasons set forth below, although the Court finds plaintiffs' reasons unacceptable, the motions will be denied.

**Background**

On February 3, 2006, the Court entered a Scheduling Order that provided, among other

things, that factual discovery would be completed by August 31, 2006, and that plaintiffs were to file their expert disclosures under Fed. R. Civ. P. 26(a) by October 2, 2006.

At a status conference on September 8, the Court inquired whether additional time was necessary for discovery. Plaintiffs advised the Court that they would be able to make their expert disclosures by October 2, but that the fact discovery deadline should be extended until October 23 to permit the completion of discovery.

Plaintiffs did not make any expert disclosures on October 2, nor did they seek a modification of the schedule or other relief from the Court. Counsel for defendant The Gap, Inc., reminded plaintiffs of their obligations on two separate occasions in letters dated October 10 and October 12, 2006.

On October 23, defendant The Gap, Inc., filed a motion to bar plaintiffs from providing any expert testimony due to plaintiffs' failure to comply with the February 3, 2006 Order. On October 26, defendant Expedia, Inc., joined in that motion, and indicated that it had likewise alerted the plaintiffs to their failure to comply with their obligations by means of a letter dated October 12, 2006.

On November 6, plaintiffs opposed the motions. Plaintiffs noted that at the scheduling conference on February 3, "the Court indicated that the dates established for discovery were reviewable and modifiable if circumstances warranted." Plaintiffs further noted that due to the schedule of counsel, and the fact that the depositions required travel to Jamaica and Florida, "the Plaintiffs were forced to take five depositions after October 2, 2006, the date designated by the Court . . . by which the Plaintiffs were to disclose [their] expert(s)." Plaintiffs further reported that they did not "fully appreciate the significance of not requesting an enlargement of time to

disclose experts in light of the fact that the 'fact' discovery deadline was extended to October 23, 2006." Plaintiffs asserted that the Court's "goal" of "keeping the case on track for trial" will not be "adversely impacted by slight adjustments to the expert disclosure dates." Finally, plaintiffs indicated that defendant The Gap, Inc., had untimely disclosed that it possessed test results of the subject sandals, and otherwise delayed producing discovery, although plaintiffs have not sought any related relief.

### **Conclusion**

Plaintiffs' reasons for not complying with the discovery deadline are wholly inadequate, and indeed border on legal malpractice. If counsel cannot meet a court-ordered deadline, they should seek relief from the Court, not simply ignore the deadline. Nonetheless, the Court recognizes that a complete prohibition against expert testimony may, as a practical matter, prove to be a grant of judgment in favor of the defendants. The Court is reluctant, absent circumstances more extreme than the present, to cause the plaintiffs to lose a potential claim based on an error of counsel. Accordingly, and with considerable reluctance, the Court will deny defendants' motions and provide for a new set of discovery deadlines, although it will permit defendants to recover their reasonable expenses, if any, caused by plaintiffs' failure to adhere to the deadline.

Accordingly, the Court hereby orders as follows:

1. Plaintiffs shall make their expert disclosures under Fed. R. Civ. P. 26(a)(2) by January 19, 2007.

2. Defendants shall make their expert disclosures under Fed. R. Civ. P. 26(a)(2) by February 16, 2007.

3. Plaintiffs' experts shall be deposed by February 28, 2007.

4. Defendants' experts shall be deposed by March 28, 2007.

5. Defendants may seek recovery of their reasonable expenses, including attorney's fees, caused by plaintiffs' failure to adhere to the October 23 discovery deadline.

6. No further extensions of these deadlines will be allowed.

**So Ordered.**

                                          /s/ F. Dennis Saylor
                                          F. Dennis Saylor IV
Dated: December 18, 2006          United States District Judge