UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER,  )<br>Plaintiffs,  )<br>v.  )<br>GAP, INC., EXPEDIA, INC., and TURTLE BEACH TOWERS,  )<br>Defendants.  ) | Civil Action No.<br>05-40170-FDS |

## MEMORANDUM AND ORDER
## ON MOTION OF DEFENDANT THE GAP, INC., FOR
## AN ORDER TO HOLD PLAINTIFFS IN CONTEMPT OF COURT

**SAYLOR, J.**

  Defendant The Gap, Inc., moved on November 21, 2006, for an order finding plaintiffs Stephanie Hofer and Douglas Hofer in contempt of court pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1 for failure to comply with this Court's discovery order of October 24, 2006. Specifically, defendant contends that plaintiffs have failed to provide a complete set of records concerning the application of plaintiff Stephanie Hofer for disability benefits from the Social Security Administration.

  The disability records were the subject of a previous Order of this Court. On October 24, 2006, the Court ordered the following:

    1. Plaintiffs shall produce copies of all applications for any disability determination, including but not limited to all supporting documents for such applications, within 14 days of the date of this order.

    2. To the extent that plaintiffs do not have physical or constructive possession of such records, they shall provide executed releases authorizing

disclosure of all such records within 14 days of the date of this order.

Defendant contends that on November 13, 2006, its counsel received nine pages of SSA records, which do not contain any application or supporting documentation and therefore are incomplete. Defendant further contends that it has not received any executed releases authorizing the SSA to disclose the records of the plaintiff.

Plaintiffs do not oppose the motion, and have not otherwise attempted to suggest that defendant's contentions are incorrect. The Court therefore concludes that the failure to obey the Court's Order was not justified and that there are no mitigating circumstances.

Accordingly, the Court finds that plaintiffs have failed to comply with its Order of October 24, 2006, concerning the production of disability records; that such failure was not substantially justified; and that there are no other circumstances making an award of expenses unjust. Pursuant to Fed. R. Civ. P. 37(b)(2), the Court hereby orders as follows:

1. Plaintiffs shall comply forthwith with the Court's Order of October 24, 2006, concerning disability records, and in no event later than 10 days from the date of this Order.

2. Plaintiffs shall be required to pay the reasonable expenses, including attorney's fees, caused by plaintiffs' failure to obey the Court's October 24, 2006 Order.

3. Defendant The Gap, Inc., shall submit a sworn affidavit, with supporting materials, setting forth the amount of its reasonable expenses, including attorney's fees, caused by plaintiffs' failure to obey the October 24, 2006 Order, within 10 days of the date of this Order.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge

Dated: December 18, 2006