# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

                                        FEDERAL COURT

vs.                                         Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.

_____/

## DEFENDANT THE GAP, INC.'S MOTION FOR SUMMARY JUDGMENT

     NOW COMES Defendant THE GAP, INC., by and through its attorneys, SULLIVAN, WARD, ASHER & PATTON, P.C. and for its Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56(c), states as follows:

     1.     This action arises from personal injuries Plaintiff Stephanie Hofer ("Plaintiff") sustained at the Turtle Beach Towers resort in Ocho Rios, Jamaica when her newly purchased sandal, allegedly sold by Old Navy, a subsidiary of Defendant The GAP, Inc. ("GAP"), purportedly broke, causing her to fall into a turtle pond located on the premises.[1]

     2.     Plaintiff claims that she purchased four pairs of sandals, including the subject sandals that purportedly caused her fall, at an Old Navy retail store located in Massachusetts during the spring of 2004.

     3.     Plaintiff has admitted that she failed to preserve the subject sandals that purportedly caused her to fall.

---

[1] "Plaintiff" herein will refer to Stephanie Hofer only.

4. Plaintiff has identified three pairs of "wrapped" sandals as being exemplars because they were allegedly purchased at the same time as the subject sandals.

5. However, Old Navy retail stores did not sell these type of "wrapped" sandals during 2004. Rather, "wrapped" sandals were only sold at Old Navy retail stores up through the end of 2002. "Wrapped" sandals were sold at Old Navy Outlet stores in 2004; importantly, however, there were no Old Navy Outlet stores located in the state of Massachusetts in 2005 and there have been no Old Navy Outlet stores located in Massachusetts thereafter.

6. Notwithstanding the questions that exist regarding the exemplar sandals, John E. Moalli, ScD., Group Vice President and Principal Engineer at Exponent Failure Analysis Associates, and Maureen T.F. Reitman, ScD., Principal Engineer at Exponent Failure Analysis Associates' Mechanical and Materials practice, both opine that the exemplar sandals were manufactured in accordance with proper standards and practices and were fit for their intended purpose, and there were no design or manufacturing defects that caused or contributed to Plaintiff's injuries.

7. Furthermore, William Newberry, Managing Biomechanical Engineer at Exponent Failure Analysis Associates, opines that there was no failure of Plaintiff's sandals, but rather, the accident occurred because Plaintiff was either in the turtle pond or fell into the turtle pond and the fact that she was wearing sandals was incidental to her actual injuries.

8. On September 27, 2005, Plaintiff initiated this action, alleging products liability and breach of warranty of merchantability against GAP.

9. In a products liability action, plaintiff must show that the defect which

allegedly caused an injury is attributable to defendant's negligence. Smith v. Ariens Co., 375 Mass. 620, 625; 377 N.E.2d 954 (1978).

10. Proof of the nature of an alleged design or manufacturing defect and the causal relation between the purported defect and plaintiff's accident requires expert testimony if it is beyond the common knowledge of the fact finder. Goffredo v. Mercedes-Benz Truck Co., 402 Mass. 97, 104; 520 N.E.2d 1315 (1988).

11. Furthermore, a seller only breaches its warranty obligation when a product is defective and unreasonably dangerous, and not fit for its ordinary purpose. Haglund v. Philip Morris, Inc., 446 Mass. 741, 746-747; 847 N.E.2d 315 (2006).

12. Of significant importance is the fact that Plaintiff has no expert opinion evidence to support her allegations of products liability and breach of implied warranty.

13. Furthermore, a district court has inherent power to impose sanctions, including the dismissal of an action, for the intentional, negligent, or malicious destruction of relevant evidence. Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 446 (1st Cir. 1997);

14. Because the subject sandals have been destroyed, there is no evidence of a purported defect.

15. Finally, there is a complete absence of evidence that Defendant's sandal was defective and unreasonably dangerous, and not fit for its ordinary purpose to sustain Plaintiff's claims for products liability and breach of implied warranty of merchantability.

16. There is no question of material fact for trial.

17. Accordingly, GAP is entitled to sanctions pursuant to Fed. R. Civ. P. 37(c) for Plaintiff's failure to comply with the mandatory expert disclosure requirements of

Rule 26(a).  In addition to requiring the payment of reasonable expenses, including attorney fees, the Court has discretion to dismiss the case in its entirety.  Fed R. Civ. P. 37(c)(1); Fed R. Civ P. 37(b)(2)(C).

18.     Furthermore, because there is a complete absence of evidence of a design or manufacturing defect that caused or contributed to Plaintiff's injuries, GAP is entitled to summary judgment as a matter of law.

WHEREFORE, for the foregoing reasons, THE GAP, INC. respectfully requests that this Honorable Court grant its Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56(c) and award it sanctions and all actual costs and attorney fees necessitated by the preparation and presentation of this Motion.

        Respectfully submitted,

        **SULLIVAN, WARD,**
        **ASHER & PATTON, P.C.**

By: __/s/Scott D. Feringa_____
        SCOTT D. FERINGA (P28977)
        Attorney for Defendant The GAP, Inc.
        1000 Maccabees Center
        25800 Northwestern Highway
        Southfield, MI  48075-1000
        (248) 746-0700

Dated:  February 15, 2007
W0497205

**PROOF OF SERVICE**

I hereby certify that on the 15th day of February, 2007**,** I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

        /s/ Scott D. Feringa

        Sullivan, Ward, Asher & Patton, P.C.
        1000 Maccabees Center
        25800 Northwestern Highway
        Southfield, MI 48037-0222
        Phone: 248-746-0700
        Primary E-mail: sferinga@swappc.com
        P28977