**Defendant The GAP, Inc.'s Motion for Summary Judgment**

Exhibit "A"

(Complaint)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FEDERAL COURT

| | |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, <br><br> Plaintiffs <br><br> v. <br><br> OLD NAVY, EXPEDIA, INC., and TURTLE BEACH TOWERS, <br><br> Defendants. | COMPLAINT |

## INTRODUCTION

This is a civil action arising from the negligence of the Defendants. Plaintiff, Stephanie Hofer ("Stephanie"), was injured on Defendant Turtle Beach Tower's ("the Resort") premises on March 18, 2004. As a result of the Resort's negligence in failing to maintain and/or keep its premises in a reasonably safe condition, negligence in failing to warn of a dangerous condition on the premises, and negligence in failing to maintain a safe premises, Stephanie sustained injuries when she slipped and fell into a turtle pond containing razor sharp coral and slate.

At the time of the incident, Stephanie was wearing newly purchased footwear from Defendant Old Navy. The sandals, which had never before been worn, broke causing Stephanie to lose balance.

As a result of Stephanie's multiple injuries, Plaintiff, Douglas Hofer ("Douglas") has suffered the loss of companionship of his wife, Stephanie.

1

## PARTIES

1. Plaintiff, Stephanie Hofer, is an individual residing in Leominster, Worcester County, MA.

2. Plaintiff, Douglas Hofer, is an individual residing in Leominster, Worcester County, MA and is married to Stephanie Hofer.

3. Defendant, Turtle Beach Towers, is a lodging establishment located in Jamaica.

4. Defendant, Expedia, Inc., is a corporation with headquarters in Washington and conducts business throughout the United States; it is a wholly owned subsidiary of IAC/InterActive Corp.

5. Defendant, Old Navy, is a corporation that conducts business throughout the United States; it is wholly owned by The Gap Stores, Inc., which is organized under the laws of California.

## JURISDICTION

6. Federal Court has jurisdiction pursuant to the long arm statute.

## FACTUAL ALLEGATIONS

7. On March 15, 2004, Stephanie and a friend reserved a travel vacation to Jamaica through Expedia.com ("Expedia"). Expedia is an agent for Turtle Beach Towers in that it advertises the Resort in its airfare/lodging vacation packages over the Internet.

8. The Resort does not have its own Internet website and all access to its information on the Internet is via hypertext links, such as the one provided through Expedia.

9. Upon arrival in Jamaica on March 18, 2004, Stephanie and her companion took a shuttle to the Resort and obtained their room assignment. Stephanie later went to

2

    the Resort's Lobby to obtain tourist information to plan an agenda for the next day.

10. Stephanie had never previously stayed at the Resort before.

11. The only way to access the Resort's lobby was by a series of steps. The stairway was very dimly lit and did not contain guardrails.

12. Located on each side of this stairway were turtle ponds, which contained several inches of water, turtles, coral, and slate.

13. While walking down the stairway, on her return from the lobby, Stephanie's footwear, newly purchased Old Navy sandals, became unhinged from the front. The unhinging of the sandal caused Stephanie to lose her balance while maneuvering down the stairway. Since there were no rails on the stairway for Stephanie to use to balance herself, Stephanie fell approximately four feet into one of the turtle ponds.

14. Stephanie's left leg landed directly onto the coral and slate protruding from the turtle pond and was consequently gouged open down to the bone. The resulting injuries included severe lacerations to her left shin, ankle, and foot, severing of a major artery in her left leg, tearing of muscles and tendons in her left leg, and permanent damage to the nerves in her left leg and foot.

15. Stephanie was treated initially in Jamaica before being air lifted to Massachusetts General Hospital where she remained as an in-patient for fifteen (15) days.

16. Since the incident, Stephanie has undergone three surgeries.

17. Today, more than one year after the accident, Stephanie takes twenty-seven medications daily and continues to treat regularly with surgeons, infectious

3

      disease associates, her attending physician, neurology, psychology, pain management, and physical therapists.

18. Despite her surgeries and aggressive treatment regiment, Stephanie's left leg functions only ten percent of its capacity and requires constant bandaging. Stephanie also bears large permanent scars from the incident and has irreparable nerve damage in her left leg.

19. In the future, Stephanie will require reconstructive and plastic surgery in her left leg.

20. Stephanie, who worked as a dental hygienist and a part-time manicurist earning an annual salary of $28,000, has not been able to return to work for the past seventeen months as a result of her injuries.

21. Stephanie's condition and medications have made it impossible for her to work.

22. In addition, Stephanie can no longer enjoy the normal daily activities that she once did which included, but are not limited to, exercising, walking the dog, and going to the movies.

23. Furthermore, Stephanie and her husband, Plaintiff, Douglas' plans to expand their family by having children have been rendered impossible as a result of Stephanie's injuries. Stephanie's doctors have advised her against becoming pregnant while she continues her medications; Stephanie will have to continue taking medications and undergoing spinal treatments long term.

24. Due to her injuries, Stephanie has also been diagnosed with multiple mental illnesses including Post Traumatic Stress Disorder, anxiety, severe depression, insomnia, and restless leg syndrome as a result of her multiple injuries.

25. Stephanie's medications, inability to exercise and function in daily activities, inability to expand her family, inability to work, and the resulting depression, have also caused Stephanie to gain weight; Stephanie has gained seventy-five (75) pounds in one year.

## COUNT I-NEGLIGENT MAINTENANCE
## TURTLE BEACH TOWERS

26. Plaintiff restates and re-alleges the contents of paragraphs 1-25 as if set forth fully herein.

27. The Resort owed a duty to Stephanie as an invitee to observe due care in keeping its premises in a reasonably safe condition.

28. The Resort breached its duty to Stephanie by failing to install handrails on both sides of the stairway from which Stephanie fell, thereby not using due care in keeping the stairway in a reasonably safe condition.

29. The lack of handrails was a proximate cause in Stephanie's injuries because she could not catch herself as she fell from the stairway.

30. Stephanie's numerous injuries were a proximate cause of the Resort's breach of duty to her.

## COUNT II-NEGLIGENT FAILURE TO WARN
## TURTLE BEACH TOWERS

31. Plaintiff restates and re-alleges the contents of paragraphs 1-30 as if set forth fully herein.

32. The Resort owed a duty to Stephanie as an invitee to warn her of any dangers known to it.

5

33. The Resort knew or should have known that the lack of handrails on the stairway caused a dangerous condition.

34. The Resort knew or should have known that the coral and slate contained in the turtle ponds also caused a dangerous condition particularly with the lack of handrails on the stairway.

35. The Resort breached its duty to Stephanie by failing to warn her of the dangerous conditions of the stairway and of the coral and slate contained in the coral ponds.

36. Stephanie suffered numerous injuries as a proximate result of the Resort's failure to warn her.

## COUNT III-NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## TURTLE BEACH TOWERS

37. Plaintiff restates and re-alleges the contents of paragraphs 1-36 as if set forth fully herein.

38. The Resort was negligent in failing to install guardrails on each side of the stairway, failing to provide adequate lighting for the stairway, and maintaining sharp coral and slate on both sides of the stairway.

39. As a result of the Resort's negligence, Stephanie suffered multiple injuries.

40. Stephanie has also suffered from depression, anxiety and insomnia as a result of the Resort's negligence.

41. A reasonable person would have suffered emotional distress under similar circumstances.

## COUNT IV-LOSS OF CONSORTIUM
## TURTLE BEACH TOWERS

42. Plaintiff restates and re-alleges the contents of paragraphs 1-41 as if set forth fully herein.

43. Turtle Beach Towers has committed a tortuous act that caused Douglas' wife, Stephanie, personal injury.

44. As a result of her multiple injuries, Douglas has suffered the loss of consortium of his wife.

## COUNT V-NEGLIGENT FAILURE TO WARN
## EXPEDIA

45. Plaintiff restates and re-alleges the contents of paragraphs 1-44 as if set forth fully herein.

46. In conducting much of the Resort's Internet advertising and booking of reservations, Expedia is an agent for the Resort.

47. As an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort.

48. Expedia knew or should have known of the conditions at the Resort.

49. Expedia breached its duty to Stephanie in failing to warn her of the stairway's dangerous condition.

50. Stephanie's numerous injuries were a direct result of Expedia's failure to warn her of the stairway's dangerous condition.

## COUNT VI-PRODUCTS LIABILITY
## OLD NAVY

51. Plaintiff restates and re-alleges the contents of paragraphs 1-50 as if set forth fully herein.

7

52. The sandal manufactured by Old Navy was defective by manufacture and/or by design.

53. The sandal was defective when it left Old Navy's control.

54. Stephanie purchased the sandal in the ordinary course of business.

55. Stephanie's multiple injuries were proximately caused by the defective sandal.

### COUNT VII-BREACH OF WARRANTY OF MERCHANTABILITY
### OLD NAVY

56. Plaintiff restates and re-alleges the contents of paragraphs 1-55 as if set forth fully herein.

57. Old Navy owed Stephanie an implied warranty of merchantability when she purchased the sandal.

58. Risks due to the sandal's defectiveness were reasonably foreseeable to Old Navy at the time of sale and/or discoverable by reasonable testing prior to marketing the sandal.

59. Old Navy breached its warranty to Stephanie by selling her defective footwear.

60. Stephanie's numerous injuries were proximately caused by Old Navy's breach of warranty of merchantability.

Respectfully submitted,
Plaintiff,
By her attorney,

India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile