**Defendant The GAP, Inc.'s Motion for Summary Judgment**

Exhibit "B"

(Plaintiffs, Stephanie Hofer and Douglas Hofer's Answers to Defendant, The GAP, Inc.'s First Set of Interrogatories)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-40170 FDS

| | |
|---|---|
| Stephanie Hofer and Douglas Hofer,<br>    Plaintiffs, | )<br>)<br>) |
| v. | )<br>) |
| The Gap Inc., Expedia, Inc., and<br>Turtle Beach Towers,<br>    Defendants. | )<br>)<br>) |

### PLAINTIFFS, STEPHANIE HOFER and DOUGLAS HOFER'S, ANSWERS TO DEFENDANT, THE GAP, INC.'S, FIRST SET OF INTERROGATORIES

Plaintiffs, Stephanie Hofer and Douglas Hofer, hereby submit their answers to Defendant, The Gap Inc.'s, first set of interrogatories.

### GENERAL OBJECTIONS

1.   Plaintiffs object to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege cognizable by law.

2.   Plaintiffs object to the Interrogatories to the extent that they purport to request information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

3.   Plaintiffs object to the Interrogatories to the extent that they call for extensive and unreasonable investigatory work on her part and to the extent that they are unduly burdensome.

4.   Plaintiffs object to the Interrogatories to the extent that they require her to form legal conclusions or arrive at ultimate factual determinations.

5.   Plaintiffs object to the Interrogatories to the extent that they vague or ambiguous because

of undefined or ill-defined terms or incorrect factual assumptions, and to the extent that they purport to impose obligations on her beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure.

6.  The presence or absence of any general or specific objections does not mean that the Plaintiffs do not object on any other ground or that any unasserted objections are waived.

## ANSWERS TO INTERROGATORIES

1.  State your:
    a.  full name;
    b.  residence address; and
    c.  exact date of birth.

**ANSWER:**
Stephanie Hofer, 193 Hill St., Leominster, MA 01453, July 18, 1972.

Douglas Hofer, 193 Hill St., Leominster, MA 01453, June 12, 1971.

2.  State your residence history for the past five (5) years, giving the following:

    a.  full address;
    b.  owned, rented or leased;
    c.  name and present address of landlord; and
    d.  duration of occupancy.

**ANSWER:**
**Objection**
Plaintiffs object to Interrogatory No. 2 as it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving said objections, Plaintiffs state that they have owned the property located at 193 Hill Street, Leominster, MA 01453 for the stated period.

3. State your educational history giving the following:

   a. name and address of each school attended;
   b. dates of attendance;
   c. highest grade or class obtained; and
   d. degree conferred.

**ANSWER:**
Plaintiff, Stephanie Hofer, attended Saint Bernard High School from 1986 to 1988 and Notre Dame Preparatory High School from 1988 to 1990. Stephanie also completed courses at Mount Wachusett Community College in Gardner, MA and became certified as a dental assistant and a licensed manicurist.

Plaintiff, Douglas Hofer, attended Miramar High School from 1985-1986 and Notre Dame High School from 1986 to 1989. Douglas Hofer also completed courses at Mount Wachusett Community College.

4. State whether or not you have ever been hospitalized prior to this occurrence other than referred to in your above answers and, if so, state:

   a. the name and address of each such hospital, clinic or other medical institution;
   b. the dates during which you were so confined;
   c. the nature of your illness, disease or injury; and
   d. name and address of your treating and examining physicians.

**ANSWER:**
**Objection**
Plaintiffs object to Interrogatory No. 4 to the extent that it is overly broad, not properly limited in time, and seeks information that is neither relevant nor calculated to lead to admissible evidence and is otherwise beyond the scope of permissible discovery pursuant to F.R.C.P., Rule 26(b)(1).

Subject to and without waiving said objections, Plaintiff, Stephanie Hofer, states that she was hospitalized at Charter Health Care in Nashua, New Hampshire but for no matters related to the

body parts injured in this incident.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

5. State whether you have ever been denied any life, health or automobile insurance coverage, or had to pay increased insurance premiums therefore, because of any physical infirmity, ailment, disease or other cause.

**ANSWER:**
**Objection**
Plaintiffs object to Interrogatory No. 5 to the extent that it is overly broad, not properly limited in time, and seeks information that is neither relevant nor calculated to lead to admissible evidence and is otherwise beyond the scope of permissible discovery pursuant to F.R.C.P., Rule 26(b)(1).

Subject to and without waiving said objections, Plaintiffs state that they have no knowledge of being denied any life, health or automobile insurance coverage, or having to pay any increased insurance premiums because of any physical infirmity, ailment, disease or other cause.

6. State the last time, prior to this occurrence, you had a complete physical examination and the names and addresses of the doctor or doctors making this examination.

**ANSWER:**
Plaintiff, Stephanie Hofer, is unaware when her last prior complete physical examination occurred, but believes it was done within the year preceding her trip to Jamaica. The exam was either performed by Dr. Fraser or Dr. Schatz at Leominster Hospital.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

7.   If Plaintiff Stephanie Hofer was treated by a doctor prior to the date of the occurrence, please give the name and address of said doctor and the type of treatment rendered.

**ANSWER:**
**Objection**
Plaintiff objects to Interrogatory No. 7 to the extent that it is overly broad, not properly limited in time, and seeks information that is neither relevant nor calculated to lead to admissible evidence and is otherwise beyond the scope of permissible discovery pursuant to F.R.C.P., Rule 26(b). Plaintiff further objects as the term "treated" is not properly defined or otherwise put into context.

Subject to and without waiving said objections, Plaintiff, Stephanie Hofer, states that during her life prior to the subject occurrence doctors have seen her. Plaintiff's prior PCP was Dr. Fraser from Leominster Hospital. Plaintiff further states that she had no preexisting injuries involving the body parts injured in this incident.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

8.   State whether or not you received medical treatment for the alleged injuries and, if so, also state the following:

   a.   the name and address of each hospital or other place of treatment and the dates you were confined therein;
   b.   the name and address of each doctor who treated you;
   c.   the number of occasions on which you were examined or treated by each doctor setting forth the dates of each examination or treatment; and
   d.   what treatment was rendered by the various doctors, indicating whether or not said treatment was rendered at the doctor's office, plaintiffs home or in the hospital.

**ANSWER:**
**Objection**
Plaintiff objects to Interrogatory No. 8 to the extent that it is overly broad and unduly

burdensome.

Subject to and without waiving said objections, Plaintiff, Stephanie Hofer, states that the burden of obtaining this information is substantially the same for the Defendant as the Plaintiff in that such information is contained in Plaintiff's medical records, which have been produced to the extent presently in her possession. Those records not in her possession have been requested and will be produced as received through supplemental production. The names of each hospital and doctor, which Plaintiff can recall at this time, specifying each doctor's specialty, are stated below:

1. Doctor David Lhowe, M.D.(surgeon), Mass General Hospital
2. Kimon Zachary, M.D. (infectious disease), Mass General Hospital
3. Doctor Daniella Hord, M.D. (attending physician), Mass General Hospital
4. Doctor Ingrid Bassett, M.D. (infectious disease), Mass General Hospital
5. Doctor Robert Fraser, M.D. (PCP), Leominster Hospital Medical Building – Health Alliance
6. Doctor Milan Stojanovic, M.D. (neurology dept.), Mass General Hospital
7. Doctor Ron Kulich, M.D. (psychology), Mass General Hospital
8. Doctor Sarah Reiff-Hekking, M.D. (pain management), University of Massachusetts Medical Center
9. Doctor Elaine Borgen, M.D. (pain management), University of Massachusetts Medical Center
10. Doctor Jen LeBlanc, (physical therapist), Worcester County Rehabilitation – Health Alliance

11. Doctor Bill Chapman, (physical therapist), Worcester County Rehabilitation – Health Alliance.

12. Dr. Benton Barnes (orthopedic resident), St. Ann's Bay Hospital, St. Ann's Bay P.O., St. Ann, Jamaica, W.I.

Plaintiff further states that she was seen by the above doctors since the occurrence but she cannot possible recall each date which was seen. Said information, however, should be contained in Plaintiff's medical records. In addition, Plaintiff states that none of the above doctors rendered treatment to her at her home, however, the Visiting Nurse's Association provided care to Stephanie at her home for approximately eight weeks following her release from the hospital after receiving her injuries.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

9. Itemize, by name and address, all medical bills paid or incurred by you in connection with the occurrence described in the Complaint, including but not limited to, the cost of ambulance, doctor bills, cost of x-rays, hospital expenses, nurse expenses, cost of medicines and cost of surgical apparatus and any other costs.

**ANSWER:**
Plaintiff, Stephanie Hofer, states that the burden of obtaining this information is substantially the same for the Defendant as the Plaintiff in that such information is contained in Plaintiff's medical records and bills which have been produced to the extent presently in her possession. Those records not in her possession have been requested and will be produced as received through supplemental production.

Notwithstanding the above, Plaintiff states that she incurred medical expenses from the providers

listed in her answer to the above interrogatory. Plaintiff further states that she approximates her medical expenses, as of the date that these interrogatories are served, to exceed $100,000.00.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

10. State whether or not you are claiming, as an element of damages, future medical expenses. If you are claiming such damages, state the amount and the name and address of the doctor who had advised you of this amount.

**ANSWER:**
Plaintiff is claiming future medical expenses as an element of damages. Plaintiff states that she has not been advised as to the exact amount of future medical expenses and does not believe that such an amount is capable of determination as her doctors continue to explore whether future surgeries will be required and/or what additional treatments may obviate the need for additional surgeries. Plaintiff reserves the right to seasonably supplement this answer.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

11. State whether you are claiming any element of damages not heretofore listed and, if so, state the element of damages for which you are seeking recovery, the amount thereof, and the basis for computing same.

**ANSWER:**
Diminished earnings to date and future earnings. In addition, the following are damages, which cannot be computed at the present time but will be expected to be decided by a jury: emotional distress, physical pain and suffering, inability to conceive, loss of consortium, and physical scaring.

12. Itemize any other expenses, or financial losses, which have paid or incurred, which you attribute to the occurrence described in the Complaint.

**ANSWER:**
None, other than what has already been described.

13. State the name, address, employer and employment capacity of all persons known by Plaintiffs to have investigated the occurrence complained of in this case.

**ANSWER:**
**Objection**
Plaintiffs object to this Interrogatory to the extent that it seeks information that is protected from disclosure by the work product doctrine.

14. Identify the date, time and place where the subject Old Navy sandals were purchased providing copies of all document for said purchase, including but not limited to: any receipts, credit card receipts or other documents evidencing the sale.

**ANSWER:**
**Objection**
Plaintiffs object to the Interrogatory to the extent that it seeks information that is not properly the subject of an interrogatory but instead is appropriately a Request for Production of Documents. In addition, Plaintiff states that the Gap, Inc. has been provided the ability and, in fact, has obtained Stephanie Hofer's Old Navy credit card purchases. Further answering, Stephanie Hofer states that the subject sandals were purchased at the Old Navy store located at the Mall at Whitney Field, in Leominster, Massachusetts.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

Plaintiffs reserve the right to supplement these answers.

Signed under the pains and penalties of perjury this 13th day of April, 2006.

_____
Stephanie Hofer

_____
Douglas Hofer

Objections by:

_____
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile