**<u>Defendant The GAP, Inc.'s Motion for Summary Judgment</u>**

**Exhibit "C"**

**(Affidavit of Nadine Manfredi)**

Dockets.Justia.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

vs.                                                        Case No. 05-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.
_____/

### AFFIDAVIT OF NADINE MANFREDI

STATE OF CALIFORNIA   }
                   }ss.
COUNTY OF SAN FRANCISCO}

    I, **NADINE MANFREDI**, being first duly sworn deposes and states as follows:

    1.    That my current title at OLD NAVY, a wholly owned subsidiary of THE GAP, Inc., is IT Business Lead Product Pipeline.

    2.    That I have worked for THE GAP, Inc. and its subsidiary, OLD NAVY, since 1999.

    3.    That in the year 2004 my duties and responsibilities included oversight of women's accessories which included the shoe department, of which flip-flops comprised a part.

    4.    That further my duties and responsibilities in 2004 for women's accessories, included costing, placement with vendor agents, in-season management, production issues and managing a team of people within that department.

    5.    That I have been provided with a pair of flip-flops that were represented by plaintiff's counsel to be an exemplar pair of flip-flops produced pursuant to Court order on December 7, 2006.

    6.    That further I conducted an investigation within my department speaking with current and former members of my department who would have knowledge of the

flip-flops in order to identify the subject flip-flops and determine whether the flip-flops were sold by OLD NAVY in the spring of 2004.

7.     That the flip-flops identified by plaintiff's counsel and produced pursuant to the Court Order are of a style identified as a "wrapped" sandal. That a thorough search of the OLD NAVY databases, including databases for the year 2004, demonstrate that OLD NAVY, a brand of THE GAP, Inc., did no sell the "wrapped" sandal style in the year 2004.

8.     That a further search of the OLD NAVY database demonstrates that the last record that exists of OLD NAVY selling the "wrapped" sandal was in 2003, but it would appear that the particular style as evidenced by the exemplar produced by plaintiff was not a part of the 2004 product line that was sold in OLD NAVY stores.

9.     That OLD NAVY, prior to 2003 has sold various styles of the "wrapped" sandal and that the sandal that has been produced by plaintiff may have been an OLD NAVY sandal that was sold prior to the year of 2003.

10.     That further, as a separate brand, THE GAP, Inc. sells products through a brand identified as OLD NAVY OUTLET.  OLD NAVY OUTLET maintains certain retail stores in some states within the United States.

11.     That in the year 2004 OLD NAVY OUTLET did not maintain any stores in the State of Massachusetts.

12.     Further, no merchandise, including sandals sold at an OLD NAVY OUTLET retail center was sold in any of the other THE GAP, Inc. brand store, including OLD NAVY, GAP or BANANA REPUBLIC.

13.     It is my understanding according to deposition testimony of the plaintiff, Stephanie Hofer, that she has claimed that she purchased the exemplar sandals at an OLD NAVY store located in or around Worchester, Massachusetts in the spring of 2004.  No "wrapped" sandals would have been offered for sale in any OLD NAVY store in 2004 in Massachusetts.  OLD NAVY does not retain old sandals from a preceding year and sell that old stock in a subsequent year.  Merchandise, such as sandals, are seasonal.

14.     Further, it would have been impossible for Ms. Hofer to have purchased the "wrapped" sandals at a retail OLD NAVY OUTLET center in Massachusetts because no such retail centers existed (or exist to the present day) within the State of Massachusetts.

15.    That the sandal which has been produced pursuant to Court Order appears to be a sandal that has an OLD NAVY logo on it, however, the sandal that was produced by plaintiff would have been at least one year old, if not older, based upon my investigation of the various styles of "wrapped" sandals within the OLD NAVY database.

16.    That I am competent to testify to these facts based upon my own personal knowledge and an investigation that I have conducted within various databases and with various current and former personnel of OLD NAVY.

Further the affiant sayeth not.



**NADINE MANFREDI**

Subscribed and sworn to before me
this 9th day of January, 2007.

Notary Public, State of California
County of San Francisco
My commission expires: August 28, 2008

PILAR B. PUNZALAN
Commission # 1508580
Notary Public - California
San Francisco County
My Comm. Expires Aug 25, 2008

W0501383

3