UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and DOUGLAS HOFER, <br><br> Plaintiffs, <br><br> v. <br><br> THE GAP, INC., EXPEDIA, INC. and TURTLE BEACH TOWERS, <br><br> Defendants. | Civil Action Docket No. 05-40170 FDS |

### DEFENDANT EXPEDIA, INC.'S
### MOTION FOR SUMMARY JUDGMENT

The defendant Expedia, Inc. ("Expedia"), by and through its undersigned counsel, hereby moves this Honorable Court for an Order granting summary judgment in favor of Expedia pursuant to Fed. R. Civ. P. 56(c), and dismissing all claims asserted by the plaintiffs against it.

Expedia is a travel agency which operates the Internet website Expedia.com. In March 2004, a traveling companion of the plaintiff Stephanie Hofer booked the two of them, through the Expedia.com website, for a stay at the Turtle Beach Towers resort in Ocho Rios, Jamaica ("Turtle Beach"). While there, the plaintiff alleges she suffered injuries when she fell down stairs in front of the Turtle Beach lobby and landed in an adjacent turtle pond, said fall allegedly being caused by a defective sandal purchased by the plaintiff from the co-defendant The GAP, Inc. Stephanie Hofer brings a claim for negligence against Expedia, alleging that Expedia breached its duty to warn Ms. Hofer of the dangerous condition on the premises of Turtle Beach,

namely that the stairs upon which she traversed lacked guardrails or handrails which presumably would have prevented her fall into the turtle pond.

As a matter of law, Expedia is entitled to summary judgment on plaintiffs' claims including, inter alia, the following: As a travel agency, Expedia is not liable for defective conditions existing on the premises of third-party service suppliers it does not own and operate, such as Turtle Beach, regardless of the theory advanced. Furthermore, Expedia owed no duty to warn of the allegedly dangerous condition of the stairs, especially since the condition of the stairs was open and obvious to the plaintiff and she had ascended and descended the same stairs three times before her fall. The defective sandal, in any event, operated as a superseding or intervening cause. Finally, the terms and conditions governing the trip bars the plaintiffs' claims and Expedia made no representations or warranties that Ms. Hofer would return from her trip without incident or harm.

In support of this motion, Expedia submits a Memorandum of Law (with attached exhibits), a Motion for Leave to File a Memorandum of Law in Excess of Twenty-Five Pages, a Local Rule 56.1 Statement of Material Facts, the Declaration of Rodney E. Gould, Esq. (with attached exhibits), the Affidavit of Sherna Thomas dated February 7, 2007, the Affidavit of Faylin Miller dated February 5, 2007, and the Affidavit of Nashara Frazier dated February 16, 2007.

WHEREFORE, the defendant Expedia, Inc. respectfully requests that this Honorable Court enter summary judgment in Expedia's favor on all claims made by the plaintiffs against it.

> Respectfully submitted,
> By the defendant
> EXPEDIA, INC.,
> By its attorneys,

/s/ Rodney E. Gould
_____
Rodney E. Gould (BBO # 205420)
Email:  rgould@rhglaw.com
Robert C. Mueller (BBO#567599)
Email:  rmueller@rhglaw.com
RUBIN, HAY & GOULD, P.C.
205 Newbury Street
P.O. Box 786
Framingham, MA  01701-0202
Tel:  (508) 875-5222
Fax:  (508) 879-6803

DATED: February 16, 2007

## CERTIFICATE OF SERVICE

     I, Rodney E. Gould, hereby certify that this document, filed through the ECF system, will be served electronically upon the registered participants identified on the Notice of Electronic Filing (NEF) and will be served upon any non-registered participants, as indicated on the NEF, by paper copy sent via first-class mail, postage prepaid.

DATED: February 16, 2007                /s/ Rodney E. Gould
                                                       _____
                                                       Rodney E. Gould