EXHIBIT 1

Case 4:05-cv-40170-FDS   Document 70-2   Filed 02/16/2007   Page 1 of 4

TRIAL COURT OF THE COMMONWEALTH
BOSTON MUNICIPAL COURT DEPARTMENT

SUFFOLK, SS.                                    CIVIL BUSINESS DIVISION
                                                CIVIL NO. 149943

COLLEEN TALLENT,
  PLAINTIFF

V.

TRANS NATIONAL TRAVEL,                          ORDER ON MOTION FOR
  DEFENDANT                                     SUMMARY JUDGMENT

The defendant Trans National Travel, Inc., has moved for dismissal of counts 1 and 11 of the Complaint for failure to state a claim upon which relief might be granted, or in the alternative for summary judgment.

The complaint charges that plaintiff, while on a package trip to Aruba operated by the defendant TNT in its capacity as tour operator, sustained injuries on a rusted pipe in the water near her hotel. Count 1 of the complaint alleges that TNT by its agents, servants, and/or employees carelessly supervised, maintained, checked, secured the premises at the hotel known as the Divi-Divi Beach Resort (para. 2) and as a result the plaintiff stepped on and struck a rusted pipe in the water of the area supervised by the defendants. Contrary to its warranty that the vacation site was fit for the purposes for which it was intended (Count 11, Para. 8) and causing the plaintiff pain and suffering.

The contract referred to was contained in a promotional brochure wherein TNT offered a number of vacation packages. The

plaintiff chose the Aruba package which included air fare, transfers, and seven nights at one of a large number of hotels in Aruba. The plaintiff chose the Divi-Divi Beach Hotel for her seven nights. The contract further provided that

> "TNT is not responsible absent negligence on its part for any loss, injury, expense, or damage to person or property which results directly or indirectly from any act whether negligent or otherwise...caused by the ...hotel or other supplier of services (as independent contractors over whom we have no direct control)..."

This regulation is expressly authorized by federal regulation. TNT is a federally regulated charter operator within the meaning of 14 C.F.R. Sec. 380.2. All material terms of the contract have been expressly approved or required by the Civil Aeronautics Board and presently by the Department of Transportation. The second allegation in Count 11 alleges a breach of warranty that the vacation site was fit for which it was intended as the vacation site was in a dangerous condition. There was no evidence presented that TNT was aware of the dangerous condition (or indeed that the Divi-Divi Beach Resort Hotel was aware of the rusty pipe).

The duty owed was recently well stated by this court " A duty on the part of a tour operator in the United States to 'supervise the quality of food' in a facility not its own in

2

Aruba stretches tort liability farther than present tort law recognizes. A duty to investigate facilities, at least in general terms, before they are offered as part of the tour package is another matter. Assuming that TNT had such a duty, the plaintiff neither alleges nor otherwise adumbrates facts that would tend to show that TNT in the present case failed in that duty." <u>Moela v. Trans National Travel Inc., and Divi Hotels Marketing, Inc.</u>, , C. A. No. 153778, slip op. at 2 (Boston Mun. Ct. August 20, 1990) (O'Toole J.). Likewise in the case at bar there has been no allegation that TNT failed in its duty to properly investigate the facilities.

Therefore the Defendant's motion to dismiss or in the alternative for summary judgment is ALLOWED.

By the Court

_____
Sally A. Kelly, ASSOCIATE JUSTICE

Date: 31 December 90