Hofer et al v. Old Navy Inc. et al
Case 4:05-cv-40170-FDS    Document 70-5    Filed 02/16/2007    Page 1 of 2
Doc. 70 Att. 4

# EXHIBIT 4

LEXSEE 1987 U.S. DIST. LEXIS 8321

Betty Jeanne Hassett v. Cape Cod Bicycle Tours, Inc. and Kenwood, Inc., d/b/a Summit Ski and Bike Shop

Civil Action No. 87-0016-Z

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

1987 U.S. Dist. LEXIS 8321

September 3, 1987, Decided

**COUNSEL:** [*1]

Mark D. Carchidi, Esq., Mycock, Kilroy, Green & McLaughlin.

Royal C. Thurston III, Esq. for Deft. Cape Cod Bicycle Tour.

John J. Cogavin, Esq., Cogavin & Waystack for Summit Ski and Bike Shop.

**OPINIONBY:**

ZOBEL

**OPINION:**

MEMORANDUM OF DECISION

ZOBEL, D.J.

Plaintiff, Betty Jeanne Hassett, was injured while being fitted for a rental bicycle when the seat of the bicycle on which she was riding fell off. She has sued both the rental shop and Cape Cod Bicycle Tours, Inc., which "arranged" the vacation to the extent of making reservations for motel accommodations and bicycle rentals. Cape Cod Bicycle Tours, Inc., hereinafter "defendant," moves for summary judgment on the ground that it has breached no duty owed by it to the plaintiff which proximately caused her injuries.

Plaintiff first complains that defendant failed to make the bicycle reservation as she requested. Defendant denies this allegation but, even had defendant breached this duty, plaintiff has made no claim that the failure to make the reservation in any way caused her subsequent injuries. Plaintiff next alleges that defendant failed to properly oversee the provision of a rental bicycle for her. Defendant's only duty, however, was to make [*2] the necessary reservation; defendant did not agree to ensure plaintiff's safety and therefore breached no duty in failing to do so. See *Lavine v. General Mills, Inc., 519 F. Supp. 332 (N.D. Ga. 1981)*. Finally, plaintiff alleges that defendant negligently selected the rental shop which provided the bicycle to the plaintiff. Plaintiff has alleged no facts, however, which suggest that defendant knew or should have known that the Summit Ski and Bike Shop was unreliable. Nor does plaintiff cite any case to support her theory that an agent or middleman may be held liable for the tortious acts of the eventual dispenser of the services purchased. Compare, *Sachs v. Loews Theatres, Inc., 47 Misc.2d 854, 263 N.Y.S.2d 253 (1965)* (even assuming that the booking agent is an agent of the plaintiff, a booking agent has no duty to advise plaintiff that a hotel is unreliable or to foresee its tortious acts). n1

> n1 Plaintiff's argument that the acts of a third person which contribute to plaintiff's injury will not excuse the initial tortfeasor if such acts were foreseeable is irrelevant given that plaintiff has failed to adequately claim acts on the part of the defendant which would make it an "initial tortfeasor."

[*3]

Accordingly, the motion of Cape Cod Bicycle Tours, Inc. for summary judgment is allowed.