# EXHIBIT 5

Dockets.Justia.com

LEXSEE 2000 U.S. Dist. LEXIS 4107

GRIGORE ANDREI, Plaintiff, - against - DHC HOTELS AND RESORTS, INCORPORATED, AMERICAN AIRLINES, INC., AMERICAN AIRLINES VACATIONS, GO GO TOURS, INC., GO GO WORLDWIDE VACATIONS, TAMARIJN ARUBA BEACH RESORT AND DIVI ARUBA BEACH RESORT, Defendants.

99 Civ. 2555 (TPG)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2000 U.S. Dist. LEXIS 4107*

March 31, 2000, Decided

March 31, 2000, Filed

**DISPOSITION:**
[*1] Ruling at oral argument dismissing the case as to defendants American Airlines, Inc., American Airlines Vacations, Gogo Tours, Inc., and Gogo Worldwide Vacations affirmed. Plaintiff's motion for remand to state court denied. DHC and the Resorts' motion to dismiss the complaint granted.

**COUNSEL:**
For GRIGORE ANDREI, plaintiff: Rory L. Lubin, Beckman, Millman & Sanders, L.L.P., New York, NY.

For AMERICAN AIRLINES, INC., AMERICAN AIRLINES VACATIONS, defendants: Lewis R. Silverman, Renzulli & Rutherford, L.L.P., New York, NY.

For AMERICAN AIRLINES, INC., cross-claimant: Lewis R. Silverman, Renzulli & Rutherford, L.L.P., New York, NY.

For AMERICAN AIRLINES VACATIONS, cross-defendant: Lewis R. Silverman, Renzulli & Rutherford, L.L.P., New York, NY.

**JUDGES:**
THOMAS P. GRIESA, U.S.D.J.

**OPINIONBY:**
THOMAS P. GRIESA

**OPINION:**

Background

Plaintiff Grigore Andrei brings this action against defendants DHC Hospitality Corp. (incorrectly named as DHC Hotels and Resorts, Inc.), Tamarijn Aruba Beach Resort, Divi Aruba Beach Resort, American Airlines, Inc., American Airlines Vacations, Gogo Tours, Inc., and Gogo Worldwide Vacations. Plaintiff sustained serious injuries during a slip-and-fall accident while [*2] on vacation at the Tamarijn Aruba Beach Resort. The action was removed to federal district court on grounds of diversity. Before the court are motions by all defendants for dismissal or, in the alternative, for summary judgment. Defendants American Airlines, Inc., American Airlines Vacations, Gogo Tours, Inc., and Gogo Worldwide Vacations, seek to dismiss on the grounds that tour operators are not liable for the negligence of independent hotels. Defendants DHC, Tamarijn, and Divi, all foreign corporations, seek dismissal on the grounds of a lack of personal jurisdiction. Plaintiff has a cross-motion for remand to the state court for lack of complete diversity.

Defendants Gogo Tours, Inc. and Gogo Worldwide Vacations are New York corporations and their presence in the litigation would destroy diversity of citizenship, *28 U.S.C. § 1441; 28 U.S.C. § 1332*(a). However, at oral argument the court ruled that there is no possible cause of action against Gogo Tours, Inc. or Gogo Worldwide

Vacations since travel agents cannot be held liable for the acts of an independent hotel under clear New York law. See, e.g., *Carley v. Theater Dev. Fund, 22 F. Supp. 2d 224, 227-228 (S.D.N.Y. 1998).* [*3] Under these circumstances, the court has jurisdiction to dismiss the Gogo defendants. See *Truglia v. KFC Corp., 692 F. Supp. 271, 274-275 (S.D.N.Y. 1988)* The result is that the court retains diversity jurisdiction and the motion for remand is denied.

At oral argument, the court also dismissed defendant American Airlines Vacations since a travel agent cannot be held liable for the acts of an independent hotel. See Carley at 227-228. Additionally, defendant American Airlines, as the carrier, is not liable for the acts of an independent hotel and was dismissed.

The only issue remaining to be decided is whether the court may exercise personal jurisdiction over defendants DHC Hospitality Corp., Tamarijn Aruba Beach Resort, and Divi Aruba Beach Resort.

For the reasons set forth below, the motion to dismiss defendants DHC Hospitality Corp., Tamarijn Aruba Beach Resort, and Divi Aruba Beach Resort for lack of personal jurisdiction is granted. Additionally, the court affirms the ruling at oral argument dismissing the case as to defendants American Airlines, Inc., American Airlines Vacations, Gogo Tours, Inc., and Gogo Worldwide Vacations.

Facts

Plaintiff is a New [*4] York resident. Defendants American Airlines (hereafter "AA") and its subdivision American Airlines Vacations (hereafter "AAV" and collectively "American") are Delaware corporations with their principal places of business in Texas. Defendants Gogo Tours, Inc. and Gogo Worldwide Vacations (collectively hereafter "Gogo") are New York corporations with their principal places of business in New Jersey. Defendants Tamarijn Aruba Beach Resort and Divi Aruba Beach Resorts (collectively hereafter "the Resorts") are located in Aruba and organized under the laws of that country. The Resorts share a common owner, Grape Holding, N.V. Defendant DHC Hospitality Corp (hereafter "DHC") was dissolved at the end of 1998. Prior to its dissolution, DHC was the United States manager for reservations, sales and marketing for the Resorts. DHC was a Delaware corporation with its principal place of business in Massachusetts.

Defendant AAV is a wholesale tour operator. For the tour at issue in this case, AAV marketed and sold tour packages for fifteen hotels in advertisements, brochures, and on its Internet website. After selling a tour package to a customer, AAV booked air transportation on its parent AA and [*5] conveyed the customer's name, destination, departure date and hotel request to Gogo Tours, Inc., a co-defendant in this case. Gogo had reserved blocks of rooms at the various hotels marketed by AAV. After Gogo received from AAV the name, destination, departure date, and hotel request of the customer, Gogo would reserve a room under that name and for those dates at the requested hotel from the block of rooms Gogo had previously reserved. Gogo also arranged airport and hotel transfers. Neither American nor Gogo was able to independently reserve rooms, assign specific rooms, or confirm reservations without the consent of DHC or the Resorts.

On or about July 15, 1998 plaintiff and his wife booked through the Internet website of defendant AA a vacation package that was marketed in conjunction with defendant Gogo Tours, Inc. As described above, AAV served as the tour operator, marketed and sold the tour package and furnished air transportation while Gogo served as the ground tour operator. AAV booked air transportation for the plaintiff on one of its parent's AA flights and conveyed plaintiff's name, destination, departure date, and hotel request to Gogo. Gogo then contacted DHC and reserved [*6] a room under plaintiff's name for the dates requested at the Tamarijn Aruba Beach Resort where Gogo had reserved blocks of rooms for vacations promoted by American.

The vacation package purchased by plaintiff included a week-long stay at defendant Tamarijn Aruba Beach Resort. Plaintiff's vacation package began on July 29, 1998. On July 30, 1998 after using a shower located outside his room, plaintiff, upon returning to his room, slipped and fell causing serious injury to himself which required medical attention and immediate return to the United States. The cause of plaintiff's fall is in dispute. Plaintiff alleges that a "slippery liquid substance located upon the floor of his hotel room which existed by reason of the defective air conditioner located in his room" caused him to slip. Defendants maintain that plaintiff's failure to properly dry his feet after using the shower outside his room induced his fall.

Discussion

As described above, the only remaining motion for discussion is whether the court may exercise personal jurisdiction over defendants DHC Hospitality Corp., Tamarijn Aruba Beach Resort, and Divi Aruba Beach Resort.

New York Personal Jurisdiction Law [*7]

Defendants DHC and the Resorts move to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). DHC, now dissolved, was a Delaware corporation with its principal place of business

in Massachusetts. The Resorts are located in and organized under the laws of Aruba.

In a diversity action, personal jurisdiction over a defendant is determined by the law of the state in which the federal court sits. *Arrowsmith v. United Press Int'l., 320 F.2d 219, 222-25 (2d Cir. 1963)* (en banc). The exercise of jurisdiction must also comport with the due process limitations established by *International Shoe Co. v. Washington, 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154 (1945)*.

Plaintiff alleges that jurisdiction may be maintained over DHC and the Resorts because a "de-facto agency" relationship between DHC and the Resorts and American and Gogo was established by American and Gogo's activities in marketing and selling rooms at the Resorts. Plaintiff argues that this relationship is sufficient to assert jurisdiction over DHC and the Resorts under New York Civil Practice Law and Rules ("CPLR") § 301.

CPLR § 301 provides that a "court [*8] may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Under § 301, a foreign corporation may be subject to personal jurisdiction in New York if it is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction." *Simonson v. International Bank, 14 N.Y.2d 281, 285, 251 N.Y.S.2d 433, 200 N.E.2d 427 (1964); Mantello v. Hall, 947 F. Supp. 92, 96 (S.D.N.Y. 1996)*. The "doing business" requirement has been interpreted to mean "not occasionally or casually, but with a fair measure of permanence and continuity." *Laufer v. Ostrow, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982)* (quoting *Tauza v. Susquehanna Coal Co., 220 N.Y. 259, 267, 115 N.E. 915 (1917))*.

Mere solicitation of business in New York by a foreign corporation does not constitute "doing business" for jurisdictional purposes. See *Laufer v. Ostrow, 55 N.Y.2d 305, 310, 449 N.Y.S.2d 456, 434 N.E.2d 692 (1982)*. However, where a foreign corporation engages in "activities of substance in addition to solicitation [*9] there is presence and, therefore, jurisdiction." *Laufer, 55 N.Y.2d at 310*. See also *Aquascutum of London, Inc. v. S.S. American Champion, 426 F.2d 205, 211 (2d Cir. 1970)*.

The leading New York case dealing with jurisdiction over a foreign hotelier is *Frummer v. Hilton Hotels Int'l. Inc., 19 N.Y.2d 533, 281 N.Y.S.2d 41, 227 N.E.2d 851 (1967)*. In that case, the New York Court of Appeals held that jurisdiction could be exercised over Hilton Hotels Ltd., a British hotel, in a case arising out of the plaintiff's fall in a London hotel bathtub because a related corporation, the Hilton Reservation Service, solicited business and accepted reservations for it in New York.

Using language which has become the shibboleth in virtually every hotel or reservation service case since, the Court of Appeals stressed that the "significant and pivotal factor" in its decision was that the New York agent "does all the business which [the foreign hotel] could do were it here by its own officials." *Frummer, 19 N.Y.2d at 537*.

In *Gelfand v. Tanner Motor Tours, Ltd., 385 F.2d 116 (2d Cir. 1967)*, the Second Circuit interpreted [*10] Frummer to mean that a foreign corporation is doing business in New York "when its New York representative provides services beyond 'mere solicitation' and these services are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services." *385 F.2d at 121*. It therefore held that the foreign defendant, a bus tour company, was subject to jurisdiction under § 301 because a travel agency in New York solicited business and accepted binding reservations for the defendant.

Following Frummer and Gelfand, the task of courts applying § 301 in hotel and reservation service cases has been to determine whether the nonresident's New York representative has authority to bind the foreign hotel by confirming reservations on its behalf. See e.g. *Weinberg v. Club ABC Tours, Inc., 1997 U.S. Dist. LEXIS 21686, 1997 WL 37041, *3 (E.D.N.Y.); Schenck v. Walt Disney Co., 742 F. Supp. 838, 842 (S.D.N.Y. 1990); Tripmasters, Inc. v. Hyatt Int'l. Corp., 696 F. Supp. 925 (S.D.N.Y. 1988); Kopolowitz v. Deepdene Hotel & Tennis Club, 464 F. Supp. 677 (S.D.N.Y. 1979).* [*11] See also *Welinsky v. Resort of the World, 839 F.2d 928 (2d Cir. 1988)*.

The present case is distinguishable from Frummer. The fact that AAV advertises in New York vacation packages which utilize the Resorts is nothing more than solicitation. American and Gogo are totally independent of DHC and the Resorts and are not their New York representatives. Neither American nor Gogo is able to reserve rooms, assign specific rooms, or confirm reservations without the consent of DHC or the Resorts. The lack of authority to confirm reservations indicates that American and Gogo do not do all the business DHC and the Resorts could do in New York if they had an office here. Therefore, plaintiff's jurisdictional allegation at oral argument based on a "de-facto agency" relationship is legally insufficient in raising a prima facie case under § 301 given the law of New York as announced in Frummer.

Additionally, attempting to establish jurisdiction over the Resorts through their relationship with DHC is futile. Although DHC, a Delaware corporation with its

principal place of business in Massachusetts, was the U.S. manager for sales and reservations for the Resorts, DHC is beyond [*12] the reach of New York for two primary reasons. First, DHC was dissolved at the end of 1998 and therefore was not "doing business" at all when the action was commenced. *Laufer v. Ostrow, 55 N.Y.2d at 310*. And second, DHC's activities in New York appear to be "mere solicitation." *Welinsky v. Resort of the World, 839 F.2d at 930*.

Plaintiff's citation of *Darby v. Compagnie Nationale Air France, 769 F. Supp. 1255 (S.D.N.Y. 1991)* and *I. Oliver Engebretson, Inc. v. Aruba Palm Beach Hotel & Casino, 587 F. Supp. 844 (S.D.N.Y. 1984)* does not change the analysis. Both Darby and Engebretson each recognized that the authority of the New York representative to confirm reservations to the same extent as the foreign principal was pivotal.

Conclusion

The court affirms the ruling at oral argument dismissing the case as to defendants American Airlines, Inc., American Airlines Vacations, Gogo Tours, Inc., and Gogo Worldwide Vacations. Plaintiff's motion for remand to state court is denied.

And for the foregoing reasons, DHC and the Resorts' motion to dismiss the complaint is granted.

SO ORDERED.

Dated: New York, New [*13] York

March 31, 2000

THOMAS P. GRIESA

U.S.D.J.