# EXHIBIT 6

Dockets.Justia.com

**18,140**
23 Aviation Cases
*Accomando v. Trans National Travel*

990  2-92

LYNETTE A. ACCOMANDO & others v. TRANS NATIONAL TRAVEL & another

Superior Court of Suffolk, Massachusetts, Superior Court Civil Action No. 90-6605, June 19, 1991.

PERSONAL INJURY OR PROPERTY DAMAGE CAUSED BY DIRECT AIR CARRIER, HOTEL, OR OTHER SUPPLIER OF SERVICES—CHARTER TOUR WAIVER OF LIABILITY.—A tour operator was not liable to members of a tour for breach of contract after their tour was delayed from returning home for 36 hours while their plane was being repaired. Not only had the passengers agreed to the limitation of liability in the tour participant contract when they signed the reservation form, but also a federal regulation provided for charter tour waiver of liability. Even in the absence of the federal regulation, the tour company would not have been liable for claims of negligence, false imprisonment, or emotional distress because the charter airline was not an agent of the tour company. Under the federal regulation, the tour company was obligated only for major changes in the itinerary or price, and the delay would have had to last 48 hours or more in order to subject the company to limited liability.

Back reference: ¶ 11,359.

©1992, Commerce Clearing House, Inc.

990  2-92

**Cited 23 Avi.**
*Accomando v. Trans National Travel*

**18,141**

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S, TRANS NATIONAL TRAVEL'S, MOTION FOR SUMMARY JUDGMENT

TUTTLE, J.: This action arises out of a charter tour arranged and packaged by defendant, Trans National Travel (TNT). The complaint filed on November 1, 1989, seeks relief for negligence, breach of contract, violation of G.L. c. 93A, false imprisonment, and intentional infliction of emotional distress. Defendant TNT has moved to dismiss the complaint on the grounds that this action is governed by federal regulations regarding charter tour waiver of liability. Because both parties have submitted affidavits in addition to the pleadings, the court will treat this matter as a motion for summary judgment. *See* Mass. R. Civ. P. 12(b). Because no dispute of material fact exists and defendant TNT is entitled to judgment as a matter of law, the motion for summary judgment will be allowed.

### BACKGROUND

The defendant, Trans National Travel (TNT), is a federally regulated charter tour operator. As such, it packaged and arranged a charter trip to Cancun, Mexico from March 17-24, 1989, which the plaintiffs individually purchased. The trip included round trip air service and transportation between Boston and Cancun, round trip transfers and baggage handling between airport and hotels, and seven (7) nights stay at one of a large selection of hotels in Cancun.

The airline scheduled to transport the plaintiffs and other passengers was American Trans Air (ATA). TNT has never owned, managed, operated, or controlled ATA or its aircraft. TNT has used ATA since 1975 for its charter tours.

On March 24, 1989, ATA flight 368 was scheduled to depart Cancun at 1:30 p.m. and to arrive in Boston at approximately 6:00 p.m. The flight from Cancun was delayed a total of 36 hours. The delay was a result of mechanical problems with the plane scheduled to transport the plaintiffs. Flight 368 originally experienced 7 hours and 20 minutes of mechanical problems in Boston before arriving in Cancun. When the aircraft arrived in Cancun, the local TNT representative was informed of additional mechanical delays caused by the thrust reverser. A new part had to be flown in for replacement. None of the delays were in any way the fault of defendant TNT.

Despite TNT's lack of responsibility, TNT arranged for plaintiffs to stay at hotels, provided plaintiffs with meals and a 3-minute telephone call to any person waiting for them in Boston, and updated plaintiffs hourly on the status of the flight departure. TNT provided the services without cost to the plaintiffs throughout the 36 hour delay. TNT also requested that ATA find a substitute aircraft for the plaintiffs because of the length of the delay. ATA could not locate a substitute aircraft, so TNT attempted to find one but was unsuccessful.

On March 26, 1989, at 9:00 p.m. ATA telephoned the TNT representative that the departure would be at 11:00 p.m. The plaintiffs were finally loaded onto the plane at 1:00 a.m. Cancun time. Flight 368 departed Cancun for Boston at 1:48 a.m. March 26, 1989.

### DISCUSSION

A motion for summary judgment should be allowed if there is no genuine issue of material fact as to any relevant matter raised by the pleadings, and the moving party is entitled to judgment as a matter of law. *O'Sullivan v. Hemisphere Broadcasting Corp.*, 402 Mass. 76, 77 (1988); *Community National Bank v. Dawes*, 369 Mass. 550, 553 (1976). The moving party carries the burden of establishing that no material facts are in dispute, and any inferences to be drawn from the underlying facts and accompanying materials must be viewed in favor of the party opposing the motion. *Attorney General v. Bailey*, 386 Mass. 367, 371 (1982).

In the present case, TNT does not deny that there was a 36 hour delay in the departure of ATA Flight 368 from Cancun to Boston. TNT argues that, as a matter of law, the plaintiffs claim is preempted by federal regulations issued by the Department of Transportation, Title 14 C.F.R. § 380 *et seq.* Pursuant to 14 C.F.R. § 380.32(x), a charterer's contract "may expressly provide that the charter operator, unless he is negligent, is not responsible for personal injury or property damage caused by any direct air carrier, hotel or other supplier of services". *See Wilson v. American Trans Air, Inc.*, 874 F.2d 386, 388 (7th Cir. 1989) (language in advertising newsletter distributed by American to potential customers which waives liability from services connected with charter is expressly authorized by 14 C.F.R. § 380.32(x)); *McDermott v. Travellers Air Services, Inc.*, 462 F.Supp. 1335, 1341 (M.D. Pa. 1978) (national interest in regulation of tour charters outweighs whatever policy

may exist in particular states concerning ex-culpatory clauses in contracts). TNT provided a disclaimer in its tour participant contract under which the plaintiff agreed that TNT was not responsible for the negligence of any provider of services on the plaintiffs' tour, including services provided on any plane or for any flight.[3]

TNT is not liable to plaintiffs for breach of contract nor are they liable for violation of G.L. c. 93A. Contract disclaimers encompassed in tour agreements are enforced where they clearly alert the passenger to the limitations of the tour operator's liability and responsibility. *Mcquillan v. "Italia" Societa per Azione di Navagazione*, 386 F.Supp. 462, 464 (S.D.N.Y. 1974), aff'd, 516 F.2d 896 (2nd Cir. 1975). Plaintiffs in this case agreed to the limitation of liability in the tour participant contract when they signed the reservation form. *See D'Aloisio v. Morton's Inc.*, 342 Mass. 231, 234 (1961) ("Where what is given to a [party] purports on its face to set forth the terms of a contract, the [party], whether she reads it or not, by accepting it assents to the contract terms").

Plaintiffs argue that the contract between TNT and the tour participants included the TNT vacation brochure as well as the tour participant contract. Plaintiffs contend that TNT is bound by the language in TNT's brochure providing for "no hidden costs" and operation of ATA at "the highest maintenance and operational standards." The brochure language, however, provided only general statements which were mere "puffings," not guarantees. *See Wilson, supra* at 391; *Lavine v. General Mills*, 519 F.Supp. 332, 336-37 (N.D. Ga. 1981) (a general promise that the trip would be "safe and reliable"

does not constitute a guarantee that no harm would befall tour participant). TNT did not breach its contract with plaintiff nor did it violate G.L. c. 93A through deceptive practices. TNT performed its duties by arranging and providing the services and accommodations offered in its Cancun tour package.

Even in the absence of the federal regulation, TNT would not be liable for claims of negligence, false imprisonment and emotional distress which arose from the delay because ATA is not an agent of TNT. *See McDermott, supra* at 1341 (no responsibility of the tour operator even without exculpatory language, for negligence of Ireland representative because the representative was not an agent of the tour operator). The principal generally cannot be held liable for actions of an independent contractor. *Wilson, supra* at 389. Nothing in the plaintiffs' submissions refutes TNT's contention that the airline was an independent contractor and that TNT's involvement was only to arrange the flight service.[4] While the airline's actions may have caused delay or inconvenience to the plaintiff, TNT's liability is limited solely to negligence on its part. *See* 14 C.F.R. § 380.32(q).

Under 14 C.F.R. § 380.32, TNT was obligated to plaintiff only for major changes in the itinerary or price. In the instant case, a flight delay of 48 hours or more would have constituted a major change. 14 C.F.R. § 380.33(a)(1).[5] Even in the event of a 48 hour delay, TNT's duty to the plaintiff was limited to notification as soon as possible and a refund for the return trip airfare. *See* 14 C.F.R. § § 380.32(j) and (m).

---

[3] The disclaimer stated as follows:

"TNT ASSUMES NO LIABILITY FOR, AND THE PASSENGER AGREES THAT TNT SHALL NOT BE RESPONSIBLE OR LIABLE FOR, AND WAIVES ANY CLAIMS AGAINST TNT ARISING OUT OF (a) any loss, expense, damage, accident, delay, inconvenience, irregularity, injury, or death which results from, or is occasioned by, directly or indirectly, any defect or the acts or failures to act, whether negligent or otherwise, of any such airlines, other transportation company, rental car company, hotel, restaurant, or other travel supplier engaged in conveying the passenger or otherwise carrying out the arrangement included in our TNT vacation ..., (b) or any other cause or factor, of whatsoever nature, beyond TNT's control."

[4] The Tour Participant Contract states:

"... TNT is not responsible absent negligence on its part for any loss, injury, expense or damage to person or property ... caused by the air carrier, hotel or other supplier of services (as independent contractors, over whom we have no direct control) ...

... TNT acts only as an agent for the airlines ... in arranging the services and accommodations included in your TNT vacation."

[5] 14 C.F.R. § 380.33 provides in relevant part:

(a) For the purposes of this section, "major change" means any of the following:

(1) A change in the departure or return rate shown in operator-participant contract unless the change results from flight delay ... any delay of more than 48 hours will be considered a major change."

©1992, Commerce Clearing House, Inc.

990  2-92

**Cited 23 Avi.**
*Blum v. Air Center Gwinnett, Inc.*

**18,143**

## ORDER

For the foregoing reasons, it is *ORDERED* that defendant's, Trans National Travel's, motion for summary judgment on Counts I, III, IV and V of the plaintiff's complaint is hereby *ALLOWED.*