# EXHIBIT 7

Dockets.Justia.com

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 87-315

AUGUSTINO S. GANNON, JR.
Plaintiff

vs.

INTERNATIONAL WEEKENDS CHARTER
VACATIONS, INC.
Defendant

## MEMORANDUM DECISION AND ORDER

In response to a complaint submitted by plaintiff, Augustino S. Gannon, Jr. ("Gannon"), defendant, International Weekends Charter Vacations, Inc. ("International Weekends") brought a motion to dismiss and/or a motion for summary judgment pursuant to M. R. Civ. P. 12(b)(6) and 56, respectively. Both parties submitted affadavits. Therefore the Court will treat the motion as one for summary judgment.

There are no disputed issues of material fact. In January of 1985, Gannon purchased from International Weekends a charter vacation package which included transportation to and from Boston, Massachusetts, to Rio de Janiero, Brazil. The contract used to administer the purchase stated that the defendant does not own or operate any firm which will provide service for the trip. It further stated that defendant is the principal and is responsible for arranging all service. The contract also included a limitation clause wherein plaintiff agreed not to hold International Weekends liable, in the

-2-

absence of its negligence, for any loss, injury, expense or damage which results, directly or indirectly, from any action, negligent or otherwise, of any person or firm including one which is to or does provide service for the trip.

When plaintiff was on his return journey from Rio de Janiero he was unable to take a transfer flight from New York City to Boston because of inclement weather. International Weekends made arrangements to transfer plaintiff by bus from New York City to Boston. The bus company was an independant carrier not affiliated with International Weekends. On the trip to Boston the bus was in an accident which caused the plaintiff injuries.

In the underlying suit, plaintiff alleges that International Weekends was negligent in the organization, selection, implementation, scheduling and entrustment of arrangements and transfer in the bus trip from New York City to Boston. Plaintiff seeks recovery for injuries sustained as a result of this negligence.

In light of the undisputed facts, the Court finds as a matter of law, that International Weekends had no duty to ensure plaintiff's safety while he was traveling on a third party carrier. Defendant did not control the operation of the bus when Gannon was injured. Additionally, when plaintiff purchased the vacation, he agreed not to hold defendant liable for any damage caused by the negligent acts of third

-3-

parties.    See <u>Levine</u> v. <u>General Mills</u>, 519 F. Supp. 332 (N.D. Ga. 1981).    <u>Dorkin</u> v. <u>American Express Co.</u>, 345 N.Y.S. 2d 891 (1973), affirmed, 351 N.Y.S. 2d 190 (1974).    <u>DeMarco</u> v. <u>Pan American World Airways, Inc.</u> 459 N.Y.S. 2d 655 (Sup. Ct. N.Y. 1982).    Therefore, the motion for summary judgmemt brought by International Weekends is allowed.

<u>ORDER</u>

For the reasons stated above, the Court hereby <u>ORDERS</u> the motion for summary judgment <u>ALLOWED</u>.

_____
Elbert Tuttle
Justice of the Superior Court

DATED:  December //, 1987