# EXHIBIT 9

Dockets.Justia.com

2007 NY Slip Op 498, *; 2007 N.Y. App. Div. LEXIS 786, **

1 of 1 DOCUMENT

**[*1]  Helen Maraia, respondent, v Church of Our Lady of Mount Carmel, defendant third-party plaintiff respondent-appellant; Harrison Holidays, Inc., third-party defendant appellant.**

**2006-00030, (Index No. 13789/03)**

**SUPREME COURT OF NEW YORK, APPELLATE DIVISION, SECOND DEPARTMENT**

*2007 NY Slip Op 498; 2007 N.Y. App. Div. LEXIS 786*

**January 23, 2007, Decided**

**NOTICE:  [**1]** THE LEXIS PAGINATION OF THIS DOCUMENT IS SUBJECT TO CHANGE PENDING THE RELEASE OF THE FINAL PUBLISHED VERSION. THIS OPINION IS UNCORRECTED AND SUBJECT TO REVISION BEFORE PUBLICATION IN THE OFFICIAL REPORTS.

**COUNSEL:** Brill & Associates, P.C., New York, N.Y. (Haydn J. Brill and Linda Strauss of counsel), for third-party defendant-appellant.

Armienti, DeBellis & Whiten, LLP, New York, N.Y. (Vanessa M. Corchia of counsel), for defendant third-party plaintiff respondent-appellant.

**JUDGES:** HOWARD MILLER, J.P., REINALDO E. RIVERA, GABRIEL M. KRAUSMAN, GLORIA GOLDSTEIN, JJ. MILLER, J.P., RIVERA, KRAUSMAN and GOLDSTEIN, JJ., concur.

**OPINION:**

DECISION & ORDER

In an action to recover damages for personal injuries, the third-party defendant Harrison Holidays, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated November 18, 2005, as denied its motion for summary judgment dismissing the third-party complaint, and the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

ORDERED that the order is reversed insofar **[**2]** as appealed and cross-appealed from, on the law, with one bill of costs payable by the plaintiff to the appellant and the respondent-appellant, and the motion for summary judgment dismissing the third-party complaint and the cross motion for summary judgment dismissing the complaint are granted.

"A tour operator has no duty to warn group members of a possible hazardous condition on property it neither owns nor occupies" (*Cohen v Heritage Motor Tours, 205 A.D.2d 105, 107, 618 N.Y.S.2d 387*; *see Loeb v United States Dept. of Interior, Tauck Tours and Grand Teton Lodge, 793 F. Supp.*  **[*2]**  *431, 438*). However, where the tour operator assumes a duty to the plaintiff, such as where one of its employees directs the tour participant to "proceed in a particular manner" (*Cohen v Heritage Motor Tours, supra*), the operator may be held liable if its conduct placed the plaintiff in a more vulnerable position (*id.*). Here, the third-party defendant established its entitlement to judgment as a matter of law by demonstrating that it did not own or operate the premises where the incident occurred or assume a duty of care by directing the plaintiff's path within **[**3]** the premises (*see Mongello v Davos Ski Resort, 224 A.D.2d 502, 638 N.Y.S.2d 166*; *cf. Cohen v Heritage Motor Tours, supra*).

The defendant third-party plaintiff also established its entitlement to judgment as a matter of law by demonstrating that the platform from which the plaintiff fell was open and obvious and not inherently dangerous (*see Pirie v Krasinski, 18 A.D.3d 848, 796 N.Y.S.2d 671*; *Fitzgerald v Sears, Roebuck and Co., 17 A.D.3d 522, 793 N.Y.S.2d 164*; *Capozzi v Huhne, 14 A.D.3d 474, 788 N.Y.S.2d 152*; *Jang Hee Lee v Sung Whun Oh, 3 A.D.3d 473, 771 N.Y.S.2d 134*). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the platform was in violation of various requirements of *Administrative Code of the City of New York § 27-375* is without merit since the subject platform is not an "interior stair" within the meaning of *Administrative Code of the City of New York §  27-372* (*see Chaehee Jung v Kum Gang, 22 A.D.3d 441, 806 N.Y.S.2d 62*; *Walker v 127 W. 22nd St. Assoc., 281 A.D.2d 539, 722 N.Y.S.2d 250*). Nor did the plaintiff demonstrate that the subject platform was in violation **[**4]** of *Administrative*

Page 2

2007 NY Slip Op 498, *; 2007 N.Y. App. Div. LEXIS 786, **

*Code of the City of New York § § 27-127* and *27-128*.

Accordingly, the Supreme Court should have granted the third-party defendant's motion for summary judgment dismissing the third-party complaint and the defendant third-party plaintiff's cross motion for summary judgment dismissing the complaint.

MILLER, J.P., RIVERA, KRAUSMAN and GOLDSTEIN, JJ., concur.