# EXHIBIT 11

LEXSEE 1993 u.s. dist. lexis 21125

**RENEE SHANNON, Plaintiff,-v-TAESA AIRLINES, et al., Defendants.**

**Case No. C-2-93-689**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

*1993 U.S. Dist. LEXIS 21125*

**July 13, 1993, Decided**

**July 13, 1993, Filed**

**DISPOSITION:**
[*1] Defendant Apple Vacation's motion for summary judgment GRANTED and Plaintiff's claims against Apple dismissed with prejudice.

**COUNSEL:**
For RENEE SHANNON, plaintiff: Mary Jo Slick, North Canton, OH.

For RENEE SHANNON, plaintiff: William S Heichel, Grant A Mason, Canton, OH.

For RENEE SHANNON, plaintiff: John M Prelac, Steven L Craig, Heichel Craig & Prelac Co., L.P.A., Canton, OH.

For TAESA AIRLINES, APPLE VACATIONS, OSCAR LEONARDO OCAMPO SAMPERIO, ERNESTO SALCEDO CHAVEZ, ALVARO PENICHE PACHECO, JAVIER MATA ESPINOZA, PABLO REYES CACHO, ALBERTO ABED, ALEJANDRO MENDOZA, defendants: Craig Douglas Andrew, Wiles, Doucher, Van Buren & Boyle, Columbus, OH.

For TAESA AIRLINES, APPLE VACATIONS, ERNESTO SALCEDO CHAVEZ, ALVARO PENICHE PACHECO, JAVIER MATA ESPINOZA, PABLO REYES CACHO, ALBERTO ABED, ALEJANDRO MENDOZA, defendants: Stephen J Fearon, Condon & Forsyth, New York, NY.

**JUDGES:**
GEORGE C. SMITH, JUDGE, UNITED STATES DISTRICT COURT.

**OPINIONBY:**
GEORGE C. SMITH

**OPINION:**

**OPINION AND ORDER**

Plaintiff, Renee Shannon, alleges that on June 6, 1992 she was assaulted by the pilot of TAESA Flight 326 from Cancun, Mexico to Columbus, Ohio. Plaintiff asserts claims against both [*2] TAESA Airlines and Apple Vacations, the company which sold the plaintiff a vacation package that included the TAESA Airline ticket. This matter is before the Court on defendant, Apple Vacations' Motion to Dismiss under Federal Rule 12, or in the alternative, Summary Judgment. For reasons set forth below, Apple's motion for summary judgment is **GRANTED**.

**I.**

Plaintiff bought a vacation package from Apple Vacations ("Apple"), which included round trip air transportation on TAESA Airlines ("TAESA") between Columbus, Ohio and Cancun, Mexico. n1 Plaintiff alleges that on June 6, 1992, during the return trip to Columbus, she visited the cockpit of TAESA flight 326 upon the invitation of the pilot. At that time, the pilot allegedly assaulted plaintiff, in the presence of the other crew members. Plaintiff asserts that this assault caused her both physical and mental injuries for which she continues to require medical and psychological treatment.

> n1 Apple chartered the TAESA flight, and Plaintiff purchased a ticket for the flight from Apple as part of the vacation package.

[*3]

Plaintiff's claim against Apple includes breach of express and implied warranty and negligence. Apple asserts that it did not own, operate, or control the aircraft. Apple maintains that it expressly disclaimed liability for any negligence of TAESA and that it lacked any knowledge of TAESA's allegedly inadequate security measures. Therefore, Apple argues, plaintiff has no legal claim against Apple.

**II.**

The procedure for granting summary judgment is found in Fed. R. Civ. P. 56(c), which provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. Kress & Co., 398 U.S. 144, 158-59, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970).* Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty* [*4] *Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).* Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986);* see also *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).*

The Sixth Circuit Court of Appeals has recognized that Liberty Lobby, Celotex and Matsushita have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476 (6th Cir. 1989).* The court in Street identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id. at 1479.* In addition, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact [*5] will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Id. (quoting *Liberty Lobby, 477 U.S. 242 at 257).* The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. Id. It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to the material facts.'" Id. (quoting *Matsushita, 475 U.S. at 586).* Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." Id. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

**III.**

Plaintiff Shannon entered into a service contract with Apple. Apple's "Fair Trade Contract" provides in pertinent part:

Apple Vacations has made arrangements with airline, hotels and other independent suppliers to provide you with the services you purchase, we have taken all reasonable steps to ensure that proper [*6] arrangements have been made for your vacation. However, we do not accept any liability for the actions or omissions of these independent suppliers, over whom we have no direct control. If you find you have any dispute with such persons, however, we will give you such reasonable help as we can in resolving this.

* * *

We are not responsible for losses or damages arising from physical or emotional injury, property or other economic damage caused by such factors beyond our control. Of course we remain liable for any negligent actions on our part.

Plaintiff initially contends that because Apple has not produced a contract with plaintiff's signature, the express waiver of liability contained in Apple's contract does not apply to plaintiff. The Court disagrees. In *Klinghoffer v. S.N.C. Achille Lauro, 816 F. Supp. 934 (S.D.N.Y. 1993),* Crown Travel Services ("Crown") sold to plaintiffs a vacation package which included an eleven-night tour on the Achille Lauro, a cruise ship. During the cruise, the plaintiffs were injured when the Achille Lauro was hijacked. Plaintiffs brought suit against Crown. Crown moved for summary judgment contending that they did not own or operate the [*7] Achille Lauro, and had specifically disclaimed liability for negligence of the cruise ship operators. In granting Crown's motion, the court stated that "whether the disclaimer is contractually binding or not, it evidences the lack of any express agreement or warranty on the part of Crown … for safe passage during the cruise." *Id. at 936* (citing *Scholl v. Chuang Hui Marine Co., 646 F. Supp. 137 (D. Conn. 1986)).* The Court finds that Klinghoffer is a well-reasoned decision and should be followed.

In the instant case, the president of Apple Vacations states in a sworn affidavit that Apple did not assume control over the operations of the TAESA flight. (Apple's Motion to Dismiss and/or for Summary Judgment, Exhibit B). This fact is undisputed.

Furthermore, as in Klinghoffer, the liability clause contained in Apple's contract shows an express disclaimer of any liability for the negligence of independent suppliers. Even though Apple has not produced a signed contract with plaintiff's signature, plaintiff cannot argue that she was unaware of Apple's disclaimer since she admits

she relied on the language contained in that contract. n2 (Affidavit of Renee Shannon, Exhibit **[*8]** N of Plaintiff's Response to Defendant's Motion). Plaintiff cannot rely on only those parts of the contract which may benefit her case and ignore those parts which tend to damage her case.

> n2 Plaintiff relies on this language to argue that Apple expressly retained liability for its own actions. See infra p.

Plaintiff Shannon admits she relied on the language of the service contract which contained an express waiver of liability. The Court finds that Apple's express waiver of liability for the negligence of independent suppliers is applicable to plaintiff.

Having decided that Apple's representations in its service contract apply to plaintiff, the Court now turns to whether Apple is liable under that part of the agreement in which Apple retained liability for its own negligence. Travel tour operators have been involved in recent litigation.

Courts have generally declined to impose liability on travel agents and tour operators for injuries sustained by clients aboard vessels, buses and other modes of **[*9]** transportation or at hotels or other destinations. The courts have usually found that there never existed a relationship, which would have given rise to a duty on the part of the travel agent to investigate the safety of instrumentalities over which it has no control or knowledge. See, e.g., *Ross v. Trans Nat'l Travel*, 1990 U.S. Dist. LEXIS 6994, 1990 WL 79229 (D.Mass. 1990); *Lavine v. General Mills, Inc.*, 519 F. Supp. 332 (N.D. Ga. 1981); *Connolly v. Samuelson*, 671 F. Supp. 1312, 1317 (D.Kan. 1987). See also *Wilson v. American Trans. Air, Inc.*, 874 F.2d 386, 390 (1989), aff'd in part and remanded on other grounds, 916 F.2d 1239 (7th Cir. 1990). This is so because the sole function of the travel agent is "to sell and arrange travel tours for those who might wish to purchase them." *Lavine*, 519 F. Supp. at 337.

*McAleer v. Smith*, 860 F. Supp. 924, 931 (D. R.I. 1994). In *Wilson v. American Trans Air, Inc.*, 874 F.2d 386 (7th Cir. 1989), the plaintiffs brought suit against a charter tour operator after being assaulted at a hotel which provided accommodations for the chartered tour. The court found that the tour operator had relied on the general good reputation **[*10]** of the hotel, and had not previously received any complaints regarding safety or security problems at the hotel. Therefore, the tour operator was under no duty to make a specific investigation into the security measures of the hotel. Wilson at 390.

Similarly, the president of Apple states that, "Apple has received no complaints regarding TAESA's security procedures; 2) TAESA was well-respected in the industry; and 3) Apple had no reason to suspect TAESA had unreasonable security measures. (Apple's Motion to Dismiss and/or for Summary Judgment, Exhibit B). In response to this contention, plaintiff argues that TAESA had a poor safety record. (Plaintiff's Response to Apple's Motion for Summary Judgment p. 8). Plaintiff presents as evidence for this argument public records from the Federal Aviation Association ("FAA"). (Plaintiff's Response to Apple's Motion for Summary Judgment, Exhibits I, J, K, L). These documents show that TAESA was under FAA investigation for four incidents involving "flight irregularities" in early 1992. Plaintiff, however, provides no comparative statistics to indicate whether or not this is an abnormally high number of investigations upon a particular airline. **[*11]** More importantly, these incidents all involve the plane's actual flight operation.

Here, plaintiff's injury did not result from the crew's faulty operation of the airplane. The injury occurred as the result of TAESA's allegedly questionable on-board security measures. There is no nexus between the violations which were the focus of FAA investigations and plaintiff's injuries. Even if Apple knew of these FAA investigations, this would not trigger a duty on Apple's behalf to inquire specifically about TAESA's on-board security measures. Absent prior complaints or other indications that there may be a problem with TAESA's on-board security measures, Apple was under no duty to make specific inquiries into TAESA's on-board security measures.

Finally, plaintiff argues that Apple has failed to comply with certain discovery requests. Plaintiff asserts that this has hindered her ability to respond to defendant's Motion for Summary Judgment. (Plaintiff's Response to Defendant's Motion for Summary Judgment p. 3). The Court finds that additional discovery with respect to Apple would be futile. The disclaimer issue, which is purely legal, would not be affected by additional discovery.

Similarly, **[*12]** the Court finds that plaintiff would not be able to demonstrate that Apple was negligent through additional discovery. To create a genuine issue of material fact plaintiff would have to discover evidence showing that Apple knew that TAESA crew members had assaulted other passengers. In the circumstances presented in this case, the Court finds that if such evidence ever existed, plaintiff would have discovered it through materials Apple has already provided.

### IV.

Based on the foregoing, defendant Apple Vacation's motion for summary judgment is **GRANTED**, and Plaintiff's claims against Apple are dismissed with prejudice.

The Clerk shall remove Doc. 27 from the pending motions and cases list.

**IT IS SO ORDERED.**

**GEORGE C. SMITH, JUDGE**

**UNITED STATES DISTRICT COURT**