# EXHIBIT 13

LEXSEE 1997 mass. super. lexis 106

**Margaret Driscoll v. Relocation Advisors, Inc. dba Paragon Tours**

97-00444

**SUPERIOR COURT OF MASSACHUSETTS, AT BRISTOL**

*1997 Mass. Super. LEXIS 106*

**September 16, 1997, Decided**

**September 16, 1997, Filed**

**DISPOSITION:**
[*1] Defendant's Motion for Summary Judgment is ALLOWED.

**JUDGES:**
John M. Xifaras, Justice of the Superior Court.

**OPINIONBY:**
JOHN M. XIFARAS

**OPINION:**

MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

This claim stems from a slip and fall injury sustained by the plaintiff, Margaret Driscoll, while on a tour arranged by the defendant, a tour guide operator. Defendant, Relocation Advisors, Inc., moves to dismiss pursuant to Mass.R.Civ.P 12(B)(6), or in the alternative, for summary judgment pursuant to Mass.R.Civ.P. 56(c). n1 For the reasons discussed below, the defendant's Motion for Summary Judgment is ALLOWED.

n1 Because both parties have submitted affidavits regarding this motion, this court will treat the motion solely as a motion for summary judgment pursuant to Mass.R.Civ.P. 56(c).

FACTS

Plaintiff, Margaret Driscoll ("Driscoll"), contracted with the defendant, Relocation Advisors, Inc., also known as Paragon Tours ("Paragon"), to arrange [*2] a bus tour through the Pennsylvania Dutch country. Paragon is a tour operator based in New Bedford. The tour involved a round-trip motorcoach tour of the Lancaster, Pennsylvania area, two nights' accommodation at the Brunswick Hotel in Lancaster, four meals, baggage handling, tour guide services, and tours of various sights. The brochure Paragon provided Driscoll contained a disclaimer entitled "General Information and Responsibility." The disclaimer stated, *inter alia*, that Paragon would not be responsible for any injuries sustained as the result of any service, including hotel accommodations, provided during the tour.

Upon arriving at the Brunswick Hotel, Paragon's representative, Davis Plunkett ("Plunkett"), instructed the tour members to take an escalator to the second level of the hotel for check-in. n2 While traversing the escalator, Driscoll, an elderly woman, fell and severely injured her leg. No evidence has been presented to indicate that the elevator malfunctioned on the day of the injury. Driscoll brought suit against the defendant in this court alleging that the negligence of the defendant's agent, Plunkett, caused her injuries.

n2 The parties disagree as to exactly what Plunkett said to the group. The defendant claims that he informed the group that an elevator could be taken to the second level if any person preferred that mode of transport. Plaintiff claims that Plunkett informed the group about the escalator only. Disputed facts must be taken in a

light most favorable to the nonmoving party, Driscoll. *G.S. Enterprises, Inc. v. Falmouth Marine, Inc.*, 410 Mass. 262, 263, 571 N.E.2d 1363 (1991).

[*3]

## DISCUSSION

This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. *Cassesso v. Commissioner of Correction*, 390 Mass. 419, 422, 456 N.E.2d 1123 (1983); *Community National Bank v. Dawes*, 369 Mass. 550, 553, 340 N.E.2d 877 (1976); Mass.R.Civ.P. 56(c). Summary judgment may be granted when the moving party demonstrates that the opposing party, having the burden of proof, cannot prove an essential element of her claim. *Brunner v. Stone & Webster Engineering Corp.*, 413 Mass. 698, 705, 603 N.E.2d 206 (1992); *Kourouvacilis v. General Motors Corporation*, 410 Mass. 706, 714, 575 N.E.2d 734 (1991), (adopting standard of *Celotex v. Catrett* 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)).

Although summary judgments are rarely appropriate on the merits in negligence actions, n3 this court "may decide the issue as a matter of law when no rational view of the evidence permits a finding of negligence." *Roderick v. Brandy Hill Co.*, 36 Mass. App. Ct. 948, 949, 631 N.E.2d 559 (1994). In order to succeed on a claim of negligence, the plaintiff must show [*4] that the defendant owed a duty to plaintiff by either action or inaction, and that the defendant was guilty of some act or omission in violation of that duty. *Royal Indemnity Co. v. Pittsfield Electric Co.*, 293 Mass. 4, 6, 199 N.E. 69 (1935); *Osterlind v. Hill*, 263 Mass. 73, 75, 160 N.E. 301 (1928).

> n3 *Foley v. Matulewicz*, 17 Mass. App. Ct. 1004, 1005, 459 N.E.2d 1262 (1984). See also *Manning v. Nobile*, 411 Mass. 382, 388, 582 N.E.2d 942 (1991).

In the case at bar, the plaintiff has not demonstrated a duty which the defendant owed to prevent the injury which occurred. The plaintiff does not suggest that the defendant knew or should have known about any dangerous conditions existing at the Brunswick Hotel. In fact, the plaintiff does not maintain that there were any unsafe conditions at the Brunswick Hotel. Instead, she bases her claim solely on the fact that the defendant's agent told her to take the escalator and failed to mention the existence of an elevator. She maintains that the tour guide typically [*5] tells passengers about the existence of both an escalator and an elevator. Driscoll suggests that the failure to give an instruction that the defendant usually gives constitutes a violation of Paragon safety policy. She alleges that the failure to mention the existence of an elevator constitutes negligence.

Based on the facts presented by the plaintiff, this court cannot reasonably find that the tour company negligently caused the plaintiff's injuries. No rational view of the evidence supports a finding that Paragon breached a duty of care when it failed to mention that the hotel had an elevator. At no time did the plaintiff ask about the existence of an elevator. Plunkett did not assume a duty by endeavoring to aid the plaintiff as she ascended the escalator, nor was such assistance requested. Further, she did not inform any employee of Paragon that she might experience difficulty on an escalator. Although the plaintiff claims that Paragon agreed to provide an "escort" for the tour, it cannot reasonably be concluded that this escort would provide twenty-four hour, unsolicited care to insure an injury-free tour. The facts set out in the pleadings and the other materials presented [*6] to the court, even when taken in a light most favorable to Driscoll, do not demonstrate a reasonable expectation of proving negligence on the part of Paragon or its agent, Davis Plunkett.

## ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant's Motion for Summary Judgment is ALLOWED.

John M. Xifaras

Justice of the Superior Court

DATE: September 16, 1997