# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

        Plaintiffs,

vs.                                     Case No. 4:05-cv-40170

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

        Defendants.
_____/

### DEFENDANT THE GAP, INC.'S
### RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO REOPEN
### DISCOVERY FOR THE LIMITED PURPOSES OF RE-EXAMINING FAYLIN
### MILLER, SUSPEND THE PERIOD FOR PLAINTIFFS TO FILE AN
### OPPOSITION TO EXPEDIA'S MOTION FOR SUMMARY JUDGMENT
### PENDING MS. MILLER'S RE-EXAMINATION, STRIKE MS. MILLER'S
### AFFIDAVIT FROM THE SUMMARY JUDGMENT RECORD AND ASSESS
### COSTS AGAINST EXPEDIA

Plaintiffs' counsel has filed an emergency motion in part to "reopen discovery for the limited purposes of re-examining Faylin Miller" in addition to other relief that relates specifically to Co-Defendant Expedia, Inc.'s Motion for Summary Judgment and the attached Affidavit of Ms. Faylin Miller in support of that motion. Counsel for Defendant Gap, Inc. takes no position with respect to Plaintiffs' claims for relief to suspend the period for Plaintiffs to file an opposition to Expedia, Inc.'s Motion for Summary Judgment, to strike Ms. Miller's Affidavit from the summary judgment record and Plaintiffs' request for costs against Expedia, Inc. The purpose of this response is to speak to the issue of Plaintiffs' request to reopen discovery for the limited purposes of re-examining Faylin Miller. Defendant Gap, Inc. would object to this request and would urge the Court to not permit another deposition of Faylin Miller at this late date.

Plaintiffs' counsel was well aware of the difference in testimony between Ms. Miller (whose deposition was taken in Ocho Rios, Jamaica on August 21, 2006) and the testimony of the Expedia, Inc. corporate representatives, Ms. Jill Knaack, Ms. Laura Veglia and Ms. Nashara Frazier, whose depositions were all taken in Fort Lauderdale, Florida by Ms. Minchoff and Mr. Kuzma on October 17, 2006. Plaintiffs' counsel had ample opportunity to file a Petition with this Court to reopen fact discovery to explore the issues that became evident as of October 17, 2006. Plaintiffs' counsel, as is typical of their pattern of behavior in this case, did nothing.

Defendant Gap, Inc. would be prejudiced with a reopening of discovery in an effort to challenge the Affidavit submitted by Ms. Miller in support of Co-Defendant Expedia, Inc.'s Motion for Summary Judgment. It would require counsel for Defendant Gap, Inc. to travel to Ocho Rios, Jamaica once again. Additionally, it is likely that Co-Defendant, Expedia, Inc., would request discovery of other internet sites that have contracted with the Jamaican entities and thus further add to the time and expense of Defendant Gap, Inc. when Defendant Gap, Inc. has filed a Motion for Summary Judgment that is presently pending before this Court.

If this Court is of the opinion that discovery should be reopened for a limited purpose, Defendant Gap, Inc. requests that a Protective Order be entered pursuant to Federal Rule of Civil Procedure 26(c)(4) that the deposition be limited in scope to only the subject matter of the issue of whether Expedia, Inc. did or did not undertake any duty to inspect the Turtle Beach Towers Resort, whether there does or does not exist file materials as between Turtle Beach Towers Resort and Expedia, Inc. concerning any such inspections or whether Ms. Miller was indeed mistaken concerning the actions or

inactions of Expedia, Inc. personnel. Defendant Gap, Inc. would request that this Court enter a Protective Order that would preclude testimony into any other areas, including but not limited to, Ms. Miller's investigation into the accident which is the subject matter of this litigation, the documents that she prepared and asked her staff to prepare in relationship to the accident and the factual testimony that she provided with reference to the Turtle Beach Towers Resort facilities, the location of the turtle pond, the condition of the steps or any other matters which are the subject matter of the Motion for Summary Judgment filed by Defendant Gap, Inc. Defendant Gap, Inc. further requests that if this Court does grant a deposition for limited purposes (which Defendant Gap, Inc. believes that there are sufficient reasons for this Court to deny) then Defendant Gap, Inc. would request that this Court order Plaintiffs to pay Defendant Gap, Inc.'s costs to attend said deposition, including legal fees, airfare and all travel costs.

For the foregoing reasons, Defendant Gap, Inc. requests that this Court deny Plaintiffs' request to reopen discovery for the limited purposes of re-examining Faylin Miller. Defendant Gap, Inc. takes no position with respect to the remaining portions of Plaintiffs' requests.

    Respectfully submitted,

    **SULLIVAN, WARD,**
     **ASHER & PATTON, P.C.**

By:   /s/Scott D. Feringa_____
       SCOTT D. FERINGA (P28977)
       Attorney for Defendant The GAP, Inc.
       1000 Maccabees Center
       25800 Northwestern Highway
       Southfield, MI 48075-1000
       (248) 746-0700

Dated: March 14, 2007
W0511811

**PROOF OF SERVICE**

  I hereby certify that on the 14th day of March, 2007, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

            /s/ Scott D. Feringa

            Sullivan, Ward, Asher & Patton, P.C.
            1000 Maccabees Center
            25800 Northwestern Highway
            Southfield, MI 48037-0222
            Phone: 248-746-0700
            Primary E-mail: sferinga@swappc.com
            P28977