# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

### DOCKET NO:  05-40170 FDS

|  |  |
|---|---|
| STEPHANIE HOFER and  | ) |
| DOUGLAS HOFER, | ) |
|     Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| GAP, INC., EXPEDIA, INC., and | ) |
| TURTLE BEACH TOWERS, | ) |
|     Defendants. | ) |

### PLAINTIFFS' OPPOSITION TO DEFENDANT EXPEDIA, INC.'S EMERGENCY MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2007 ORDER PERTAINING TO PLAINTIFFS' EMERGENCY MOTION RELATIVE TO THE DEPOSITION TESTIMONY AND AFFIDAVIT OF FAYLIN MILLER

The Plaintiffs, Stephanie Hofer ("Stephanie") and Douglas Hofer (collectively, "Plaintiffs"), hereby oppose Expedia, Inc.'s Emergency Motion to Reconsideration of the Court's March 14, 2007 Order Pertaining To Plaintiffs' Emergency Motion Relative to the Deposition Testimony and Affidavit of Faylin Miller.

In support hereof, Plaintiffs state the following:

In the month prior to the taking of Ms. Miller's deposition, the Defendant, Expedia Inc., through its Attorneys defended this case on the theory that Expedia never inspected or was under any duty to inspect any of the resorts it advertised on its website. In fact, Expedia repeatedly, in the strongest terms, threatened Plaintiff that if they did not dismiss their "meritless" lawsuit, Expedia would seek sanctions against the Plaintiffs. What Ms. Miller's deposition testimony clearly proves, without equivocation, is that Expedia <u>did</u> undertake such a duty to inspect.  Expedia now seeks to change her allegedly

"incorrect" testimony on this point, without offering a plausible explanation on why Ms. Miller was "incorrect." Expedia also never submitted an Errata sheet on this turning point. Instead, Expedia waited and delayed until the filing of a Motion for Summary Judgment to submit her changed testimony.

As to the Defendant's contention that Discovery should be reopened for its benefit to take depositions of Travelocity or Worldres.com, the Court has only to review Ms. Miller's transcript to understand the clear, unequivocal, spontaneous testimony of Ms. Miller that it was Expedia and no other entity, performing the twice a year inspections, taking photographs, and submitting a detailed checklist. There simply is no equivocation in Ms. Miller's testimony. In fact, upon examination by Expedia's prior counsel, Ms. Miller was not asked whether the "inspections" could have come from Travelocity or any other entity because the record was absolutely clear.

In Expedia's questioning of Ms. Miller, it was also discovered that it was Daine Thomas who signed contracts with Expedia, and not Sherna Thomas, as stated in yet another testimonial "correction" submitted in an Affidavit in support of Expedia's Motion for Summary Judgment. Ms. Miller also testified that it was Expedia that had a contract with Turtle Beach Towers since 2000.[1]

The Defendant Expedia contends that it is not relying on Ms. Miller's changed testimony in support of its motion. Yet Expedia, at least initially, submitted it to this court for that very reason. If the Defendant does not intend to rely on Ms. Millers Affidavit now and in the future the Plaintiff requests that the Defendant agree to strike it

---

[1] It should be noted that earlier in this litigation Expedia's position was that the contract between Expedia and Turtle Beach Towers was "misplaced" or "lost." Expedia failed to produce the contract. It was only after the Plaintiff raised the spoliation issue that Expedia suddenly found the contract and produced it a deposition <u>after</u> Ms. Miller's deposition.

in its entirety and to allow Ms. Miller's deposition testimony to stand as given. This would obviate the need to re-depose Ms. Miller regarding the circumstances of her changed testimony. In any event, the Court should not allow the Defendant to benefit from its own misgivings by permitting it to reopen discovery.

        Plaintiffs,
        By their attorney,

        /s/ India L. Minchoff, Esq.
        India L. Minchoff, Esq. (652456)
        Law Offices of Russo & Minchoff
        123 Boston Street, 1st Floor
        Boston, MA 02125
        617/740-7340 telephone
        617/740-7310 facsimile

## CERTIFICATE OF SERVICE

I, India L. Minchoff, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 15, 2007.

        /s/ India L. Minchoff, Esq.