UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
STEPHANIE HOFER and                 )
DOUGLAS HOFER,                      )        Civil Action Docket No. 05-40170 FDS
                                    )
          Plaintiffs,               )
                                    )
v.                                  )
                                    )
THE GAP, INC., EXPEDIA, INC.        )
and TURTLE BEACH TOWERS,            )
                                    )
          Defendants.               )
                                    )
_____ )

**DEFENDANT EXPEDIA, INC.'S REPLY TO PLAINTIFFS' OPPOSITION TO ITS EMERGENCY MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 14, 2007 ORDER PERTAINING TO PLAINTIFFS' EMERGENCY MOTION RELATIVE TO THE DEPOSITION TESTIMONY AND AFFIDAVIT OF FAYLIN MILLER**

The defendant Expedia, Inc. ("Expedia"), by and through its undersigned counsel, briefly replies to the plaintiffs' opposition to Expedia's emergency motion for reconsideration of the Court's March 14, 2007 Order pertaining to plaintiffs' emergency motion relative to the deposition testimony and affidavit of Faylin Miller. We make the following points:

1. We will not get into an argument with plaintiffs' counsel over who said what to whom during pretrial discovery, particularly since our firm was not representing Expedia at the time. Suffice it to say that Expedia believed that plaintiffs' claims against it were without merit at the outset of this litigation, we continue to believe that this is still the case.

2. The Court, in deciding the summary judgment motion, can determine how to handle Ms. Miller's affidavit. The Court may determine that Ms. Miller's deposition testimony as to the identity of the persons who visited Turtle Beach, on its face, is inadmissible speculative

hearsay (particularly given that Expedia and others contracted with the Thomases, not Ms. Miller, to advertise the particular units and there is no evidence that Ms. Miller has first-hand knowledge of the employment status of any of these individuals) and may accept Ms. Miller's subsequent affidavit at face value. The Court may also determine that even if there is an issue of fact as to whether Expedia "inspected" or did not "inspect," Expedia is still entitled to summary judgment for the reasons detailed yesterday in Expedia's opposition to plaintiffs' emergency motion to re-open discovery. In that case, the Court may still consider the other statements in Ms. Miller's affidavit which do not dispute any prior testimony in her deposition. These determinations can be made once the summary judgment motion is fully briefed.

3. If the Court determines that the plaintiffs are entitled to attempt to re-depose Ms. Miller on the limited issue of whether or not Expedia or some other entity conducted inspections, then it only makes sense to re-open all discovery on this issue so Expedia may seek first-hand information from other third parties who contracted with the Thomases. Given that there is no evidence that Ms. Miller contracted with Expedia, Travelocity or anyone else to advertise units at the Turtle Beach, it makes more sense to seek discovery from the persons who have direct, first-hand knowledge of such matters.

4. We fail to see the significance in plaintiffs' argument that Ms. Miller stated that it was Daine Thomas who signed the contract with Expedia, not Sherna Thomas. As set forth in Sherna Thomas's affidavit, <u>she</u> signed the contract with Expedia. Even if this could be considered a material point, Ms. Miller's speculation as to who signed the contract (Ms. Miller had nothing to do with it) is irrelevant.

5. We reject the plaintiffs' invitation to strike the entirety of Ms. Miller's affidavit. As stated previously, Ms. Miller's affidavit goes beyond the issue of the identity of the persons

who visited Turtle Beach, and even if the Court were not to consider that specific testimony on summary judgment, the remaining portions of Ms. Miller's affidavit are not contracted by her previous deposition testimony.

WHEREFORE, the defendant Expedia, Inc. respectfully requests that the Court reconsider its March 14, 2007 Order pertaining to plaintiffs' emergency motion to re-open discovery and deny the plaintiffs' request for additional discovery.  If the Court determines that the plaintiffs are entitled to re-depose Ms. Miller on this limited issue, Expedia prays leave that discovery be re-opened on this narrow issue for all purposes.

> Respectfully submitted,
> By the defendant
> EXPEDIA, INC.,
> By its attorneys,
>
> **/s/ Rodney E. Gould**
> _____
> Rodney E. Gould (BBO # 205420)
> Email:  rgould@rhglaw.com
> Robert C. Mueller (BBO#567599)
> Email:  rmueller@rhglaw.com
> RUBIN, HAY & GOULD, P.C.
> 205 Newbury Street
> P.O. Box 786
> Framingham, MA  01701-0202
> Tel:  (508) 875-5222
> Fax:  (508) 879-6803

DATED: March 15, 2007

**CERTIFICATE OF SERVICE**

      I, Rodney E. Gould, hereby certify that this document, filed through the ECF system, will be served electronically upon the registered participants identified on the Notice of Electronic Filing (NEF) and will be served upon any non-registered participants, as indicated on the NEF, by paper copy sent via first-class mail, postage prepaid.

DATED: March 15, 2007                                        **/s/ Rodney E. Gould**

                                                                             _____
                                                                             Rodney E. Gould