Hofer et al v. Old Navy Inc. et al

Case 4:05-cv-40170-FDS    Document 83-10    Filed 03/15/2007    Page 1 of 3

Doc. 83 Att. 9

# EXHIBIT 7

Dockets.Justia.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
DOCKET NO: 05-40170 FDS

STEPHANIE HOFER and )
DOUGLAS HOFER, )
    Plaintiffs, )
)
v. )
)
GAP, INC., EXPEDIA, INC., and )
TURTLE BEACH TOWERS, )
    Defendants. )

**AFFIDAVIT OF CARRIE LAROCHE**

I, Carrie LaRoche, hereby state and depose the following based on my personal knowledge and observations:

1. I accompanied Stephanie Hofer on the trip to Jamaica in question. I was deposed at length by Attorney Scott Feringa, counsel for the Gap, and by Attorney Thomas Reith, counsel for Expedia.

2. The first time I saw the Old Navy flip-flops, which are the subject matter of this litigation, was while Stephanie and I were packing for our trip to Jamaica. I observed that they were connected by an Old Navy store hanger. Having bought goods at Old Navy before on my own, I had observed that certain select Old Navy goods are connected by this particular device.

3. Since the flip-flops continued to be connected by store hanger, based on my observations it was obvious that the flip-flops were not previously worn.

4. I saw the same flip-flops again in Jamaica. Shortly after the accident happened and while at the location where Stephanie Hofer fell, I personally observed that one of the flip-flops was broken. The center thong had become detached.

5. Counsel for Stephanie Hofer has shown me pictures of the exemplar flip-flops and they are a fair and adequate representation of the subject flip-flops.

6. At my deposition described above I was not asked any of the questions regarding the above by Attorney Scott Feringa, counsel for the Gap, or by Attorney Thomas Reith, counsel for Expedia.

Signed under the pains and penalty of perjury this 13 day of March, 2007.

_____
Carrie LaRoche