UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

vs.                                                          Case No. 4:05-cv-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.
_____/

**<u>DEFENDANT THE GAP, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**

**REQUEST FOR ORAL ARGUMENT**

Defendant The GAP, Inc. respectfully requests a hearing on its Motion for Summary for Judgment for reason that oral argument will assist the Court's disposition of the Motion.

**REPLY ARGUMENTS**

**DEFENDANT THE GAP, INC. IS ENTITLED TO SUMMARY JUDGMENT BECAUSE THERE IS NO EVIDENCE OF A PURPORTED DEFECT IN PLAINTIFF'S SANDAL THAT ALLEGEDLY CAUSED HER TO FALL AND SUSTAIN SERIOUS INJURIES**

Federal Rule of Civil Procedure 56(e) specifically provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Fed. R. Civ. P. 56(e). In their Memorandum of Law in Opposition to Defendant The GAP, Inc.'s Motion for Summary Judgment, Plaintiffs Stephanie Hofer and Douglas Hofer fail to set forth any evidence to create a genuine issue for trial or to challenge the affidavits of The GAP, Inc.'s ("GAP") experts. A non-movant cannot create a genuine issue of fact through conclusory allegations, improbable inferences, and unsupported speculation. Velez-Rivera v. Agosto-Alicea, 437 F.3d 145, 154 (1st Cir. 2006). Accordingly, summary judgment should be granted in favor of The GAP, Inc. as a matter of law.

A.  **Plaintiffs' Claims Fail In The Absence Of Expert Opinion Evidence That A Purported Defect Was Present At The Time The Subject Sandals Were Sold**

In their Memorandum of Law, Plaintiffs erroneously argue that they are not required to provide expert testimony to support their claims of products liability and breach of warranty of merchantability against GAP, because the alleged failure of a purportedly newly purchased sandal is within the common knowledge of the jury. They

1

argue that GAP's alleged design and manufacturing defect can be inferred pursuant to the doctrine of res ipsa loquitor, and Plaintiffs have satisfied their burden of proof.

In a products liability action, plaintiff must show that the defect which allegedly caused an injury is attributable to defendant's negligence.  Smith v. Ariens Co., 375 Mass. 620, 625; 377 N.E.2d 954 (1978); Coyne v. John S. Tilley Co., 368 Mass. 230, 234 (1975); Carney v. Bereault, 348 Mass. 502, 506 (1965).  Under a theory of negligent design, a total product line is claimed to be defective because of faulty design and to show that a defect is attributable to a manufacturer, plaintiff must show that the defect existed at the time the product left the manufacturer.  id.; Mickle v. Blackmon, 252 S.C. 202, 237 (1969).

Proof of the nature of an alleged design or manufacturing defect and the causal relation between the purported defect and plaintiff's accident requires expert testimony if it is beyond the common knowledge of the fact finder.  Goffredo v. Mercedes-Benz Truck Co., 402 Mass. 97, 104; 520 N.E.2d 1315 (1988).

To sustain a claim for breach of implied warranty of merchantability, plaintiff must show that the product that allegedly caused injury was defective and unreasonably dangerous for the ordinary purpose and use for which it was intended.  Haglund v. Philip Morris, Inc., 446 Mass. 741, 746-747; 847 N.E.2d 315 (2006).  **A design is determined defective if it presents an unreasonable risk of injury to others after considering a number of factors including "'the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an**

2

**alternative design,'" matters not within the experience and knowledge of most jurors.** Back v. Wickes Corp., 375 Mass. 633, 642; 378 N.E.2d 964 (1978), quoting Barker v. Lull Eng'r Co., 20 Cal. 3d 413, 431; 573 P.2d 443 (1978) (emphasis added).

**"The opinion of the nonexperts who testified at trial cannot substitute for this absence of expert testimony."** Enrich v. Windmere Corp., 416 Mass. 83, 87; 616 N.E.2d 1081 (1993) (emphasis added). In the absence of expert opinion evidence, the presence of the alleged defect is based solely on speculation and conjecture. id.

In this case, Plaintiffs' claims fail in the absence of expert opinion evidence that a purported defect was present at the time the subject sandals were sold. Importantly, this Court tacitly recognized these core principals when it admonished Plaintiffs' counsel for her failure to comply with Fed. R. Civ. P. 26(a). In its opinion, this Court stated:

> **Plaintiffs' reasons for not complying with the discovery deadline are wholly inadequate, and indeed border on legal malpractice. If counsel cannot meet a court-ordered deadline, they should seek relief from the Court, not simply ignore the deadline. Nonetheless, the Court recognizes that a complete prohibition against expert testimony may, as a practical matter, prove to be a grant of judgment in favor of the defendants.** The Court is reluctant, absent circumstances more extreme than the present, to cause the plaintiffs to lose a potential claim based on an error of counsel. Accordingly, and with considerable reluctance, the Court will deny defendants' motions and provide for a new set of discovery deadlines, although it will permit defendants to recover their reasonable expenses, if any, caused by plaintiffs' failure to adhere to the deadline.
>
> Accordingly, the Court hereby orders as follows:
>
> 1.   Plaintiffs shall make their expert disclosures under Fed. R. Civ. P. 26(a)(2) by January 19, 2007.

    2.    Defendants shall make their expert disclosures under Fed. R. Civ. P. 26(a)(2) by February 16, 2007.

    3.    Plaintiffs' experts shall be deposed by February 28, 2007.

    4.    Defendants' experts shall be deposed by March 28, 2007.

    5.    Defendants may seek recovery of their reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to adhere to the October 23 discovery deadline.

    6.    No further extensions of these deadlines will be allowed.

*    *    *

[Order, dated December 18, 2006, attached as EXHIBIT G to GAP's Memorandum in Support of Motion for Summary Judgment, filed as Document No. 63-8] (emphasis added).

Despite Plaintiffs' counsel's pleas for more time to file their expert reports and despite this Court allowing a 3 ½ month extension to file the expert disclosures, Plaintiffs' failed to file <u>any</u> expert disclosures with the exception of an economist, Dr. Dana Hewins[1]

---

[1] Plaintiffs in fact recognize the necessity for expert testimony in this case. In ¶5 of Plaintiffs' Opposition to Defendant GAP's Motion to Bar Plaintiff from Providing any Expert Testimony which is Document No. 50, Plaintiffs claimed:

> "At the time of the September 8, 2006, status conference, the Plaintiffs did not fully appreciate the significance of not requesting an enlargement of time to disclose experts in light of the fact that the 'fact' discovery deadline was extended to October 23, 2006. It is due to the fact that important and significant factual testimony was only elicited from the 30(b)(6) depositions taken after October 2, 2006, **that the Plaintiffs did not possess facts necessary to support the basis for an expert's testimony.**"

Indeed, Plaintiffs claim in the following paragraph that it was Defendant GAP's alleged delay that "led to the delay in Plaintiffs inability to name an expert in a timely fashion…." ¶6, Document No. 50, (emphasis supplied).

4

The presence of a purported design or manufacturing defect in the subject sandals cannot be inferred in the absence of expert testimony because of the confirmed and verified performance of laboratory testing on all styles of flip flop sandals sold by GAP. Indeed, a directional pull test and a cycling test are performed by independent laboratories Intertek Testing Services and Bureau Veritas on all flip flop style sandals sold by GAP and the method and standards of these tests is an appropriate subject of expert testimony and not within the general knowledge of a juror. [Deposition of Patricia Reese, GAP Technical Manager, Department of Product Integrity, pp. 26-34, 45, attached as EXHIBIT E to GAP's Memorandum in Support of Motion for Summary Judgment, filed as Document No. 63-6].

Further, the doctrine of res ipsa loquitur, **raised for the first time in opposition to GAP's Motion for Summary Judgment**, will not permit a jury to draw an inference of negligence from the mere occurrence of Plaintiff Stephanie Hofer's accident because Plaintiffs have not met their burden to produce evidence that it is more likely than not that Plaintiff Stephanie Hofer's injuries were caused by GAP's alleged negligence. Restatement (Second) of Torts § 328D (1965). Importantly, **Plaintiffs never pled a claim of res ipsa loquitur in their Complaint** and has **failed to demonstrate that the subject sandals would not have "broken" but for GAP's negligence**. Plaintiffs also failed to sufficiently eliminate other responsible causes for the accident. Edwards v. Boland, 41 Mass. App. Ct. 375, 378, n2; 670 N.E.2d 404 (1996); Restatement (Second) of Torts § 328D(1)(a) (1965). Further, a juror would not necessarily conclude that a purportedly broken sandal could only be caused by a defect that existed from the time of the sandals' manufacture or sale where Plaintiff Stephanie Hofer wore the subject sandals

5

for at least approximately 19 hours prior to her accident without incident. [Deposition of Carrie LaRoche, pp. 43-46, 191-192, attached as EXHIBIT 7 to Plaintiffs' Memorandum on Law in Opposition to GAP's Motion for Summary Judgment, filed as Document No. 83-10].

Plaintiffs' reliance on Coyne v. John S. Tilley, Co., Inc., 368 Mass. 230; 331 N.E.2d 541 (1975) is misplaced because the Massachusetts Supreme Court held that an inference of negligence could not be drawn from the collapse of a ladder because plaintiff failed show a greater likelihood that his injury was caused by the defendant's negligence than by some other cause. Further, Evangelio v. Metropolitan Bottling Co., 339 Mass. 177; 158 N.E.2d 342 (1958) is easily distinguishable from the instant action because the Massachusetts Supreme Court in Evangelio had to rely on common knowledge in assessing the possible causes of an accident because no expert testimony was offered by either party.

Furthermore, the Affidavit of Carrie LaRoche is inadmissible evidence and cannot substitute for the absence of expert testimony. Enrich, supra. A party opposing summary judgment cannot create a genuine issue of material fact by filing an affidavit that contradicts earlier deposition testimony. Gillen v. Fallon Ambulance Serv., 283 F.3d 11, 26 (1st Cir. 2002). "When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." Colantuoni v. Alfred Calcagni & Sons, 44 F.3d 1, 4-5 (1st Cir. 1994); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2726, at 30-31 (2d ed. Supp. 1994).

6

Specifically, contrary to the statement in her Affidavit, **Carrie LaRoche was questioned about her personal knowledge and observations of the subject sandals during her deposition**. Further, while Ms. LaRoche stated in her Affidavit that shortly after the accident happened, "she personally observed that one of the flip flops was broken" because "the center thong had become detached," during her deposition, **she testified that she did not remember the color of the sandal and when asked what the sandal looked like, she merely said "it was a flip flop" and gave no indication that it was broken**. [Deposition of Carrie LaRoche, pp. 35, 39, attached as EXHIBIT 7 to Plaintiffs' Memorandum on Law in Opposition to GAP's Motion for Summary Judgment, filed as Document No. 83-10]. Accordingly, because she improperly contradicts her prior deposition testimony, the Affidavit of Carrie LaRoche should be stricken.[2]

Finally, Plaintiffs' challenge to GAP's experts is specious. Plaintiffs have failed to counter the scientific analysis that proves that Plaintiff Stephanie Hofer's injuries are inconsistent with her testimony that the accident was caused by a defective sandal. The conclusions of GAP's experts are not based on speculation, surmise and conjecture, but rather, are based on the laws of physics, principles of human motion and gait, principles of human tolerance and biomechanical engineering. Plaintiffs have chosen not to take the experts depositions.

Indeed, William Newberry, Managing Biomechanical Engineer at Exponent Failure Analysis Associates, performed a biomechanical analysis only after reviewing the

---

[2] Indeed, in Document No. 76 which was Plaintiffs Emergency Motion to Strike Ms. Miller's Affidavit from the Summary Judgment Record, Plaintiffs' counsel on page 10 states:

> "Case law is crystal clear: deposition testimony, taken under oath, cannot later be altered to support a party's summary judgment claims."

7

complaint; the deposition transcripts; the exemplar sandals; the Cycling and Directional Pull Tests; the Footwear and Accessories, Regulatory Compliance Performance Standards and Testing Procedures; Gap's Technical Bulletins; the Vendor Compliance Agreement; color photographs and measurements of the site; and Plaintiff Stephanie Hofer's medical records. [Report of William Newberry, attached as EXHIBIT H to GAP's Memorandum in Support of Motion for Summary Judgment filed as Document No. 63-9]. After evaluating the incident from a biomechanical engineering perspective and after conducting a scientific analysis, William Newberry opines that there was no failure of Plaintiff Stephanie Hofer's sandal, but rather, the accident occurred because she was either in the turtle pond or fell into the turtle pond, and the fact that she was wearing sandals was incidental to the actual injury. [Report of William Newberry, attached as EXHIBIT H to GAP's Memorandum in Support of Motion for Summary Judgment filed as Document No. 63-9].

Further, John E. Moalli, ScD., Group Vice President and Principal Engineer at Exponent Failure Analysis Associates, and Maureen T.F. Reitman, ScD., Principal Engineer at Exponent Failure Analysis Associates' Mechanical and Materials Practice, both opine that the exemplar sandals were manufactured in accordance with proper standards and practices and were fit for their intended purpose, and there were no design or manufacturing defects that caused or contributed to Plaintiff Stephanie Hofer's injuries. The exemplar sandals met or exceeded the requirements for cyclic and pull testing outlines in the protocols performed by GAP. [Report of Dr. John E. Moalli and Dr. Maureen T.F. Reitman, dated February 14, 2007, attached as EXHIBIT I to GAP's

Memorandum in Support of Motion for Summary Judgment filed as Document No. 63-10].

Finally, because there is a complete absence of evidence of a design or manufacturing defect that caused or contributed to Plaintiff Stephanie Hofer's injuries and the presence of the alleged defect could be found only on speculation and conjecture, GAP is entitled to summary judgment as a matter of law.

**B.    The GAP, Inc. Has Been Prejudiced By The Destruction Of The Subject Sandals**

Contrary to Plaintiffs' argument that the spoliation doctrine is inapplicable to the instant action because they were purportedly not responsible for destruction of the subject flip-flops, bad faith is not an essential consideration when considering the severity of a sanction where evidence is destroyed, because even where evidence is destroyed through mere carelessness, a district court is entitled to impose sanctions when the other side is prejudiced.  Sacramona v. Bridgestone/Firestone, Inc., 106 F.3d 444, 446 (1st Cir. 1997); Nation-Wide Check Corp., Inc. v. Forest Hills Distrib., Inc., 692 F.2d 214, 219 (1st Cir. 1982).  In the absence of willful destruction of the evidence, sanctions are imposed to provide remedial measures, including dismissing a complaint to "rectify any prejudice the non-offending party may have suffered as a result of the loss of evidence and to deter any future, particularly deliberate, conduct leading to such loss of evidence." Collazo-Santiago v. Toyota Motor Corp., 149 F.3d 23, 29 (1st Cir 1998); Sacramona, supra.

In Smith v. Robertshaw Controls Company, 410 F.3d 29, 37 (1st Cir. 2005), the First Circuit held that defendant manufacturer was entitled to summary judgment because it was prejudiced by a third party's destruction of the propane water heater that allegedly caused plaintiff's severe and permanent disfiguring injuries.

9

In this case, GAP's experts have been deprived of an opportunity to examine the purportedly newly purchased sandals Plaintiff Stephanie Hofer was allegedly wearing at the time of her fall because they have been destroyed. Plaintiffs never attempted to preserve the evidence and GAP is prejudiced by its destruction.

Accordingly, because there is no evidence of the purported defect where the subject sandal has been destroyed and the sandals presented as exemplars are not reliable representations, GAP is entitled to summary judgment as a matter of law.

## **CONCLUSION**

Thus, at the end of the day, despite all of Plaintiffs' protestations to the contrary, there is no factual support for Plaintiffs' allegations of design and manufacturing defect or to support their claim of breach of warranty of merchantability. Plaintiffs have supplied no experts to this Court who have design or manufacturing experience, Plaintiffs have not supplied any Affidavits as they are required to do to oppose the factual Affidavits and testing evidence that have been supplied by this Defendant and Plaintiffs do not have the subject sandal. As this Court recognized in its prior Opinion and Order, without these key pieces of evidence, summary judgment is warranted under these circumstances.

**WHEREFORE**, for the foregoing reasons, THE GAP, INC. respectfully requests that this Honorable Court grant its Motion for Summary Judgment brought pursuant to Fed. R. Civ. P. 56(c) and award it sanctions and all actual costs and attorney fees necessitated by the preparation and presentation of this Motion.

Respectfully submitted,

**SULLIVAN, WARD,
 ASHER & PATTON, P.C.**

By:   _/s/Scott D. Feringa_____
SCOTT D. FERINGA (P28977)
Attorney for Defendant The GAP, Inc.
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI  48075-1000
(248) 746-0700

Dated:  March 20, 2007
W0512204

**PROOF OF SERVICE**

I hereby certify that on the 20th day of March, 2007, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

/s/ Scott D. Feringa

Sullivan, Ward, Asher & Patton, P.C.
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037-0222
Phone: 248-746-0700
Primary E-mail: sferinga@swappc.com
P28977