# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Docket No.: 05-40170 FDS

Stephanie Hofer and Douglas Hofer, )
    Plaintiffs, )
                           )
v.                             )
                           )
The Gap Inc., Expedia, Inc., and )
Turtle Beach Towers, )
    Defendants. )

## PLAITNIFF, STEPHANIE HOFER'S, SECOND SUPPLEMENTAL ANSWERS TO DEFENDANT, EXPEDIA, INC.'S, FIRST SET OF INTERROGATORIES

Plaintiff, Stephanie Hofer, hereby submits her Second Supplemental Answers to Defendant, Expedia Inc.'s, First Set of Interrogatories.

### GENERAL OBJECTIONS

1. Plaintiffs object to the Interrogatories to the extent that they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine or any other privilege cognizable by law.

2. Plaintiffs object to the Interrogatories to the extent that they purport to request information that is neither relevant to the subject matter of the pending action nor reasonably calculated to lead to the discovery of admissible evidence.

3. Plaintiffs object to the Interrogatories to the extent that they call for extensive and unreasonable investigatory work on her part and to the extent that they are unduly burdensome.

4. Plaintiffs object to the Interrogatories to the extent that they require her to form legal conclusions or arrive at ultimate factual determinations.

5. Plaintiffs object to the Interrogatories to the extent that they vague or ambiguous because of undefined or ill-defined terms or incorrect factual assumptions, and to the extent that they

purport to impose obligations on her beyond those imposed by Rules 26 and 33 of the Federal Rules of Civil Procedure.

6. The presence or absence of any general or specific objections does not mean that the Plaintiff does not object on any other ground or that any unasserted objections are waived.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 5:

State the basis of the Plaintiffs' averment found at Paragraph 46 of the Complaint that "[in] conducting much of the Resort's internet advertising and booking of reservations, Expedia is an agent for the Resort."

### ANSWER

Expedia conducts much of the resorts internet advertising and booking of reservations thereby making them an agent of the Resort.

### SUPPLEMENTAL ANSWER NO. 5

In addition to the above, Plaintiff, Stephanie Hofer, states the following: Expedia inspects the resorts it advertises on its website. Furthermore, the Resort does not have a direct internet link but rather is accessible through Expedia's website. As a result, Expedia does, in fact, conduct much of the Resort's internet advertising and booking of reservations.

### INTERROGATORY NO. 6:

State the basis of the Plaintiffs' averment found at Paragraph 47 of the Complaint that "[a]s an agent for the Resort, Expedia owed Stephanie a duty to warn her of dangerous conditions at the Resort."

### ANSWER

Discovery is ongoing and the Plaintiffs will supplement this answer in a seasonable manner. Plaintiffs will state that Expedia as agent or a facilitator of travel owes a duty to not only reap the financial rewards of acting as a booking agent but also to warn of dangerous conditions which may exist at any of the facilities it advertises. There is an expectancy on the part of the consumer that facilities or resorts listed by Expedia on its website are reputable and safe. Expedia, in

2

accepting the financial benefits of it's advertising, cannot simply disclaim any responsibility for the conditions of the resorts it advertises.

### SUPPLEMENTAL ANSWER NO.6

In addition to the above, Plaintiff, Stephanie Hofer, states the following: Expedia acts as an agent for both the resorts it advertises and the persons that utilize its website for its intended purpose: to facilitate travel vacations. Expedia does not expect each person traveling in a party to log onto its website separately to book a travel vacation as is evidenced by the fact that in the booking process expedia.com requests that the "sign-on" user provide the names and contact information of the other person(s) traveling in the sign-on user's party. Per expedia.com's requirements, all members of the sign-on user's party utilizing the services of expedia.com are made known to expedia.com as all such persons are intended-users of Expedia's services.

Expedia inspects the resorts it markets on its website and has implemented procedures to monitor the safety of said resorts marketed on its website. In that Expedia inspected the Resort and took an active and continuing role in ensuring the Resort's premises were maintained to Expedia's satisfaction, Expedia either knew or should have known about the inherently dangerous conditions existing at the Resort and had a duty to warn it's intended users of such conditions.

In addition, on Expedia's own website it represents that it researches the resorts' advertised by media review and visits to the property sites.

### INTERROGATORY NO. 7:

State the basis of the Plaintiffs' averment found at Paragraph 48 of the Complaint that "Expedia knew or should have known of the conditions at the Resort."

### ANSWER

Discovery is ongoing and the Plaintiffs will supplement this answer in a seasonable manner.

Expedia should have inspected the facility or acted on information gathered from other available

sources that the resort was not reasonably safe for intended foreseeable users of its website.

### SUPPLEMENTAL ANSWER NO. 7

In addition to the above, Plaintiff, Stephanie Hofer, states the following: Expedia acts as an agent for both the resorts it advertises and the persons that utilize its website for its intended purpose: to facilitate travel vacations. Expedia does not expect each person traveling in a party to log onto its website separately to book a travel vacation as is evidenced by the fact that in the booking process expedia.com requests that the "sign-on" user provide the names and contact information of the other person(s) traveling in the sign-on user's party. Per expedia.com's requirements, all members of the sign-on user's party utilizing the services of expedia.com are made known to expedia.com as all such persons are intended-users of Expedia's services.

Expedia inspects the resorts it markets on its website and has implemented procedures to monitor the safety of said resorts marketed on its website. In that Expedia inspected the Resort and took an active and continuing role in ensuring the Resort's premises were maintained to Expedia's satisfaction, Expedia either knew or should have known about the inherently dangerous conditions existing at the Resort and had a duty to warn it's intended users of such conditions.

In addition, on Expedia's own website it represents that it researches the resorts' advertised by media review and visits to the property sites.

### INTERROGATORY NO. 8:

State the basis of Plaintiffs' averment found in §II(A.) of the parties' Joint Rule 16.1 Statement that "Expedia owes a duty to prospective customers of its service to ensure that facilities listed on its website are reasonably safe for consumers who purchase their vacations through its service."

### ANSWER

Expedia is a for profit corporation that derives income from its travel website. Expedia acts as

4

an agent to the various vendors, be it hotels, cruise lines, etc. Expedia has a duty not to jeopardize the safety of its customers by advertising a facility, which is inherently unsafe.

### SUPPLEMENTAL ANSWER NO. 8

In addition to the above, Plaintiff, Stephanie Hofer, states the following: Expedia acts as an agent for both the resorts it advertises and the persons that utilize its website for its intended purpose: to facilitate travel vacations. Expedia does not expect each person traveling in a party to log onto its website separately to book a travel vacation as is evidenced by the fact that in the booking process expedia.com requests that the "sign-on" user provide the names and contact information of the other person(s) traveling in the sign-on user's party. Per expedia.com's requirements, all members of the sign-on user's party utilizing the services of expedia.com are made known to expedia.com as all such persons are intended-users of Expedia's services.

Expedia inspects the resorts it markets on its website and has implemented procedures to monitor the safety of said resorts marketed on its website. In that Expedia inspected the Resort and took an active and continuing role in ensuring the Resort's premises were maintained to Expedia's satisfaction, Expedia either knew or should have known about the inherently dangerous conditions existing at the Resort and had a duty to warn it's intended users of such conditions.

In addition, on Expedia's own website it represents that it researches the resorts' advertised by media review and visits to the property sites.

### INTERROGATORY NO. 20:

If your answer to Request for Admission No. 11 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 11.

5

#### ANSWER

I cannot answer as to what Carrie did. I was not present and did not see her click "I agree".

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

#### SUPPLEMENTAL ANSWER NO. 20

In addition to the above, Plaintiff, Stephanie Hofer, states the following:

I am without personal knowledge to admit or deny the allegation contained in Request to Admit Number 11 because I did not personally observe Carrie during the booking process. However, I was present at Ms. LaBelle's deposition and did hear her testify under oath that she did not recall seeing the "Agreement" on expedia.com and therefore she did not recall clicking "I Agree" after reading an agreement that she did not recall seeing but before reserving the Trip.

#### INTERROGATORY NO. 21:

If your answer to Request for Admission No. 12 is anything other than an unqualified admission, identify and state with specificity all factual bases in support of your refusal to make an unqualified admission in response to Request for Admission No. 12.

#### ANSWER

The referred to admission is overly broad. Plaintiff cannot state that "any" action taken by Carrie was with Plaintiff's permission without knowing each action taken by Carrie.

Plaintiff, Douglas Hofer, states that this interrogatory is not directed at him therefore no answer is being provided.

#### SUPPLEMENTAL ANSWER NO. 20

In addition to the above, Plaintiff, Stephanie Hofer, states the following:

It is not possible for me to truthfully admit that each and every action undertaken by Ms. LaBelle in connection with the booking of the Trip was done with my permission. There may have been many actions that were undertaken that are not yet known to me. Furthermore, there may be a multitude of activities that I did not specifically permit Carrie LaBelle to undertake on

6

my behalf since there is a fundamental difference between providing another person with permission to book a travel vacation and authorizing another to take every action tangentially related to said booking. For example, I do not recall granting permission to Ms. LaBelle to book me on a certain seat assignment; however, I was provided a certain seat assignment on the flights from Massachusetts to Jamaica.

Plaintiffs reserve the right to supplement these answers.

Signed under the pains and penalties of perjury this 2nd day of October, 2006.

_____
Stephanie Hofer

Objections by:

_____
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile

7