## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## DOCKET NO:  05-40170 FDS

| | |
|---|---|
| STEPHANIE HOFER and | ) |
| DOUGLAS HOFER, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GAP, INC., EXPEDIA, INC., and | ) |
| TURTLE BEACH TOWERS, | ) |
|     Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT, EXPEDIA, INC.'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF EXPEDIA, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs hereby respond to the Defendant's, Expedia, Inc. ("Expedia), Local Rule 56.1 Statement of Material Facts In support of Expedia's Motion for Summary Judgment.

1. Plaintiffs admit that this is a correct recitation of the referenced material.

2. Plaintiffs admit that this is a correct recitation of the referenced material.

3. Plaintiffs admit that this is a correct recitation of the referenced material.

4. Plaintiffs admit that this is a correct recitation of the referenced material.

5. Denied.  There is ample evidence that Expedia, Inc., exerted direct control over Turtle Beach Towers.

6. Plaintiffs admit that this is a correct recitation of the referenced material.

7. Denied.  The cited statement does not disclose that all three web sites were used in each year since 2000.

8. Denied.  There is ample evidence that Expedia, Inc., exerted direct control over Turtle Beach Towers.

9. Denied.  There is ample evidence that Expedia, Inc., exerted direct control over Turtle Beach Towers.

10. Denied. There is ample evidence that Expedia, Inc., exerted direct control over Turtle Beach Towers.

11. Denied. There is ample evidence that Expedia, Inc. exerted direct control over Turtle Beach Towers. In addition, Plaintiffs state that there has not been any Affidavit submitted by any representative of Proprietors Strata Plan #7.

12. Denied. There is ample evidence that Expedia, Inc., exerted direct control over Turtle Beach Towers.

13. Plaintiffs admit that this is a correct recitation of the referenced material.

14. Plaintiffs admit that this is a correct recitation of the referenced material. Plaintiffs submit, however, that the affiant is not qualified to make the representation asserted.

15. Denied. There is direct testimony that Expedia did conduct such inspections. In addition, Ms. Thomas's Affidavit relates only her lack of personal knowledge.

16. Denied. The cited reference does not support the conclusion that Stephanie did no type of investigation.

17. Denied to the extent that Stephanie went "along for the ride."

18. Admitted.

19. Admitted.

20. Admitted.

21. Plaintiffs admit that this is a correct recitation of the referenced material.

22. Denied. The evidence establishes *Expedia, Inc.'s Terms, Conditions, and Notices* are only communicated to the log on party and not to all of the consumers who have travel reservations made by Expedia for their benefit.

23. Denied. The evidence establishes that Expedia's Rule 30(b)(6) designee on the topic of the liability disclaimer, an Expedia employee who had no legal training and whose job it was not to read the disclaimer, testified that the disclaimer on the web site had changed annually for several years and that she could not state the nature of the changes. (Deposition of Knaack: 2-25, appended to Expedia's Motion for Summary Judgment).

24. Plaintiffs admit this is a correct recitation of the referenced material.

25. Denied. The evidence establishes that one may be booked through Expedia without affirmatively assenting to each and every term listed on the terms, conditions, and notices.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted. In addition, the evidence also established that the turtle pond enclosed slate, flagstone, coral, and algae on the rocks hidden below the water.

31. Admitted that Stephanie went up the stairs and down the stairs in order to check into at the Resort's Lobby during the daytime at around 5:00 p.m. – 6:00 p.m. Denied that the remaining statement is contained in the record.

32. Admitted.

33. Denied. The evidence establishes that when Stephanie sought to obtain brochures from the Lobby it was her second time traversing the stairs.

34. Admitted that the cited reference is contained in the record.

35. Admitted.

36. Denied. Stephanie specifically recalled that she felt something "wrong" so she looked down and saw the broken flip-flop "all within the same few seconds" that she fell. The thong of the flip-flop became detached by pulling through the sole. (Deposition of Stephanie Hofer, Volume I, 168:13-22, 169:13-170:1, 170:10-19, 171:7-13, 172:14-19).

37. Admitted that Stephanie fell into the turtle pond and that she gouged her leg on the material inside of the turtle pond.

38. Denied. The testimony was that Stephanie recalled attempting to get out of the turtle pond and rolling into a position to try and get herself out of the pond.

39. Admitted.

40. Admitted that the cited text was part of Stephanie's testimony but adding that Stephanie also testified that the accident was caused by the dimly lit stairwell with no rails which caused her to fall into the turtle pond. (Deposition of Stephanie Hofer, Volume I, p. 181:3-10).

41. Denied. Ms. Frazier testified only that during her employment she had no personal knowledge of complaints communicated.

42. Denied. Ms. Frazier's representation is that she specifically is unaware.

43. Plaintiffs admit that this is a correct recitation of the referenced material. Ms. Frazier, however, began working at Expedia in 2002 and therefore may not have personally knowledge of complaints communicated prior to her employment.

44. Plaintiffs admit that this is a correct recitation of the referenced material. Mr. Thomas, however, who is purportedly co-owner of the units at the Resort has not provided any information as to his personal knowledge of complaints being issued.

45. Denied. There is evidence that Ms. Miller did field various complaints concerning the Turtle Beach Towers.

46. Denied. The statement is not contained in the referenced material.

47. Plaintiffs admit that this is a correct recitation of the referenced material.

>Plaintiffs,
>By their attorney,
>
>/s/ India L. Minchoff, Esq.
>India L. Minchoff, Esq. (652456)
>Law Offices of Russo & Minchoff
>123 Boston Street, 1st Floor
>Boston, MA 02125
>617/740-7340 telephone
>617/740-7310 facsimile

**CERTIFICATE OF SERVICE**

I, India L. Minchoff, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 13, 2007.

>/s/ India L. Minchoff, Esq.