# EXHIBIT 1

Dockets.Justia.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEPHANIE HOFER and <br> DOUGLAS HOFER, <br><br> Plaintiffs, <br><br> v. <br><br> THE GAP, INC., EXPEDIA, INC. <br> And TURTLE BEACH TOWERS, <br><br> Defendants. | Civil Action Docket No. 05-40170 FDS |

## AFFIDAVIT OF LISA FERTIG
### IN SUPPORT OF EXPEDIA, INC.'S MOTION FOR SUMMARY JUDGMENT

I, LISA FERTIG, on oath hereby depose and state as follows:

1. I hold the position of Market Coordinator for Jamaica and St. Kitts/Nevis for the defendant Expedia, Inc. ("Expedia"). I have held the position of Market Coordinator since January 2005.

2. I submit this Affidavit in support of Expedia's reply to plaintiffs' opposition to Expedia's motion for summary judgment and in further support of Expedia's motion for summary judgment.

3. I am familiar with the claims made by the plaintiffs against Expedia. I am authorized to make this Affidavit on behalf of Expedia and I make these statements based on my personal knowledge or upon a review of the records kept in the normal course of business at Expedia's offices.

4. I am submitting this affidavit instead of Nashara Frazier due to the fact that Nashara Frazier is on leave from Expedia through August 2007. I have been designated by Expedia to provide information pertaining to Expedia bookings at Turtle Beach Towers resort ("Turtle Beach") in Ocho Rios, Jamaica, during Ms. Frazier's temporary absence. I have read Ms. Frazier's affidavit executed on February 16, 2007, previously filed in support of Expedia's motion for summary judgment, and agree with the statements made therein.

5. Ms. Frazier's affidavit made mention of the fact that due to the structure of Expedia's older database, precise information concerning customer bookings made prior to 2005 was not readily available. Since submission of that affidavit, Expedia has been able to determine booking numbers for 2003 and 2004. Based upon the records available to me, approximately 133 customers made bookings through Expedia for the Turtle Beach in 2004. Approximately 101 customers made bookings through Expedia for the Turtle Beach in 2003.

6. At no time during my employment with Expedia, have I become aware of <u>any</u> complaints concerning the Turtle Beach Towers, including any complaints concerning the safety, maintenance or physical condition of the Turtle Beach property or any of the units therein, with the exception of Stephanie Hofer's complaint. Specifically, I am not aware of any customers of Expedia reporting any injuries or near injuries resulting from falls down stairs on the premises of the Turtle Beach Towers, falls into turtle ponds on the premises of the Turtle Beach Towers, or any potentially dangerous conditions existing on the property due to the lack of handrails or guardrails or due to insufficient lighting. I am similarly aware of no complaints made after the submission of Ms. Frazier's affidavit in February 2007.

7. I have reviewed a document designated as "CONFIDENTIAL" and submitted as Exhibit 9 to the plaintiffs' summary judgment opposition. This document includes a series of

emails in which I participated. These emails involve a situation in July 2006 whereby Sherna Thomas advised Expedia that accommodations were not available for one of its booked customers, Tyrone King, apparently due to the fact that Sherna Thomas had double-booked the room for that particular date. My recollection of this particular reservation was that Mr. King ultimately cancelled his trip to the Turtle Beach. While Expedia expends every effort in attempt to resolve booking issues to our clients' satisfaction at all properties, we have no ability to force a hotel (or in this case, Sherna Thomas) to comply with Expedia's requests in the event problems arise.

PURSUANT TO 28 U.S.C. § 1746, I, LISA FERTIG, DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON APRIL 27, 2007.

_____
LISA FERTIG,
MARKET COORDINATOR,
EXPEDIA, INC.