UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

      Plaintiffs,

vs.                                                                                     Case No. 4:05-cv-40170 FDS

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

      Defendants.
_____/

## DEFENDANT THE GAP, INC.'S FINAL PRE-TRIAL CONFERENCE MEMORANDUM

**NOW COMES** the Defendant, The GAP, Inc., by and through its attorneys and pursuant to the Court's Procedural Order RE: Final Pre-Trial Conference/Trial:

**(1)**     **A Concise Summary Of The Evidence That Will Be Offered By The Defendant With Respect To Both Liability And Damages**

GAP will demonstrate through its witnesses and exhibits that based on the exemplars produced by the Plaintiffs, that the style was a "wrapped" style flip flop. Further GAP will demonstrate that Old Navy Retail Stores did not sell "wrapped" sandals in 2004 at the time that Plaintiff Stephanie Hofer claimed that she purchased them in an Old Navy Retail Store in Worchester, Massachusetts. Further, GAP will demonstrate that while a "wrapped" sandal was available at the Old Navy Outlet Stores in 2004 there were no Old Navy Outlet Stores in Massachusetts.

GAP will also demonstrate that the exemplar products produced by Plaintiffs and representative exemplars identified by GAP exceeded the Old Navy test protocols,

1

strength and durability requirements that were in existence both in the year 2002 and 2003. GAP will further demonstrate that based upon GAP production and testing requirements that it operated with reasonable care in the manufacturer, inspection and testing of Old Navy "wrapped" sandals in 2002, 2003 and 2004. Further, GAP will demonstrate that there was no failure of a flip flop as identified by Plaintiffs, that the testing of exemplars has demonstrated that the claimed failure mechanism by Plaintiffs is not the mechanism of failure of the flip flop strap and that the cause of the accident was not related to Plaintiff Stephanie Hofer's footwear. Defendant GAP will also demonstrate that the injuries as described by Plaintiffs are not consistent with a fall in the manner that is claimed by Plaintiffs. Defendant GAP will demonstrate that the Plaintiff Stephanie Hofer has not suffered the damages to the extent and degree that she claims; she is not totally disabled and has not suffered the economic losses that have been claimed. Defendant GAP will demonstrate that the proximate cause of this accident was Plaintiff Stephanie Hofer's own negligence, as well as the admitted negligence of Turtle Beach Towers, a Defendant in this action, based upon Plaintiffs' Complaint and Turtle Beach Towers failure to respond to the Complaint.

**(2)      A Statement Of Facts Established By The Pleadings, By Admissions Or By Stipulations. Counsel Shall Stipulate All Facts Not In Genuine Dispute.**

Plaintiff Stephanie Hofer and a friend, Carrie LaRoche, traveled to Jamaica on March 18, 2004.

Plaintiff Stephanie Hofer fell and suffered injuries at Turtle Beach Towers on March 18-19, 2004.

Defendant Turtle Beach Towers lobby stairway lacked handrails which caused a dangerous condition to occur.

Defendant Turtle Beach Towers lobby stairway was poorly lit which caused a dangerous condition to occur.

Defendant Turtle Beach Towers had a turtle pond next to the lobby stairway which turtle pond contained several inches of water, turtles, coral and slate, which caused a dangerous condition to occur.

Defendant Turtle Beach Towers having maintained a turtle pond next to the lobby stairway with lack of handrails and poorly lit conditions created a dangerous condition which was a proximate cause of the injuries to Plaintiffs.

Plaintiff Stephanie Hofer received emergency medical care at St. Ann's Bay Hospital in Ocho Rios, Jamaica.

Plaintiff Stephanie Hofer traveled from Jamaica to the United States on March 19, 2004 and was admitted to Massachusetts General Hospital where she received further treatment for her injuries.

**(3)     Contested Issues Of Fact**

A.    Product identification.

B.    Whether the sandals worn by Plaintiff Stephanie Hofer on March 18, 2004 were purchased by her at an Old Navy Retail Store in 2004 when no such sandals were offered for sale at Old Navy Retail Stores in 2004.

C.    Whether Old Navy utilized reasonable care in the manufacture or inspection of its Old Navy sandals.

D.    Whether Plaintiff Stephanie Hofer was negligent and which negligence

caused or contributed to her injuries.

E. Whether this accident is of the kind that does not ordinarily happen unless the Defendant GAP was negligent in some respect and other responsible causes, including the conduct of Plaintiff Stephanie Hofer, are sufficiently limited by the evidence.

F. Whether the injuries and accident as described by the Plaintiffs and medical records could have occurred in the manner in which Plaintiffs describe.

G. Whether there is a proximate relationship between Plaintiffs' claim of negligent manufacture and the injuries sustained by Plaintiff Stephanie Hofer.

H. Whether Plaintiff Stephanie Hofer is totally and permanently disabled and has suffered both economic and non-economic damages.

**(4)** **Any Jurisdictional Questions**

None.

**(5)** **Any Question Raised by Pending Motions**

The only potential issue raised by pending motions is the issue of Plaintiffs' objections to the depositions of the Turtle Beach Towers employees (Denroy Scarlett and Faye Miller taken on August 21, 2006), when said depositions were approved and authorized representative of the state of Jamaica prior to said depositions.

**(6)** **Issues Of Law, Including Evidentiary Questions, Together With Supporting Authority**

None anticipated at this time.

**(7)** **Any Requested Amendments To The Pleadings**

None at this time.

**(8)** **Any Additional Matters To Aid In The Disposition Of The Action**

None at this time.

**(9)** **The Probable Length Of Trial And Whether Jury Or Nonjury**

This is a jury trial. It is anticipated by Defendant GAP that its proofs will take 3 days.

**(10)** **A List Of The Names And Addresses Of Witnesses Who Will Testify At Trial And The Purpose Of The Testimony, I.E., Whether Factual, Medical, Expert, Etc.**

A. Nadine Manfredi, IT Business Lead Product Pipeline, Old Navy, 550 Terry Francois Blvd., 4th Floor, San Francisco, CA 94148. **Purpose**: Factual

B. Patricia Reese, Senior Technical Manager, Product Integrity, GAP, Inc., 345 Spear Street, 2nd Floor, San Francisco, CA 94105. **Purpose**: Factual

C. Faye Miller, Manager, Sun Ray Co., Ltd (Turtle Beach Towers), P.O. Box 73, Ocho Rios, Jamaica WI. **Purpose**: Factual

D. Denroy Scarlett, Night Manager, Turtle Beach Towers, Main Street, Ocho Rios, Jamaica WI. **Purpose**: Factual

E. Shian Nelson, Receptionist, Turtle Beach Towers, Main Street, Ocho Rios, Jamaica WI. **Purpose**: Factual

F. Alex Morgan, Investigator, Crawford Jamaica Limited, 7 Trafalgar Road, Kingston 5, Jamaica. **Purpose**: Factual

G. William N. Newberry, Managing Engineer (Bio-Mechanics), Exponent Failure Analysis Associates, 39100 Country Club Drive, Farmington Hills, MI 48331. **Purpose**: Expert

H. John E. Moalli, Sc.D, Group Vice-President and Principal Engineer, Exponent, 149 Commonwealth Drive, Menlo Park, CA 94025. **Purpose**: Expert

I. Maureen Reitman, Sc.D, Principal Engineer, Exponent, 4901 Telsa Drive, Suite L, Bowie, MD 20715. **Purpose**: Expert

J. John E. Scarbrough, Ph.D., Litigation Analytics, Inc., 127 Main Street, Building II, Ridgefield, Connecticut 06877. **Purpose**: Expert

K. Stephanie Hofer, 193 Hill St, Leominster, Ma 01453. **Purpose**: Factual

L. Carrie LaRoche, 163 Snake Meadow Road, Danielson, Connecticut. **Purpose**: Factual

M. Lauren M. Drew, 707 Wachusett Street, Leominster, Massachusetts. **Purpose**: Factual

N. Dr. Derrick McDowell (St. Ann's Bay Hospital, Ocho Rios, Jamaica) **Purpose**: Medical, Factual, Expert

O. Dr. Bah – Emergency Department doctor (St. Ann's Bay Hospital, Ocho Rios, Jamaica) **Purpose**: Medical, Factual, Expert

P. Dr. David F. Brown (Massachusetts General Hospital, Emergency Department, Boston, Massachusetts). **Purpose**: Medical, Factual, Expert

Q. Dr. David Lhowe (Massachusetts General Hospital, Boston, Massachusetts). **Purpose**: Medical, Factual, Expert

R. Dr. Daniella Hord, (Massachusetts General Hospital, Boston, Massachusetts). **Purpose**: Medical, Factual, Expert

S. Dr. Ingrid Bassett, (Massachusetts General Hospital, Boston, Massachusetts). **Purpose**: Medical, Factual, Expert

T.  Dr. Robert Frasier, (Leominster Hospital Medical Building, Health Alliance Medical, Leominster, Massachusetts). **Purpose**: Medical, Factual, Expert

U.  Dr. Garry Greenfield (Orthopedic Surgeon – Worchester, Massachusetts). **Purpose**: Medical, Factual, Expert

V.  Rebuttal witnesses.

W.  Authentication witnesses as necessary.

**(11) A List Of The Proposed Exhibits (Photographs, Documents, Instruments And All Other Objects) In Order Of Their Introduction To The Court. Those Exhibits To Be Introduced Without Objection Shall Be Identified By A Single Sequence Of Numbers And Those Items To Which A Party Reserves The Right To Object Shall Be Identified By A Single Sequence Of Capital Letters, Regardless Of Which Party Is Offering The Exhibit**

1. GAP test reports "wrapped" sandals

2. GAP/Old Navy test protocols Footwear and Accessories, Regulatory Compliance, Performance, Standards and Testing Procedures prior to October 2003

3. GAP/Old Navy Footwear and Accessories Regulatory Compliance Performance, Standards and Testing Procedures after October 2003

4. GAP Testing Standard GP9210US pre October 2003

5. GAP Testing Standard GP9210US post October 2003

6. Stephanie Hofer Old Navy Credit Card MCCBG credit card information for transaction dates 10/2003 through 3/2004

7. Exemplar "wrapped" flip flops identified by Plaintiffs (3 pair)

8. Exemplar flip flops "wrapped" identified by GAP (multiple pairs)

9. GAP Test Protocol H9207

10. GAP Test Protocol H9208

11. Exponent photographs of Hofer produced exemplar

12. Exponent photographs of GAP produced exmplars

13. Exponent test data, including FTIR Plots, Mechanical Testing Plots of testing

14. Exponent photographs of testing of exemplars

15. Photographs of Turtle Beach Towers taken by Alex Morgan, Crawford, Jamaica

16. Business documents from Turtle Beach Towers, including:
    a. Faye Miller accident report
    b. Turtle Beach Tower registration card
    c. Expedia reservation documents

17. GAP internal documents, 4 page spreadsheet consisting of a recap of styles for 2003 and 2004

18. GAP internal document, 1 page spreadsheet that provides gross sales numbers for footwear for the years 2003 and 2004

19. Curriculum vitae of expert witness William Newberry

20. Curriculum vitae of expert witness John E. Moalli, Sc.D

21. Curriculum vitae of expert witness Maureen Reitman, Sc.D

22. Curriculum vitae of expert witness John Scarbrough, Ph.D.

23. Selected medical records from St. Ann's Bay Hospital, Jamaica

24. Selected medical records from Massachusetts General Hospital

25. Selected medical records from Leominster Medical Associates

26. Selected medical records from Dr. Gary Greenfield

27. Exponent demonstrative video/computer animation (William Newberry, Exponent Failure Analysis)

28. Demonstrative economic analysis (John Scarbrough, Ph.D.)

29. Plaintiffs' Complaint

30. Plaintiffs' Multiple Answers to Request for Admissions and Answers to Interrogatories

31. Stephanie Hofer employment documents

32. Stephanie Hofer and Douglas Hofer income tax returns

33. Rebuttal exhibits and other demonstrative exhibits as necessary

34. Selected records from the Social Security Administration, Retirement, Survivors and Disability Insurance, Office of Central Operations, 1500 Woodlawn Drive, Baltimore, Maryland 21241-0500

        Respectfully submitted,

        **SULLIVAN, WARD,**
         **ASHER & PATTON, P.C.**

By:   /s/Scott D. Feringa_____
      SCOTT D. FERINGA (P28977)
      Attorney for Defendant The GAP, Inc.
      1000 Maccabees Center
      25800 Northwestern Highway
      Southfield, MI 48075-1000
      (248) 746-0700

Dated: December 21, 2007
W0585149

## **PROOF OF SERVICE**

I hereby certify that on the 21st day of December, 2007, I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

/s/ Scott D. Feringa

Sullivan, Ward, Asher & Patton, P.C.
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48037-0222
Phone: 248-746-0700
Primary E-mail: sferinga@swappc.com
P28977