UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DOCKET NO: 05-40170 FDS

| | |
|---|---|
| STEPHANIE HOFER and | ) |
| DOUGLAS HOFER, | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GAP, INC., EXPEDIA, INC., and | ) |
| TURTLE BEACH TOWERS, | ) |
|     Defendants. | ) |

**PLAINTIFFS' PRETRIAL MEMORANDUM**

**1. A CONSISE SUMMARY OF THE EVIDENCE THAT WILL BE OFFERED BY PLAINTIFFS:**

Plaintiffs' case against the Gap is based on charges of products liability and breach of implied warranty of merchantability. Plaintiffs will establish that at the time of Mrs. Stephanie Hofer's accident she was wearing a new pair of flip-flops that she had purchased prior to her vacation to Jamaica from Old Navy. On her first day of wearing the flip-flops, the thong piece of Mrs. Hofer's right flip-flop broke, causing her to lose her footing, stumble, and fall into a turtle pond located at Turtle Beach Towers. There will be evidence that Mrs. Hofer observed the flip-flop break immediately prior to her fall and that witnesses observed the broken flip-flop at the scene immediately following Mrs. Hofer's fall. Mrs. Hofer's ankle and leg caught on the razor sharp coral, flagstone, and rock located inside the turtle pond.

Plaintiffs will demonstrate that their damages were proximately caused by a defect in the flip-flop, which existed at the time of its sale. Plaintiffs will establish that the breaking of a flip-flip, on its first wear, does not ordinarily occur in the absence of negligence. There will also be evidence that Mrs. Hofer did not mishandle the flip-flops

1

or use them for any other purpose other than their intended use. The flip-flops remained connected by an Old Navy store hanger until their first wear, which was on the day of the accident.

Plaintiffs will also demonstrate that the failure of the flip-flop was the proximate cause of Mrs. Hofer's fall and that Mrs. Hofer suffered disabling injuries as a result thereof. In addition to her physical disabilities and pain and suffering, Plaintiffs will demonstrate that Mrs. Hofer has also sustained economic losses. Mr. Hofer will demonstrate that he has suffered a loss of consortium.

**2. PLAINTIFFS' STATEMENT OF FACTS ESTABLISHED BY THE PLEADINGS, BY THE ADMISSIONS, OR BY STIPULATIONS:**

1. Stephanie was born on July 18, 1972; at the time she sustained her injuries she was 31 years old.

2. On March 18, 2004, Stephanie and her companion, Carrie LaRoche, traveled to Ocho Rios, Jamaica.

3. The subject flip-flops were purchased at Old Navy and the Old Navy brand name was printed on the top of the flip-flops.

4. On March 18, 2004, the date of the accident, Stephanie wore the subject flip-flops for the first time.

5. On the evening of March 18, 2004, while Stephanie was about to walk down the stairs at the Resort, her right flip-flop became detached and caused her to fall into a turtle pond located outside of the Resort's reception area.

6. Stephanie was rushed immediately from the accident scene to a Jamaican hospital for emergency care and was never able to return to the Resort where she had last been in possession of her footwear.

7. Stephanie spent the entire night in the hospital in Jamaica and on March 19, 2004, she was flown to Boston where she was immediately transported to Massachusetts General Hospital for emergency surgery.

8. Stephanie has undergone 3 surgeries as a result of the injuries she sustained due to the defective flip-flop and will in the future require reconstructive and plastic surgery.

9. Prior to the accident Stephanie worked as a dental hygienist and was planning to have a child.

10. Today Stephanie is disabled, and regularly requires the use of a cane, leg brace, and fitted pressure bandages on her leg.

11. Because in order to manage her injuries Stephanie is required to take in excess of 11 medications, her neurologist, gynecologist, and primary care physician have all advised Stephanie that she should not attempt pregnancy.

**3.  PLAINTIFFS' STATEMENT OF CONTESTED ISSUES OF FACT:**

1. Produce Identification;

2. Whether the Defendant is negligent for Plaintiffs' injuries;

3. Whether the Defendant breached its implied warranty of merchantability;

4. Whether the sandals worn by Plaintiff Stephanie Hofer on March 18, 2004 were purchased at Old Navy;

5. The extent of Plaintiffs' injuries and economic and non-economic damages;

6. The extent of Plaintiff, Stephanie Hofer's, disability;

7. Whether evidence is admissible demonstrating that the Defendant failed to file a claim against Turtle Beach Towers for contribution or indemnification in its alleged negligence for maintaining the premises; and

8. Whether evidence of the lighting and lack of handrails at Turtle Beach Towers is admissible.

**4.  JURISDICTIONAL QUESTIONS**

None.

**5.  QUESTIONS RAISED BY PENDING MOTIONS**

None.

6. **ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, TOGETHER WITH SUPPORTING AUTHORITY:**

   1. Use of Turtle Beach Towers' failure to answer the Complaint as an admission of liability.

      <u>Basis</u>: Rules of Evidence

   2. Defendant's ability to introduce the following exhibits proposed by the Defendant:

      - Business documents from Turtle Beach Towers, including:
        - Faye Miller's accident report
        - Turtle Beach Tower's registration card
        - Expedia's reservation documents

        <u>Basis</u>: Hearsay and Relevance

      - Curriculum vitae of expert witness William Newberry

      <u>Basis</u>: Hearsay and Relevance

      - Curriculum vitae of expert witness John E. Moalli, Sc.D

      <u>Basis</u>: Hearsay and Relevance

      - Curriculum vitae of expert witness Maureen Reitman, Sc.D

      <u>Basis</u>: Hearsay and Relevance

      - Curriculum vitae of expert witness John Scarbrough, Ph.D

      <u>Basis</u>: Hearsay and Relevance

      - Selected medical records from St. Ann's Bay Hospital, Jamaica

      <u>Basis</u>: Hearsay and Relevance

      - Demonstrative economic analysis (John Scarbrough, Ph.D)

      <u>Basis</u>: Hearsay and Relevance

      - Plaintiffs' Complaint

      <u>Basis</u>: Hearsay and Relevance

      - Plaintiffs' Multiple Answers to Requests for Admission and Answers to Interrogatories

      <u>Basis</u>: Hearsay and Relevance

3. Defendant's ability to introduce any exhibits which have not been produced through discovery or by the Defendant.

   Basis: Relevance, Failure to Disclose

4. The selection of portions of Medical Records not admissible by the governing rules of evidence.

**7. REQUESTED AMENDMENTS TO PLEADINGS:**

If necessary, the Plaintiffs will file a motion to amend to add a count for lack of consortium on behalf of co-Plaintiff, Douglas Hofer.

**8. ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION:**

None at this time.

**9. PROBABLE LENGTH OF TRIAL AND WHETHER JURY OR NONJURY:**

This is a jury trial. It is anticipated that the trial will take 6-7 days.

**10. A LIST OF THE NAMES AND ADDRESSES OF WITNESSES WHO WILL TESTIFY AND THE PURPOSE OF THE TESTIMONY:**

1. Stephanie Hofer, 193 Hill Street, Leominster, MA 01453
Purpose: Factual

2. Douglas Hofer, 193 Hill Street, Leominster, MA 01453
Purpose: Factual

3. Lauren M. Pompei, 707 Wachusett Street, Leominster, MA 01453
Purpose: Factual

4. Carrie LaRoche, 163 Snake Meadow Road, Danielson, CT
Purpose: Factual

5. Henry McKenzie, Free Hill P.O., Saint Mary, Jamaica
Purpose: Factual

6. Doctor David Lhowe, M.D., Mass General Hospital
Purpose: Medical

7.     Kimon Zachary, M.D., Mass General Hospital
Purpose: Medical

8.     Doctor Daniella Hord, M.D., Mass General Hospital
Purpose: Medical

9.     Doctor Ingrid Bassett, M.D., Mass General Hospital
Purpose: Medical

10.     Doctor Robert Fraser, M.D., Leominster Hospital Medical Building – Health Alliance
Purpose: Medical

11.     Doctor Milan Stojanovic, M.D., Mass General Hospital
Purpose: Medical

12.     Doctor Ron Kulich, M.D., Mass General Hospital
Purpose: Medical

13.     Doctor Sarah Reiff-Hekking, M.D., University of Massachusetts Medical Center
Purpose: Medical

14.     Doctor Elaine Borgen, M.D., University of Massachusetts Medical Center
Purpose: Medical

15.     Jen LeBlanc, Worcester County Rehabilitation – Health Alliance
Purpose: Medical

16.     Bill Chapman, Worcester County Rehabilitation – Health Alliance
Purpose: Medical

17.     Dr. Benton Barnes, St. Ann's Bay Hospital, St. Ann's Bay P.O., St. Ann, Jamaica, W.I.
Purpose: Medical

18.     Dana C. Hewins, 1 Tamett Brook Road, Lakeville, MA 02347
Purpose: Expert

19.     Rebuttal Witnesses

20.     Keeper Witnesses, if necessary

**11. A LIST OF PROPOSED EXHIBITS:**

1. Selected portions of Stephanie Hofer's medical, nursing, and physical therapy treatment records from February, 2004 to date;
2. Stephanie Hofer's medical, nursing, and physical therapy expenses from February, 2004 to date;
3. Receipts evidencing payment for Stephanie Hofer's medical prescriptions relating to the injuries sustained in Jamaica;
4. Exemplars of the Old Navy Sandals;
5. Stephanie Hofer's Employment Records;
6. Photographs of Stephanie Hofer before the incident illustrating her appearance;
7. Photographs of Stephanie Hofer after the incident illustrating her appearance;
8. Photographs of Stephanie Hofer's leg, ankle, and foot illustrating the injury;
9. Photographs of Turtle Beach Towers premises;
10. The Jimmy Buffet's Margaritaville Dinner Receipt dated March 18, 2004;
11. Demonstrative economic analysis by Dana Hewins; and
12. Rebuttal exhibits and other demonstrative exhibits as necessary.

Respectfully Submitted,
Plaintiffs Stephanie and Douglas Hofer,
By their attorneys,

/s/ India L. Minchoff
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone

**CERTIFICATE OF SERVICE**

I, India L. Minchoff, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 2, 2008.

/s/ India L. Minchoff, Esq.