**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
DOCKET NO: 05-40170 FDS**

| | |
|---|---|
| STEPHANIE HOFER and ) | |
| DOUGLAS HOFER, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| GAP, INC., EXPEDIA, INC., and ) | |
| TURTLE BEACH TOWERS, ) | |
|     Defendants. ) | |

**PLAINTIFFS' MOTION TO CLARIFY CLAIMS**

Plaintiffs, Stephanie Hofer and Douglas Hofer, submit this motion to clarify Douglas Hofer's claims, specifically Douglas Hofer's claims for loss of consortium, in the Complaint pursuant to this Court's request made at the Pretrial Conference.

The Complaint filed in this action describes the Parties' claims in this action as follows:

> This is a civil action arising from the negligence of the Defendants. Plaintiff, Stephanie Hofer ("Stephanie"), was injured on Defendant Turtle Beach Tower's ("the Resort") premises on March 18, 2004. As a result of the Resort's negligence in failing to maintain and/or keep its premises in a reasonably safe condition, negligence in failing to warn of a dangerous condition on the premises, and negligence in failing to maintain a safe premises, Stephanie sustained injuries when she slipped and fell into a turtle pond containing razor sharp coral and slate.
>
> At the time of the incident, Stephanie was wearing newly purchased footwear from Defendant Old Navy. The sandals, which had never before been worn, broke causing Stephanie to lose balance.

1

As a result of Stephanie's multiple injuries, Plaintiff, Douglas Hofer ("Douglas") has suffered the loss of companionship of his wife, Stephanie.

The Complaint, which is incorporated herein by reference, asserts a count for loss of consortium and contains an incorporation clause subsuming all prior paragraphs stated in the Complaint. One of the claims subsumed is the lack of consortium claim of Douglas Hofer. Although the claim in the Complaint was asserted against Turtle Beach Towers, the incorporation clause reasonably interpreted clearly asserts the claim against all of the Defendants. In fact, this is clearly evidenced by the deposition examination of Douglas Hofer taken by Defendants Gap, Inc. and Expedia. No attorney from Turtle Beach Towers was present to examine Mr. Hofer.

During Mr. Hofer's July 11, 2006 examination he was questioned, at length, regarding his loss of consortium claim and relevant to this claim, he was asked to describe what his life was like with his wife before and after her injury. Mr. Hofer described the loss of services, companionship, society and affection experienced by him. Moreover, and equally as important, at his deposition examining counsel stated on the record that Mr. Hofer had asserted a claim for loss of consortium and that was the basis for the questions being posed of him concerning his decreased sexual relations with his wife. This is evidence that the Defendant Gap, Inc. and then Defendant, Expedia, Inc. reasonably understood and accepted that Mr. Hofer's loss of consortium claim was asserted against them as well as Turtle Beach Towers.

The following colloquy occurred at Mr. Hofer's deposition:

Q. Yesterday we asked Mrs. Hofer - - I asked Mrs. Hofer this questions, and I'm going to ask you whether you agree with

her response: "I said "Mrs. Hofer, looking at the experience that you've been through with your injury, your rehabilitation, the pain issues that you have, do you think that the injury and your response to it have brought you closer to your husband?" Her response was "Yes."
Do you agree with that?

A. I would say we're definitely close, yes.

Q. And do you agree with your wife that in a strange way this incident has strengthened your marriage?

Ms. Minchoff: Objection. You can answer.

A. I would say we have a stronger bond, but at the same time it has put a strain on our marriage that we can no longer do things that we used to do.

Q. And how has it put a strain on your marriage, then?

A. It's just - - it limits us to the things we used to do together.

Q. And how has that put a strain on your marriage?

A. It's just stressful that you can't do things you used to like to do.

Q. All right. And in what ways has this stress manifested itself in your marriage, then?

A. It's just a stress you have to deal with, realizing you can't do those things you enjoy doing.

Q. […] How has it affected your marriage?

A. It's changed it. We've had to deal with things differently than we did in the past.

Q. How has it changed it?

A. We used to take walks together. We used to walk our dogs. She can no longer do that. She used to play softball, and I played softball, so we played softball together.

Q. How has that put a strain on your marriage?

A. We don't do it together anymore.

Q. I recognize that you don't participate in those activities together anymore. The question is, how has that put a strain on your marriage so that it's affected your relationship with your wife?

….

Q. […] Just directing your attention, then, down to the first page [of the Complaint], do you see where it says, "As a result of Stephanie's multiple injuries, plaintiff, Douglas Hofer ('Douglas') has suffered the loss of companionship of his wife, Stephanie"?

A. Yeah.

Q. What do you mean by "has suffered the loss of companionship"?

A. Doing those things that we used to do together that we no longer are able to do.

Q. Okay. And those encompass the walks together, the walking the dogs, the playing softball - -

A. Yeah.

Q. - - the skiing - - […] the spending time together, the Christmas shopping, the doing groceries, the laundry?

A. Yes.

Q. What else?

A. Just our sexual life has changed.

Q. All right. Let's talk about that for a while. How has your sexual life changed?

A. It's decreased.

Q. How so?

A. It's decreased.

….

Q. Okay. You understand why I'm asking this, sir, right? You've raised a claim specifically for loss of consortium in this case?

A. Correct.

….

Q. All right. That's why I have to ask these personal questions, all right?

*See* Exhibit A, Deposition of Douglas Hofer, pages 62-65 and 98-101.

In short, it is clear that the present Defendant clearly believed that there was a claim for consortium asserted against it and inquired regarding same of Mr. Hofer. There is also reference in the above excerpt demonstrating that Mrs. Stephanie Hofer was also examined about Mr. Hofer's loss of consortium claim.

WHEREFORE, this Court should determine that the claim of Douglas Hofer for loss of consortium remains a triable issue.

Plaintiffs,
By their attorney,


/s/ India L. Minchoff, Esq.
India L. Minchoff, Esq. (652456)
Law Offices of Russo & Minchoff
123 Boston Street, 1st Floor
Boston, MA 02125
617/740-7340 telephone
617/740-7310 facsimile

## CERTIFICATE OF SERVICE

I, India L. Minchoff, Esq., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 7, 2008.

/s/ India L. Minchoff, Esq.