## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

STEPHANIE HOFER and
DOUGLAS HOFER,

        Plaintiffs,

vs.                                      Case No. 4:05-cv-40170

THE GAP, INC., EXPEDIA, INC.
and TURTLE BEACH TOWERS,

        Defendants.
_____/

### DEFENDANT THE GAP, INC.'S
### RESPONSE TO PLAINTIFF'S MOTION TO CLARIFY CLAIMS

Count IV of Plaintiffs' Complaint is entitled:

### "COUNT IV – LOSS OF CONSORTIUM - TURTLE BEACH TOWERS"

There are no other paragraphs in Plaintiffs' Complaint that allege loss of consortium claims nor is that Count pled against any other party. Plaintiffs now claim in their "Motion to Clarify Claims" that this specific Count IV – Loss of Consortium - Turtle Beach Towers" was meant by them to apply to any and all other parties simply by virtue of the incorporation clause that is utilized throughout the Complaint.

While the Court Rules specifically allow adoption by reference (Fed. R. Civ. P 10(c)), the case law interpreting Fed. R. Civ. P. 10(c) provides:

> "[t]he later pleading must 'specifically identify which portions of the prior pleading are adopted thereon.'" *See* Lowden v. William M. Mercer, 903 F.Supp. 212, 216 (D.Mass. 1995), quoting Federal National Mortgage Association v. Cobb, 738 F. Supp. 1220, 1227 (N.D. Ind. 1990).

Furthermore, while the plaintiff may raise an additional claim by reference pursuant to Fed. R. Civ. P. 10(c), plaintiff must plead the claim with sufficient specificity that the defendant can recognize that an additional claim is being asserted against it. *See*, Kolling v. Am.Power Conversion Corp., 347 F.3d 11, 17 (1st Cir. 2003); *See also*, 5 Wright & Miller, Federal Practice and Procedure § 1326 ("references to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation").

When this case was filed originally in this Court on September 27, 2005, there were seven different counts pled specifically against three separate parties: Expedia, GAP/Old Navy and Turtle Beach Towers. Counts I through IV were pled against Turtle Beach Towers, Count V was pled specifically against Expedia and Counts VI and VII were plead against GAP/Old Navy. Expedia's Motion for Summary Judgment was granted by this Court in an Amended Memorandum and Order dated October 1, 2007 [Docket No. 97]. In that Amended Memorandum and Order this Court specifically stated:

> "The present motions for summary judgment are directed at Stephanie Hofer's claims, as it appears from the complaint that plaintiff Douglas Hofer's claim for loss of consortium is asserted only against defendant Turtle Beach Towers…."

Plaintiffs argue that the incorporation by reference paragraph specifically placed GAP/Old Navy on notice that Count IV was meant to apply not only to Turtle Beach Towers but also to all other Defendants, including GAP/Old Navy. Looking at the pleadings, Plaintiffs specifically have used the incorporation phrase "restates and realleges" at the beginning of each Count to the Complaint. Serially beginning on

Paragraph 26 and continuing with Paragraphs 31, 37, 42, 45, 51 and 56, Plaintiffs restate and realleges each preceding paragraph in each and every Count. By the time the compilation of restatement and realleges reach the allegations as to GAP/Old Navy (Count VI), Plaintiff has incorporated by reference Paragraphs 1 through 50 of all previous Counts that specifically allege Negligent Maintenance as to Turtle Beach Towers; Negligent Failure to Warn as to Turtle Beach Towers, Negligent Infliction of Emotional Distress as to Turtle Beach Towers; Loss of Consortium as to Turtle Beach Towers and Negligent Failure to Warn as to Expedia. Under no stretch of the imagination would this Defendant's counsel or any other reasonable reader consider that the previous Counts against Turtle Beach Towers or Expedia that contain essentially premises liability claims would apply to GAP/Old Navy requiring GAP/Old Navy to somehow defend those claims. Inaccurate and sloppy pleading does not cause a Defendant to have notice that a specific claim, specifically pled against another defendant simply by use of the phrase "restate and realleges".

It should also be noted by this Court that the Plaintiffs passed up two separate Scheduling Orders in which those Orders permitted amendments to pleadings. We have also been present at several pre-trials at which Plaintiff has indicated specifically that no amendments to the pleadings were necessary.

Plaintiffs now raise the fact that at the deposition of Mr. Hofer questions were asked about the loss of companionship and consortium claim. It was anticipated that Plaintiff would amend the Complaint to add loss of companionship and consortium claims to all other parties. Plaintiff chose not to. Further inquiry after the deposition of

Mr. Hofer stopped on that issue given that Plaintiff chose not to move forward and amend claims.

It should be noted that the loss of companionship and consortium claim is still viable as to Turtle Beach Towers as it was originally pled. Turtle Beach Towers is a Defendant to this action. Plaintiffs claim as set forth in Count IV is clear: It pertains only to Turtle Beach Towers. Plaintiffs have not pled the claim with sufficient specificity that any other Defendant could recognize that an additional claim was being asserted against it. As set forth in 5 Wright & Miller, Federal Practice and Procedure § 1326, "references to prior allegations must be direct and explicit in order to enable the responding party to ascertain the nature and extent of the incorporation." This was not done in this case.

We would respectfully request that this Honorable Court rule that the loss of companionship and consortium claim of Mr. Hofer applies only to the Co-Defendant Turtle Beach Towers as was originally pled by Plaintiffs' Counsel in 2005.

    Respectfully submitted,

    **SULLIVAN, WARD,**
    **ASHER & PATTON, P.C.**

By:   /s/Scott D. Feringa
    SCOTT D. FERINGA (P28977)
    Attorney for Defendant The GAP, Inc.
    1000 Maccabees Center
    25800 Northwestern Highway
    Southfield, MI 48075-1000
    (248) 746-0700

Dated: February 11, 2008
W0598626

## PROOF OF SERVICE

       I hereby certify that on the 11th day of February, 2008**,** I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.

                                        /s/ <u>Scott D. Feringa</u>

                                        Sullivan, Ward, Asher & Patton, P.C.
                                        1000 Maccabees Center
                                        25800 Northwestern Highway
                                        Southfield, MI 48037-0222
                                        Phone: 248-746-0700
                                        Primary E-mail: sferinga@swappc.com
                                        P28977